Civil Court of the City of New York
County of Bronx

Index Number: CV-010985-09/BX

VALENTINE APARTMENTS, LLC

                        Plaintiff(s)

      -against-

JESSICA MATIAS; MEILING THOMPSON

                      Defendant(s)

**NOTICE OF MOTION
TO DISMISS pursuant to
CPLR 3211(a)(8)**

**PLEASE TAKE NOTICE** that upon the annexed affidavit of **MEILING THOMPSON**

sworn to on _____ day of 2 2015 , 201___ , and the attached exhibits, the Defendant will

move this court located at **851 Grand Concourse, Bronx, NY 10451** Part 35, Room 503 ,

on the __24__ , day of _August_, 201 5 , at 9:30 am , or as soon thereafter as can be heard

for an Order :

    Dismissing the cause of action on the grounds that the Court has no jurisdiction over the

defendant pursuant to CPLR Section 3211 because the defendant was not served with the papers in this

case OR did not receive the papers in the right way as required by the law, and for such other and further

relief as this Court deems just and proper.

    **PLEASE TAKE FURTHER NOTICE** that ( check the box below that is the correct statement):

[]     these papers have been served on you at least eight days before the motion is scheduled to be
heard. You must serve your answering papers, if any, at least two days before such time upon the
movant. At least three days prior to the time at which the motion is noticed to be heard you may
serve upon the moving party a notice of cross motion demanding relief.

[]     these papers have been served on you at least sixteen days before the motion is scheduled to be
heard. You must serve your answering papers and any notice of cross motion with supporting
papers, if any, at least seven days before such time. Reply or responding affidavits shall be served
at least one day before such time.

**All answering papers to the Court are to be filed on the return date of the motion with the Clerk
in the Part listed above.**

July 22, 2015

Civ GP 128

Movant Did not
Complete Process

From:
 MEILING THOMPSON
29 DUNCAN ROAD
Hempstead, NY 11550

To:
Kavulich & Associates PC
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573

**CIVIL COURT OF THE CITY OF NEW YORK**
County of  Bronx   Part  34

Index No. 10985/09

File #5327

Valentine Apartments, LLC

Plaintiff(s),

**STIPULATION
OF SETTLEMENT**

-against-

MEiLiNG THoMPSoN, et al.

Defendant(s).

It is hereby stipulated and agreed by and between the parties that the above-referenced action is settled as follows: Defendant's MOTION IS WITHDRAWN. Defendant Consents to the JURISDICTION of The Courts and all jurisdictional defenses are waived. Plaintiff Retains any and all Rights against Co-Defendant Jessica Matias.

Plaintiff shall accept $4400.00 in full satisfaction of all claims against MEiLiNG THoMPSoN PROViDED:

Commencing on or before 10/30/15 and on or before the 30th of every month thereafter, Defendant THoMPSoN shall pay $125.00 per month until the debt is Satisfied.

| Signature | Date | Signature | Date |
| --- | --- | --- | --- |

| Signature | Date | Signature | Date |
| --- | --- | --- | --- |

CIV-GP-32 (Revised December, 2005)

Page _____ of _____

CIVIL COURT OF THE CITY OF NEW YORK
County of Bronx  Part ___34___

Index No. 10985/09

Filett 5327

STIPULATION
OF SETTLEMENT

_____
Valentine Apartments, LLC
                    Plaintiff(s),

SO ORDERED
D.A.M

-against-

Meiling THOMPSON, ET  ENTERED
               Defendant(s).   BRONX COUNTY

SEP 2 1 2015
Civil Court
of the
City of New York

HON. DONALD A. MILES

It is hereby stipulated and agreed by and between the parties that the above-referenced
action is settled as follows:  MAKE Checks or Money order
payments only, Payable to
Kavulich & Associates, P.C. 181 Westchester
Avenue, Suite 500C, Port Chester, NY 10573
be Certain to include file 5327 on all
payments.
    In the event of default, Plaintiff
shall enter judgment, upon 10 days
written notice for the full amount
sought in the complaint plus costs,
fees, disbursements and all lawful
interest less any payments to date.
Upon satisfaction of the debt, Plaintiff shall

_____  _____    _____  _____
Signature            Date        Signature            Date
file and serve a notice of discontinuance.

_____  _____    _____  _____
Signature            Date        Signature            Date
This stipulation contains the full terms + conditions
of this Agreement.          Page ___ of ___
CIV-GP-32 (Revised December, 2005)

CR Johnson, ESQ of Counsel
Kavulich & Ass PC
for Plaintiff

Meiling Thompson
Meiling Thompson

Page 3

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

PORT CHESTER NY 10573

| | |
|---|---|
| Certified Mail Fee | $3.45 |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) $ | $0.00 |
| ☐ Return Receipt (electronic) $ | $0.00 |
| ☐ Certified Mail Restricted Delivery $ | $0.00 |
| ☐ Adult Signature Required $ | N/A |
| ☐ Adult Signature Restricted Delivery $ | N/A |
| Postage | $0.49 |
| Total Postage and Fees | $3.94 |
| $ | |

Sent To  Kavulich & associates
Street and Apt. No., or PO Box No.  181 Westchester Ave  Suite 500C
City, State, ZIP+4®  Portchester  NY  10573

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7015 1520 0001 9474 4755

Index Number: CV-010985-09/BX

**NOTICE OF MOTION
TO DISMISS pursuant to
CPLR 3211(a)(8)**

. . . annexed affidavit of **MEILING THOMPSON** . . . and the attached exhibits, the Defendant will . . . Bronx, NY 10451 Part 35, Room 503 ,

on the _____ day of _____, 201_ , at 9:30 am , or as soon thereafter as can be heard

for an Order :

Dismissing the cause of action on the grounds that the Court has no jurisdiction over the

defendant pursuant to CPLR Section 3211 because the defendant was not served with the papers in this

case OR did not receive the papers in the right way as required by the law, and for such other and further
relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that ( check the box below that is the correct statement):

[]   these papers have been served on you at least eight days before the motion is scheduled to be
heard. You must serve your answering papers, if any, at least two days before such time upon the
movant. At least three days prior to the time at which the motion is noticed to be heard you may
serve upon the moving party a notice of cross motion demanding relief.

[]   these papers have been served on you at least sixteen days before the motion is scheduled to be
heard. You must serve your answering papers and any notice of cross motion with supporting
papers, if any, at least seven days before such time. Reply or responding affidavits shall be served
at least one day before such time.

**All answering papers to the Court are to be filed on the return date of the motion with the Clerk
in the Part listed above.**

July 29, 2015

Civ GP 128

From:
MEILING THOMPSON
29 DUNCAN ROAD
Hempstead, NY 11550

To:
Kavulich & Associates PC
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573

9/21
For Kavulich to discontinue (?)

35

(1)

Court of the City of New York
City of Bronx

Index Number: CV-010985-09/BX

VALENTINE APARTMENTS, LLC

                      Plaintiff(s)

    -against-

JESSICA MATIAS; MEILING THOMPSON

                   Defendant(s)

**NOTICE OF MOTION
TO DISMISS pursuant to
CPLR 3211(a)(8)**

**PLEASE TAKE NOTICE** that upon the annexed affidavit of **MEILING THOMPSON**

JUL 2 9 2015

sworn to on _____ day of _____, 201___, and the attached exhibits, the Defendant will

move this court located at **851 Grand Concourse, Bronx, NY 10451** Part 35, Room 503 ,

on the **24** , day of **August**, 201**5** , at 9:30 am , or as soon thereafter as can be heard

for an Order :

    Dismissing the cause of action on the grounds that the Court has no jurisdiction over the

defendant pursuant to CPLR Section 3211 because the defendant was not served with the papers in this

case OR did not receive the papers in the right way as required by the law, and for such other and further
relief as this Court deems just and proper.

    **PLEASE TAKE FURTHER NOTICE** that ( check the box below that is the correct statement):

[]     these papers have been served on you at least eight days before the motion is scheduled to be
heard. You must serve your answering papers, if any, at least two days before such time upon the
movant. At least three days prior to the time at which the motion is noticed to be heard you may
serve upon the moving party a notice of cross motion demanding relief.

[]     these papers have been served on you at least sixteen days before the motion is scheduled to be
heard. You must serve your answering papers and any notice of cross motion with supporting
papers, if any, at least seven days before such time. Reply or responding affidavits shall be served
at least one day before such time.

**All answering papers to the Court are to be filed on the return date of the motion with the Clerk
in the Part listed above.**

July 29, 2015

Civ GP 128

From:
 MEILING THOMPSON
 29 DUNCAN ROAD
 Hempstead, NY 11550

To:
Kavulich & Associates PC
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573

9/21
For Kavulich to discontinue (?)

Civil Court of the City of New York
County of Bronx

Index Number: **CV-010985-09/BX**

|||||||||||||||||||||||||||||||||||

VALENTINE APARTMENTS, LLC
       Plaintiff(s)
  -against-
JESSICA MATIAS; MEILING THOMPSON
       Defendant(s)

**AFFIDAVIT IN SUPPORT OF
MOTION TO DISMISS
Pursuant to CPLR 3211(a)(8)**

State of New York, County of SS{Court:County

**MEILING THOMPSON**, being duly sworn, deposes and says:

------------------------------------------------------------

**1. Party [Who you are] [Initial One]**

_MT_ a) I am the Defendant in the above entitled case.

_____ b) I am [ Explain who you are] _____.

------------------------------------------------------------

**2. Request ( What you are asking the court to do)**
    I request that the Court issue an Order dismissing the case on the grounds that the court
has no jurisdiction over me pursuant to CPLR 3211 because I was not served with the
papers in this case OR I did not receive the papers in the right way as required by law, or
grant such other relief as the Court may deem to be just and proper.

------------------------------------------------------------

**3. Reason [Check One]**
  []    I have a good reason because I was not served with the court papers (did not get
       any of the papers) and found out about this action by _____

  _X_    I was not served with the court papers in the right way as required by the law.
       [Explanation is required] _I was not living in the State of NY at the time_
_and the address they papers were served to wasNot my last known address_
_attached is a copy_
_of my evidence_

------------------------------------------------------------

**4. Prior Order [Initial One]**
  _MT_ a) I have not previously asked for this relief regarding this index number.
  _____ b) I have had a previous Motion to Dismiss regarding this index number, but I am making
      this further application because _____
      _____.

------------------------------------------------------------

Sworn to before me this _29_ day of _July_, 20_15_.

_D. Rol_     _SCC_
   Notary Public/ Court Employee

_Meiling Thompson_
     Signature of Movant
MEILING THOMPSON
29 DUNCAN ROAD
Hempstead, NY 11550

Civ GP 129        Type: _DMV_
   No I.D. Provided

Telephone Number _646-713-0899_







nation · Your Public Record Report

| Personal Information | Registrations | Court Records | Traffic Violations/Criminal Records | Licenses |

You will be notified of changes to your public records via alerts as the information becomes available. In addition, your public record report will be automatically refreshed on a quarterly basis with changes. There may be additional public records not included in your current report, as access to public information and data varies by state, county and reporting agency.

## Personal Information

?

This page contains your current personal information from various public utilities and government records including addresses and properties that are or have been assessed for local taxes

Identification Information Used to Compile Your Report

| Name | Address | Social Security Number |
|---|---|---|
| MEILING R THOMPSON | 29 DUNCAN RD HEMPSTEAD, NY 115504615 | xxxxx3859 |

*Personal Information*

| Name | Date of Birth | Age | Social Security Number | Issuing State | Issued Between |
|---|---|---|---|---|---|
| MEILING R THOMPSON | 983 | 31 | xxxxxxxxxx | New York | 01011985 - 12311987 |

*Names Associated with Member (Aliases)*

No Information Reported

*Address Information*

Verified Address(es):

| Street Address | County | Dates of Residence |
|---|---|---|
| 29 DUNCAN RD , HEMPSTEAD, NY 11550 | NASSAU | 042014 to 052015 |

| Street Address History | City | State | Zip | County | Dates of Residence |
|---|---|---|---|---|---|
| 153 GREENGROVE AVE | UNIONDALE | NY | 11553 | NASSAU | 052013 to 042014 |
| 2605 MARION AVE APT 2A | BRONX | NY | 10458 | BRONX | 102002 to 092013 |
| 2407 VALENTINE AVE APT 3N | BRONX | NY | 10458 | BRONX | 052004 to 102012 |
| 405 43RD ST | LINDENHURST | NY | 11757 | SUFFOLK | 092010 to 092010 |
| 214 LINCOLN COURT NE AVE 214 | ATLANTA | GA | 30329 | DEKALB | 012009 to 032009 |
| 727 E 136TH ST FL 2 | BRONX | NY | 10454 | BRONX | 102003 to 032006 |
| 2657 BAINBRIDGE AVE | BRONX | NY | 10458 | BRONX | 052003 to 102003 |
| 2877 GRAND CONCOURSE APT 5D | BRONX | NY | 10468 | BRONX | |

*Property Information*

| Type | Record Source | Street Address | County | Date Sold | Owner(s) Name and Address |
|---|---|---|---|---|---|
No Information Reported

Back To Top

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 10985/09
File No. 5327

------------------------------------------------------------------x

VALENTINE APARTMENTS, LLC,

                       Plaintiff,

**AFFIRMATION
IN OPPOSITION**

      - against -

MEILING THOMPSON, et al.

                   Defendant.

------------------------------------------------------------------X

     Matthew Kasper, Esq., an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following under the penalty of perjury.

    1.    I am a member of the law firm of Kavulich & Associates, P.C., attorneys for the Plaintiff, herein. As such, I am fully familiar with the facts and circumstances of the within proceeding, except as to those matters stated to be based upon information and belief, and as to those matters I believe them to be true. The basis of my belief is information furnished to me by my client, information contained within the Court's file, and information contained within the file as maintained by your affirmant's office.

    2.    I make this affirmation in opposition to the Defendant's motion to dismiss. Annexed hereto as Exhibit "1" is a copy of Defendant's motion to dismiss.

    3.    In her motion to dismiss, Defendant avers that the instant action should be dismissed because the summons and complaint were served at an address which was not her last known residence in the state of New York. Please see aforementioned Exhibit "1".

