CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
NORTH MANAGEMENT, LLC,

INDEX NO. 83691/09
FILE NO. 8196

               Plaintiff,

-against-

NOTICE OF ENTRY

DINA GRILLO,

              Defendant(s).
-----------------------------------------------------------------------X

      PLEASE TAKE NOTICE, that annexed hereto is the Decision/Order duly entered

in the office of the Clerk of the Court on the 14th day of May, 2015

Dated: Westchester, NY
       May 14, 2015

                         Yours, etc.,

                         Kavulich & Associates, PC
                         181 Westchester Avenue, Ste. 500C
                         Port Chester, NY 10573

To:    Dina Grillo
       3609 Bronxwood Avenue, 3Rd Floor
       Bronx, NY 10469-1156

       JP Morgan Chase Bank
       P.O. Box 183164
       Columbus, OH 43218-3164

Civil Court of the City of New York
County of Bronx

                                                    INDEX NO. 83691/09
--------------------------------------------------X  FILE NO. 8196

North Management, LLC,

                              Plaintiff,            ORDER

                  - against -

Dina Grillo,

                              Defendant(s).

--------------------------------------------------X

Upon the foregoing cited papers, the Decision/Order on the Plaintiff's Motion
for an Order granting leave to serve an additional restraining notice upon
J.P. Morgan Chase Bank, N.A. is hereby granted on default / after argument /
on consent as follows:

   1. Plaintiff may serve an additional restraining notice upon J.P. Morgan

      Chase Bank, N.A. in accordance with the CPLR.

   2. Plaintiff is to serve a copy of this decision with Notice of Entry on

      the Defendant and J.P. Morgan Chase Bank, N.A. within 45 days, and file

      same with Court.

   3. This is the Order and Decision of the Court.

5/14/15
Date                      J.S.C.

**ENTERED**
BRONX COUNTY            [HON. ANTHONY CANNATARO,

MAY 1 4 2015
Civil Court
   of the
City of New York

INDEX NO. 63091/09

File No. 8196

NORTH MANAGEMENT, LLC,

                                        Plaintiff,

                                                            AFFIDAVIT OF SERVICE
                                                            BY MAIL

        -against-

DINA GRILLO,

                                        Defendant,

STATE OF NEW YORK
COUNTY OF WESTCHESTER ss:

Michelle Ramirez being duly sworn, deposes and says:

I am over 18 years of age and not a party to this action.  On May 14, 2015

I served the within Notice of Entry upon the defendant(s) and JP Morgan Chase Bank in this action,

by depositing a true copy of the Notice of Entry in a postpaid envelope address to:

Dina Grillo
3609 Bronxwood Avenue, 3rd Floor
Bronx, NY 10469-1156

JP Morgan Chase Bank
P.O. Box 183164
Columbus, OH 43218-3164

in an official depository under the exclusive care and custody of the United States Postal Service,

within the State of New York via regular first class mail.

Sworn to before me,
This 14th day of May, 2015

Notary Public

                                                        Michelle Ramirez

GARY KAVULICH
NOTARY PUBLIC-STATE OF NEW YORK
NO: 02KA6205615
QUALIFIED IN WESTCHESTER COUNTY
MY COMMISSION EXPIRES 05/11/2017

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART

Index No. 083b9c(U9

-----------------------------------------------X

WORTH MANAGEMENT Plaintiff(s), LLC

-against-

DIWA GRILL Defendant(s).

ORDER VACATING
DEFAULT

-----------------------------------------------X

Recitation, as required by Rule 2219(a) of the C.P.L.R. of the papers considered in the review of this motion:

| Papers | Numbered |
|---|---|
| Order to Show Cause/Notice of Motion, Affidavit(s) & Exhibits | |
| Affirmation/Affidavit(s) in Opposition & Exhibits | |
| Reply Affidavit(s) | |

*Upon the foregoing cited papers, the Decision/Order on this Motion/Order to Show Cause is as follows:*

The court is satisfied that the defendant has presented an excusable default and a meritorious defense, to warrant granting the instant motion/order to show cause (on default) (see Frenchy's v United, 251 AD2d 177 [1st Dept 1998]). Accordingly, the judgment/inquest clerk marking is vacated, and any and all income or wage garnishments, bank restraints or executions, sheriff or marshal levies, Department of Motor Vehicles license suspensions and/or loss of driving privileges, are vacated.

The answer annexed to the defendant's motion/order to show cause, is deemed filed and interposed in this matter, and the defendant may amend the same within twenty (20) days of the date of this order.

This matter is adjourned to **7/27/15** at 9:30 a.m. for trial.

This constitutes the Decision and Order of this court.

Dated:

ENTERED
BRONX COUNTY
JUN 2 2 2015
Civil Court
of the
City of New York

_____
Hon. Ruben Franco, JCC

34/1                          Should be Part 34.                    ✓

Advocate Program

Civil Court of the City of New York
County of Bronx

Index Number: CV-083691-09/BX

NORTH MANAGEMENT, LLC
          -against-
DINA GRILLO

2015 JUN -9  PM 1:13

**ORDER TO SHOW CAUSE TO**
Vacate Judgment, deem annexed proposed
answer filed and/or dismiss the action.

Upon the annexed affidavit of **DINA GRILLO**, sworn to on June 5, 2015, and upon all papers and
proceedings herein:

Let the Plaintiff(s) or Plaintiff(s) attorney(s) show cause at:
          **Civil Court of the City of New York County of Bronx**
          **851 Grand Concourse, Bronx, NY 10451**
          **Part 34 C**                    **Room 504**
          on June  2 2 , 2 015 at 9:30 AM
or as soon thereafter as counsel may be heard , why an order should not be made:
 **VACATING** the Judgment, vacating any liens and income executions, deeming the annexed proposed answer
filed, and/or dismissing the case and/or granting such other and further relief as may be just.

PENDING the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings
on the part of the Plaintiff(s)/Petitioner(s), Plaintiff(s)/Petitioner(s) attorney(s) and agent(s) and any Marshal or
Sheriff of the City of New York for the enforcement of said Judgment be stayed.

SERVICE of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

Plaintiff(s)Defendant(s) or named attorney(s)          Sheriff or Marshal
(Judge to Initial)                                     (Judge to Initial)

_____ by Personal Service by " In Hand Delivery"      _____ by Personal Service by " In Hand Delivery"
✓ by Certified Mail, Return Receipt Requested          _____ by Certified Mail, Return Receipt Requested
_____ by First Class Mail with official Post Office   _____ by First Class Mail with official Post Office
Certificate of Mailing                                 Certificate of Mailing

on or before _____ 6 / 11 / 15 _____, shall be deemed good and sufficient.
PROOF OF SUCH SERVICE may be filed with the Clerk in the Part indicated above on the return date of this
Order to Show Cause.