    4.    In support of this motion, Defendant proffers a public records report listing her address history. Annexed hereto as Exhibit "2" is Defendant's public record report.

5.     This public record report lists the address where the summons and complaint were served as Defendant's address at the time at issue. Please see aforementioned Exhibit "2".

## BACKGROUND

6.     On November 12, 2007, the parties entered into a lease agreement for the premises known as 2654 Valentine Avenue, Apt. 3C, Bronx, New York, for a period of one year commencing on November 15, 2007 and terminating on November 14, 2008. Annexed hereto as Exhibit "3" is the affidavit of Plaintiff's agent.

7.     On or about February 1, 2008, Defendant breached the lease agreement by failing to pay rent pursuant to the terms of the lease agreement. Please see aforementioned Exhibit "3".

8.     As such, Defendant owes Plaintiff $11,768.00 plus interest from February 1, 2008 representing rental arrears and fees and expenses Plaintiff incurred as a result of Defendant's breach of the lease agreement. Please see aforementioned Exhibit "3".

9.     Thereafter, on or about January 14, 2009 Plaintiff commenced this instant action by filing the summons and complaint with the court.

10.     Thereafter, on February 13, 2009, Plaintiff caused the summons and complaint to be served upon Defendant by delivering a copy of said summons and complaint to a person of suitable age and discretion at Defendant's dwelling house, to wit: 2605 Marion Avenue, Apt. 2A, Bronx, NY 10458. Annexed hereto as Exhibit "4" is a copy of the affidavit of service of the summons and complaint.

11.     The process server's affidavit indicates that Defendant was served in this matter by delivering a copy of service at her residence located at 2605 Marion Avenue, Apt. 2A, Bronx, NY 10458 to a person of suitable age and discretion. Please see aforementioned Exhibit "4".

5.      This public record report lists the address where the summons and complaint were served as Defendant's address at the time at issue. Please see aforementioned Exhibit "2".

BACKGROUND

6.      On November 12, 2007, the parties entered into a lease agreement for the premises known as 2654 Valentine Avenue, Apt. 3C, Bronx, New York, for a period of one year commencing on November 15, 2007 and terminating on November 14, 2008. Annexed hereto as Exhibit "3" is the affidavit of Plaintiff's agent.

7.      On or about February 1, 2008, Defendant breached the lease agreement by failing to pay rent pursuant to the terms of the lease agreement. Please see aforementioned Exhibit "3".

8.      As such, Defendant owes Plaintiff $11,768.00 plus interest from February 1, 2008 representing rental arrears and fees and expenses Plaintiff incurred as a result of Defendant's breach of the lease agreement. Please see aforementioned Exhibit "3".

9.      Thereafter, on or about January 14, 2009 Plaintiff commenced this instant action by filing the summons and complaint with the court.

10.     Thereafter, on February 13, 2009, Plaintiff caused the summons and complaint to be served upon Defendant by delivering a copy of said summons and complaint to a person of suitable age and discretion at Defendant's dwelling house, to wit: 2605 Marion Avenue, Apt. 2A, Bronx, NY 10458. Annexed hereto as Exhibit "4" is a copy of the affidavit of service of the summons and complaint.

11.     The process server's affidavit indicates that Defendant was served in this matter by delivering a copy of service at her residence located at 2605 Marion Avenue, Apt. 2A, Bronx, NY 10458 to a person of suitable age and discretion. Please see aforementioned Exhibit "4".

12.    The "Jane Doe" upon whom service was delivered did not notify the process server that Defendant was no longer residing at that address.

13.    Defendant failed to answer the summons and complaint.

14.    As such, on or about April 14, 2009, a default judgment was entered against Defendant.

15.    Thereafter, Plaintiff commenced execution measures to satisfy said judgment.

16.    As such, on or about April 10, 2015 your affirmant's office caused to be served upon Defendant's employer an income execution.

17.    Thereafter, on or about April 13, 2015 Defendant made her first appearance in the within proceeding by filing an order to show cause and motion to vacate the April 14, 2009 judgment. Annexed hereto as Exhibit "5" is a copy of said order to show cause.

18.    Thereafter, on or about June 8, 2015 Defendant's motion to vacate was granted.

19.    Defendant now moves to dismiss the within proceeding on the ground that she was not served with the summons and complaint at her last known address. Please see aforementioned Exhibit "1".

20.    The address where Defendant was served is listed on Defendant's public record report as Defendant's address from October, 2002 through September, 2013, squarely within the period at which Defendant was served. Please see aforementioned Exhibit "2". Please see aforementioned Exhibit "4".

21.    Moreover, the process server's affidavit states that deponent asked the person spoken to whether the recipient was presently in military service of the United States

Government to which the "Jane Doe" stated that Defendant is not in the military. Please see aforementioned Exhibit "4".

22.     The individual who accepted process on behalf of Defendant did not inform the process server that Defendant was no longer residing at that address.

23.     Therefore, the Defendant's allegation of incorrect service is without merit.

24.     Furthermore, Defendant has failed to appear and defend against the instant proceeding.

25.     As such, Defendant's motion to dismiss should be denied.


        WHEREFORE, Plaintiff respectfully asks that this Court deny the instant motion and for such other and further relief as to this Court may seem just and proper.

Dated: Port Chester, NY
       August 28, 2015


                                        _____
                                        Kavulich & Associates, P.C.
                                        By: Matthew Kasper, Esq.
                                        181 Westchester Ave., Suite 500C
                                        Port Chester, NY 10573
                                        (914) 355-2074

EXHIBIT 1

EXHIBIT 2

EXHIBIT 3

EXHIBIT 4

EXHIBIT 5

5327

Civil Court of the City of New York
County of Bronx

Index Number: CV-010985-09/BX

VALENTINE APARTMENTS, LLC

Plaintiff(s)

-against-
JESSICA MATIAS; MEILING THOMPSON

Defendant(s)

NOTICE OF MOTION
TO DISMISS pursuant to
CPLR 3211(a)(8)

PLEASE TAKE NOTICE that upon the annexed affidavit of MEILING THOMPSON

JUL 2 9 2015

sworn to on _____ day of _____, 201___, and the attached exhibits, the Defendant will

move this court located at 851 Grand Concourse, Bronx, NY 10451 Part 35, Room 503,

on the _24_, day of _August_, 201_5_, at 9:30 am, or as soon thereafter as can be heard

for an Order :

Dismissing the cause of action on the grounds that the Court has no jurisdiction over the

defendant pursuant to CPLR Section 3211 because the defendant was not served with the papers in this

case OR did not receive the papers in the right way as required by the law, and for such other and further

relief as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that ( check the box below that is the correct statement): _ _ _

[] these papers have been served on you at least eight days before the motion is scheduled to be
heard. You must serve your answering papers, if any, at least two days before such time upon the
movant. At least three days prior to the time at which the motion is noticed to be heard you may
serve upon the moving party a notice of cross motion demanding relief.

[] these papers have been served on you at least sixteen days before the motion is scheduled to be
heard. You must serve your answering papers and any notice of cross motion with supporting
papers, if any, at least seven days before such time. Reply or responding affidavits shall be served
at least one day before such time.

All answering papers to the Court are to be filed on the return date of the motion with the Clerk
in the Part listed above.

July 29, 2015

· Civ GP 128

From:
MEILING THOMPSON
29 DUNCAN ROAD
Hempstead, NY 11550

To:
Kavulich & Associates PC
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573

Civil Court of the City of New York          Index Number: CV-010985-09/BX
County of Bronx

|||||||||||||||||||||||||||||||||||||

VALENTINE APARTMENTS, LLC                    AFFIDAVIT IN SUPPORT OF
            Plaintiff(s)                        MOTION TO DISMISS
    -against-                                Pursuant to CPLR 3211(a)(8)
JESSICA MATIAS; MEILING THOMPSON
            Defendant(s)

State of New York, County of SS{Court:County

MEILING THOMPSON, being duly sworn, deposes and says:

1. Party [Who you are] [Initial One]

    _MT_ a) I am the Defendant in the above entitled case.

    _____ b) I am [ Explain who you are] _____.

2. Request ( What you are asking the court to do)

    I request that the Court issue an Order dismissing the case on the grounds that the court
    has no jurisdiction over me pursuant to CPLR 3211 because I was not served with the
    papers in this case OR I did not receive the papers in the right way as required by law, or
    grant such other relief as the Court may deem to be just and proper.

3. Reason [Check One]

    [ ]     I have a good reason because I was not served with the court papers (did not get
            any of the papers) and found out about this action by _____
            _____

    [X]     I was not served with the court papers in the right way as required by the law.
            [Explanation is required] I was not living in the State of ny at the time
    and the address they papers were served to wasn't my last known address
                                                        attached is a copy
                                                        of my evidenc

4. Prior Order [Initial One]

    _MT_ a) I have not previously asked for this relief regarding this index number.

    _____ b) I have had a previous Motion to Dismiss regarding this index number, but I am making
             this further application because _____

Sworn to before me this _29_ day of _July_, 20_15_.     _Meiling Thompson_
                                                              Signature of Movant
_D. Poe_          _SCC_                                  MEILING THOMPSON
    Notary Public/ Court Employee                       29 DUNCAN ROAD
                                                        Hempstead, NY 11550

Civ GP 129 _____ Type: _DMV_       Telephone Number _646-712-0999_

    |_____ No I.D. Provided

EXHIBIT 2

EXHIBIT 3

EXHIBIT 4

EXHIBIT 5

| Personal Information | Registrations | Court Records | ... | ... |

You will be notified of changes to your public records via alerts as the information becomes available. In addition, your public record report will be automatically refreshed on a quarterly basis with changes. There may be additional public records not included in your current report, as access to public information and data varies by state, county and reporting agency.

## Personal Information

?

This page contains your current personal information from various public utilities and government records including addresses and properties that are or have been assessed for local taxes.

Identification Information Used to Compile Your Report

| Name | Address | Social Security Number |
|---|---|---|
| MEILING R THOMPSON | 29 DUNCAN RD<br>HEMPSTEAD, NY 115504615 | xxxxx3669 |

*Personal Information*

| Name | Date of Birth | Age | Social Security Number Issuing State | Issued Between |
|---|---|---|---|---|
| MEILING R THOMPSON | ▉▉983 | 31 | xxxxxxxxx | New York | 01011985 - 12311987 |

*Names Associated with Member (Aliases)*

No Information Reported

*Address Information*

Verified Address(es):

| Street Address | County | Dates of Residence |
|---|---|---|
| 29 DUNCAN RD, HEMPSTEAD, NY 11550 | NASSAU | 042014 to 052015 |

| Street Address History | City | State | Zip | County | Dates of Residence |
|---|---|---|---|---|---|
| 153 GREENGROVE AVE | UNIONDALE | NY | 11553 | NASSAU | 062013 to 042014 |
| 2605 MARION AVE APT 2A | BRONX | NY | 10458 | BRONX | 102002 to 092013 |
| 2407 VALENTINE AVE APT 3N | BRONX | NY | 10458 | BRONX | 052004 to 102012 |
| 405 43RD ST | LINDENHURST | NY | 11757 | SUFFOLK | 692010 to 092010 |
| 214 LINCOLN COURT NE AVE 214 | ATLANTA | GA | 30329 | DEKALB | 012009 to 032009 |
| 727 E 136TH ST FL 2 | BRONX | NY | 10454 | BRONX | 102003 to 032008 |
| 2657 BAINBRIDGE AVE | BRONX | NY | 10458 | BRONX | 052003 to 102003 |
| 2877 GRAND CONCOURSE APT 8D | BRONX | NY | 10468 | BRONX | |

← Not my last known address

*Property Information*

| Type | Record Source | Street Address | County | Date Sold | Owner(s) Name and Address |
|---|---|---|---|---|---|

No Information Reported

Back To Top

EXHIBIT 3

EXHIBIT 4

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 10985/09
File No. 5327

---------------------------------------------------------------x

VALENTINE APARTMENTS, LLC,

                                    Plaintiff,

                                                            **AFFIDAVIT**

         -against-

MEILING THOMPSON, et al.

                                    Defendant.

---------------------------------------------------------------x

STATE OF NEW YORK     )
                      ) SS
COUNTY OF KINGS       )

         I, Moshe Piller, being duly sworn deposes and says:

         1.  I am the agent for Plaintiff VALENTINE APARTMENTS, LLC herein and, as

such, I am fully familiar with the facts and circumstances of this proceeding as I am

responsible for, inter alia, leasing of apartments, collection of rents and maintaining legal

actions when required.

         2.  I am the property manager of the subject premises and was during the time at

issue.

         3.  On November 12, 2007, the parties entered into a lease agreement for the

premises known as 2654 Valentine Avenue, Apt. 3C, Bronx, New York, for a period of

one year commencing on November 15, 2007 and terminating on November 14, 2008.

         4.  On or about February 1, 2008, Defendant breached the lease agreement by failing

to pay rent pursuant to the terms of the lease agreement.

         5.  Plaintiff obtained legal possession of the subject premises on November 30, 2008.

         6.  As such, Defendant owes Plaintiff the sum of $10,618.00 representing rental

arrears for February, 2008 balance of $718.00; and for the months of March, 2008

through and including November, 2008 at the agreed monthly rent of $1,100.00 (after applying Defendants security deposit of $1,100.00).

7. In addition, Defendant owes Plaintiff $150.00 in rental arrears in the form of late fees for the months of January, 2008 through and including March, 2008; the month of May, 2008; and for the months of October, 2008 through and including November, 2008.

8. In addition, Defendant owes Plaintiff $1,000.00 which represents legal fees the Plaintiff has been obligated to pay as a result of Defendant's breach of the lease agreement.

9. At no point during the tenancy did either of the Defendants inform me of the need for any maintenance or repairs to the subject premises.

10. To date, no part of the $11,768.00 owed to Plaintiff has been paid by any source.

11. As such, Defendant owes the Plaintiff $11,768.00 plus interest from February 1, 2008.

WHEREFORE, your deponent prays that the relief sought herein is granted in all respects and for such other and further relief as to this court may seem just and proper.