Attorney(s):  Mail to:                                 Sheriff/Marshal:
Kavulich & Associates PC (Counsel for Pltf)
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573

_____ June 5, 2015 _____

DATE                                                   Hon. Ruben Franco, Civil Court Judge (NYC)

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF ___Bronx___

-------------------------------------------------x

North Management, LLC
_____,

Plaintiff,

-   against   -

Dina Grillo
_____,

Defendant

-------------------------------------------------x

Index No. ___83691/09___

AFFIDAVIT IN SUPPORT OF
ORDER TO SHOW CAUSE
TO VACATE DEFAULT
JUDGMENT AND DISMISS FOR
LACK OF PERSONAL
JURISDICTION

STATE OF NEW YORK   )
SS:
COUNTY OF _Bronx_ )

___Dina Grillo___, being duly sworn, depose and say that:

1. I am an unrepresented Defendant in the above-captioned action.

2. I am fully familiar with the facts set out in this Affidavit.

3. I submit this Affidavit in support of this Order to Show Cause to vacate the default

judgment and dismiss the action for lack of personal jurisdiction and attach the following

exhibit(s) in support: 1.) Affidavit of Service, stamped

August 13, 2009.

2) Proposed Answer.

4. Because this Affidavit contains a sworn denial of the affidavit of service,

☒ and facts to rebut the process server's affidavit, I request the Court hold a traverse hearing.

☐ and documentary evidence to rebut the process server's affidavit, I request the Court grant

this application pursuant to C.P.L.R. 3211(a)(8) without the need for a traverse hearing and

dismiss the action for lack of personal jurisdiction.

<u>1</u> of <u>10</u>

5. On _____July  22  2009_____, 2009, Plaintiff commenced this

action by filing the Summons and Complaint.

6. A default judgment was entered against me in this action on _____

_____May  14, 2015_____.

7. I have reviewed the affidavit of service filed in this action, and I dispute the

allegations of the process server for the following reasons:

☒ I was never personally served with a copy of the Summons and Complaint

☒ A copy of the Summons and Complaint was never left with a person of suitable age

and discretion at my residence or place of employment.

☒ A copy of the Summons and Complaint was never attached to the door of my

residence.

☒ I did not receive a copy of the Summons and Complaint in the mail.

☐ I was home on the dates and times the process server states he / she attempted service.

Specifically, I was home on:

_____

_____

and no one came to my door or rang my buzzer.

☐ The affidavit of service does not indicate that the process server attempted service at

my place of employment. See Barnes v. Schwartz, 415 N.E. 2d 979, 979-980 (1980)

(affirming determination that process server did not meet due diligence requirement

because he did not attempt to ascertain defendant's "actual place of business"); see also

Leviton v. Unger, 868 N.Y.S.2d 126 (2d Dep't 2008) (same); McSorely v. Spear, 854

N.Y.S.2d 759 (2d Dep't 2008) (same).

2 of 10

☒ Additionally, I dispute the following facts contained in the process server's affidavit for the following reasons:

I did not live at the address
Stated on the Affidavit of Service,
3609 Bronxwood Avenue, 3rd Floor, Bronx NY
10469 and had not live there since September 2008.
Further, I did not live with anyone
that meets the description of the man
the process server describes accepted service.

8. I discovered that Plaintiff commenced this action when:

My bank account was restricted
in May 2015.

9. Because I never received notice about the lawsuit, I have a reasonable excuse for my default.

10. I also have one or more meritorious defenses.

☒ I do not owe the money.

☐ I am a victim of identity theft or mistaken identity.

☒ Payment.

☒ Incorrect Amount.

☐ No business relationship with the plaintiff. (Plaintiff lacks standing.)

☐ The NYC Department of Consumer Affairs shows no record of plaintiff having a license to collect debt.

☐ There is no debt collection license number in the complaint.

☒ Statute of limitations.

☐ The debt was discharged in bankruptcy.

☐ The collateral (property) was not sold at a commercially reasonable price.

☒ Unjust enrichment.

☒ Violation of the duty of good faith and fair dealing.

☐ Unconscionability (the contract is unfair).

☒ Laches.

☐ Defendant is in the military.

☒ Other Defense.

I was a Section 8 tenant and gave proper notification of my transfer and the landlord accepted my notice.

4 of 10

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

11. **Notice of Entry.**  I note that:

☒ I was not served with written notice of entry of a judgment or order.

☐ I received a copy of the judgment or order with written notice of its entry

on or about _____

and I am filing this motion within the year of service.

12. **Protected Income.**  In addition, I note that my sole source of income is

_____, which is exempt from collection.

13. The CLARO Program helped me prepare this Affidavit in support of my Order to Show Cause to Vacate the Default Judgment.

5 of 10

14.  Upon information and belief based on the advice I received at CLARO, the law stated below is true and accurate:

15.  C.P.L.R. 5015(a)(4) mandates this Court to vacate a default judgment and dismiss an action when it finds that a defendant was not served with the Summons or the Summons and Complaint as required by C.P.L.R. § 308. Kiesha G.-S. v. Alphonso S., 57 A.D.3d 289, 289, 870 N.Y.S.2d 240, 240 (1st Dept. 2008) (citing Chase Manhattan Bank, N.A., v. Carlson, 113 A.D.2d 734, 493 N.Y.S.2d 339 (2d Dept. 1985) ("[a]bsent proper service of a summons, a default judgment is deemed a nullity and once it is shown that proper service was not effected the judgment must be unconditionally vacated")); Steele v. Hempstead Pub Taxi, 305 A.D.2d 401, 402, 760 N.Y.S.2d 188, 189 (2d Dept. 2003) (same).

16.  Service of process is a constitutional requirement necessary for a court to have jurisdiction over a person. Patrician Plastic Corp. v. Bernadel Realty Corp., 25 N.Y.2d 599, 607, 307 N.Y.S.2d 868, 875 (1970) ("The short of it is that process serves to subject a person to jurisdiction in an action pending in a particular court and to give notice of the proceedings." (citations omitted)).

17.  The requirements for service of process are strictly enforced. Dorfman v. Leidner, 76 N.Y.2d 956, 958, 563 N.Y.S.2d 723, 725 (1990) (stating that "[s]ervice of process is carefully prescribed by the Legislature" and "requires adherence to the statute").

18.  A court determines whether Plaintiff effected service of process properly by reviewing the facial validity of the affidavit of service and other documents. De Zego v. Bruhn, 67 N.Y.2d 875, 877, 501 N.Y.S.2d 801, 801-802 (1986).

19.  In its moving papers, the defendant must either submit a sworn denial of service or swear to specific facts to rebut the process server's affidavit. Puco v. DeFeo, 296 A.D.2d 571,

571, 745 N.Y.S.2d 719, 719-20 (2d Dept. 2002). An affidavit by defendant that raises an issue

of fact as to jurisdiction is sufficient to rebut the process server's affidavit. National Union Fire

Ins. v. Montgomery, 245 A.D. 2d 150, 665 N.Y.S.2d 665, 666 (1st Dept. 1997).

      20.