Sworn to before me this
5th day of August, 2015

Moshe Piller

Notary Public

ELIZABETH PRERO
NOTARY PUBLIC, State of New York
No. 01PR6234656
Qualified in Kings County
Commission Expires January 24, 2019

AFFIDAVIT OF SERVICE

CIVIL COURT OF THE CITY OF NEW YORK          Index No. 10985/09
COUNTY OF BRONX                              Filed: _____

Attorneys: Kavulich & Associates, P.C.
Address: 30 Church Street, Suite 26, New Rochelle, NY 10801     File No. 5327

VALENTINE APARTMENTS LLC,
vs.
JESSICA MATIAS,
MEILING THOMPSON,

State of New York County of Nassau SS:
Chafin Evans, being duly sworn deposes and says:
Deponent is not a party herein, is over 18 years of age. On February 13, 2009 at 1:50p.m.
At 2605 Marion Avenue, Apt. 2A, Bronx, NY 10458 served the within Summons and Complaint
on MEILING THOMPSON,  Defendant therein named

Individual      By delivering a true copy of each to said recipient deponent knew the person
[ ]             served to be the person described as said person therein.

Corporation     By delivering to and leaving with _____ and that deponent knew the
[ ]             person so served and authorized to accept service on behalf of the Corporation

Suitable Age    By delivering a true copy of each to a person of suitable age and discretion
Person          Said premises is recipients [ ] actual place of business [X] dwelling house within the
[X]             state.

Affixing        By affixing a true copy of each to the door of said premises, which is recipients
to Door         [ ] actual place of business    [X] dwelling house (place of abode) within the state
[X]

Mail Copy       On February 14, 2009 deponent completed service under the last two sections by
[ ]             depositing a copy of the Summons and Complaint to the above address in a 1st
                Class properly addressed envelope marked "Personal and Confidential" in an official
                depository under the exclusive care and custody of the United States Post Office in the State
                of New York.
                      Deponent was unable, with due diligence to find the recipient or a person of suitable age
and discretion having called thereat:

                On the      day of    at
                On the      day of    at
                On the      day of    at

Description   A description of the Defendant, or other person served on behalf of the Defendant
[ ] Sex: F   Color of skin: BRN  Color of Hair: BLK  Age: 45-50 Height: 5'6"  Weight: 159LBS

Military Svce  Deponent asked person spoken to whether the recipient was presently in military
[X]            service of the United States Government or of the State of New York and was
               informed that the recipient is not. Recipient wore civilian clothes and no military uniform
Other
[X] "Jane Doe" stated that the Defendant is not in the military.

Sworn to before me on this ___ day of 2/09

                                              Chafin Evans
                                              LIC# 1243320

EXHIBIT 5

Civil Court of the City of New York

County of Bronx Part 39

5327

Index Number CV-010985-09/BX

VALENTINE APARTMENTS, LLC
        —against—
JESSICA MATIAS... et al.

**ORDER TO SHOW CAUSE**
To Vacate a Judgment, restore case to the Calendar, and
vacate any liens and income executions involving this
defendant on this case, and/or to dismiss
**APPEARANCE IS MANDATORY**

UPON the annexed affidavit of MEILING THOMPSON, sworn to on April 13, 2015, and upon all papers and proceedings herein:

Let the Claimant(s)/Plaintiff(s) or Claimant(s)/Plaintiff(s) attorney(s) show cause at:

> Civil Court of the City of New York
> 851 Grand Concourse
> Bronx, NY 10451
> Part   34                              Room 503
> on APRIL 27, 2015  at 9:30 AM

or as soon thereafter as counsel may be heard, why an order should not be made:

VACATING the Judgment, restoring to the calendar, vacating any liens and income executions and/or dismissing the action if warranted and/or granting such other and further relief as may be just.

PENDING the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the part of the Claimant(s)/Plaintiff(s), Claimant(s)/Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement of said Judgment be stayed.

SERVICE of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

| Claimant(s)/Plaintiff(s) or named attorney(s):<br>(Judge to Initial) | Sheriff or Marshal:<br>(Judge to Initial) |
|---|---|
| _____ by Personal Service by " In Hand Delivery" | _____ by Personal Service by " In Hand Delivery" |
| ✓ by Certified Mail, Return Receipt Requested | ✓ by Certified Mail, Return Receipt Requested |
| _____ by First Class Mail with official Post Office<br>Certificate of Mailing | _____ by First Class Mail with official Post Office<br>Certificate of Mailing |

on or before   4/17/15              , shall be deemed good and sufficient.

PROOF OF SUCH SERVICE shall be filed with the Clerk in the Part indicated above on the return date of this Order to Show Cause.

Attorney(s):  Mail to:
Kavulich & Associates PC (Counsel for Pltf)
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573

Sheriff/Marshal:
Marshal of the City of New York
Biegel, Stephen, Marshal
109 W 38 Street
Suite 200
New York, NY 10018-3615

April 13, 2015
_____
DATE

_____
Hon. Anthony Cannataro, Civil Court Judge (NYC)

Civil Court of the City of New York, County of Bronx

CV-010985-09/BX

VALENTINE APARTMENTS, LLC
   ~against~
JESSICA MATIAS... et al.

Affidavit in Support to restore case to the calendar, and vacate any judgment, liens and income executions involving this defendant on this case , and/or to dismiss

State of New York, County of Bronx

MEILING THOMPSON, being duly sworn, deposes and says:
(Defendant's Initials)

1. _MT___ a) I am the Party named as (Defendant)(Respondent) in the above titled action.

2. _____ a) I have been served with a summons and complaint in this action. [NOTE: if Small Claims skip #3, and go to # 4]
   ____✓_ b) I have not been served, and my first notice of legal action was [NOTE: if you complete any of #2b, skip #3, #4, #5, and go to #6]
      _____ a Notice of Default Judgment mailed to me
      _____ a Restraining Notice on my bank account.
      ___✓__ a copy of an Income Execution served on _April 10, 2015_
      _____ Other:

3. _____ a) I did not appear and answer in the Clerk's Office because;[NOTE: if you complete # 3a, skip and go to #6]
      _____ b) I did appear and answer in the Clerk's Office
      _____ and I received a date for trial.
      _____ but the answer was entered late.
      _____ Other:

4. On the Date of Trial before Judge/Arbitrator
      _____ a stipulation(a written agreement) was made between claimant/plaintiff and defendant.
      _____ a judgment was entered after the trial.
      _____ a judgment was entered against me by default for my failure to appear.
      _____ Other:

5. My reason for not
      _____ complying with the stipulation is _____
      _____ following the order of the Court is _____
      _____ appearing in court on the date scheduled for trial is _____
      _____ Other:

6. _MT__ I allege that I have a good defense because: _I moved out and left the Apartment to my roomate_

7. _MT__ a) I have not had a previous Order to Show Cause regarding this index number.
      _____ b) I have had a previous Order to Show Cause regarding this index number but I am making this application because: _____

8. _MT__ I request that the Judgment be vacated, that the case be restored to the calendar, and permission to serve these papers by mail.

Sworn to before me this day April 13, 2015

_William Thompson/S Dep_
Signature of Court Employee and Title

(Sign Name) _Meiling Thompson_
MEILING THOMPSON
29 DUNCAN ROAD
Hempstead, NY 11550

INDEX NO. 10985/09

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

VALENTINE APARTMENTS, LLC,

                                    Plaintiff,

            - against -

MEILING THOMPSON, et al.

                                    Defendant.

---

AFFIRMATION IN OPPOSITION

---

Signature Rule 130-1.1-a

_____              _____
Print Name Beneath -                          Matthew Kasper, Esq.

Kavulich & Associates, P.C.
Attorney for Plaintiff
181 Westchester Ave., Suite 500C
Port Chester, NY 10573
(914)355-2074

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 10985/09
-------------------------------------------------------------X   File No. 5327
VALENTINE APARTMENTS, LLC,

                     Plaintiff,                  AFFIRMATION OF
                                                SERVICE
      - against -

MEILING THOMPSON, et al.

                     Defendant.

-------------------------------------------------------------X

      Matthew Kasper, Esq., an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following under the penalty of perjury.

      On August 28, 2015, I served the within Affirmation in Opposition upon the Defendant Meiling Thompson by depositing a true copy in a post-paid envelope addressed to:

                    Meiling Thompson
                    29 Duncan Road
                    Hempstead, NY 11550

in an official depository under the exclusive dominion and control of the United States Postal Service within the State of New York via regular first class mail.

                          _____
                          Matthew Kasper, Esq.



Civil Court of the City of New York
County of Bronx

Index No: CV-010985-09/BX

VALENTINE APARTMENTS, LLC
            -against-
JESSICA MATIAS... et al.

**ORAL ANSWER**
**ACTION FOR MONEY ONLY**

Defendant, MEILING THOMPSON, at 29 DUNCAN ROAD, Hempstead, NY 11550, answers the Complaint as

**ANSWER: Dated : 06/08/2015**
*(Check all that apply)*

*FILED*
*CLERK'S OFFICE*
*JUN 0 8 2015*
*CIVIL COURT*
*BRONX COUNTY*

| | | |
|---|---|---|
| 1 | ____ | General Denial: I deny the allegations in the complaint |
| | | **SERVICE** |
| 2 | XX | I did not receive a copy of the summons and complaint |
| 3 | ____ | I received the Summons and Complaint, but service was not correct as required by law. |
| | | **DEFENSES** |
| 4 | ____ | I do not owe this debt. |
| 5 | ____ | I did not incur this debt. I am the victim of identity theft or mistaken identity. |
| 6 | ____ | I have paid all or part of the alleged debt. |
| 7 | XX | I dispute the amount of the debt. |
| 8 | ____ | Plaintiff is required to be licensed by the department of consumer affairs of the City of New York and does not allege a license number in the Complaint. |
| 9 | ____ | Statute of Limitations ( the time has passed to sue on this debt). |
| 10 | ____ | The debt has been discharged in bankruptcy. |
| 11 | ____ | The collateral (property) was not sold at a commercially reasonable price. |
| 12 | ____ | Unjust enrichment (the amount demanded is excessive compared with the original debt.) |
| 13 | ____ | Violation of the duty of good faith and fair dealing. |
| 14 | ____ | Unconscionability (the contract is unfair.) |
| 15 | ____ | Laches (plaintiff has excessively delayed in bringing this lawsuit to my disadvantage.) |
| 16 | ____ | Defendant is in the military. |
| 17 | ____ | Other: _____ |
| | | **OTHER** |
| 18 | ____ | Please take notice that my only source of income is _____ ,which is exempt from collection. |

**COUNTERCLAIM**

19 ____ Counterclaim(s):$ _____ Reason: _____

This case is scheduled to appear on the calendar as follows:

Date: August 24, 2015 Part: Part 11 - Self Represented Non-Jury Room 503 Time: 10:30 AM Both Sides Notified:

To:

Kavulich & Associates PC
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573

I.D. Presented Type: DMV
No I.D. Provided

S-15-BX-5790

# Civil Court of the City of New York

County of BRONX

Part

Index Number CV- 010995 - 09

Valentine Apartments, LLC

Claimant(s)/Plaintiff(s)/Petitioner(s)

against

Meiling Thompson
Jessica Mulley

Defendant(s)/Respondent(s)

## DECISION/ORDER

Defendant, Meiling Thompson's motion is granted on consent. However, this court's prior order/judgment is hereby vacated as to rendered against defendant, Meiling Thompson only; and it is further

ORDERED, that defendant file an answer within Twenty (20) days of the date of this order; and it is further Ordered that this matter is put down for trial on 8-24-15.

This constitutes the Decision and Order of the Court.

**ENTERED**
BRONX COUNTY

JUN 0 8 2015

Civil Court
of the
City of New York

6~ 8-15

Date

Judge, Civil Court

HON. DONALD A. MILES

# Civil Court of the City of New York

County of BRONX

Part

Valentine Apartments, LLC

~~Claim~~ant(s)/Plaintiff(s)/Petitioner(s)

*against*

Meilung Thompson
Jessica Matias

Defendant(s)/Respondent(s)

Index Number CV- 010793 - 07

## DECISION/ORDER

Defendant, Meilung Thompson's motion
is granted on consent. However, the said P's
prior order/judgment is hereby vacated the
~~and~~ ~~judgment against~~ defendant, Meilung Thompson
the only; and it is further

ORDERED, That defendant file an
answer within Twenty (20) days of the
date of this order, and it is further
Ordered that ~~this~~ this motion is
set down for Trial on 8-24-17.
This constitutes the Decision and
Order of the Court

ENTERED
BRONX COUNTY
JUN 0 8 2015
Civil Court
of the
City of New York

6-8-15

_____
Date

_____
Judge, Civil Court

HON. DONALD A. MILES

CIV-GP-41 (January, 1998)

Page 31

# Civil Court of the City of New York

County of _____

Part _____

Index Number _____

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Defendant(s)/Respondent(s)

## DECISION/ORDER

**ENTERED**
BRONX COUNTY

JUN 0 8 2015

Civil Court
of the
City of New York

Judge, Civil Court

HON. DONALD A. MILES

Date

**Civil Court of the City of New York**

County of Bronx Part 39

Index Number CV-010985-09/BX

VALENTINE APARTMENTS, LLC
    -against-
JESSICA MATIAS... et al.

**ORDER TO SHOW CAUSE**
To Vacate a Judgment, restore case to the Calendar, and
vacate any liens and income executions involving this
defendant on this case, and/or to dismiss
**APPEARANCE IS MANDATORY**

UPON the annexed affidavit of MEILING THOMPSON, sworn to on April 13, 2015, and upon all papers and proceedings herein:

Let the Claimant(s)/Plaintiff(s) or Claimant(s)/Plaintiff(s) attorney(s) show cause at:

      **Civil Court of the City of New York**
      **851 Grand Concourse**
      **Bronx, NY 10451**
      **Part  34**            **Room 503**
      on _APRIL  27, 2015_    at 9:30 AM
or as soon thereafter as counsel may be heard, why an order should not be made:

**VACATING** the Judgment, restoring to the calendar, vacating any liens and income executions and/or dismissing the action if warranted and/or granting such other and further relief as may be just.

**PENDING** the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the part of the Claimant(s)/Plaintiff(s), Claimant(s)/Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement of said Judgment be stayed.