☒ This Affidavit raises a question of fact with respect to this Court's jurisdiction, which should

be resolved through a traverse hearing. See Kingsland Grp. v. Pose, 296 A.D.2d 440, 440-41,

744 N.Y.S.2d 715, 716 (2d Dept. 2002) ("[S]ince there was a sworn denial of receipt of process,

the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance

of the evidence at a hearing."); In re St. Christopher-Ottilie, 169 A.D.2d 690, 691, 565 N.Y.S.2d

72, 73 (1st Dept. 1991) ("[T]he court erred in failing to hold a traverse hearing on the issue of the

propriety of personal service, since respondent has raised an issue of fact with respect to the

service of the petition.").

☐ In cases where the documentary evidence shows that service was not proper, the Court

should grant the motion to dismiss for lack of personal jurisdiction without holding a traverse

hearing. Ben-Amram v. Hershowitz, 14 A.d.3d 638, 789 N.Y.S.2d 313 (2d Dept. 2005) ("Since it

was undisputed that the defendant did not reside at the address where personal service was

attempted, and the address was not alleged to be the defendant's place of business, any purported

service pursuant to CPLR 308 was ineffective, and the complaint should have been dismissed."

(internal citation omitted)); Community State Bank v. Haakonson, 94 A.D.2d 838, 463 N.Y.S.2d

105 (3d Dept. 1983) ("Personal jurisdiction not having been acquired, the subsequently granted

default judgment was a nullity and Special Term's attempt to exercise discretion pursuant to

CPLR 5015 was ineffectual, for it was without authority to take any action other than to dismiss

the complaint. . . . And not withstanding plaintiff's assertion to the contrary, there is no reason

to remand for a factual hearing on the propriety of the service. . . . Because no disputed issue of fact is presented, a further hearing would be useless."(internal citations omitted)).

21. If this Court finds that C.P.L.R. § 5015(a)(4) does not apply in this action, the Court may vacate the judgment based on excusable default under C.P.L.R. § 5015(a)(1). Mayers v. Cadmen Towers, Inc., 89 A.D.2d 844, 845, 453 N.Y.S.2d 25, 26-27 (2d Dept. 1982) (remitting the case for a hearing to determine "whether the court had jurisdiction over defendant, and, if it did . . . whether leave to interpose an answer containing all or only some defenses should be granted in view of the prejudice, if any, caused by the defendant's default").

22. Excusable default requires a finding of a reasonable excuse for the default and the existence of a potentially meritorious defense to warrant vacatur of the default judgment. Gerdes v. Canales, 74 A.D.3d 1017, 1018, 903 N.Y.S.2d 499, 500 (2d Dept. 2010).

23. "There is a 'strong [public] policy favoring the determination of actions on their merits'." Heskel's West 38th Street Corp. v. Gotham Constr. Co., 14 A.D.3d 306, 307, 787 N.Y.S.2d 285, 287 (1st Dept. 2005) (alteration in the original).

24. As described above, I have a reasonable excuse for my default as I never received the Summons or the Summons and Complaint and meritorious defenses.

25. I have:

☑ not had a previous Order to Show Cause regarding this index number.

☐ **had** a previous Order to Show Cause regarding this index number but I am making this further application because:

_____

_____

_____

<u>8</u> of <u>10</u>

26. I respectfully request that the Court grant my motion to vacate the default judgment or in the alternative, schedule a traverse hearing and, pursuant to C.P.L.R. 5015(a)(4), dismiss this case for lack of personal jurisdiction, lift all stays, order the return of any funds that have been garnished, and permit me to serve papers by mail.

27. If the Court denies my request pursuant to C.P.L.R. 5015(a)(4), I respectfully request that the Court grant my motion to vacate the default judgment pursuant to C.P.L.R. 5015(a)(1), restore the case to the calendar, lift all stays, order the return of any funds that have been garnished, permit me to file the proposed Answer, and permit me to serve papers by mail.

WHEREFORE, I respectfully request that the Court grant my motion in all respects.

June 4, 2015
Date

× _Dina Grillo_ (signature)
Pro Se Defendant Signature
Dina Grillo
Pro Se Defendant Name
382 E. 184th Street #2
Bronx, NY 10458
Address

Phone   347-282-6753

Sworn to before me on the
4th day of June, 20 15

NOTARY PUBLIC

ROBERT S. GRUENWALD
Notary Public, State of New York
No. 31-5004837
Qualified in New York County
Commission Expires November 23, 20 18

Prepared with the assistance of the Bronx CLARO Program by Volunteer Attorney Theodora Galacatos, Esq., of Fordham Law School's Feerick Center for Social Justice, for the CLARO Program, with statements about the law prepared by

10 of 10

Court of the City of New York

County of _Bronx_

Index Number _83697/09_

~~PART 11~~

Noth Management LLC
_____ Plaintiff(s),

WRITTEN ANSWER
CONSUMER CREDIT TRANSACTION

-against-

_Dinc Grillo_ _____ Defendant(s),

Defendant _Dinc Grillo_ _____ answers the Complaint as follows:

ANSWER: *(Check all that apply)*
1. [X] General Denial: I deny the allegations in the Complaint.

ENTERED
BRONX COUNTY
JUN 2 5 2015
Civil Court
of the
City of New York

**SERVICE**
2. [X] I did not receive a copy of the Summons and Complaint.
3. [ ] I received the Summons and Complaint, but service was not correct as required by law.

**DEFENSES**
4. [X] I do not owe this debt.
5. [ ] I did not incur this debt. I am a victim of identity theft or mistaken identity.
6. [X] I have paid all or part of the alleged debt.
7. [X] I dispute the amount of the debt.
8. [ ] I do not have a business relationship with Plaintiff (Plaintiff lacks standing).
9. [ ] The NYC Department of Consumer Affairs shows no record of plaintiff having a license to collect debt.
10. [ ] Plaintiff does not allege a debt collector's license number in the Complaint.
11. [X] Statute of limitations (the time has passed to sue on this debt).
12. [ ] This debt has been discharged in bankruptcy.
13. [ ] The collateral (property) was not sold at a commercially reasonable price.
14. [X] Unjust enrichment (the amount demanded is excessive compared with the original debt).
15. [ ] Violation of the duty of good faith and fair dealing.
16. [ ] Unconscionability (the contract is unfair).
17. [X] Laches (plaintiff has excessively delayed in bringing this lawsuit to my disadvantage).
18. [ ] Defendant is in the military.
19. [X] Other _surrender + acceptance ( Section 8 )_

**OTHER**
20. [ ] Please take notice that my only source of income is _____, which is exempt from collection.

**COUNTERCLAIM(S)**
21. [ ] Counterclaim(s): $_____ Reason:_____

**VERIFICATION**

State of New York, County of _Bronx_ _____ ss:

_Dinc Grillo_ _____, being duly sworn, deposes and says: I have read the Answer in Writing and know the contents to be true from my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

Sworn to before me this _4th_ day of _June 2015_

ROBERT S. GRUENWALD
Notary Public, State of New York
No. 31-5004837
Qualified in New York County
Commission Expires November 23, 20__

Notary/Court Employee

X _(signature)_
Signature of Defendant

382 E. 184th St. #2
Bronx NY 10458
Defendant's address

This case is scheduled to appear on the calendar as follows:

Date: _____ Part: _____ Room: _____ Time: _____ Both sides notified
FREE CIVIL COURT FORM
CIV-GP-58b Written Answer Consumer Credit(12/08)    Form can be found at http://www.nycourts.gov/courts/nyc/smallclaims/forms.shtml.    No fee may be charged to fill in this form.
Prepared with the assistance of the Bronx CLARO Program by _____

# AFFIDAVIT OF SERVICE

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 83691/09
Filed: _____

Attorneys: Kavulich & Associates, P.C.
Address: 30 Church Street, Suite 26, New Rochelle, NY 10801       File No. 8196

NORTH MANAGEMENT LLC,
vs.
DINA GRILLO,

State of New York County of Nassau SS:
Aston G. Evans II, being duly sworn deposes and says:
Deponent is not a party herein, is over 18 years of age. On August 4, 2009 at 9:45a.m.
At: 3609 Bronxwood Avenue, 3rd Floor, Bronx, NY 10469-1156 served the within Summons and
Complaint on: DINA GRILLO, Defendant therin named

| | |
|---|---|
| Individual<br>[] | By delivering a true copy of each to said recipient: deponent knew the person served to be the person described as said person therein. |
| Corporation<br>[ ] | By delivering to and leaving with _____ and that deponent knew the person so served and authorized to accept service on behalf of the Corporation |
| Suitable Age<br>Person<br>[X] | By delivering a true copy of each to a person of suitable age and discretion Said premises is recipients [ ] actual place of business [X] dwelling house within the state. |
| Affixing<br>to Door<br>[] | By affixing a true copy of each to the door of said premises, which is recipients [ ] actual place of business  [ ] dwelling house (place of abode) within the state |
| Mail Copy<br>[ X ] | On August 5, 2009 deponent completed service under the last two sections by depositing a copy of the Summons and Complaint to the above address in a 1st Class properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York. |

Deponent was unable, with due diligence to find the recipient or a person of suitable age and discretion having called thereat:

On the   day of   at
On the   day of   at
On the   day of   at

Description   A description of the Defendant, or other person served on behalf of the Defendant
[ ] Sex: M Color of skin: BLK Color of Hair: BLK Age: 55-60 Height: 5'8" Weight: 180LBS

Military Svce   Deponent asked person spoken to whether the recipient was presently in military
[ X ]         service of the United States Government or of the State of New York and was
              informed that the recipient is not. Recipient wore civilian clothes and no military uniform

Other
[X] "John Doe" stated that the Defendant is not in the military.

Sworn to before me on this 5 day of 8/09

_____
Aston G. Evans II
LIC# 1220069

Bronx County Civil Court
Civil Judgment

Plaintiff(s):
NORTH MANAGEMENT, LLC

vs.

Defendant(s):
DINA GRILLO

Index Number: CV-083691-09/BX

Judgment Issued: On Default

On Motion of:

KAVULICH & ASSOCIATES, P.C.
30 CHURCH STREET, SUITE 26, New
Rochelle, NY 10801-

| | | | |
|---|---|---|---|
| Amount claimed | $2,428.76 | Index Number Fee | |
| Less Payments made | $0.00 | Consumer Credit Fee | |
| Less Counterclaim Offset | $0.00 | Service Fee | |
| Interest    08/01/2007 at 9% | $683.32 | Non-Military Fee | |
| Attorney Fees | $0.00 | Notice of Trial Fee | |
| Cost By Statue | $20.00 | Jury Demand Fee | |

| | | | |
|---|---|---|---|
| | | Transcript Fee | $45.00 |
| | | County Clerk Fee | $0.00 |
| | | Enforcement Fee | $25.00 |
| | | Other Disbursements | $0.00 |
| | | Other Costs | $0.00 |
| | | | $0.00 |

Total Damages     $3,112.08  Total Costs & Disbursements     $130.00   Judgment Total     $3,242.08

| | |
|---|---|
| Transcript Fee | $0.00 |
| County Clerk Fee | $0.00 |
| Enforcement Fee | $40.00 |
| Other Disbursements | $0.00 |
| Other Costs | $0.00 |

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address
(1) NORTH MANAGEMENT, LLC
5 NORTH STREET, Bronx, NY 10468-

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address
(1) DINA GRILLO
3609 BRONXWOOD AVENUE, 3RD FLR, Bronx, NY 10469-

Judgment entered at the Bronx County Civil Court, 851 Grand Concourse, Bronx, NY 10451, in the STATE OF NEW YORK
in the total amount of **$3,242.08** on 09/15/2010 at 11:05 AM.

Judgment sequence 1

Jack Baer, Chief Clerk Civil Court

Civil Court of the City of New York
County of Bronx

INDEX NO. 83691/09
------------------------------------------------X   FILE NO. 8196

North Management, LLC,

Plaintiff,          ORDER

- against -

Dina Grillo,

Defendant(s).

------------------------------------------------X

Upon the foregoing cited papers, the Decision/Order on the Plaintiff's Motion
for an Order granting leave to serve an additional restraining notice upon
J.P. Morgan Chase Bank, N.A. is hereby granted on default / after argument /
on consent as follows:

1. Plaintiff may serve an additional restraining notice upon J.P. Morgan
   Chase Bank, N.A. in accordance with the CPLR.

2. Plaintiff is to serve a copy of this decision with Notice of Entry on
   the Defendant and J.P. Morgan Chase Bank, N.A. within 45 days, and file
   same with Court.

3. This is the Order and Decision of the Court.

5/14/15
Date                    J.S.C.

ENTERED
BRONX COUNTY]          [HON. ANTHONY CANNATARO

MAY 1 4 2015
Civil Court
of the
City of New York

Civil Court of the City of New York
County of Bronx

NO CALENDAR NUMBER ASSIGNED

INDEX NO. 83691/09
FILE NO. 8196

--------------------------------------------X

North Management, LLC,

                 Plaintiff,

NOTICE OF MOTION

         - against -

Dina Grillo,

                 Defendant(s).

--------------------------------------------X

MOTION BY:

                 Kavulich & Associates, P.C.
                 Attorneys for Plaintiff

DATE, TIME AND PLACE
OF HEARING:

                 05/14/2015
                 9:30 AM
                 Part 34, Room 503
                 Civil Court of the City of New York
                 County of Bronx
                 851 Grand Concourse
                 Bronx, NY 10451

SUPPORTING PAPERS:

                 Affirmation of Gary Kavulich, Esq. dated
                 May 01, 2015, and upon all the papers and
                 proceeding heretofore and herein.

RELIEF REQUESTED:

                 Order: pursuant to CPLR Section 5222(c),
                 granting leave to serve an additional
                 restraining notice upon J.P. Morgan Chase
                 , Bank, N.A., and for such other and
                 further relief as the court deems just
                 and proper.