**SERVICE** of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

Claimant(s)/Plaintiff(s) or named attorney(s):
(Judge to Initial)

Sheriff or Marshal:
(Judge to Initial)

_____ by Personal Service by " In Hand Delivery"
___✓___ by Certified Mail, Return Receipt Requested
_____ by First Class Mail with official Post Office
        Certificate of Mailing

_____ by Personal Service by " In Hand Delivery"
___✓___ by Certified Mail, Return Receipt Requested
_____ by First Class Mail with official Post Office
        Certificate of Mailing

on or before _____4/17/15_____ , shall be deemed good and sufficient.

**PROOF OF SUCH SERVICE** shall be filed with the Clerk in the Part indicated above on the return date of this Order to Show Cause.

Attorney(s):  Mail to:
Kavulich & Associates PC (Counsel for Pltf)
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573

Sheriff/Marshal:
Marshal of the City of New York
Biegel, Stephen, Marshal
109 W 38 Street
Suite 200
New York, NY 10018-3615

April 13, 2015
_____
DATE

_____
Hon. Anthony Cannataro, Civil Court Judge (NYC)

5/11 for opp
5/18 reply & argument

6/8/15 A

Page 33

Court of the City of New York, County of Bronx

CV-010985-09/BX

GENTINE APARTMENTS, LLC

    —against—

JESSICA MATIAS... et al.

Affidavit in Support to restore case to the calendar, and vacate any judgment, liens and income executions involving this defendant on this case , and/or to dismiss

State of New York, County of Bronx

**MEILING THOMPSON,** being duly sworn, deposes and says:

(Defendant's initials)

**1.** _MT_   a) I am the **Party** named as (Defendant)(Respondent) in the above titled action.

------------------------------------------------------------------------

**2.** _____ a) I have been **served** with a summons and complaint in this action. [NOTE: if Small Claims skip #3, and
    go to # 4]

    ✓ b) I have **not** been served, and my first notice of legal action was [NOTE: if you complete any of #2b,
    skip #3, #4, #5, and go to #6]

        _____ a Notice of Default Judgment mailed to me
        _____ a Restraining Notice on my bank account.
        ✓ a copy of an Income Execution served on _April 10, 2015_
        _____ Other: _____

------------------------------------------------------------------------

**3.** _____ a) I did not appear and answer in the Clerk's Office because:[NOTE: if you complete # 3a, skip and go to #6].

    b) I did appear and answer in the Clerk's Office
    _____ and I received a date for trial.
    _____ but the answer was entered late.
    _____ Other: _____

------------------------------------------------------------------------

**4.**     On the Date of **Trial** before Judge/Arbitrator
    _____ a stipulation(a written agreement) was made between claimant/plaintiff and defendant.
    _____ a judgment was entered after the trial.
    _____ a judgment was entered against me by default for my failure to appear.
    _____ Other: _____

------------------------------------------------------------------------

**5.**     My reason for not
    _____ complying with the stipulation is _____
    _____ following the order of the Court is _____
    _____ appearing in court on the date scheduled for trial is _____
    _____ Other: _____

------------------------------------------------------------------------

**6.** _MT_ I allege that I have a good defense because: _I moved out and left the Apartment
to my roomate_

**7.** _MT_ ✓ a) I have not had a previous Order to Show Cause regarding this index number.
    _____ b) I have had a previous Order to Show Cause regarding this index number but I am making this application
    because: _____

------------------------------------------------------------------------

**8.** _MT_ ✓ I request that the Judgment be vacated, that the case be restored to the calendar, ~~and permission to serve these
papers in person.~~

------------------------------------------------------------------------

Sworn to before me this day April 13, 2015

_William Hong_ /s DEA

Signature of Court Employee and Title

(Sign Name) _Meiling Thompson_

MEILING THOMPSON

29 DUNCAN ROAD

Hempstead, NY 11550

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34

INDEX NO. 10985/09

FILE NO. 5327

--------------------------------------------------------------X

VALENTINE APARTMENTS, LLC.,

Plaintiff,

-against-

**AFFIRMATION IN OPPOSITION**

MEILING THOMPSON,
JESSICA MATIAS,

Defendant.

--------------------------------------------------------------X

Matthew Kasper, Esq., an attorney duly admitted to practice law before the Court of the State of New York, hereby affirms under the penalty of perjury:

1. I am an associate of Kavulich & Associates, P.C., attorneys for the Plaintiff herein. As such, I am fully familiar with the facts and circumstances of the within proceeding, except as to those matters stated upon information and belief, as to those matters I believe them to be true. The basis of my belief is information supplied to me by my client, information contained within the court file and information maintained within my office.

2. I make this affirmation in opposition to the Defendant MEILING THOMPSON's Order to Show Cause which seeks to vacate the instant judgment issued on default. Please see Respondent's instant Order to Show Cause and Proposed Answer annexed hereto as Exhibit "1."

## STATEMENT OF THE UNDISPUTED FACTS

1. The parties executed a lease agreement for the premises known as 2654 Valentine Avenue, Apt. 3C, Bronx, New York, Plaintiff's building. Annexed hereto as Exhibit "2" the affidavit of Moshe Piller.

2.  The term of the lease agreement was for one year commencing November 15, 2007 and ending November 14, 2008. Annexed hereto as Exhibit "3" is a copy of the lease agreement.

3.  Almost immediately thereafter, Defendants began to accumulate rental arrears. Annexed hereto as Exhibit "4" is a copy of the rent ledger.

4.  Plaintiff obtained legal possession of the subject premises on November 30, 2008.

3.  As such, Defendant owes Plaintiff the sum of $11,768.00 representing rental arrears for the January, 2008 balance of $768.00; and for the months of February, 2008 through and including November, 2008 at the agreed monthly rent of $1,100.00.

4.  Defendant was served with a summons and complaint via conspicuous service on February 13, 2009. Annexed hereto as Exhibit "5" is a copy of the summons, complaint, and affidavit of service.

5.  Defendant failed to answer the summons and complaint.

6.  A default judgment was entered against Defendant on April 14, 2009.

7.  Defendant now moves to vacate that judgment.

### THE DEFENDANT'S INSTANT MOTION DOES NOT DEMONSTRATE AN EXCUSABLE DEFAULT AND MERETORIOUS DEFENSE, THEREFORE THE MOTION SHOULD BE DENIED

8.  In order to prevail on this instant motion, Defendant must prove both an excusable default *and* meritorious defense as upon showing of both of those prongs, vacating a default judgment is proper. CPLR 5051(a)(1); *Bank of Am. v. Faracco*, 89 AD3d 879 [2d Dep't 2011]; *Community Preserve. Corp. v. Bridgewater condominiums, LLC.*, 89 AD3d 784 [2d Dep't 2011].

9.  Moreover, should Defendant demonstrate a reasonable excuse for the default, a Court must nonetheless uphold the default judgment when the Respondent's papers submitted in support thereof are replete with self-serving, vague, unsubstantiated denials, and unsupported

legal conclusions. *Thapt v. Lutheran Med. Ct.*, 89 AD3d 837 [2d Dep't 2011]; *Garal Wholesalers, Ltd. v. Raven Brands, Inc.*, 82 AD3d 1041 [2d Dep't 2011].

10. It is respectfully stated to the Court that Defendant has failed to demonstrate both prongs and that this motion must be denied.

11. Defendant alleges that she was not served with the summons and complaint, however she offers no support for this such as an explanation of where she was living at the time or a suggestion as to how process did not end up in her possession.

12. A process server's affidavit constitutes prima facie evidence of proper service pursuant to CPLR 308(4). *City of New York v. Miller,* 2010 NY Slip Op 03059 (2d Dep't 2010).

13. Defendant's self-serving and conclusory statements are insufficient to rebut the presumption of service.

14. Moreover, Defendant alleges that she "moved out and left the apartment to [her] roommate."

15. As is a well settled principal of law, co-tenants are jointly and severally liable for rental arrears accrued whether or not one co-tenant actually occupied the premises.

16. As such, Defendant's purported meritorious defense fails.

17. Moreover, Defendant has failed to appear and defend against the instant judgment.

18. CPLR 317 states as follows:

> A person served with a summons other than by personal delivery to him or to his agent for service designated under rule 318, within or without the state, who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment, but in no event more than five years after such entry, upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense.

19. The instant default judgment was entered more than five years ago (April 14, 2009); as such, Defendant has simply ran out of time to defendant against the instant judgment.

20. As such, Defendant's Order to Show Cause should be denied as (a) defendant has failed to set forth a meritorious defense and (b) her application is untimely pursuant to CPLR 317.

WHEREFORE, as no legal or equitable basis has been stated or exists, Plaintiff respectfully asks that this Court deny the instant motion.

Dated: May 15, 2015
      Port Chester, NY

                                      Kavulich & Associates, P.C.
                                      By: Matthew Kasper, Esq.
                                      Attorney for Plaintiff
                                      181 Westchester, Ave., Suite 500C
                                      Port Chester, NY 1057
                                      (914) 355-2074

EXHIBIT 2

EXHIBIT 4

EXHIBIT 5

EXHIBIT 3

EXHIBIT 1

# EXHIBIT 1

Civil Court of the City of New York

County of **Bronx Part 39**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

Index Number *CV-010985-09/BX*

VALENTINE APARTMENTS, LLC
      -against-
JESSICA MATIAS... et al.

**ORDER TO SHOW CAUSE**
To Vacate a Judgment, restore case to the Calendar, and
vacate any liens and income executions involving this
defendant on this case, and/or to dismiss
**APPEARANCE IS MANDATORY**

**UPON** the annexed affidavit of MEILING THOMPSON, sworn to on April 13, 2015, and upon all papers and
proceedings herein:

Let the Claimant(s)/Plaintiff(s) or Claimant(s)/Plaintiff(s) attorney(s) show cause at:

**Civil Court of the City of New York**
**851 Grand Concourse**
**Bronx, NY 10451**
**Part 34**             **Room 503**
on APRIL 27, 2015 at 9:30 AM

or as soon thereafter as counsel may be heard, why an order should not be made:

**VACATING** the Judgment, restoring to the calendar, vacating any liens and income executions and/or dismissing
the action if warranted and/or granting such other and further relief as may be just.

**PENDING** the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the
part of the Claimant(s)/Plaintiff(s), Claimant(s)/Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of
the City of New York for the enforcement of said Judgment be stayed.

**SERVICE** of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

| Claimant(s)/Plaintiff(s) or named attorney(s): (Judge to Initial) | Sheriff or Marshal: (Judge to Initial) |
|---|---|
| _____ by Personal Service by " In Hand Delivery" | _____ by Personal Service by " In Hand Delivery" |
| __✓__ by Certified Mail, Return Receipt Requested | __✓__ by Certified Mail, Return Receipt Requested |
| _____ by First Class Mail with official Post Office Certificate of Mailing | _____ by First Class Mail with official Post Office Certificate of Mailing |

on or before _____4/17/15_____ , shall be deemed good and sufficient.

**PROOF OF SUCH SERVICE** shall be filed with the Clerk in the Part indicated above on the return date of this Order to Show
Cause.

| Attorney(s): Mail to: | Sheriff/Marshal: |
|---|---|
| Kavulich & Associates PC (Counsel for Pltf) | Marshal of the City of New York |
| 181 Westchester Avenue | Biegel, Stephen, Marshal |
| *Suite 500C* | 109 W 38 Street |
| Port Chester, NY 10573 | Suite 200 |
| | New York, NY 10018-3615 |

April 13, 2015
_____
DATE

Hon. Anthony Cannataro, Civil Court Judge (NYC)

VALENTINE APARTMENTS, LLC
    -against-
JESSICA MATIAS... et al.

Affidavit in Support to restore case to the calendar, and vacate any judgment, liens and income executions involving this defendant on this case , and/or to dismiss

State of New York, County of Bronx
    MEILING THOMPSON, being duly sworn, deposes and says:
    (Defendant's initials)

1. _MT_ a) I am the Party named as ((Defendant)(Respondent) in the above titled action.

2. _____ a) I have been served with a summons and complaint in this action. [NOTE: if Small Claims skip #3, and go to # 4]
    ✓ b) I have not been served, and my first notice of legal action was [NOTE: if you complete any of #2b, skip #3, #4, #5, and go to #6]
      _____ a Notice of Default Judgment mailed to me
      _____ a Restraining Notice on my bank account.
      ✓ a copy of an Income Execution served on _April 10, 2015_
      _____ Other: _____

3. _____ a) I did not appear and answer in the Clerk's Office because:[NOTE: if you complete # 3a, skip and go to #6].
    b) I did appear and answer in the Clerk's Office
      _____ and I received a date for trial.
      _____ but the answer was entered late
      _____ Other: _____

4. On the Date of Trial before Judge/Arbitrator
    _____ a stipulation(a written agreement) was made between claimant/plaintiff and defendant.
    _____ a judgment was entered after the trial.
    _____ a judgment was entered against me by default for my failure to appear.
    _____ Other: _____

5. My reason for not
    _____ complying with the stipulation is _____
    _____ following the order of the Court is _____
    _____ appearing in court on the date scheduled for trial is _____
    _____ Other: _____

6. _MT_ ✓ I allege that I have a good defense because: _I moved out and left the Apartment to my roomate_

7. _MT_ ✓ a) I have not had a previous Order to Show Cause regarding this index number.
    _____ b) I have had a previous Order to Show Cause regarding this index number but I am making this application because: _____

8. _MT_ ✓ I request that the Judgment be vacated, that the case be restored to the calendar, ~~and a permission to serve these papers in person~~.

Sworn to before me this day April 13, 2015

_William Monge /S DEP_
Signature of Court Employee and Title

(Sign Name) _Meiling Thompson_
MEILING THOMPSON
29 DUNCAN ROAD
Hempstead, NY 11550

EXHIBIT 2

EXHIBIT 4

EXHIBIT 5

EXHIBIT 3

# EXHIBIT 2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 10985/09
File No. 5327

--------------------------------------------------------------x

VALENTINE APARTMENTS, LLC,

               Plaintiff,

    -against-

**AFFIDAVIT**

MEILING THOMPSON,  et al.

               Defendants.