Dated:       Port Chester, New York
             May 01, 2015

             Yours Etc.,

             Kavulich & Associates, P.C.
             By: Gary Kavulich, Esq.
             Attorneys for Plaintiff
             181 Westchester Ave., Suite 500C
             Port Chester, 10573
             914-355-2074

To:    Dina Grillo
      3609 Bronxwood Avenue, 3rd Flr
      Bronx, NY 10469-1156

2015 MAY -7 AM 5:35

CIVIL COURT

Civil Court of the City of New York
County of Bronx

INDEX NO. 83691/09
FILE NO. 8196

--------------------------------------------------X

North Management, LLC,

Plaintiff,          AFFIRMATION

- against -

Dina Grillo,

Defendant(s).

--------------------------------------------------X

Gary Kavulich, Esq, an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following under the penalty of perjury.

1. I am an member of the law firm of Kavulich & Associates, P.C., attorneys for the Plaintiff, herein. As such, I am fully familiar with the facts and circumstances of the within proceeding, except as to those matters stated to be based upon information and belief, and as to those matters I believe them to be true. The basis of my belief is information furnished to me by my client, information contained within the Court's file, and information contained within the file as maintained by your affirmant's office.

2. On 09/15/2010, a judgment was duly entered in this action in the Civil Court of the City of New York, County of Bronx in favor of the Plaintiff and against the Defendant for the sum of $3,252.08. Annexed hereto as Exhibit "1" is a copy of said judgment.

3. A restraining notice based upon the above judmgnet and pursuant to CPLR Section 5222 was previously served on J.P. Morgan Chase Bank, N.A. ("Chase").

4. Plaintiff served the restraining notice based upon knowledge and belief that the Judgment-Debtor has an account with Chase and while the Defendant, in fact, had an account with Chase, no monies were realized from that restraint.

5. As a restraining notice had previously been served, Plaintiff seeks leave of this Court to serve an additional notice pursuant to CPLR

Section 5222(c) as it is the only possible asset of the Defendant of which Plaintiff is aware that may assist it in collecting the judgment.

6. Plaintiff seeks leave to serve an additional restrainig notice because, despite diligent efforts to collect the judgment herein, that judgment plus interest from the date of entry is still due and owing. Annexed hereto as Exhibit "2" is said Proposed Order.

7. Plaintiff's diligent efforts to collect the judgment herein include, but are not limited to, the sending of 20 (twenty) information subpoenas and/or restraint notices to entities and/or persons whom Plaintiff believes may have information which would assist Plaintiff in collecting the judgment but none of these efforts have been successful in collecting the judgment.

8. No previous application has been made for the relief prayed for herein.

WHEREFORE, your deponent respectuflly prays for an Order, pursuant to CPLR Section 5222(c), granting leave to serve an additional restraining notice upon J.P. Morgan Chase Bank in connection with the aforesaid judgment, and for such other and furhter relief as the court deems just and proper.

Dated:  Port Chester, New York
        May 01, 2015

Gary Kavulich, Esq.

EXHIBIT 1

EXHIBIT 2

Bronx County Civil Court
Civil Judgment

Plaintiff(s):
NORTH MANAGEMENT, LLC

vs.

Defendant(s):
DINA GRILLO

Index Number:  CV-083691-09/BX

Judgment Issued:  On Default

On Motion of:

KAVULICH & ASSOCIATES, P.C.
30 CHURCH STREET, SUITE 26, New
Rochelle, NY 10801-

| | | | | | |
|---|---|---|---|---|---|
| Amount claimed | $2,428.76 | Index Number Fee | $45.00 | Transcript Fee | $0.00 |
| Less Payments made | $0.00 | Consumer Credit Fee | $0.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $25.00 | Enforcement Fee | $40.00 |
| Interest    06/01/2007 at 9% | $683.32 | Non-Military Fee | $0.00 | Other Disbursements | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | $0.00 |
| Cost By Statute | $20.00 | Jury Demand Fee | $0.00 | | |

| | | | | | |
|---|---|---|---|---|---|
| Total Damages | $3,112.08 | Total Costs & Disbursements | $130.00 | Judgment Total | $3,242.08 |

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) NORTH MANAGEMENT, LLC
5 NORTH STREET, Bronx, NY 10468-

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) DINA GRILLO
3609 BRONXWOOD AVENUE, 3RD FLR, Bronx, NY 10469-

Judgment entered at the Bronx County Civil Court, 851 Grand Concourse, Bronx, NY 10451, in the STATE OF NEW YORK
in the total amount of $3,242.08 on 09/15/2010 at 11:05 AM.

Judgment sequence 1

Jack Baer, Chief Clerk Civil Court

EXHIBIT 2

Civil Court of the City of New York
County of Bronx

INDEX NO. 83691/09
FILE NO. 8196

-------------------------------------------------X

North Management, LLC,

Plaintiff,                    ORDER

- against -

Dina Grillo,

Defendant(s).

-------------------------------------------------X

Upon the foregoing cited papers, the Decision/Order on the Plaintiff's Motion
for an Order granting leave to serve an additional restraining notice upon
J.P. Morgan Chase Bank, N.A. is hereby granted on default / after argument /
on consent as follows:

  1. Plaintiff may serve an additional restraining notice upon J.P. Morgan
     Chase Bank, N.A. in accordance with the CPLR.

  2. Plaintiff is to serve a copy of this decision with Notice of Entry on
     the Defendant and J.P. Morgan Chase Bank, N.A. within 45 days, and file
     same with Court.

  3. This is the Order and Decision of the Court.

_____          _____
     Date                       J.S.C.

Civil Court of the City of New York
County of Bronx

INDEX NO. 83691/09
-----------------------------------------------------X  FILE NO. 8196

North Management, LLC,

                                    Plaintiff,        AFFIRMATION OF
                                                      SERVICE

                - against -

Dina Grillo,

                              Defendant(s).

-----------------------------------------------------X

Gary Kavulich, Esq., an attorney duly admitted to practice law before the
Courts of the State of New York hereby affirms the following under the penalty
of perjury.

On ____May 1, 2015____, I served the within Notice of Motion and Motion
upon Dina Grillo, the Defendant(s) in this action, by depositing a true copy
in a post paid envelope addressed to:

Dina Grillo
3609 Bronxwood Avenue, 3rd Flr
Bronx, NY 10469-1156

in an official depository under the exclusive dominion and control of the
United States
Postal Service within the State of New York via regular first class mail.

                    _____
                    Gary Kavulich, Esq.

INDEX NO: 83691/09

Civil Court of the City of New York
County of Bronx
------------------------------------------------------X

North Management, LLC,

                              Plaintiff,

            - against -

Dina Grillo,

                              Defendant(s).

------------------------------------------------------X

                     NOTICE OF MOTION

------------------------------------------------------X

Signature Rule 130-1.1-a


_____
Print Name Beneath                         Gary Kavulich, Esq.

Kavulich & Associates, P.C.
Attorney for Plaintiff
181 Westchester Ave., Suite 500C
Port Chester, Port Chester NY
914-355-2074

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

$3691/09$

INDEX NO. 83727/09

--------------------------------------------------

North Management, LLC.