--------------------------------------------------------------x

STATE OF NEW YORK   )
                       ) SS
COUNTY OF BRONX     )

    I, Moshe Piller, being duly sworn deposes and says:

    1.  I am the agent for the Plaintiff, VALENTINE APARTMENTS, LLC, herein and, as such, I am fully familiar with the facts and circumstances of this proceeding as I am responsible for, *inter alia*, leasing of apartments, and overseeing maintenance of the property when required.

    2.  I was the agent during the time in issue of this proceeding.

    3.  The parties executed a lease agreement for the premises known as 2654 Valentine Avenue, Apt. 3C, Bronx, New York, Plaintiff's building.

    4.  The term of the lease agreement was for one year commencing November 15, 2007 and ending November 14, 2008.

    5.  Almost immediately thereafter, Defendant began to accumulate rental arrears.

    6.  Plaintiff obtained legal possession of the subject premises on November 30, 2008.

    7.  As such, Defendant owes Plaintiff the sum of $11,768.00 representing rental arrears for the January, 2008 balance of $768.00; and for the months of February, 2008 through and including November, 2008 at the agreed monthly rent of $1,100.00.

8. My attorneys have advised me that a judgment was entered against the

Defendants on April 14, 2009.

WHEREFORE, your deponent prays that the Court deny the instant motion as no legal or equitable basis has been provided.

Sworn to before me this
13 day of May, 2015

_____
Moshe Piller

_____
Notary Public

ELIZABETH PRERO
NOTARY PUBLIC, State of New York
No. 01PR6234856
Qualified in Kings County
Commission Expires January 24, 2019

EXHIBIT 4

EXHIBIT 5

EXHIBIT 3

# EXHIBIT 3

F 327—Apartment lease, stabilization clause, E-Z Legal Forms
Use with Blumberg 376 Rent Stabilization Rider

PREPARED BY
ARNOLD MANDELL, LL.B.

## APARTMENT LEASE

### ATTACHED RIDER SETS FORTH RIGHTS AND OBLIGATIONS OF TENANTS AND LANDLORDS
### UNDER THE RENT STABILIZATION LAW. (LOS DERECHOS Y RESPONSABILIDADES
### DE INQUILINOS Y CASEROS ESTÁN DISPONIBLE EN ESPAÑOL.)

The Landlord and Tenant agree as of _November 12 2007_ to lease the Apartment as follows:

LANDLORD:

TENANT:

Address for Notices

MEILING R THOMPSON
JESSICA MATIAS
2654 VALENTINE AVE APT 3C
BRONX NY 10458

Apartment (and terrace, if any)          at

Bank

| Term | 1 YEAR | beginning | Nov. 15, 2007 | ending | Nov 14 2008 |
|------|--------|-----------|----------------|--------|-------------|
| Yearly Rent $ | 132.00 | Monthly Rent $ | 1100 | Security $ | 1100 — |

1. Use. The Apartment must be used only as a private Apartment to live in as the primary residence of the Tenant and for no other reason. Only a party signing this Lease may use the Apartment. The Apartment is subject to limits on the number of people who may legally occupy an Apartment of this size.

2. Failure to give possession. Landlord shall not be liable for failure to give Tenant possession of the Apartment on the beginning date of the Term. Rent shall be payable as of the beginning of the Term unless Landlord is unable to give possession. Rent is not then payable until the date possession is available. Landlord must give possession within a reasonable time. If not, Tenant may cancel and obtain a refund of monies deposited. Landlord will notify Tenant as to the date possession is available. The ending date of the Term will not change.

3. Rent, added rent. The rent payment for each month must be paid on the first day of that month. Landlord's address Landlord need not give notice to pay the rent. Rent must be paid in full without deduction. The first month's rent is to be paid when Tenant signs this Lease. Tenant may be required to pay other charges to Landlord under the terms of this Lease. They are called "added rent." This added rent will be billed and is payable as rent, together with the next monthly rent due. If Tenant fails to pay the added rent on time, Landlord shall have the same rights against Tenant as if Tenant failed to pay rent. If a check from Tenant to Landlord bounces, Tenant shall be charged $25 for processing costs as added rent. If rent or added rent is not received within 5 days of the due date, Landlord may charge the Tenant a late fee of (1) $25, or (2) 1¼% of the sum due, each month, as added rent.

4. Notices. Any bill, statement or notice must be in writing. If to Tenant, it must be delivered or mailed to the Tenant at the Apartment. If to Landlord it must be mailed to Landlord's address. It will be considered delivered on the day mailed or if not mailed, when left at the proper address. A notice must be sent by certified mail. Each party must accept and claim the notice given by the other. Landlord must notify Tenant if Landlord's address is changed. Tenant must notify Landlord if Tenant joins the U.S. Military or becomes dependent on someone in it.

5. Security. Tenant has given security to Landlord in the amount stated above. The security has been deposited in the Bank named above and delivery of this Lease is notice of the deposit. If the Bank is not named, Landlord will notify Tenant of the Bank's name and address in which the security is deposited.

If Tenant does not pay rent or added rent on time, Landlord may use the security to pay for rent or added rent then due. If Tenant fails to timely perform any other term in this Lease, Landlord may use the security for payment of money Landlord may spend, or damages Landlord suffers because of Tenant's failure. If the Landlord uses the security, Tenant shall, upon notice from Landlord, send to Landlord an amount equal to the sum used by Landlord. That amount is due, when Landlord asks. Tenant's Landlord is to have the amount of security stated above.

If Tenant fully performs all terms of this Lease, pays rent on time and leaves the Apartment in good condition on the last day of the Term, then Landlord will return the security being held.

If Landlord sells or leases the Building, Landlord may give the security to the buyer or lessee. In that event Tenant will look only to the buyer or lessee for the return of the security and Landlord will be deemed released. Landlord may use the security as stated in this section. Landlord may put the security in any place permitted by law. Tenant's security will bear interest only if required by law. Landlord will give Tenant the interest when Landlord is required to return the security to Tenant. Any interest returned to Tenant will be less the sum Landlord is allowed to keep. Landlord need not give Tenant interest on the security if Tenant is in default.

6. Services. Landlord will supply, if that is no cost, heat, hot and cold water for bathroom and kitchen sink, service or elevator, if any, and if stopping of central air conditioning is installed. Landlord is not required to install air-conditioning. Stopping or reducing of services will not be reason for Tenant to stop paying rent. To make a claim a money claim or to claim eviction, Tenant must enforce its rights under the statutes of landlords. Damage to the equipment or appliances supplied by Landlord, caused by Tenant's act or neglect, must be repaired by Landlord at Tenant's expense.

Tenant must pay for electricity, gas, telephone and other utility services used in the Apartment and arrange for them with the public utility company. Tenant must give Landlord's name, and address for any light, heat, ventilator, air-cooling equipment or other appliance unless installed by Landlord or with Landlord's written consent. Tenant must not use or overload the plumbing, heating, cooling, electrical or air system.

Landlord may stop service of the plumbing, heating, elevator, air-cooling or electrical system, because of accident, emergency, repairs, or changes until the work is complete.

If Landlord wants to change a person operated elevator to an automatic elevator, Landlord may...

7. The Term Tenant shall comply with the demand as Tenant's own. Landlord is not required to do or to pay for any work unless stated in this Lease.

If a fire is filed on the Apartment or Building for any reason relating to Tenant's fault, Tenant must immediately pay or bond the amount stated of the Lien. Landlord may do so if Tenant fails within 30 days after Tenant has notice about the Lien. Landlord's costs shall be added rent.

8. Repairs. Tenant must take good care of the Apartment and all equipment and fixtures in it. Landlord will repair the plumbing, heating and electrical systems. Tenant must at Landlord's cost, make all repairs and replacements whenever the need results from Tenant's act or neglect. If Tenant fails to make a needed repair or replacement, Landlord may do it. Landlord's reasonable expense will be added rent.

9. Fire, accident, defects, damage. Tenant must give Landlord immediate notice of fire, accident, damage or dangerous or defective condition. If the Apartment can not be used because of fire or other casualty, Tenant is not required to pay rent for the time the Apartment is unusable. If part of the Apartment can not be used, Tenant must pay rent for the usable part. Landlord shall have the right to decide which part of the Apartment is unable. Landlord need only repair the damaged part of the Apartment. Landlord is not required to repair or replace any fixture, furnishings or decorations not only equipment that is originally installed by Landlord. Landlord is not responsible for delays due to settling insurance claims, obtaining estimates, labor and supply problems or any other cause not fully under Landlord's control.

If the apartment can not be used, Landlord has 30 days to decide whether to repair it. Landlord's decision to repair must be given by notice to Tenant within 30 days of the fire or casualty. Landlord shall have a reasonable time to repair. In determining what is a reasonable time consideration shall be given to any delays in receipt of insurance settlements, labor troubles and causes not within Landlord's control. If Landlord fails to give Tenant notice of its decision within 30 days Tenant may cancel the lease as of the date of the fire or casualty. The cancellation shall be effective only if it is given notice by Tenant of its decision to repair. If the fire or other casualty is caused by an act or neglect of Tenant or guest of Tenant, all repairs will be made at Tenant's expense and Tenant must pay the full rent with no change. The cost of the repairs will be added rent.

Landlord has the right to demolish or rebuild the Building if there is substantial damage by fire or other casualty. Even if the Apartment is not damaged Landlord may cancel this Lease within 30 days after the substantial fire or casualty by giving Tenant notice of Landlord's intention to demolish or rebuild. The Lease will end 30 days after Landlord's cancellation notice to Tenant. Tenant must deliver to Landlord on or before the cancellation date of the fire or casualty, all rent due to the date of the fire or casualty. If the Lease is cancelled Landlord is not required to repair the Apartment or the Building. The cancellation does not release Tenant of liability in connection with the fire or casualty. This Section is intended to replace the terms of Real Property Law § 227.

10. Liability. Landlord is not liable for loss, expense, or damage to any person or property, unless Landlord is negligent. Landlord is not liable to Tenant for permitting or refusing entry of anyone into the Building.

Tenant must pay for damages suffered and reasonable expenses of Landlord relating to any claim arising from any act or neglect of Tenant. If an event is brought against Landlord arising from Tenant's act or neglect, Tenant shall defend Landlord at Tenant's expense with an attorney of Landlord's choice.

Tenant is responsible for all acts or neglect of Tenant's family, employees, guests or invitees.

Tenant is responsible for Tenant's security.

11. Entry by Landlord. Landlord may enter the Apartment at reasonable hours to repair, inspect, exterminate, install or work on master antennas or other systems or equipment and perform other work that Landlord decides is necessary or desirable. At reasonable hours Landlord may show the Apartment to possible buyers, lenders, or tenants of the entire Building or land. At reasonable hours Landlord may show the Apartment to possible or new tenants during the last 4 months of the Term. Entry by Landlord must be on reasonable notice except in emergency.

12. Assignment and subletting. Tenant must not assign all or part of this Lease or sublet all or part of the Apartment or permit any other to use the Apartment. If Tenant does, Landlord may cancel the Lease as stated in the Tenant's Default section. State law may permit Tenant to sublet under certain conditions. Tenant must get Landlord's written permission each time Tenant wants to assign or sublet. Permission to assign or sublet is good only for that assignment or sublease. Tenant remains bound to the terms of this Lease after an assignment or sublet is permitted, even if Landlord accepts rent from the assignee or subtenant. The amount accepted will be credited toward monies due from Tenant. If Landlord shall determine the assignee or subtenant to...

EXHIBIT 4

EXHIBIT 5

# EXHIBIT 4

3C        THOMPSON, MEILING Tel. (516) 805-6180
          MATIAS, JESSICA

Remarks:   del 945.00 3/18/08 bel to 237 3c

Balance:              11,768.00
Security Balance:          93.50
Net Balance:          11,768.00

| Date | LB CC AC Description | Debit | Credit | Balance | Check #/Comment |
|------|------|------|------|------|------|
| 11/13/07 | Move in: THOMPSON, MEILING | | | | |
| 07/01/08 | Balance Forward | | | 5,751.00 | |
| 07/01/08 | Rent Charge | 1,100.00 | | 6,851.00 | |
| 07/14/08 | Rent Receipt | | 141.50 | 6,709.50 | |
| 07/25/08 | Rent Receipt | | 141.50 | 6,568.00 | |
| 08/01/08 | Rent Charge | 1,100.00 | | 7,668.00 | |
| 08/12/08 | Rent Receipt | | 125.00 | 7,543.00 | |
| 08/28/08 | Rent Receipt | | 125.00 | 7,418.00 | |
| 09/01/08 | Rent Charge | 1,100.00 | | 8,518.00 | |
| 10/01/08 | Rent Charge | 1,100.00 | | 9,618.00 | |
| 10/01/08 | Late Fee | 25.00 | | 9,643.00 | |
| 10/23/08 | Legal Fees | 1,000.00 | | 10,643.00 | |
| 11/01/08 | Rent Charge | 1,100.00 | | 11,743.00 | |
| 11/01/08 | Late Fee | 25.00 | | 11,768.00 | |

FOR SECURITY PURPOSES THE FACE OF THIS DOCUMENT CONTAINS A COLORED BACKGROUND AND

THE REVERSE SIDE OF THIS DOCUMENT INCLUDES AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

Page 1

**EXHIBIT 5**

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED TO COLLECT THIS DEBT.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

--------------------------------------------------x

Valentine Apartments, LLC,
                Plaintiff,

    -against-

Meiling Thompson, Jessica Matias,

             Defendant(s)

--------------------------------------------------x

INDEX NO.
FILE NO. 5327

SUMMONS
Place of Venue is Plaintiff's
place of business:

2654 Valentine Avenue
Bronx, NY 10458

To the above named defendants(s):

  YOU ARE HEREBY SUMMONED to appear at the CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF BRONX at the office of the clerk of the said Court at 851 Grand Concourse, Bronx, NY 10451, in the COUNTY OF BRONX, State of New York, within the time provided by law as noted below and to file an answer to the below complaint with the clerk: upon your failure to answer, judgment will be taken against you for the sum of $12,268.00 with interest thereon from January 1, 2008 together with costs of this action.