FILE NO. 8196.0

PLAINTIFF(S)                    JUDGMENT

-AGAINST-

Dina Grillo

15 North Street
Bronx, NY 10468

DEFENDANT(S)

--------------------------------------------------

| | | |
|---|---|---|
| AMOUNT CLAIMED LESS PMTS ON ACCT. | | $2,428.76 |
| INTEREST FROM 8/1/2007 | | $540.49 |
| | | $2,969.25 |
| COSTS BY STATUTE | $20.00 | |
| SERVICE OF SUMMONS AND COMPLAINT | $25.00 | |
| FILING OF SUMMONS AND COMPLAINT | $45.00 | |
| PROSPECTIVE MARSHALL'S FEE | $40.00 | |
| NOTICE OF INQUEST | $0.00 | |
| TRANSCRIPT & DOCKETING | $0.00 | |
| | $130.00 | |
| | TOTAL $3,099.25 | |

STATE OF NEW YORK, COUNTY OF WESTCHESTER:
    THE UNDERSIGNED, ATTORNEY AT LAW OF THE STATE OF NEW YORK, ON OF THE
ATTORNEY(S) OF RECORD FOR THE PLAINTIFF(S) IN THE ABOVE ENTITLED ACTION,
STATES THAT THE DISBURSEMENTS ABOVE SPECIFIED HAVE BEEN OR WILL NECESSARILY BE MADE OR INCURRED
THEREIN AND ARE REASONABLE IN AMOUNT: UPON FAILURE TO ANSWER, THE TIME OF THE DEFENDANT TO APPEAR
AND ANSWER HEREIN HAS EXPIRED AND THE SAID DEFENDANT HAS NOT APPEARED AND ANSWERED HEREIN.
THE STATUTE OF LIMITATIONS HAS NOT EXPIRED. THE UNDERSIGNED AFFIRMS THIS STATEMENT TO BE TRUE UNDER
THE PENALTIES OF PERJURY.
DATED:  WESTCHESTER, NY
        3/4/2010                          KAVULICH &ASSOCIATES, P.C.
                                          BY: GARY KAVULICH, ESQ.
                                          30 CHURCH STREET, SUITE 26
JUDGMENT ENTERED ON                       NEW ROCHELLE, NY 10801
SERVICE OF SUMMONS AND COMPLAINT IN THIS ACTION ON THE DEFENDANT(S)
HEREIN HAVING BEEN COMPLETED ON 9/22/2009 WITHIN THE CITY OF NEW YORK ON THAT DAY AND MORE THAN 20
DAYS
    HAVING ELAPSED.
    BY FILING ON SAID DAY OF PROOF OF THE SERVICE THEREOF BY SUBSTITUED SERVICE ON DEFENDANT(S)
AND MORE THAN 30 DAYS HAVING ELAPSED SINCE THE DAY OF COMPLETION OF SERVICE AND THE TIME OF SAID
DEFENDANT(S) TO APPEAR AND ANSWER HAVING EXPIRED, AND
    NOW ON MOTION OF KAVULICH & ASSOCIATES, P.C. ATTORNEY(S) FOR THE PLAINTIFF(S) IT IS,  ADJUDGED THAT
North Management, LLC
RESIDING AT: 15 North Street Bronx, NY 10468
RECOVER OF   Dina Grillo
RESIDING AT: 3609 Bronxwood Avenue 3rd Flr. Bronx, NY 10469-1156
THE SUM OF $2,428.76WITH INTEREST OF $540.49 MAKING A TOTAL OF $2,969.25 TOGETHER WITH $130.00 COSTS AND
DISBURSEMENTS, AMOUNTING IN ALL TO THE SUM OF $3,099.25 AND THAT PLAINTIFF HAVE EXECUTION THEREFORE.
SECOND AND THIRD CAUSES OF ACTION ARE HEREBY WAIVED.

                                          _____
                                          CLERK

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

............................................................

North Management, LLC,

      PLAINTIFF(S)

    AGAINST

Dina Grillo

     DEFENDANT(S)

............................................................

        AFFIDAVIT OF FACTS
       CONSTITUTING THE CLAIM
       THE DEFAULT AND THE
        AMOUNT DUE

STATE OF NEW YORK COUNTY OF WESTCHESTER
SS: GARY KAVULICH, ESQ. HEREBY DEPOSES AND SAYS UNDER THE PENALTIES OF PERJURY, THAT DEPONENT IS THE ATTORNEY FOR THE PLAINTIFF(S) IN THE WITHIN ACTION. THIS ACTION WAS COMMENCED BY SUBSTITUED SERVICE OF THE SUMMONS AND COMPLAINT UPON DEFENDANT(S) AND IS AN ACTION FOR RENT DUE AND OWING FOR (AFTER APPLICATION OF PAYMENT AND SECURITY DEPOSIT)
August, 2007 balance of $277.98
September, 2007  $1,075.39
October, 2007  $1,075.39
AT THE AGREED MONTHLY RENTAL OF $1,075.39
ALL OTHER CAUSES OF ACTION ARE HEREBY WAIVED AND DISPOSED.  AFTER A COMPLETE AND THOROUGH INVESTIGATION THE DEFENDANT IS FOUND NOT TO BE IN THE MILITARY AND RESIDES WITHIN THE CITY OF NEW YORK.  RENT WAS NOT PAID BY ANY OTHER SOURCE.  THE STATUTE OF LIMITATIONS HAS NOT EXPIRED.  I MAKE THIS AFFIRMATION UPON INFORMATION AND BELIEF, A BELIEF PREDICATED UPON CONVERSATIONS WITH MY CLIENT, MY INVOLVEMENT IN THE PROCEEDING AND READING THE FILE IN THIS CASE.
SECOND AND THIRD CAUSES OF ACTION ARE HEREBY WAIVED.
  WHEREFORE DEPONENT DEMANDS JUDGMENT AGAINST DEFENDANT(S) FOR $2,428.76 WITH INTEREST FROM 8/1/2007 TOGETHER WITH COSTS AND DISBURSEMENTS OF THE ACTION.

............................................................
    KAVULICH & ASSOCIATES, P.C.
    BY:  GARY KAVULICH, ESQ.
    30 CHURCH STREET, SUITE 26
    NEW ROCHELLE, NY 10801

TO THE DEFENDANT(S):  PLEASE TAKE NOTICE THAT THE WITHIN IS A TRUE COPY OF A JUDGMENT MADE AND ENTERED IN THE WITHIN ENTITLED ACTION AND DULY FILED IN THE OFFICE OF THE CLERK OF THE COUNT ON

DATED:  WESTCHESTER, NY
   3/4/2010

      YOURS, ETC.,
      ATTORNEYS FOR PLAINTIFF

STATE OF NEW YORK, COUNTY OF      SS:
BEING DULY SWORN, DEPOSES AND SAYS; THAT DEPONENT IS NOT A PARTY TO THE ACTION, IS OVER 18 YEARS OF AGE AND RESIDES IN

THAT ON    DEPONENT SERVED A TRUE COPY OF THE WITHIN JUDGMENT AND NOTICE OF ENTRY THEREOF (EACH OF) THE FOLLOWING NAMED DEFENDANT(S) AT THE ADDRESS(ES) INDICATED (FOR EACH):

BY DEPOSITING SAME ENCLOSED IN POSTPAID PROPERLY ADDRESSED WRAPPER(S), IN –A POST OFFICE- OFFICIAL DEPOSITORY UNDER THE EXCLUSIVE CARE AND CUSTODY OF THE UNITED STATES POSTAL SERVICE WITHIN NEW YORK STATE.