DATED: January 4, 2009

                By: Gary Kavulich, Esq.,
                Kavulich & Associates, P.C.
                Attorney for Plaintiff
                30 Church Street
                Suite 26
                New Rochelle, NY 10801
                (914) 355-2074

Defendant's Address:
Meiling Thompson
2605 Marion Avenue, Apt. 2A
Bronx, NY 10458

        Jessica Matias,
        247 Audubon Avenue Apt. 33
    New York, NY 10033-7316

Note: The law provides that: (a) If the summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or (b) If the summons is served by any means other than personal delivery to you within the City of New York, you must appear and answer within THIRTY days after proof of service thereof is filed with the Clerk of this Court.

**FIRST ACTION**: Plaintiff seeks to recover damages from defendant(s) for breach of a lease agreement in the sum of $11,768.00 representing rental arrears for the months of January, 2008 balance of $768.00; February, 2008 through and including November, 2008 at the agreed monthly sum of $1,100.00 for the premises known as 2654 Valentine Avenue, Apt.3C Bronx, NY 10458 together with costs and disbursements of this action and for such other and further relief as the court may deem just.

**SECOND ACTION**: Plaintiff seeks to recover damages from the defendant in the sum of $0.00 representing damages together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**THIRD ACTION**: Plaintiff seeks to recover damages from the defendant in the sum of $500.00 representing reasonable attorneys fees together with costs and disbursements of this action and for such other further relief as the Court may deem just.

**WHEREFORE**, Plaintiff demands judgment (A) on the First Action, in the sum of $11,768.00 plus interest from January 1, 2008 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (B) on the Second Action, in the sum of   0.000 plus interest from January 1, 2008 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (C) on the Third Action, in the sum of $500.00  together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

The Plaintiff in this action is NOT required to be licensed by the New York City Department of Consumer Affairs.

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF BRONX

Index No. 10985/09
Filed: _____

Attorneys: Kavulich & Associates, P.C.
Address: 30 Church Street, Suite 26, New Rochelle, NY 10801    File No. 5327

VALENTINE APARTMENTS LLC.
vs.
JESSICA MATIAS,
MEILING THOMPSON,

State of New York County of Nassau SS:

Chafin Evans, being duly sworn deposes and says:
Deponent is not a party herein, is over 18 years of age. On February 13, 2009 at 1:50p.m.
At: 2605 Marion Avenue, Apt. 2A, Bronx, NY 10458 served the within Summons and Complaint
on: MEILING THOMPSON, Defendant therin named

| | |
|---|---|
| Individual<br>[] | By delivering a true copy of each to said recipient: deponent knew the person served to be the person described as said person therein. |
| Corporation<br>[ ] | By delivering to and leaving with _____ and that deponent knew the person so served and authorized to accept service on behalf of the Corporation |
| Suitable Age<br>Person<br>[X] | By delivering a true copy of each to a person of suitable age and discretion Said premises is recipients [ ] actual place of business [X] dwelling house within the state. |
| Affixing<br>to Door<br>[X] | By affixing a true copy of each to the door of said premises, which is recipients [] actual place of business    [X] dwelling house (place of abode) within the state |
| Mail Copy<br>[ ] | On February 14, 2009 deponent completed service under the last two sections by depositing a copy of the Summons and Complaint to the above address in a 1ˢᵗ Class properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.<br>         Deponent was unable, with due diligence to find the recipient or a person of suitable age and discretion having called thereat: |

          On the    day of  at
          On the    day of  at
          On the    day of  at

Description  A description of the Defendant, or other person served on behalf of the Defendant
          [] Sex: F   Color of skin: BRN  Color of Hair: BLK  Age: 45-50 Height: 5'6" Weight: 159LBS

Military Svce  Deponent asked person spoken to whether the recipient was presently in military
          [ X ]      service of the United States Government or of the State of New York and was
                    informed that the recipient is not. Recipient wore civilian clothes and no military uniform

Other
          [X]"Jane Doe" stated that the Defendant is not in the military.

Sworn to before me on this ___ day of 2/09

Chafin Evans
LIC# 1243320

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34                              INDEX NO. 10985/09
-----------------------------------------------------------X      FILE NO. 5327

VALENTINE APARTMENTS, LLC.,

               Plaintiff,

                                    AFFIRMATION OF
      -against-                         SERVICE

MEILING THOMPSON, ET AL.,

               Defendant.

-----------------------------------------------------------X


       Gary Kavulich, Esq., an attorney duly admitted to practice law before the courts of the
State of New York hereby affirms the following under the penalty of perjury.

       On May 15, 2015, I served the within Affirmation in Opposition upon the movant in this
action, by depositing a true copy in a post-paid envelope addressed to:

                       MEILING THOMPSON, et al.
                       29 Duncan Road
                       Hempstead, NY 11550

in an official depository under the exclusive dominion and control of the United States Postal
Service within the State of New York via regular first class mail.


                       _____
                       Matthew Kasper, Esq.

INDEX NO. 10985/09

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34

VALENTINE APARTMENTS, LLC.,

Plaintiff,

- against -

MEILING THOMPSON, ET AL.,

Defendant.

AFFIRMATION IN OPPOSITION

Signature Rule 130-1.1-a

Print Name Beneath -                          Matthew Kasper, Esq.

Kavulich & Associates, P.C.
Attorneys for Plaintiff
181 Westchester Ave., Suite 500C
Port Chester, NY 10573
(914) 355-2074



Bronx County Civil Court
Civil Judgment

Plaintiff(s):
VALENTINE APARTMENTS, LLC

**Index Number: CV-010985-09/BX**

Judgment issued: On Default

vs.

On Motion of:

Defendant(s):
JESSICA MATIAS;
MEILING THOMPSON

KAVULICH & ASSOCIATES, P.C.
30 CHURCH STREET, SUITE 26, NEW
ROCHELLE, NY 10801-

| Amount claimed | | $11,768.00 | Cost By Statute | $50.00 | Transcript Fee | $0.00 |
|---|---|---|---|---|---|---|
| Less Payments made | | $0.00 | Index Number Fee | $45.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | | $0.00 | Service Fee | $25.00 | Enforcement Fee | $40.00 |
| Interest | 01/01/2008 at 9% | $1,358.00 | Non Military | $0.00 | Other Disbursements | $0.00 |
| Attorney fees | | $0.00 | Notice of Trial | $0.00 | Other Costs | $0.00 |
| | | | Jury Demand | $0.00 | | |

| Total Damages | $13,126.00 Total Costs & Disbursements | $160.00 | Judgment Total | $13,286.00 |
|---|---|---|---|---|

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) VALENTINE APARTMENTS, LLC
2654 VALENTINE AVE, BRONX, NY 10458-

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) JESSICA MATIAS
247 AUDUBON AVE #33, NEW YORK, NY 10033-7316
(2) MEILING THOMPSON
2605 MARION AVE #2A, BRONX, NY 10458-

Judgment entered at the Bronx County Civil Court, 851 Grand Concourse, Bronx, NY 10451, in the STATE OF NEW YORK in the total amount of **$13,286.00 on 04/14/2009 at 02:36 PM.**

Judgment sequence 1

Jack Baer

Jack Baer, Chief Clerk Civil Court

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

INDEX NO. 10985/09

--------------------------------------------------------

Valentine Apartments, LLC,

FILE NO. 5327
JUDGMENT

PLAINTIFF(S)

-AGAINST-

Meiling Thompson , Jessica Matias

2654 Valentine Avenue
Bronx, NY 10458

DEFENDANT(S)

--------------------------------------------------------

| | | |
|---|---|---|
| AMOUNT CLAIMED LESS PMTS ON ACCT. | | $11,768.00 |
| INTEREST FROM 1/1/2008 | | $870.15 |
| | | $12,638.15 |
| COSTS BY STATUTE | $50.00 | |
| SERVICE OF SUMMONS AND COMPLAINT | $25.00 | |
| FILING OF SUMMONS AND COMPLAINT | $45.00 | |
| PROSPECTIVE MARSHALL'S FEE | $40.00 | |
| NOTICE OF INQUEST | $0.00 | |
| TRANSCRIPT & DOCKETING | $0.00 | |
| | | $160.00 |
| | TOTAL | $12,798.15 |

STATE OF NEW YORK, COUNTY OF WESTCHESTER:
   THE UNDERSIGNED, ATTORNEY AT LAW OF THE STATE OF NEW YORK, ON OF THE
ATTORNEY(S) OF RECORD FOR THE PLAINTIFF(S) IN THE ABOVE ENTITLED ACTION,
STATES THAT THE DISBURSEMENTS ABOVE SPECIFIED HAVE BEEN OR WILL NECESSARILY BE MADE OR INCURRED
THEREIN AND ARE REASONABLE IN AMOUNT:  UPON FAILURE TO ANSWER, THE TIME OF THE DEFENDANT TO APPEAR
AND ANSWER HEREIN HAS EXPIRED AND THE SAID DEFENDANT HAS NOT APPEARED AND ANSWERED HEREIN.
THE UNDERSIGNED AFFIRMS THIS STATEMENT TO BE TRUE UNDER THE PENALTIES OF
PERJURY.
DATED:  WESTCHESTER, NY
        4/6/2009                          KAVULICH &ASSOCIATES, P.C.
                                         BY: GARY KAVULICH, ESQ.
                                         30 CHURCH STREET, SUITE 26
JUDGMENT ENTERED ON                      NEW ROCHELLE, NY 10801
SERVICE OF SUMMONS AND COMPLAINT IN THIS ACTION ON THE DEFENDANT(S)
HEREIN HAVING BEEN COMPLETED ON 4/4/2009 WITHIN THE CITY OF NEW YORK ON THAT DAY AND MORE THAN 20
DAYS
        HAVING ELAPSED.
   BY FILING ON SAID DAY OF PROOF OF THE SERVICE THEREOF BY SUBSTITUED SERVICE ON DEFENDANT(S)
AND MORE THAN 30 DAYS HAVING ELAPSED SINCE THE DAY OF COMPLETION OF SERVICE AND THE TIME OF SAID
DEFENDANT(S) TO APPEAR AND ANSWER HAVING EXPIRED, AND
   NOW ON MOTION OF KAVULICH & ASSOCIATES, P.C. ATTORNEY(S) FOR THE PLAINTIFF(S) IT IS,  ADJUDGED THAT
Valentine Apartments, LLC
RESIDING AT: 2654 Valentine Avenue Bronx, NY 10458
RECOVER OF  Meiling Thompson, Jessica Matias
RESIDING AT:  2605 Marion Avenue Apt. 2A Bronx, NY 10458 — Meiling Thompson
          ·   247 Audubon Avenue Apt. 33 New York, NY 10033-7316 - Jessica Matias
THE SUM OF  $11,768.00 WITH INTEREST OF  $870.15 MAKING A TOTAL OF $12,638.15 TOGETHER WITH  $160.00 COSTS AND
DISBURSEMENTS, AMOUNTING IN ALL TO THE SUM OF  $12,798.15  AND THAT PLAINTIFF HAVE EXECUTION THEREFORE.
SECOND AND THIRD CAUSES OF ACTION ARE HEREBY WAIVED.


                                         _____
                                         CLERK

COURT OF THE CITY OF NEW YORK
NTY OF BRONX
--------------------------------------------------------

alentine Apartments, LLC,

                              PLAINTIFF(S)

                  AGAINST

Meiling Thompson, Jessica Matias
                              DEFENDANT(S)
--------------------------------------------------------

                    AFFIDAVIT OF FACTS
                 CONSTITUTING THE CLAIM
                   THE DEFAULT AND THE
                     AMOUNT DUE

STATE OF NEW YORK COUNTY OF WESTCHESTER
SS: GARY KAVULICH, ESQ. HEREBY DEPOSES AND SAYS UNDER THE PENALTIES OF PURJURY, THAT DEPONENT IS THE
ATTORNEY FOR THE PLAINTIFF(S) IN THE WITHIN ACTION; THIS ACTION WAS COMMENCED BY SUBSTITUED SERVICE
OF THE SUMMONS AND COMPLAINT UPON DEFENDANT(S) AND IS AN ACTION FOR RENT DUE AND OWING FOR (AFTER
APPLICATION OF PAYMENT AND SECURITY DEPOSIT)
January, 2008 balance of $768.00
February, 2008  $1,100.00
March, 2008  $1,100.00
April, 2008  $1,100.00
May, 2008  $1,100.00
June, 2008  $1,100.00
July, 2008  $1,100.00
August, 2008  $1,100.00
September, 2008  $1,100.00
October, 2008  $1,100.00
November, 2008  $1,100.00
AT THE AGREED MONTHLY RENTAL OF $1,100.00
ALL OTHER CAUSES OF ACTION ARE HEREBY WAIVED AND DISPOSED. AFTER A COMPLETE AND THOROUGH
INVESTIGATION THE DEFENDANT IS FOUND NOT TO BE IN THE MILITARY AND RESIDES WITHIN THE CITY OF NEW
YORK. RENT WAS NOT PAID BY ANY OTHER SOURCE. I MAKE THIS AFFIRMATION UPON INFORMATION AND BELIEF, A
BELIEF PREDICATED UPON CONVERSATIONS WITH MY CLIENT, MY INVOLVEMENT IN THE PROCEEDING AND READING
THE FILE IN THIS CASE.
SECOND AND THIRD CAUSES OF ACTION ARE HEREBY WAIVED.
         WHEREFORE DEPONENT DEMANDS JUDGMENT AGAINST DEFENDANT(S) FOR $11,768.00WITH INTEREST FROM
1/1/2008 TOGETHER WITH COSTS AND DISBURSEMENTS OF THE ACTION.