SWORN TO BEFORE ME ON

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

INDEX NO. 83727/09

North Management, LLC.

PLAINTIFF(S)

AFFIDAVIT OF
MAILING OF ADDITIONAL
NOTICE OF SUIT

-AGAINST-

Dina Grillo

DEFENDANT(S)

STATE OF NEW YORK)
COUNTY OF WESTCHESTER)  SS:

GARY KAVULICH, ESQ., BEING DULY SWORN HEREBY DEPOSES AND SAYS:

1. I AM THE ATTORNEY FOR THE PLAINTIFF(S) HEREIN.

2. THE ABOVE ENTITLED ACTION IS AGAINST A NATURAL PERSON AND IS BASED
UPON NON PAYMENT OF A CONTRACTUAL OBLIGATION.

3. ON 8/17/2009,I MAILED A COPY OF THE SUMMONS AND COMPLAINT IN THE ABOVE ENTITLED ACTION BY DEPOSITING
THE ENVELOPE(S) IN AN OFFICIAL DEPOSITORY UNDER THE EXCLUSIVE CARE AND CUSTODY OF THE U.S. POSTAL
SERVICE WITHIN NEW YORK STATE.  SAID MAILING WAS BY FIRST CLASS MAIL IN A POSTPAID ENVELOPE(S), PROPERLY
ADDRESSED TO THE DEFENDANT(S), THE ENVELOPE(S) BORE THE LEGEND
"PERSONAL & CONFIDENTIAL" AND THERE WAS NO INDICATION ON THE OUTSIDE OF THE ENVELOPE(S) THAT THE
COMMUNICATION WAS FROM AN ATTORNEY OR CONCERNED AN ALLEGED DEBT.  AT DEFENDANT(S):

--X--LAST KNOWN ADDRESS AT:  Dina Grillo: 3609 Bronxwood Avenue  3rd Flr.  Bronx, NY  10469-1156

-------PLACE OF EMPLOYMENT AT:

THE ENVELOPE BORE THE LEGEND "PERSONAL & CONFIDENTIAL" AND THERE
WAS NO INDICATION ON THE OUTSIDE OF THE ENVELOPE THAT THE
COMMUNICATION WAS FROM AN ATTORNEY OR CONCERNED AN ALLEGED DEBT.

-------A KNOWN ADDRESS OF THE DEFENDANT AT:

THIS ADDRESS IS NOT THE RESIDENCE OR PLACE OF EMPLOYMENT OF THE DEFENDANT.

THE AFOREMENTIONED MAILING:

--X--HAS NOT BEEN RETURNED UNDELIVERABLE BY POSTAL SERVICE.

-------WAS RETURNED UNDELIVERABLE BY POSTAL SERVICE AND WAS RE-SENT TO THE DEFENDANT AT:

SWORN TO BEFORE ME
ON THIS ____ DAY OF March , 2011.

_____
GARY KAVULICH, ESQ.

Matthew N. Kaufman
Notary Public- State of New York
No. 02KA6204092
Qualified in Westchester County
My Commission Expires – April 13, 2013

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X

North Management, LLC,

                             Index No. 83727/09
                             File No. 8196.0

                        Plaintiff,

          -against-                          **AFFIDAVIT OF**
                                        **INVESTIGATOR**

**Dina Grillo**

                        Defendant(s).
-------------------------------------------------------X

STATE OF NEW YORK       )
                           )SS.:
COUNTY OF WESTCHESTER   )

I am over 18 years of age, am not a party to this action and reside in Westchester County,
State of New York.

I have been requested by Kavulich & Associates, P.C. attorney for the Plaintiff, to make
an investigation to ascertain if the Defendant(s) Dina Grillo is at the present
time in military service for the purpose of entry of judgment.

On March 4, 2010, I Denise Miranda, contacted the Defense manpower Date Center
concerning the Defendant Dina Grillo military status.

I inputted the social security number, as provided by the Defendant, into the Defense
Manpower Data Center.

Under the Defendant's social security number I received an affidavit from the Defense
Manpower Data Center stating that the said Defendant is not currently in the military
service of the United States and the State of New York (National Guard).

                                      Denise Miranda

Sworn to before me this
4 Day of March , 2010

Notary Public

Matthew N. Kaufman
Notary Public – State of New York
   No: 02KA6204092
Qualified in Westchester County
My Commission Expires – April 13, 2013

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------X INDEX NO:
FILE NO: 8196.0

North Management. LLC,                    PLAINTIFF,

               -AGAINST-                              AFFIRMATION OF FACTS
                                                      CONSTITUTING THE
Dina Grillo.               DEFENDANT(S)        AMOUNT DUE

_____X

*George Zadrima*

    hereby deposes and says under the penalties of perjury, ss:
That deponent is the managing agent of North Management, LLC, Plaintiff in the within action; this action was
commenced by substituted service of the summons and complaint upon defendant(s) and is an action for breach of a
lease agreement in the amount of $2,428.76 for the months August, 2007 balance of $277.98;September, 2007 through
and including October, 2007 at the agreed monthly rental amount of $1,075.39 per month (after application of security
and after application of payments) no part having been paid, although duly demanded and Damages in the amount of
$0.00. All other causes of action are hereby waived and disposed of. After a complete and thorough investigation, as I
have been informed by Plaintiff's counsel, the defendant(s) is/are found not to be in the military and reside(s) in the
City of New York. Rent was not paid by any other source. I make this affirmation upon personal Knowledge.


WHEREFORE, Plaintiff demands judgment against defendant for $2,428.76 with interest from August 1, 2007 together
with costs and disbursements of the action.



Dated: 3/4/2010

Sworn to before me
on this day of           2010

_____
Notary Public

            **Matthew N. Kaufman**
        **Notary Public – State of New York**
              **No: 02KA6204092**
         **Qualified in Westchester County**
      **My Commission Expires – April 13, 2013**

*GEORGE ZADRIMA*

Request for Military Status                                                    Page 1 of 2

Department of Defense Manpower Data Center                         Mar-04-2010 11:11:06

 Military Status Report
Pursuant to the Service Members Civil Relief Act

| ◄ Last Name | First/Middle | Begin Date | Active Duty Status | Active Duty End Date | Service Agency |
|---|---|---|---|---|---|
| GRILLO | DINA | Based on the information you have furnished, the DMDC does not possess any information indicating the individual status. | | | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).

*Mary M. Snavely-Dixon*

_____
Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Service Members Civil Relief Act (50 USC App. §§ 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person is on active duty and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. §521(c).