                              ----------------------------------------------
                              KAVULICH & ASSOCIATES, P.C.
                              BY:  GARY KAVULICH, ESQ.
                              30 CHURCH STREET, SUITE 26
                              NEW ROCHELLE, NY 10801

TO THE DEFENDANT(S):  PLEASE TAKE NOTICE THAT THE WITHIN IS A TRUE COPY OF A JUDGMENT MADE AND
ENTERED IN THE WITHIN ENTITLED ACTION AND DULY FILED IN THE OFFICE OF THE CLERK OF THE COUNT ON

DATED:  WESTCHESTER, NY                        YOURS, ETC.,
        4/6/2009                               ATTORNEYS FOR PLAINTIFF

STATE OF NEW YORK, COUNTY OF                   SS:
BEING DULY SWORN, DEPOSES AND SAYS; THAT DEPONENT IS NOT A PARTY TO THE ACTION, IS OVER 18 YEARS OF AGE
AND RESIDES IN

THAT ON            DEPONENT SERVED A TRUE COPY OF THE WITHIN JUDGMENT AND NOTICE OF ENTRY THEREOF
(EACH OF) THE FOLLOWING NAMED DEFENDANT(S) AT THE ADDRESS(ES) INDICATED (FOR EACH):

BY DEPOSITING SAME ENCLOSED IN POSTPAID PROPERLY ADDRESSED WRAPPER(S), IN –A POST OFFICE- OFFICIAL
DEPOSITORY UNDER THE EXCLUSIVE CARE AND CUSTODY OF THE UNITED STATES POSTAL SERVICE WITHIN NEW
YORK STATE.

                         FRANK G. BUGLIONE
SWORN TO BEFORE ME ON    Notary Public, State of New York
                         No.
                         Qualified in            County
                         Commission Ex               2003                   Page 62

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------
Valentine Apartments, LLC,

INDEX NO. 10985/09

PLAINTIFF(S)

-AGAINST-

AFFIDAVIT OF
MAILING OF ADDITIONAL
NOTICE OF SUIT

Meiling Thompson, Jessica Matias

DEFENDANT(S)
-------------------------------------------------------------
STATE OF NEW YORK)
COUNTY OF WESTCHESTER) SS:

GARY KAVULICH, ESQ., BEING DULY SWORN HEREBY DEPOSES AND SAYS:

1. I AM THE ATTORNEY FOR THE PLAINTIFF(S) HEREIN.

2. THE ABOVE ENTITLED ACTION IS AGAINST A NATURAL PERSON AND IS BASED
UPON NON PAYMENT OF A CONTRACTUAL OBLIGATION.

3. ON 3/13/2009,I MAILED A COPY OF THE SUMMONS AND COMPLAINT IN THE ABOVE ENTITLED ACTION BY DEPOSITING
THE ENVELOPE IN AN OFFICIAL DEPOSITORY UNDER THE EXCLUSIVE CARE AND CUSTODY OF THE U.S. POSTAL
SERVICE WITHIN NEW YORK STATE. SAID MAILING WAS BY FIRST CLASS MAIL IN A POSTPAID ENVELOPE, PROPERLY
ADDRESSED TO THE DEFENDANT(S), THE ENVELOPE BORE THE LEGEND
"PERSONAL & CONFIDENTIAL" AND THERE WAS NO INDICATION ON THE OUTSIDE OF THE ENVELOPE THAT THE
COMMUNICATION WAS FROM AN ATTORNEY OR CONCERNED AN ALLEGED DEBT. AT DEFENDANT(S):

*Mailed one copy to each Defendant at:*

--A---LAST KNOWN ADDRESS AT: Meiling Thompson,          2605 Marion Avenue Apt. 2A Bronx, NY 10458
             *Jessica Matias* 247 Audubon Avenue Apt. 33 New York, NY 10033-7316

-------PLACE OF EMPLOYMENT AT:

THE ENVELOPE BORE THE LEGEND "PERSONAL & CONFIDENTIAL" AND THERE
WAS NO INDICATION ON THE OUTSIDE OF THE ENVELOPE THAT THE
COMMUNICATION WAS FROM AN ATTORNEY OR CONCERNED AN ALLEGED DEBT.

-------A KNOWN ADDRESS OF THE DEFENDANT AT:

THIS ADDRESS IS NOT THE RESIDENCE OR PLACE OF EMPLOYMENT OF THE DEFENDANT.

THE AFOREMENTIONED MAILING:

--X---HAS NOT BEEN RETURNED UNDELIVERABLE BY POSTAL SERVICE.

-------WAS RETURNED UNDELIVERABLE BY POSTAL SERVICE AND WAS RE SENT TO THE DEFENDANT AT:

SWORN TO BEFORE ME                              GARY KAVULICH, ESQ.
ON THIS 7 DAY OF April, 2009

FRANK G. BUGLIONE
Notary Public, State of New York
No. 02BU5071950
Qualified in Westchester County
Commission Expires January 21, 2003

Page 63

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X

VALENTINE APARTMENTS, LLC,

                     Plaintiff,

          -against-

MEILING THOMPSON, JESSICA MATIAS,

                   Defendant(s).
-------------------------------------------------------------X

Index No. 10985/09
File No. **5327**

**AFFIDAVIT OF**
**INVESTIGATOR**

STATE OF NEW YORK      )
                            )SS.:
COUNTY OF WESTCHESTER  )

I am over 18 years of age, am not a party to this action and reside in Westchester County,
State of New York.

I have been requested by Kavulich & Associates, P.C. attorney's for the Plaintiff, to make
an investigation to ascertain if the Defendant(s) Jessica Matias is at the present
time in military service.

On April 6, 2009, I Denise Miranda, contacted the Defense manpower Date Center
concerning the Defendant Jessica matias' military status.

I inputted the social security number, as provided by the Defendant, into the Defense
Manpower Data Center.

Under the Defendant's social security number I received an affidavit from the Defense
Manpower Data Center stating that the said Defendant is not currently in the military
service of the United States and the State of New York (National Guard).

                                   Denise Miranda

Sworn to before me this
‌ ‌Day of April, 2009

_____
Notary Public

FRANK G. BUGLIONE
Notary Public, State of New York
No. 02BU5071950
Qualified in Westchester County
Commission Expires January 21, 2008

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
Valentine Apartments, LLC,

                                              Index No. 10985/09
                                              File No. 5327
                        Plaintiff,

        -against-                             **AFFIDAVIT OF**
                                              **INVESTIGATOR**
Meiling Thompson, Jessica Matias
                        Defendant(s).
-------------------------------------------------------------X

STATE OF NEW YORK        )
                         )SS.:
COUNTY OF WESTCHESTER    )

I am over 18 years of age, am not a party to this action and reside in Westchester County, State of New York.

I have been requested by Kavulich & Associates, P.C. attorney for the Plaintiff, to make an investigation to ascertain if the Defendant(s) Meiling Thompson is at the present time in military service for the purpose of entry of judgment.

On April 6, 2009, I Denise Miranda, contacted the Defense manpower Date Center concerning the Defendant Meiling Thompson military status.

I inputted the social security number, as provided by the Defendant, into the Defense Manpower Data Center.

Under the Defendant's social security number I received an affidavit from the Defense Manpower Data Center stating that the said Defendant is not currently in the military service of the United States and the State of New York (National Guard).

                                        _____
                                        Denise Miranda

Sworn to before me this
) ?" Day of April , 2009


_____
Notary Public

                    FRANK G. BUGLIONE
                Notary Public, State of New York
                    No. 02BU5071050
                Qualified in Westchester County
            Commission Expires January 21, 2005
                                        Lull

COURT OF THE CITY OF NEW YORK
NTY OF BRONX

-------------------------------------------------------------X

Valentine Apartments, LLC,                    PLAINTIFF,

          -AGAINST-

Meiling Thompson, Jessica Matias,             DEFENDANT(S)

-------------------------------------------------------------X

INDEX NO:
FILE NO: 5327

AFFIRMATION OF FACTS
CONSTITUTING THE
          AMOUNT DUE

_____Moske Piller_____

hereby deposes and says under the penalties of perjury, ss:

That deponent is the managing agent of Valentine Apartments, LLC, Plaintiff in the within action; this action was commenced by substituted service of the summons and complaint upon defendant(s) and is an action for breach of a  lease agreement in the amount of $11,768.00 for the months January, 2008   balance of $768.00;February, 2008 through and including November, 2008 at the agreed monthly rental amount of $1,100.00 per month;  (after application of security and after application of payments) no part having been paid, although duly demanded. All other causes of action are hereby waived and disposed of. After a complete and thorough  investigation, as I have been informed by Plaintiff ' s counsel, the defendant(s) is/are found not to be in the military and reside(s) in the City of New York. Rent was not paid by any other source. I make this affirmation upon personal Knowledge.

WHEREFORE, Plaintiff demands judgment against defendant for $11,768.00 with interest from January 1, 2008 together with costs and disbursements of the action.

Dated: 1/4/2009

Sworn to before me
on this 2 day of _Jan_ , 2009

_____
Notary Public

_____Mosko Piller_____

BARBARA F. TYLER
NOTARY PUBLIC, State of New York
No. 50183940
Qualified in Rochester County
Commission Expires July 7, 20/0

Department of Defense Manpower Data Center

APR-06-2009 09:31:57

 Military Status Report
Pursuant to the Servicemembers Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Service/Agency |
|-----------|--------------|------------|--------------------|----------------|
| THOMPSON | MEILING | | Based on the information you have furnished, the DMDC does not possess any information indicating that the individual is currently on active duty. | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Military.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The Department of Defense strongly supports the enforcement of the Servicemembers Civil Relief Act [50 USCS Appx. §§ 501 et seq] (SCRA) (formerly the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's active duty status by contacting that person's Military Service via the "defenselink.mil" URL provided below. If you have evidence the person is on active-duty and you fail to obtain this additional Military Service verification, provisions of the SCRA may be invoked against you.

If you obtain further information about the person ( e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects current active duty status only. For historical information, please contact the Military Service SCRA points-of-contact.

See: http://www.defenselink.mil/faq/pis/PC09SLDR.html

WARNING: This certificate was provided based on a name and Social Security number (SSN) provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.

*Report ID:CAFIJNDAWFV*

Department of Defense Manpower Data Center          APR-06-2009 09:35:26

 Military Status Report
Pursuant to the Servicemembers Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Service/Agency |
|-----------|--------------|------------|--------------------|----------------|
| MATIAS | JESSICA | | Based on the information you have furnished, the DMDC does not possess any information indicating that the individual is currently on active duty. | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Military.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The Department of Defense strongly supports the enforcement of the Servicemembers Civil Relief Act [50 USCS Appx. §§ 501 et seq] (SCRA) (formerly the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's active duty status by contacting that person's Military Service via the "defenselink.mil" URL provided below. If you have evidence the person is on active-duty and you fail to obtain this additional Military Service verification, provisions of the SCRA may be invoked against you.

If you obtain further information about the person ( e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects current active duty status only. For historical information, please contact the Military Service SCRA points-of-contact.

     See: http://www.defenselink.mil/faq/pis/PC09SLDR.html

WARNING: This certificate was provided based on a name and Social Security number (SSN) provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.

*Report ID:BYZTFROAPJJ*



CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------
Valentine Apartments, LLC,

                PLAINTIFF(S)

          -AGAINST-

Meiling Thompson, Jessica Matias

             DEFENDANT(S)
------------------------------------------------------------

INDEX NO. 10985/09

AFFIDAVIT OF
MAILING OF ADDITIONAL
NOTICE OF SUIT

STATE OF NEW YORK)
COUNTY OF WESTCHESTER)  SS:

      GARY KAVULICH, ESQ., BEING DULY SWORN HEREBY DEPOSES AND SAYS:

1.  I AM THE ATTORNEY FOR THE PLAINTIFF(S) HEREIN.

2.  THE ABOVE ENTITLED ACTION IS AGAINST A NATURAL PERSON AND IS BASED
UPON NON PAYMENT OF A CONTRACTUAL OBLIGATION.

3.  ON 3/13/2009,I MAILED A COPIES OF THE SUMMONS AND COMPLAINT IN THE ABOVE ENTITLED ACTION BY DEPOSITING
THE ENVELOPE IN AN OFFICIAL DEPOSITORY UNDER THE EXCLUSIVE CARE AND CUSTODY OF THE U.S. POSTAL
SERVICE WITHIN NEW YORK STATE.  SAID MAILING WAS BY FIRST CLASS MAIL IN A POSTPAID ENVELOPE, PROPERLY
ADDRESSED TO THE DEFENDANT(S), THE ENVELOPE BORE THE LEGEND
"PERSONAL & CONFIDENTIAL" AND THERE WAS NO INDICATION ON THE OUTSIDE OF THE ENVELOPE THAT THE
COMMUNICATION WAS FROM AN ATTORNEY OR CONCERNED AN ALLEGED DEBT.  AT DEFENDANT(S):

      *Mailed one copy to each Defendant at:*

--X---LAST KNOWN ADDRESS AT: Meiling Thompson,     .  .  2605 Marion Avenue  Apt. 2A  Bronx, NY  10458
            *Jessica Matias* 247 Audubon Avenue Apt. 33 New York, NY 10033-7316

-------PLACE OF EMPLOYMENT AT:

THE ENVELOPE BORE THE LEGEND "PERSONAL & CONFIDENTIAL" AND THERE
WAS NO INDICATION ON THE OUTSIDE OF THE ENVELOPE THAT THE
COMMUNICATION WAS FROM AN ATTORNEY OR CONCERNED AN ALLEGED DEBT.

-------A KNOWN ADDRESS OF THE DEFENDANT AT:

THIS ADDRESS IS NOT THE RESIDENCE OR PLACE OF EMPLOYMENT OF THE DEFENDANT.

THE AFOREMENTIONED MAILING:

--X---HAS NOT BEEN RETURNED UNDELIVERABLE BY POSTAL SERVICE.

-------WAS RETURNED UNDELIVERABLE BY POSTAL SERVICE AND WAS RE-SENT TO THE DEFENDANT AT:

SWORN TO BEFORE ME
ON THIS 7 DAY OF April, 2009

                FRANK G. BUGLIONE
                Notary Public, State of New York
                No. 02BU5071950
                Qualified in Westchester County
                Commission Expires January 21, 2003

GARY KAVULICH, ESQ.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------X

VALENTINE APARTMENTS, LLC,                                    Index No. 10985/09
                                                             File No. 5327
                              Plaintiff,

          -against-                                          **AFFIDAVIT OF**
                                                             **INVESTIGATOR**
MEILING THOMPSON, JESSICA MATIAS,

                              Defendant(s).
-----------------------------------------------------------X

STATE OF NEW YORK        )
                         )SS.:
COUNTY OF WESTCHESTER    )

I am over 18 years of age, am not a party to this action and reside in Westchester County,
State of New York.