If you obtain additional information about the person (e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects **active duty status** including date the individual was last on active duty, if it was within the preceding 367 days. For historical information, please contact the Service SCRA points-of-contact.

*More information on "Active Duty Status"*

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d)(1) for a period of more than 30 consecutive days. In the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy TARs, Marine Corps ARs and Coast Guard RPAs. Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps) for a period of more than 30 consecutive days.

*Coverage Under the SCRA is Broader in Some Cases*

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who would rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected.

WARNING: This certificate was provided based on a name and SSN provided by the requester.
Providing an erroneous name or SSN will cause an erroneous certificate to be provided.
Report ID:HVAAODLG0Q

Bronx County Civil Court
Civil Judgment

Plaintiff(s):
NORTH MANAGEMENT, LLC

vs.

Defendant(s):
DINA GRILLO

Index Number:  CV-083691-09/BX

Judgment issued:  On Default

On Motion of:

KAVULICH & ASSOCIATES, P.C.
30 CHURCH STREET, SUITE 26, New
Rochelle, NY 10801-

| Amount claimed | $2,428.76 | Index Number Fee | $45.00 | Transcript Fee | $0.00 |
|---|---|---|---|---|---|
| Less Payments made | $0.00 | Consumer Credit Fee | $0.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $25.00 | Enforcement Fee | $40.00 |
| Interest    08/01/2007 at 9% | $683.32 | Non-Military Fee | $0.00 | Other Disbursements | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | $0.00 |
| Cost By Statute | $20.00 | Jury Demand Fee | $0.00 | | |
| Total Damages | $3,112.08 | Total Costs & Disbursements | $130.00 | Judgment Total | $3,242.08 |

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) NORTH MANAGEMENT, LLC
5 NORTH STREET, Bronx, NY 10468-

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) DINA GRILLO
3609 BRONXWOOD AVENUE, 3RD FLR, Bronx, NY 10469-

Judgment entered at the Bronx County Civil Court, 851 Grand Concourse, Bronx, NY 10451, in the STATE OF NEW YORK
in the total amount of $3,242.08 on 09/15/2010 at 11:05 AM.

Judgment sequence 1

_Jack Baer_

Jack Baer, Chief Clerk Civil Court

Page 1 of 1

AFFIDAVIT OF SERVICE

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 83691/09
Filed: _____

Attorneys: Kavulich & Associates, P.C.
Address: 30 Church Street, Suite 26, New Rochelle, NY 10801

File No. 8196

NORTH MANAGEMENT LLC,

vs.

DINA GRILLO,

State of New York County of Nassau SS:
Aston G. Evans II, being duly sworn deposes and says:
Deponent is not a party herein, is over 18 years of age. On August 4, 2009 at 9:45a.m.
At: 3609 Bronxwood Avenue, 3rd Floor, Bronx, NY 10469-1156 served the within Summons and
Complaint on: DINA GRILLO, Defendant therin named

| | |
|---|---|
| Individual [] | By delivering a true copy of each to said recipient: deponent knew the person served to be the person described as said person therein. |
| Corporation [ ] | By delivering to and leaving with _____ and that deponent knew the person so served and authorized to accept service on behalf of the Corporation |
| Suitable Age Person [X] | By delivering a true copy of each to a person of suitable age and discretion Said premises is recipients [ ] actual place of business [X] dwelling house within the state. |
| Affixing to Door [] | By affixing a true copy of each to the door of said premises, which is recipients [ ] actual place of business   [] dwelling house (place of abode) within the state |
| Mail Copy [ X ] | On August 5, 2009 deponent completed service under the last two sections by depositing a copy of the Summons and Complaint to the above address in a 1st Class properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York. |

Deponent was unable, with due diligence to find the recipient or a person of suitable age and discretion having called thereat:

On the   day of   at
On the   day of   at
On the   day of   at

Description   A description of the Defendant, or other person served on behalf of the Defendant
[] Sex: M Color of skin: BLK Color of Hair: BLK Age: 55-60 Height: 5'8" Weight: 180LBS

Military Svce   Deponent asked person spoken to whether the recipient was presently in military
[ X ]   service of the United States Government or of the State of New York and was
informed that the recipient is not. Recipient wore civilian clothes and no military uniform

Other
[X]"John Doe" stated that the Defendant is not in the military.

Sworn to before me on this 5 day of 8/09

_____
New York State Notary Public
County of Bronx
Cheryl Vitosh
Lic. No. 01VI46042816
Commission Expires June 3, 2010

_____
Aston G. Evans II
LIC# 1220069

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------x

North Management, LLC,

                Plaintiff,

        -against-


Dina Grillo,


                Defendant(s)

-------------------------------------------------------x

INDEX NO.
FILE NO. 8196.0

SUMMONS
Place of Venue is Plaintiff's
place of business:

15 North Street
Bronx, NY 10468

To the above named defendants(s):

   YOU ARE HEREBY SUMMONED to appear at the CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF BRONX at the office of the clerk of the said Court at 851 Grand Concourse, Bronx, NY 10451, in the COUNTY OF BRONX, State of New York, within the time provided by law as noted below and to file an answer to the below complaint with the clerk: upon your failure to answer, judgment will be taken against you for the sum of $2,928.76 with interest thereon from August 1, 2007 together with costs of this action.

DATED: July 9, 2009

By: Gary Kavulich, Esq.,
Kavulich & Associates, P.C.
Attorney for Plaintiff
30 Church Street
Suite 26
New Rochelle, NY 10801
(914) 355-2074

Defendant's Address:
 Dina Grillo
3609 Bronxwood Avenue, 3rd Flr.
Bronx, NY 10469-1156


Note: The law provides that: (a) If the summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or (b) If the summons is served by any means other than personal delivery to you within the City of New York, you must appear and answer within THIRTY days after proof of service thereof is filed with the Clerk of this Court.

## COMPLAINT

**FIRST ACTION**: Plaintiff seeks to recover damages from defendant(s) for breach of a lease agreement in the sum of $2,428.76 representing rental arrears for the months of August, 2007 balance of $277.98; September, 2007 through and including October, 2007 at the agreed monthly sum of $1,075.39 for the premises known as 15 North Street, Apt.3D Bronx, NY 10468 together with costs and disbursements of this action and for such other and further relief as the court may deem just.

**SECOND ACTION**: Plaintiff seeks to recover damages from the defendant in the sum of $0.00 representing damages together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**THIRD ACTION**: Plaintiff seeks to recover damages from the defendant in the sum of $500.00 representing reasonable attorneys fees together with costs and disbursements of this action and for such other further relief as the Court may deem just.

**WHEREFORE**, Plaintiff demands judgment (A) on the First Action, in the sum of $2,428.76 plus interest from August 1, 2007 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (B) on the Second Action, in the sum of $0.00 plus interest from August 1, 2007 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (C) on the Third Action, in the sum of $500.00 together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

The Plaintiff in this action is NOT required to be licensed by the New York City Department of Consumer Affairs.