I have been requested by Kavulich & Associates, P.C. attorney's for the Plaintiff, to make
an investigation to ascertain if the Defendant(s) Jessica Matias is at the present
time in military service.

On April 6, 2009, I Denise Miranda, contacted the Defense manpower Date Center
concerning the Defendant Jessica matias' military status.

I inputted the social security number, as provided by the Defendant, into the Defense
Manpower Data Center.

Under the Defendant's social security number I received an affidavit from the Defense
Manpower Data Center stating that the said Defendant is not currently in the military
service of the United States and the State of New York (National Guard).

                                                      _____
                                                      Denise Miranda

Sworn to before me this
__ Day of April, 2009

_____
Notary Public

                    FRANK G. BUGLIONE
                Notary Public, State of New York
                      No. 02BU5071950
                 Qualified in Westchester County
              Commission Expires January 21, 2009

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------X
Valentine Apartments, LLC,

Index No. 10985/09
File No. 5327

Plaintiff,

-against-

**AFFIDAVIT OF**
**INVESTIGATOR**

Meiling Thompson, Jessica Matias
                         Defendant(s).
-----------------------------------------------------------X

STATE OF NEW YORK          )
                           )SS.:
COUNTY OF WESTCHESTER      )

I am over 18 years of age, am not a party to this action and reside in Westchester County,
State of New York.

I have been requested by Kavulich & Associates, P.C. attorney for the Plaintiff, to make
an investigation to ascertain if the Defendant(s) Meiling Thompson is at the present
time in military service for the purpose of entry of judgment.

On April 6, 2009, I Denise Miranda, contacted the Defense manpower Date Center
concerning the Defendant Meiling Thompson military status.

I inputted the social security number, as provided by the Defendant, into the Defense
Manpower Data Center.

Under the Defendant's social security number I received an affidavit from the Defense
Manpower Data Center stating that the said Defendant is not currently in the military
service of the United States and the State of New York (National Guard).

Denise Miranda

Sworn to before me this
7th Day of April , 2009

Notary Public

FRANK G. BUGLIONE
Notary Public, State of New York
No. 02BU5071950
Qualified in Westchester County
Commission Expires January 21, 2005

COURT OF THE CITY OF NEW YORK
CITY OF BRONX
----------------------------------------------------------------X

Valentine Apartments, LLC,                        PLAINTIFF,

                    -AGAINST-

Meiling Thompson, Jessica Matias,                 DEFENDANT(S)

----------------------------------------------------------------X

INDEX NO:
FILE NO: 5327

AFFIRMATION OF FACTS
CONSTITUTING THE
                    AMOUNT DUE

*Mislo Piller*

hereby deposes and says under the penalties of perjury, ss:
That deponent is the managing agent of Valentine Apartments, LLC, Plaintiff in the within action; this action
was commenced by substituted service of the summons and complaint upon defendant(s) and is an action
for breach of a  lease agreement in the amount of $11,768.00 for the months January, 2008  balance of
$768.00;February, 2008 through and including November, 2008 at the agreed monthly rental amount of
$1,100.00 per month;   (after application of security and after application of payments) no part  having  been
paid, although duly demanded. All other causes of action are hereby waived and disposed of. After a
complete and thorough  investigation, as I have been informed by Plaintiff ' s counsel, the defendant(s)
is/are found not to be in the military and reside(s) in the City of New York. Rent was not paid by any other
source. I make this affirmation upon personal Knowledge.

WHEREFORE, Plaintiff demands judgment against defendant for $11,768.00 with interest from January 1, 2008
together with costs and disbursements of the action.

Dated: 1/4/2009

Sworn to before me
on this 2 day of  Jun , 2009

_____
Notary Public

*Mislo Piller*

BARBARA F. TYLER
NOTARY PUBLIC, State of New York
No. 50183940
Qualified in Rochester County
Commission Expires July 7, 2010

Department of Defense Manpower Data Center                          APR-06-2009 09:31:57



Military Status Report
Pursuant to the Servicemembers Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Service/Agency |
|-----------|--------------|------------|--------------------|----------------|
| THOMPSON | MEILING | | Based on the information you have furnished, the DMDC does not possess any information indicating that the individual is currently on active duty. | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Military.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The Department of Defense strongly supports the enforcement of the Servicemembers Civil Relief Act [50 USCS Appx. §§ 501 et seq] (SCRA) (formerly the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's active duty status by contacting that person's Military Service via the "defenselink.mil" URL provided below. If you have evidence the person is on active-duty and you fail to obtain this additional Military Service verification, provisions of the SCRA may be invoked against you.

If you obtain further information about the person ( e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects current active duty status only. For historical information, please contact the Military Service SCRA points-of-contact.

See: http://www.defenselink.mil/faq/pis/PC09SLDR.html

WARNING: This certificate was provided based on a name and Social Security number (SSN) provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.

*Report ID:CAFIJNDAWFV*

Department of Defense Manpower Data Center

APR-06-2009 09:35:26



Military Status Report
Pursuant to the Servicemembers Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Service/Agency |
|-----------|--------------|------------|--------------------|-----------------|
| MATIAS | JESSICA | | Based on the information you have furnished, the DMDC does not possess any information indicating that the individual is currently on active duty. | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Military.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The Department of Defense strongly supports the enforcement of the Servicemembers Civil Relief Act [50 USCS Appx. §§ 501 et seq] (SCRA) (formerly the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's active duty status by contacting that person's Military Service via the "defenselink.mil" URL provided below. If you have evidence the person is on active-duty and you fail to obtain this additional Military Service verification, provisions of the SCRA may be invoked against you.

If you obtain further information about the person ( e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects current active duty status only. For historical information, please contact the Military Service SCRA points-of-contact.

See: http://www.defenselink.mil/faq/pis/PC09SLDR.html

WARNING: This certificate was provided based on a name and Social Security number (SSN) provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.

*Report ID:BYZTFROAPJJ*

## AFFIDAVIT OF SERVICE

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 10985/09
Filed: _____

Attorneys: Kavulich & Associates, P.C.
Address: 30 Church Street, Suite 26, New Rochelle, NY 10801    File No. 5327

VALENTINE APARTMENTS LLC,
vs.
JESSICA MATIAS,
MEILING THOMPSON,

State of New York County of Nassau SS:

Chafin Evans, being duly sworn deposes and says:
Deponent is not a party herein, is over 18 years of age. On February 13, 2009 at 1:50p.m.
At: 2605 Marion Avenue, Apt. 2A, Bronx, NY 10458 served the within Summons and Complaint
on: MEILING THOMPSON, Defendant therin named

Individual    By delivering a true copy of each to said recipient: deponent knew the person
[]            served to be the person described as said person therein.

Corporation   By delivering to and leaving with _____ and that deponent knew the
[ ]           person so served and authorized to accept service on behalf of the Corporation

Suitable Age  By delivering a true copy of each to a person of suitable age and discretion
Person        Said premises is recipients [ ] actual place of business [X] dwelling house within the
[X]           state.

Affixing      By affixing a true copy of each to the door of said premises, which is recipients
to Door       [ ] actual place of business    [X] dwelling house (place of abode) within the state
[X]

Mail Copy     On February 14, 2009 deponent completed service under the last two sections by
[ ]           depositing a copy of the Summons and Complaint to the above address in a 1st
              Class properly addressed envelope marked "Personal and Confidential" in an official
              depository under the exclusive care and custody of the United States Post Office in the State
              of New York.
                      Deponent was unable, with due diligence to find the recipient or a person of suitable age
and discretion having called thereat:

              On the    day of   at
              On the    day of   at
              On the    day of   at

Description   A description of the Defendant, or other person served on behalf of the Defendant
              [] Sex: F   Color of skin: BRN  Color of Hair: BLK   Age: 45-50 Height: 5'6"  Weight: 159LBS

Military Svce  Deponent asked person spoken to whether the recipient was presently in military
[ X ]          service of the United States Government or of the State of New York and was
               informed that the recipient is not. Recipient wore civilian clothes and no military uniform

Other
              [X]"Jane Doe" stated that the Defendant is not in the military.

Sworn to before me on this __ day of 2/09

_____
_County of Bronx_
_Cheryl Mork_
_Lic. No. 01MO6042816_
_Commission Expires June 3, 20__

Chafin Evans
LIC# 1243320

## AFFIDAVIT OF SERVICE

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 10985/09
Filed: _____

Attorneys: Kavulich & Associates, P.C.
Address: 30 Church Street, Suite 26, New Rochelle, NY 10801      File No. 5327

VALENTINE APARTMENTS LLC,
vs.
JESSICA MATIAS,
MEILING THOMPSON,

State of New York County of Nassau SS:
Chafin Evans, being duly sworn deposes and says:
Deponent is not a party herein, is over 18 years of age. On February 13, 2009 at 1:50p.m.
At: 247 Audubon Avenue, Apt. 33, New York, NY 10033-7316 served the within Summons and
Complaint on: JESSICA MATIAS, Defendant therin named

| | |
|---|---|
| Individual<br>[] | By delivering a true copy of each to said recipient: deponent knew the person<br>served to be the person described as said person therein. |
| Corporation<br>[ ] | By delivering to and leaving with _____ and that deponent knew the<br>person so served and authorized to accept service on behalf of the Corporation |
| Suitable Age<br>Person<br>[X] | By delivering a true copy of each to a person of suitable age and discretion<br>Said premises is recipients [ ] actual place of business [X] dwelling house within the<br>state. |
| Affixing<br>to Door<br>[X] | By affixing a true copy of each to the door of said premises, which is recipients<br>[ ] actual place of business    [X] dwelling house (place of abode) within the state |
| Mail Copy<br>[ ] | On February 14, 2009 deponent completed service under the last two sections by<br>depositing a copy of the Summons and Complaint to the above address in a 1st<br>Class properly addressed envelope marked "Personal and Confidential" in an official<br>depository under the exclusive care and custody of the United States Post Office in the State<br>of New York. |

Deponent was unable, with due diligence to find the recipient or a person of suitable age
and discretion having called thereat:

On the    day of   at
On the    day of   at
On the    day of   at

Description  A description of the Defendant, or other person served on behalf of the Defendant
[] Sex:  F   Color of skin:  BRN  Color of Hair: BLK   Age: 45-50 Height: 5'6"  Weight: 159LBS

Military Svce  Deponent asked person spoken to whether the recipient was presently in military
[ X ]     service of the United States Government or of the State of New York and was
       informed that the recipient is not. Recipient wore civilian clothes and no military uniform
Other
[X]"Jane Doe" stated that the Defendant is not in the military.

Sworn to before me on this 14 day of 2/09

_____
New York State Notary Public
County, Bronx
Cheryl Allard
Lic. No. 01MU6092816
Commission Expires June 5, 20__

_____
Chafin Evans
LIC# 1243320

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------x

010985

Valentine Apartments, LLC,

                          Plaintiff,                          INDEX NO.
                                                              FILE NO. 5327

          -against-

                                                              SUMMONS
                                                              Place of Venue is Plaintiff's
                                                              place of business:

Jessica Matias, Meiling Thompson,
                                                              2654 Valentine Avenue
                                                              Bronx, NY 10458

                          Defendant(s)

------------------------------------------------------------x
To the above named defendants(s):

    YOU ARE HEREBY SUMMONED to appear at the CIVIL COURT OF THE CITY OF
NEW YORK, COUNTY OF BRONX at the office of the clerk of the said Court at 851 Grand
Concourse, Bronx, NY 10451, in the COUNTY OF BRONX, State of New York, within the
time provided by law as noted below and to file an answer to the below complaint with the
clerk: upon your failure to answer, judgment will be taken against you for the sum of
$12,268.00 with interest thereon from January 1, 2008 together with costs of this action.

DATED:  January 14, 2009

                                              By: Gary Kavulich, Esq.,
                                              Kavulich & Associates, P.C.
                                              Attorney for Plaintiff
                                              30 Church Street
                                              Suite 26
                                              New Rochelle, NY 10801
                                              (914) 355-2074   FEE PAID

Defendant's Address:
 Jessica Matias                       Meiling Thompson,
 247 Audubon Avenue, Apt. 33           2605 Marion Avenue Apt. 2A  JAN 2 6 2009
 New York, NY 10033-7316               Bronx, NY 10458

                                              CIVIL COURT
                                              BRONX COUNTY

Note:  The law provides that: (a) If the summons is served by its delivery to you personally
within the City of New York, you must appear and answer within TWENTY days after such
service; or (b) If the summons is served by any means other than personal delivery to you
within the City of New York, you must appear and answer within THIRTY days after proof of
service thereof is filed with the Clerk of this Court.



## COMPLAINT

**FIRST ACTION**: Plaintiff seeks to recover damages from defendant(s) for breach of a lease agreement in the sum of $11,768.00 representing rental arrears for the months of January, 2008 balance of $768.00; February, 2008 through and including November, 2008 at the agreed monthly sum of $1,100.00 for the premises known as 2654 Valentine Avenue, Apt.3C Bronx, NY 10458 together with costs and disbursements of this action and for such other and further relief as the court may deem just.

SECOND ACTION: Plaintiff seeks to recover damages from the defendant in the sum of $0.00 representing damages together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**THIRD ACTION**: Plaintiff seeks to recover damages from the defendant in the sum of $500.00 representing reasonable attorneys fees together with costs and disbursements of this action and for such other further relief as the Court may deem just.

**WHEREFORE**, Plaintiff demands judgment (A) on the First Action, in the sum of $11,768.00 plus interest from January 1, 2008 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (B) on the Second Action, in the sum of   0.000 plus interest from January 1, 2008 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (C) on the Third Action, in the sum of $500.00  together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

The Plaintiff in this action is NOT required to be licensed by the New York City Department of Consumer Affairs.

Page 78

Civil Court of the City of New York

CV-010985-09/BX

VALENTINE APARTMENTS, LLC
-against-
JESSICA MATIAS... et al.

| Comments | Notes |
|---|---|
| 9/21/15  1 via | |

PX 11

FELONY WARNING:
A person who willfully and unlawfully removes, mutilates, destroys, conceals or obliterates a record of this office is subject to punishment by imprisonment for five years (Penal Law § 175.25)

CIV-GP-54.1 (Revised, Feb. 2004)