CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------x

2246 Webster Avenue, HDFC,

        Plaintiff,

    -against-

Elizabeth Alibizu Acevedo,

        Defendant(s)

------------------------------------------------------------x

C 467720

INDEX NO.
FILE NO. 13817.0

SUMMONS
Place of Venue is Plaintiff's
place of business:

2246 Webster Avenue
Bronx, NY 10457

To the above named defendants(s):

  YOU ARE HEREBY SUMMONED to appear at the CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF BRONX at the office of the clerk of the said Court at 851 Grand Concourse, Bronx, NY 10451, in the COUNTY OF BRONX, State of New York, within the time provided by law as noted below and to file an answer to the below complaint with the clerk: upon your failure to answer, judgment will be taken against you for the sum of $5,093.91 with interest thereon from July 1, 2006 together with costs of this action.

DATED:  July 1, 2011

**FEE PAID**

JUL 14 2011

CIVIL COURT
BRONX COUNTY

By: Gary Kavulich, Esq.,
Kavulich & Associates, P.C.
Attorney for Plaintiff
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573
(914) 355-2074

Defendant's Address:
Elizabeth Alibizu Acevedo
811 E. 167th Street, Apt. 2A
Bronx, NY 10459-2771

Note:  The law provides that: (a) If the summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or (b) If the summons is served by any means other than personal delivery to you within the City of New York, you must appear and answer within THIRTY days after proof of service thereof is filed with the Clerk of this Court.

## COMPLAINT

**FIRST ACTION**: Plaintiff seeks to recover damages from defendant(s) for breach of a lease agreement in the sum of $3,993.91 representing rental arrears for the months of July, 2006 balance of $399.79; August, 2006 through and including November, 2006 at the agreed monthly sum of $898.53 for the premises known as 2246 Webster Avenue, Apt.34 Bronx, NY 10457 together with costs and disbursements of this action and for such other and further relief as the court may deem just.

**SECOND ACTION**: Plaintiff seeks to recover damages from the defendant in the sum of $600.00 representing damages together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**THIRD ACTION**: Plaintiff seeks to recover damages from the defendant in the sum of $500.00 representing reasonable attorneys fees together with costs and disbursements of this action and for such other further relief as the Court may deem just.

**WHEREFORE**, Plaintiff demands judgment (A) on the First Action, in the sum of $3,993.91 plus interest from July 1, 2006 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (B) on the Second Action, in the sum of $600.00 plus interest from July 1, 2006 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (C) on the Third Action, in the sum of $500.00 together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

The Plaintiff in this action is NOT required to be licensed by the New York City Department of Consumer Affairs.

Civil Court of the City of New York
County of Bronx

Index No: CV-048720-11/BX

2246 Webster Avenue, HDFC
          -against-
Elizabeth Alibizu Acevedo

**ORAL ANSWER**
**ACTION FOR MONEY ONLY**

Defendant, Elizabeth Alibizu Acevedo, at 811 E. 167th Street Apt. 2A, Bronx, NY 10459-  , answers the Complaint as follows:

**ANSWER: Dated : 11/21/2011**
*(Check all that apply)*

1 ____ General Denial: I deny the allegations in the complaint

    **SERVICE**

2 ____ I did not receive a copy of the summons and complaint

3 ____ I received the Summons and Complaint, but service was not correct as required by law.

    **DEFENSES**

4 ____ I do not owe this debt.

5 ____ I did not incur this debt. I am the victim of identity theft or mistaken identity.

6 ____ I have paid all or part of the alleged debt.

7 XX I dispute the amount of the debt.

8 ____ Plaintiff is required to be licensed by the department of consumer affairs of the City of New York and does not allege a license number in the Complaint.

9 ____ Statute of Limitations ( the time has passed to sue on this debt: more than six years).

10 ____ The debt has been discharged in bankruptcy.

11 ____ The collateral (property) was not sold at a commercially reasonable price.

12 XX Unjust enrichment (the amount demanded is excessive compared with the original debt.)

13 ____ Violation of the duty of good faith and fair dealing.

14 ____ Unconscionability (the contract is unfair.)

15 ____ Laches (plaintiff has excessively delayed in bringing this lawsuit to my disadvantage.)

16 ____ Defendant is in the military.

17 ____ Other:

    **OTHER**

18 ____ Please take notice that my only source of income is _____,which is exempt from collection.

**COUNTERCLAIM**

19 ____ Counterclaim(s):$ _____ Reason:

**This case is scheduled to appear on the calendar as follows:**
Date: January 3, 2012 Part: Part 11 - Self Represented Non-Jury Room 503 Time: 10:30 AM Both Sides Notified:
To:

Kavulich & Associates
181 Westchester Ave
Suite 500-C
Port Chester, NY 10573-

ID - DMV

**FILED**
CLERK'S OFFICE

NOV 2 1 2011

CIVIL COURT
BRONX COUNTY

Page 3

CIVIL COURT OF THE CITY OF NEW YORK
County of BRONX Part 11

Index No. 48720/11

File #
13817

2246 WEBSTER AVENUE, HDFC

Plaintiff(s),

-against-

Elizabeth ALIBIZU ACEVEDO
Defendant(s).

STIPULATION OF SETTLEMENT

Civil Court
of the
City of New York
JAN 0 3 2012
ENTERED
BRONX COUNTY

It is hereby stipulated and agreed by and between the parties that the above-referenced action is settled as follows: Plaintiff shall accept $2000⁰⁰ as full settlement of all claims payable as follows: commencing January 30, 2012 and on or before the 30th of every month thereafter $50⁰⁰ per month. In the event of default, Plaintiff shall move for entry of judgment including 3,993.91 plus costs, fees, disbursements and interest (from) less payments made July 1, 2006 upon 10 days written notice to cure. make payments to: KAVULICH + Associates, P.C. 181 Westchester Avenue, Suite 500C, PORT CHESTER, NEW YORK 10573 Be Certain to include file # 13817 on all payments. Upon satisfaction of the debt, Plaintiff shall File + Serve upon Defendant a Notice of Discontinuance. This stipulation contains the full terms + conditions of this Agreement

Signature _____  Date _____

Signature _____  Date _____
CR Johnson for Plaintiff
Kavulich & Associates, PC

Signature  Elizabeth Allen  Date 1-3-12

Signature  Elizabeth Alibizu  Date 1-3-12

Page _____ of _____

CIV-GP-32 (Revised December, 2005)

RAUL CRUZ  Page 4
BRONX CIVIL COURT

Bronx County Civil Court
Civil Judgment

Plaintiff(s):
2246 Webster Avenue, HDFC

**Index Number: CV-048720-11/BX**

Judgment issued:  Per Default in Stipulation

vs.

On Motion of:

Defendant(s):
Elizabeth Alibizu Acevedo

Kavulich & Associates PC
181 Westchester Avenue, Suite 500C, Port
Chester, NY 10573–

| | | | | | |
|---|---|---|---|---|---|
| Amount claimed | $3,993.91 | Index Number Fee | $45.00 | Transcript Fee | $0.00 |
| Less Payments made | $200.00 | Consumer Credit Fee | $0.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $25.00 | Enforcement Fee | $40.00 |
| Interest        07/01/2006 | $2,105.62 | Non-Military Fee | $0.00 | Other Disbursements | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | $0.00 |
| Cost By Statute | $20.00 | Jury Demand Fee | $0.00 | | |
| **Total Damages** | **$5,899.53** | **Total Costs & Disbursements** | $130.00 | Judgment Total | $6,029.53 |

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) 2246 Webster Avenue, HDFC
2246 Webster Avenue, Bronx, NY 10457–

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) Elizabeth Alibizu Acevedo
811 E. 167th Street, Apt. 2A, Bronx, NY 10459–

Judgment entered at the Bronx County Civil Court, 851 Grand Concourse, Bronx, NY 10451, in the STATE OF NEW YORK
in the total amount of **$6,029.53 on 09/27/2012 at 12:15 PM.**

Judgment sequence 1

*Carol Alt*

Carol Alt, Chief Clerk Civil Court

COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

INDEX NO. 48720/11
FILE NO. 13817

-----------------------------------------------------x

2246 WEBSTER AVENUE, HDFC,

JUDGMENT
AFTER STIPULATION

PLAINTIFF(S)

-AGAINST-

ELIZABETH ALIBIZU ACEVEDO,
                              DEFENDANT(S)

-----------------------------------------------

AMOUNT CLAIMED LESS PAYMENT(S) OF $200.00          $3,793.91
INTEREST FROM 07/01/06                             $2,105.62
                                                   $5,899.53

COSTS BY STATUTE                    $20.00
SERVICE OF SUMMONS AND COMPLAINT    $25.00
FILING OF SUMMONS AND COMPLAINT     $45.00
PROSPECTIVE MARSHALL'S FEE          $40.00

                                                   $  130.00
                        TOTAL:                     $6,029.53

STATE OF NEW YORK, COUNTY OF WESTCHESTER:
    THE UNDERSIGNED, ATTORNEY AT LAW OF THE STATE OF NEW YORK, ON OF THE
ATTORNEY(S) OF RECORD FOR THE PLAINTIFF(S) IN THE ABOVE ENTITLED ACTION, STATES THAT THE
DISBURSEMENTS ABOVE SPECIFIED HAVE BEEN OR WILL NECESSARILY BE MADE OR INCURRED
THEREIN AND ARE REASONABLE IN AMOUNT.  THE CAUSE OF ACTION IN THE WITHIN MATTER
ACCRUED IN THE STATE OF NEW YORK WHERE THE STATUTE OF LIMITATIONS ON A CONTRACT, UPON
WHICH THE ACTION IS BASED, IS SIX (6) YEAR S. THE STATUTE OF LIMITATIONS HAS NOT EXPIRED.
THAT THE DEFENDANT ANSWERED, CASE WAS SETTLED PER STIPULATION ON JANUARY 3, 2012. THAT
DEFENDANT(S) DEFAULTED ON SAID STIPULATION. THE UNDERSIGNED AFFIRMS THIS STATEMENT TO
BE TRUE UNDER THE PENALTIES OF PERJURY.
DATED: WESTCHESTER, NY
        SEPTEMBER 25, 2012
                                            ------------------------------
                                            KAVULICH ASSOCIATES, P.C.
                                            BY: GARY KAVULICH, ESQ.

JUDGMENT ENTERED ON
SERVICE OF THE SUMMONS AND COMPLAINT IN THIS ACTION ON THE DEFENDANT(S)
HEREIN HAVING BEEN COMPLETED ; CASE WAS SETTLED PER STIPULATION ON JANUARY 3, 2012.  THAT
A DEFULT BY THE DEFENDANT IN COMPLYING WITH SAID AGREEMENT AND DEFENDANT'S FAILURE
TO CURE THAT DEFAULT DESPITE PLAINTIFF'S NOTICE IN ACCORDANCE WITH THAT STIPULATION,
JUDGMENT IS REQUESTED. ANNEXED HERETO IS A COPY OF SAID STIPULATION AND DEFAULT
NOTICE.
        NOW ON MOTION OF KAVULICH & ASSOCIATES. P.C. ATTORNEY(S) FOR THE PLAINTIFF(S) IT
IS, ADJUDGED THAT
AFTER A DEFAULT IN SAID STIPULATION,
2246 WEBSTER AVENUE, HDFC,
RESIDING AT: 2246 WEBSTER AVENUE, BRONX, NY 10457
RECOVER OF:  ELIZABETH ALIBIZU ACEVEDO,
RESIDING AT:  811 E. 167TH STREET, APT. 2A, BRONX, NY 10459-2771
THE SUM OF $3,793.91 WITH INTEREST OF $2,105.62 MAKING A TOTAL OF $5,899.53 TOGETHER WITH
$130.00 COSTS AND DISBURSEMENTS, AMOUNTING IN ALL TO THE SUM OF $6,029.53 AND THAT
PLAINTIFF HAVE EXECUTION THEREFORE.
ALL OTHER CAUSES OF ACTION ARE HEREBY WAIVED.

                                            CLERK'S OFFICE

                                            ------------------------------
                                                        SEP 26 2012

                                            CIVIL COURT
                                            BRONX COUNTY

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------X

2246 WEBSTER AVENUE, HDFC,

PLAINTIFF(S)

INDEX NO. 48720/11

AGAINST

ELIZABETH ALIBIZU ACEVEDO,

DEFENDANT(S)

-------------------------------------------------------------X

JUDGMENT
AFTER STIPULATION

| | |
|---|---|
| Amount Claimed with Interest | $5,899.53 |
| Costs and Disbursements | $ 130.00 |
| Total: | $6,029.53 |

KAVULICH & ASSOCIATES, P.C.
ATTORNEY FOR PLAINTIFF
181 WESTCHESTER AVENUE, SUITE 500C
PORT CHESTER, NEW YORK 10573
PHONE: 914-355-2074

CIVIL COURT OF THE CITY OF NEW YORK

County of _BRONX_ Part __11__

Index No. 487-20/11

File # 13817

**STIPULATION OF SETTLEMENT**

2246 WEBSTER AVENUE, HDFC

Plaintiff(s),

-against-

Elizabeth Alindau Azevedo

Defendant(s).

Civil Court
of the
City of New York
JAN 03 2012
**ENTERED**
BRONX COUNTY

It is hereby stipulated and agreed by and between the parties that the above-referenced action is settled as follows: Plaintiff shall accept $2000.00 as full settlement of all claims payable as follows: commencing January 30, 2012 and on or before the 30th of every month thereafter $50.00 per month. In the event of default, Plaintiff shall move for entry of judgment including 3,993.91 costs, fees, disbursements and interest from July 1, 2006 upon 10 days written notice to cure make payments to Kavulich + Associates, P.C., 181 Westchester Avenue, Suite 500C, Portchester, New York 10573 be certain to include File # 13817 on all payments. Upon satisfaction of the debt, Plaintiff shall file + serve upon Defendant a Notice of Discontinuance. This stipulation contains the full terms + conditions of this Agreement.

Signature _____ Date _____   Signature _____ Date 1-3-12

_CR Pittaro for Plaintiff_

Signature _____ Date _____   Signature _____ Date 1-3-12

_Kavulich & Associates, PC._

CIV-GP-32 (Revised December, 2005)

Page ___ of ___

JUDGE, CIVIL COURT

Kavulich & Associates, P.C.
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573
Phone: (914) 355-2074 Fax: (914) 355-2078

August 28, 2012
Elizabeth Alibizu Acevedo
811 E. 167th Street
Apt. 2A
Bronx, NY 10459-2771

Re:   Defaulted Stipulation
      2246 Webster Avenue, HDFC
      File No.: 13817

Dear Elizabeth Alibizu Acevedo:

      You are in default of your payment under the stipulation signed by you. Please be
advised that if the default is not cured within 10 days of the date of this letter, my client
will pursue all remedies available to it under law.

Kindly forward all remittances to us, payable to the law firm of Kavulich & Associates,
P.C. at 181 Westchester Ave., Suite 500C, Port Chester, NY 10573 with your file
number on said payment. Thank you for your attention to this matter.

Very Truly Yours,

Gary Kavulich, Esq.

**This is an attempt to collect a debt. Any information obtained will be used for that
purpose. This communication is from a debt collector.**

COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------X
2246 Webster Avenue, HDFC,

                                                        Index No. 48720/11
                                                        File No. 13817.0

                    Plaintiff,

          -against-                              **AFFIDAVIT OF**
                                                **INVESTIGATOR**
Elizabeth Alibizu Acevedo
████ 3605            Defendant(s),
--------------------------------------------------------X

STATE OF NEW YORK        )
                         )SS.: ████ 3605
COUNTY OF WESTCHESTER    )

I am over 18 years of age, am not a party to this action and reside in Westchester County,
State of New York.

I have been requested by Kavulich & Associates, P.C. attorney for the Plaintiff, to make
an investigation to ascertain if the Defendant(s) Elizabeth Alibizu Acevedo is at the present
time in military service for the purpose of entry of judgment.

On September 25, 2012, I Denise Miranda, contacted the Defense manpower Date Center
concerning the Defendant Elizabeth Alibizu Acevedo military status.

I inputted the Defendant's name and social security number, as provided by the Defendant him/herself, into the Defense
Manpower Data Center.

Under the Defendant's social security number I received an affidavit from the Defense
Manpower Data Center stating that the said Defendant is not currently in the military
service of the United States and the State of New York (National Guard)

                                                        Denise Miranda

Sworn to before me this
2S Day of ████ , 20██

Notary Public

                    GARY KAVULICH
            NOTARY PUBLIC-STATE OF NEW YORK
                    NO. 02KA6205615
            QUALIFIED IN WESTCHESTER COUNTY
            MY COMMISSION EXPIRES 05/11/2013



**Status Report**

## Pursuant to Servicemembers Civil Relief Act

Last Name: ACEVEDO

First Name: ELIZABETH

Middle Name: ALIBIZU

Active Duty Status As Of: Sep-25-2012

| On Active Duty On Active Duty Status Date | | | Service Component |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | Service Component |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | Service Component |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

, (formerly known as
individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you.  See 50 USC App. § 521(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected.

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: RT2DJKIKJJ

34

(1)

# Civil Court of the City of New York

County of Bronx Part 34C

|||||||||||||||||||||||||||||||||||

**Index Number  CV-048720-11/BX**

2246 Webster Avenue, HDFC
-against-
Elizabeth Alibizu Acevedo

34C-6

**ORDER TO SHOW CAUSE**
To Vacate a Judgment, restore case to the Calendar, and vacate any liens and income executions involving this defendant on this case and or to dismiss

**APPEARANCE IS MANDATORY**

~~INTERPRETER REQUIRED~~

UPON the annexed affidavit of Elizabeth Alibizu Acevedo, sworn to on January 28, 2013, and upon all papers and proceedings herein:

Let the Claimant(s)/Plaintiff(s) or Claimant(s)/Plaintiff(s) attorney(s) show cause at:

> **Civil Court of the City of New York**
> **851 Grand Concourse**
> **Bronx, NY 10451**
> **Part  34C**          **Room 504**
> on February 11, 2013 at 9:30 AM

or as soon thereafter as counsel may be heard, why an order should not be made:

**VACATING** the Judgment, restoring to the calendar, vacating any liens and income executions and/or dismissing the action if warranted and/or granting such other and further relief as may be just..

**PENDING** the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the part of the Claimant(s)/Plaintiff(s), Claimant(s)/Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement of said Judgment be stayed.

**SERVICE** of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

Claimant(s)/Plaintiff(s) or named attorney(s):          Sheriff or Marshal:
(Judge to Initial)                                                             (Judge to Initial)

_____ by Personal Service by " In Hand Delivery"
___✓___ by Certified Mail, Return Receipt Requested
_____ by First Class Mail with official Post Office
            Certificate of Mailing

_____ by Personal Service by " In Hand Delivery"
___✓___ by Certified Mail, Return Receipt Requested
_____ by First Class Mail with official Post Office
            Certificate of Mailing

on or before ____2-1-13____ , shall be deemed good and sufficient.

**PROOF OF SUCH SERVICE** shall be filed with the Clerk in the Part indicated above on the return date of this Order to Show Cause.

Attorney(s):  Mail to:
Kavulich & Associates PC (Counsel for Pltf)
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573

Sheriff/Marshal:
NYC Marshal
Biegel, Stephen, Marshal
109 W 38 Street
Suite 200
New York, NY 10018-3615

January 28, 2013
_____
DATE

_____
Hon. Gerald Lebovits, Civil Court Judge (NYC)

But Defendant does not raise any
ground to vacate the 1/3/12
stipulation.

Denied as moot
Elizabeth
3/2013

**GERALD LEBOVITS**
**JUDGE, CIVIL COURT**

Page 13

Civil Court of the City of New York, County of Bronx

2246 Webster Avenue, HDFC
~against~
Elizabeth Alibizu Acevedo

CV-048720-11/BX

Affidavit in Support to restore case to the calendar, and vacate any judgment, liens and income executions involving this defendant on this case , and/or to dismiss

State of New York, County of Bronx

**Elizabeth Alibizu Acevedo,** being duly sworn, deposes and says:
(Defendant's initials)

1. _EA_ a) I am the Party named as (Defendant)(Respondent) in the above titled action.

2. _EA_ a) I have been served with a summons and complaint in this action. [NOTE: if Small Claims skip #3, and go to # 4]

   b) I have not been served, and my first notice of legal action was [NOTE: if you complete any of #2b, skip #3, #4, #5, and go to #6]
   _____ a Notice of Default Judgment mailed to me
   _____ a Restraining Notice on my bank account.
   _____ a copy of an Income Execution served on _1/28/13_
   _____ Other: _____

3. _____ a) I did not appear and answer in the Clerk's Office because:[NOTE: If you complete # 3a, skip and go to #6].

   _EA_ b) I did appear and answer in the Clerk's Office
   _✓_ and I received a date for trial. _1/3/12_
   _____ but the answer was entered late
   _____ Other: _____

4. _ED_ On the Date of Trial before Judge/Arbitrator
   _1/3/12_ _____ a stipulation(a written agreement) was made between claimant/plaintiff and defendant.
   _____ a judgment was entered after the trial.
   _____ a judgment was entered against me by default for my failure to appear.
   _____ Other: _____

5. _EA_ My reason for not
   _____ complying with the stipulation is _I was doing bad have some Finncil problems_
   _____ following the order of the Court is _____
   _____ appearing in court on the date scheduled for trial is _____
   _____ Other: _____

6. _EA_ allege that I have a good defense because: _I have some Financial problems; but yo estoy escribiendo carta y la mando para que ello supieran mi sitacith a que diera un chance para pagir a qual deside.fue metiempo a pagar mi a que..._

7. _____ a) I have not had a previous Order to Show Cause regarding this index number.
   _____ b) I have had a previous Order to Show Cause regarding this index number but I am making this application because: _____

8. _EA_ I request that the Judgment be vacated, that the case be restored to the calendar, ~and permission to serve these papers in person~

Sworn to before me this day January 28, 2013

_William Tompkins/SRRA_
Signature of Court Employee and Title

(Sign Name) X _Elizabeth Acevedo_
Elizabeth Alibizu Acevedo
811 E. 167th Street
Apt. 2A
Bronx, NY 10459

_but I wrote a letter and I sent it for them to know the my situation and give me the opportunity to pay when my any financial situation got better._

Page 14

CIVIL COURT OF THE CITY OF NEW YORK
County of __BRONX__ Part __11__

Index No. 48720/11

File #
13817

2246 WEBSTER AVENUE, HDFC

Plaintiff(s),

-against-

Elizabeth Alibizu Acevedo

Defendant(s).

**STIPULATION OF SETTLEMENT**

Civil Court
of the
City of New York

JAN 0 3 2012

ENTERED
BRONX COUNTY

It is hereby stipulated and agreed by and between the parties that the above-referenced

action is settled as follows: Plaintiff shall accept $2000⁰⁰ as full settlement of all claims payable as follows: commencing January 30, 2012 and on or before the 30th of every month thereafter $50⁰⁰ per month. In the event of default, Plaintiff shall move for entry of judgment including costs, fees, disbursements and interest from 3,993.91 (less July 1, 2006 upon 10 days written notice to cure Payments make payments to: Kavulich + Associates, P.C. 181 Westchester Avenue, Suite 500C, Portchester, NEW YORK 10573 Be certain to include File #13817 on all payments. Upon satisfaction of the debt, Plaintiff shall file + serve upon Defendant a Notice of Discontinuance. This Stipulation contains the full terms + conditions of this Agreement

Signature _____ Date _____  Signature _Elizabeth Alibizu_ _1-3-12_ Date

_CRVohr for Plaintiff_
Signature _____  Date
_Kavulich & Associates, PC_

Signature _Elizabeth Alo zu_ _1-3-12_ Date

Page _____ of _____

CIV-GP-32 (Revised December, 2005)

Page 15

# ALBERTO TORRES, ESQ.
## ATTORNEY AT LAW

### 629 MELROSE AVENUE   BRONX, NEW YORK 10455
### Telephone (718) 620-0106        Facsimile (718) 620-0107

February 11, 2013

Civil Court of the City of New York
851 Grand Concourse
Bronx, New York 10451

Attn:   Part 34C, Room 504

Re:   2246 Webster Avenue HDFC
      vs. Elizabeth Alibizu Acevedo
      Index No. 48720-2011

Dear Honorable Court:

Please accept this letter as a Notice of Appearance on behalf of Elizabeth Alibizu Acevedo. Ms. Acevedo has filed an Order to Show Cause that is returnable in this court on February 11, 2013.

Unfortunately, I have a conflict in schedule in that I am scheduled to be on trial in the matter of People vs. Henri Edwards, Docket No. 2012NY045911 in New York County.

Attached hereto is a Notice of Motion to be filed with the court requesting that the court vacate a so ordered stipulation dated January 3, 2012, and stay and vacate the execution and enforcement of a judgment dated September 27, 2012.

A copy of the motion was faxed to the attorney of record on February 7, 2013, and my assistant has an additional copy for opposing counsel.

Although it may be premature, it is requested that an immediate stay be put on the garnishment of my client's paycheck in that the likelihood of success on the merits of this application favor my client.

Finally, I shall be out of the office and leaving the country after February 13, 2013 and will be out of the country for 2 weeks. If the court shall desire, I am available to appear on February 12, 2013 to argue the motion.

I apologize for any inconveniences imposed the late filing of the motion herein, and my inability to personally appear in court. Thank you in advance for your professional courtesies.

Sincerely,

Alberto Torres

AT/sc

P/4 2·15·13 /S/

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX    Pt 30

② Notice to wrong, part
it should be 30

----------------------------------------X

2246 WEBSTER AVENUE HDFC,

Plaintiff(s),

**ORDER TO SHOW CAUSE**

-against-

Index No. 48720-2011 – 80.T

ELIZABETH ALIBIZU ACEVEDO,

Defendant(s).

It is Necessary in Special Term,
Civil Court City of NY - Bronx County
for Litigants and Attorneys to APPEAR
in Court on the Return Calendar Date
to Respond to ORDERS TO SHOW CAUSE

----------------------------------------X

Upon reading and filing of the annexed Affirmation of ALBERTO TORRES, ESQ. dated

February 7, 2013 and the Affidavit of ELIZABETH ALIBIZU ACEVEDO, sworn to on the

7th day of February, 2013, and upon all pleadings and proceedings heretofore had herein:

LET the Plaintiff, or their attorneys, Show Cause before the Civil Court at **PART** ~~34~~ 30

ROOM ~~503~~, to be held at the Courthouse located at **851 GRAND CONCOURSE, BRONX,**

**NEW YORK ON THE _11th_ DAY OF MARCH, 2013** at 9:30 a.m. or as soon thereafter

as counsel may be heard WHY an Order should not be entered directing the following relief:

(a)    staying, effective immediately, the execution and enforcement of a judgment

dated September 27, 2012 and the Income Execution dated October 10, 2012 against Defendant;

(b)    vacating and setting aside the terms and conditions of a stipulation dated January

3, 2012 against the Defendant and placing this matter back onto the court calendar and

permitting said Defendant to serve and file an answer, upon the ground of excusable default and

meritorious defense;

(c)    granting such other and further relief as to the Court may seem just, reasonable

and equitable.

AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY:

ORDERED, that all proceedings on the part of the Plaintiff, Plaintiff's attorneys, City Marshal or any other collection agency, be hereby stayed and directed not to enforce or execute on the judgment dated September 27, 2012 in any manner whatsoever;

ORDERED, that Defendant's employer is to cease and desist from responding to the Income Execution Notice dated October 18, 2012 issued by GARY KAVULICH,ESQ., and to discontinue garnishment of Defendant's paycheck until further order of this court.

ORDERED, that service by ~~[redacted]~~ *certified mail with return receipt requested* of a copy of this Order together with the papers upon which it was granted upon Plaintiff's attorneys, GARY KAVULICH, ESQ., KAVULICH & ASSOCIATES, P.C., 181 Westchester Avenue, Suite 500C, Port Chester, New York 10573, Telephone number (914) 355-2074 and Fax number (914) 355-2078, on or before the 21ST day of February, 2013 and filed with the Clerk of this Court on the return date be deemed sufficient.

Dated: Bronx, New York
February      , 2013

FEB 1 3 2013

PROOF OF SERVICE SHALL BE FILED
WITH THE CLERK OF CIVIL COURT
ON THE RETURN DATE.

ENTER:

J.C.C.

Hon. Joseph Capella

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------X
2246 WEBSTER AVENUE HDFC,

Index No. 48720-2011

Plaintiff,

-against-

**AFFIRMATION OF
EMERGENCY**

ELIZABETH ALIBIZU ACEVEDO,

Defendant(s).
--------------------------------------------------------------X
STATE OF NEW YORK      )
                       ) ss:
COUNTY OF BRONX        )

ALBERTO TORRES, an attorney duly admitted to practice law before the Courts of the State of New York, pursuant to CPLR § 2106, under penalties of perjury, affirms as follows:

1.      I am the attorney for ELIZABETH ALIBIZU, Defendant in the above-captioned matter and as such I am fully familiar with the facts and circumstances of this case.

2.      I respectfully submit this Affirmation in Support of Defendant's application herein.

3.      That upon information and belief, in or about January 2013, Defendant who was not notified by her employer that they were served with an Income Execution Notice on a judgment dated September 27, 2012, realized that her employer had started garnishing Defendant's wages.

4.      That Defendant respectfully files the instant application wherein she states in her Affidavit she had been paying $50.00 per month pursuant to the stipulation for a total of $500.00, and that an additional $900.00 has been garnished from her wages.

5.      That on February 4, 2013, I spoke to Defendant and reviewed various documents, including the complaint. (See Exhibit G)

6.    That Defendant then became aware that she was sued for alleged rents from July 2006 to November 2006, however, Defendant stated and provided documentary proofs that her (1) lease expired on April 30, 2006 (See Exhibit D), (2) she paid rents through June 2006 (See Exhibit E), and (3) moved into an apartment with the New York City Housing Authority (NYCHA) in June 2006. (See Exhibit F)

7.    That Defendant in her Answer filed with this court stated that she disputed the debt and the defense of unjust enrichment.

8.    That this matter is an emergency in that my client's check is being garnished for a debt that she does not owe, and in fact Defendant is entitled to a refund of $500.00 she made pursuant to a stipulation, and $900.00 for the garnishment of Defendant's paychecks.

9.    That no prior application has been made for the relief herein.

**WHEREFORE**, this deponent respectfully prays for an order directing that the:

(a)    vacating and staying, effective immediately, the execution and enforcement of a judgment dated September 27, 2012 and vacating the terms and conditions of a stipulation dated January 3, 2012 against Defendant;

(b)    vacating and setting aside the judgment against the Defendant and placing this matter back onto the court calendar and permitting said Defendant to serve and file an answer, upon the ground that Defendant has documentary proofs that she is not obligated to pay this alleged debt;

(c)    granting of such other and further relief as to the Court may seem just, reasonable and equitable.

Dated: Bronx, New York
February 7, 2013

_____
ALBERTO TORRES, ESQ.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X

2246 WEBSTER AVENUE HDFC,                          Index No. 48720-2011

                        Plaintiff,

        -against-                                  **AFFIDAVIT IN SUPPORT**

ELIZABETH ALIBIZU ACEVEDO,

                        Defendant(s).
---------------------------------------------------------------X
STATE OF NEW YORK      }
                       } ss.
COUNTY OF BRONX        }

        ELIZABETH ALIBIZU, being duly sworn, deposes and says:

        1.      I am a named Defendant in the above referenced matter.

        2.      That on or about January 2013, I reviewed my paystub and discovered that
my employer was garnishing my wages for some unknown debt. I was told that the
garnishment was for the matter herein and immediately retrieved a copy from this court of
an Income Execution Notice dated October 10, 2012 showing that Plaintiff was able to
get a judgment against me for $6,029.53. (See Exhibit A)

        3.      That I consulted with an attorney and told him that my payroll check was
being garnished, although I was making payments (See Exhibit B) pursuant to a
stipulation with this court dated January 3, 2012. (See Exhibit C)

        4.      That in reviewing the complaint, my attorney advised me that the lawsuit
was for unpaid rents from July 2006 to November 2006, when in fact I had already
vacated and surrendered the apartment. (See Exhibit G)

        5.      That I have a meritorious defense in that I had no contractual obligations
with the Plaintiff herein who misrepresented in documents filed with this court that they

Page 21

are ⋅ entitled to rents for July 2006 through November 2006 when in fact (1) my lease expired in June 2006. (See Exhibit D), (2) I had paid rent through June 2006 and gave the landlord my security deposit (See Exhibit E) and (3) moved into an apartment at the New York City Housing Authority (NYCHA) in June 2006. (See Exhibit F)

6.      That I do not owe this alleged debt because I had no contractual agreement obligations with Plaintiff, and the signing of the stipulation under false pretenses and judgment against me should be vacated so that I can defend this case on the merits.

7.      That as I stated before, I vacated the apartment, paid my rent and surrendered my security deposit to Plaintiff in June 2006, and moved into an apartment with NYCHA.

8.      Therefore, I request that this court vacate the stipulation, dated January 3, 2012, and judgment, dated September 27, 2012, and give me an opportunity to defend myself on the grounds that I did not owe Plaintiff any rents subsequent to my vacating the apartment.

9.      That I would also request that this court order Plaintiff to reimburse me $500.00 I paid pursuant to the stipulation, and $900.00 that has been garnished from my pay through January 2013.

10.     It is also requested that the court order a stay on the garnishment of my wages pending the final resolution of this matter.

11.     That no prior application has been made for the relief that Plaintiff request herein.

**WHEREFORE**, it is respectfully requested that this Court grant the relief requested and for such other and further relief as this Court deems just and proper.

Dated: Bronx, New York
       February 7, 2013

ELIZABETH ALIBIZU

Subscribed and sworn to before me
on this    7    day of February, 2013

NOTARY PUBLIC

ALBERTO TORRES
Notary Public State Of New York
No.01T04849926
Qualified In Bronx County
Commission Expires January 27,20 14

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

2246 WEBSTER AVENUE HDFC,                                          Index No. 48720-2011

                              Plaintiff,

              -against-
                                                                  **AFFIDAVIT OF
                                                                  SERVICE**

ELIZABETH ALIBIZU ACEVEDO,

                              Defendant(s).
-------------------------------------------------------------------X

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF THE BRONX  )

         SORAYA CARABALLO, being duly sworn, deposes and says:

         (1)     Deponent is not a party to the action and is over 18 years of age and resides
in the State of New York, County of New York.
         (2)     On the  7 day of February, 2013, deponent served the within NOTICE OF
MOTION          to the Attorney(s) at their designated address(es):

                         GARY KAVULICH, ESQ.
                         KAVULICH & ASSOCIATES, P.C.
                         181 Westchester Avenue, Suite 500C
                         Port Chester, New York 10573


VIA FACSIMILE and BY DEPOSITING in a post office or official depository under the
exclusive care of the United States Postal Service within the State of New York a true
copy thereof in a properly stamped envelope addressed to the individuals at the addresses
stated.


                                              _____
                                                    Soraya Caraballo

Subscribed and sworn to before me
on this  7th  day of February , 2013


_____
NOTARY PUBLIC

                                        ALBERTO TORRES
                              Notary Public State Of New York
                                        No.01T04849926
                                    Qualified In Bronx County
                              Commission Expires January 27,20 14

                                                            Page 24

Exhibit A          Exhibit B          Exhibit C          Exhibit D          Exhibit E          Exhibit F



CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

| Court Index No. | 48720/11 |
|---|---|
| File No. | 13817.0 |

2246 Webster Avenue, HDFC,

Against                                         Plaintiff.

Elizabeth Alibizu Acevedo,

                                        Defendant(s)

### INCOME EXECUTION

## The People of the State
## of New York

The following judgment was duly entered in favor of the plaintiff (judgment creditor) in the office of the clerk of the within court:

| Court of Original Entry | Entry Date | Original Amount | Amount Due | Plus Interest From |
|---|---|---|---|---|
| CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF BRONX | 9/27/2012 12:00:00 AM | $6,029.53 | $6,029.53 | 9/27/2012 12:00:00 AM |

The judgment was recovered against        Elizabeth Alibizu Acevedo
And transcribed with the county clerk(s) of        Bronx        defendant (judgment debtor)

        WHEREAS, this execution is issued against        Elizabeth Alibizu Acevedo        defendant (judgment debtor)
Whose last known address is:        811 E. 167th Street
                                Apt. 2A  Bronx, NY  10459-2771
and said defendant (judgment debtor) is receiving or will receive from the Employer* whose name and address is :
                                Milford Plaza Hotel  700 8th Avenue
                                New York, NY 10036   Attn: Payroll

| More than $ Title or position No | per week, to wit $ Soc. Sec. and pension No. | to be paid weekly installment of $ Bureau, Office or Subdivision | each: Badge |
|---|---|---|---|
| | 3695 | | |

You are directed to satisfy the judgment with interest together with your fees and expense, out of all monies now and hereafter due owing to the judgment debtor from the Employer pursuant to CPLR % 5231 d 15 U.S.C 1071, et. Seq
Direction to Judgment Debtor: You are notified and commanded within 20 days to start paying to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10(but no more than the Federal limits set forth in 1. Limitations on the amounts that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income execution are fully paid and satisfied, and if you fail to do so this Income Execution will be served upon the Employer by the Enforcement Officer.
Direction to the Employer: You are commanded to withhold and pay over to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in 1. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation now or hereafter becoming due to judgment debtor until the judgment with interest and fees and expenses of this Income Execution are fully paid and satisfied.

Dated
10/10/2012

                                        Gary Kavulich Esq,
                                        Kavulich & Associates, P.C.
                                        181 Westchester Avenue, Suite 500C
                                        Port Chester, NY 10573
                                        (914) 355-2074

*        "Employer," herein, includes any payor of money to Judgment Debtor.

## Important Statement

        This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules % 5231 and 15 United State Code % 1671 et seq.

I.        Limitation on the amount that can be withheld
        A.        An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.



Exhibit G

Exhibit B

Exhibit C

Exhibit D

Exhibit E

Exhibit F

*Kavulich + Associate.*

Try the new Western Union Payments service for all your bills and get guaranteed proof of payment. To learn more and to search over 10

AGT 105629 LOC 000215 DT 012012 $50.00 50DOLLARS AND NO CENTS



❋ 1 4 4 4 0 7 4 2 3 7 0 ❋

---

**MONEY ORDER RECEIPT - NON NEGOTIABLE**

#13817                    2-23-12

Try the new Western Union Payments service for all your bills and get guaranteed proof of payment. To learn more and to search over 10,000 billers, goto WesternUnionPaysMyBills.com.

AGT 124648 LOC 000011 DT 022312 $50.00 50DOLLARS AND NO CENTS


*Kavulich + Associates*

❋ 1 4 4 0 2 0 0 3 4 1 9 ❋

---

**MONEY ORDER RECEIPT - NON NEGOTIABLE**

Mw

Try the new Western Union Payments service for all your bills and get guaranteed proof of payment. To learn more and to search over 10

AGT 109973 LOC 000005 DT 041912 $50.00 50DOLLARS AND NO CENTS



*Kavulich Ass*

❋ 1 4 4 6 7 1 6 1 1 0 1 ❋



Try the new Western Union Payments service for all your bills and get guaranteed proof of payment. To learn more and to search over 10

AGT 105973 LOC 000005 DT 061212 $50.00 50DOLLARS AND NO CENTS



*Kavulich Associates*

*Payable to:* ...

**RETAIN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT INFORMATION BELOW AND ON BACK.**

**PURCHASE AGREEMENT:** You the purchaser agree that Western Union Financial Services Inc. (WUFSI) need not stop payment on, or reduce, or refund a lost or stolen WUFSI Money Order unless (1) you fill in the face of the Money Order at the time of purchase, and (2) you report the loss or theft to Western Union Financial Services Inc. in writing immediately, and (3) You provide WUFSI with the original Money Order receipt issued by Western Union Financial Services Inc., Englewood, Colorado. For customer service, call 1-800-999-9660.

‡ 1 4 4 9 8 4 7 1 0 2 2 *

████ MONEY ORDER RECEIPT - NON NEGOTIABLE ████ *Julio*

Try the new Western Union Payments service for all your bills and get guaranteed proof of payment. To learn more and to search over 10,000 billers, goto WesternUnionPaymentBills.com.

AGT 124848 LOC 000011 DT 092512 $50.00 50DOLLARS AND NO CENTS



*Kavulich Ass.*

*Payable to:* ...

**RETAIN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT INFORMATION BELOW AND ON BACK.**

**PURCHASE AGREEMENT:** You the purchaser agree that Western Union Financial Services Inc. (WUFSI) need not stop payment on, or reduce, or refund a lost or stolen WUFSI Money Order unless (1) you fill in the face of the Money Order at the time of purchase, and (2) you report the loss or theft to Western Union Financial Services Inc. in writing immediately, and (3) You provide WUFSI with the original Money Order receipt issued by Western Union Financial Services Inc., Englewood, Colorado. For customer service, call 1-800-999-9660.

* 1 4 5 8 4 2 8 6 9 2 2 *

████ MONEY ORDER RECEIPT - NON NEGOTIABLE ████ *marzo y mayo*

Try the new Western Union Payments service for all your bills and get guaranteed proof of payment. To learn more and to search over 10,000 billers, goto WesternUnionPaymentBills.com.

AGT 117193 LOC 000602 DT 101512 $100.00 1HUNDREDDOLLARS AND NO CENTS



*Kavulich Ass.*

*Payable to:* ...

**RETAIN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT INFORMATION BELOW AND ON BACK.**

**PURCHASE AGREEMENT:** You the purchaser agree that Western Union Financial Services Inc. (WUFSI) need not stop payment on, or reduce, or refund a lost or stolen WUFSI Money Order unless (1) you fill in the face of the Money Order at the time of purchase, and (2) you report the loss or theft to Western Union Financial Services Inc. in writing immediately, and (3) You provide WUFSI with the original Money Order receipt issued by Western Union Financial Services Inc., Englewood, Colorado. For customer service, call 1-800-999-9660.

* 1 4 5 9 3 8 3 8 5 9 9 *

Try the new Western Union Payments service for all your bills and get guaranteed proof of payment. To learn more and to search over 10,000 billers, goto WesternUnionPayshyBills.com.

AGT 109973 LOC 000005 DT 110212 $100.00 1HUNDREDDOLLARS AND NO CENTS



Ravilich & Associates

PLEASE READ:
RETURN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT INFORMATION BELOW AND ON BACK.
PURCHASE AGREEMENT: You the purchaser agree that Western Union Financial Services Inc. (WUFSI) need not stop payment on, or reduce, or refund a lost or stolen WUFSI Money Order unless (1) you fill in the face of the Money Order at the time of purchase, and (2) you report the loss or theft to Western Union Financial Services Inc. in writing immediately, and (3) You provide WUFSI with the original Money Order receipt issued by Western Union Financial Services Inc., Englewood, Colorado. For customer service, call 1-800-999-9660

*1458606 4687*

---

MONEY ORDER RECEIPT - NON NEGOTIABLE

1-3-13

Try the new Western Union Payments service for all your bills and get guaranteed proof of payment. To learn more and to search over 10,000 billers, goto WesternUnionPayshyBills.com.

AGT 117119 LOC 000213 DT 010213 $50.00 50DOLLARS AND NO CENTS



PLEASE READ:
RETURN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT INFORMATION BELOW AND ON BACK.
PURCHASE AGREEMENT: You the purchaser agree that Western Union Financial Services Inc. (WUFSI) need not stop payment on, or reduce, or refund a lost or stolen WUFSI Money Order unless (1) you fill in the face of the Money Order at the time of purchase, and (2) you report the loss or theft to Western Union Financial Services Inc. in writing immediately, and (3) You provide WUFSI with the original Money Order receipt issued by Western Union Financial Services Inc., Englewood, Colorado. For customer service, call 1-800-999-9660

*1460686 8754*

Exhibit G

Exhibit C

Exhibit D

Exhibit E

Exhibit F

CIVIL COURT OF THE CITY OF NEW YORK

County of BRONX Part 11

Index No. 487-20/11

File # 13817

STIPULATION OF SETTLEMENT

2246 WEBSTER AVENUE, HDFC

Plaintiff(s),

-against-

ELIZABETH ALAR SU A REVUELTO

Defendant(s).

Civil Court
of the
City of New York
JAN 0 3 2012
ENTERED
BRONX COUNTY

It is hereby stipulated and agreed by and between the parties that the above-referenced action is settled as follows: Plaintiff shall accept $2000 as full settlement of all sums payable as follows: COMMencing January 30, 2012 and on or before the 30th of ~~the~~ EVERY month thereafter $500 per month. In the event of default, Plaintiff shall move for entry of judgment including $3,993.71 costs, fees, disbursements and interest (from payments July 1, 2006 upon 10 days written notice to cure. remail make payments to KAVULICH + ASSOCIATES, PC 181 Westchester Avenue, Suite 500C, PORT CHESTER, NEW YORK 10573 BE CERTAIN TO INCLUDE FILE # 13817 on all payments. Upon satisfaction of the debt, Plaintiff shall file + serve upon Defendant a Notice of Discontinuance. THIS Stipulation contains the full terms + conditions of THIS Agreement

| Signature | Date | Signature | Date |
|---|---|---|---|

CR Vitro - for Plaintiff                ___ Alaz    1-3-12

| Signature | Date | Signature | Date |
|---|---|---|---|

Kavulich & Associates, PC.

Page ____ of ____

CIV-GP-12 (Revised December, 2005)

Exhibit G          Exhibit D          Exhibit E          Exhibit F

# RENEWAL LEASE FORM

Read INSTRUCTIONS TO OWNER and TO TENANT on reverse side before filling out signing this form.

THIS IS A NOTICE FOR RENEWAL OF LEASE AND RENEWAL LEASE FORM PROMULGATED PURSUANT TO SECTION 2523.5(a) OF THE NEW YORK CITY RENT STABILIZATION CODE. ALL COPIES OF THIS FORM MUST BE SIGNED BELOW AND RETURNED TO YOUR LANDLORD WITHIN 60 DAYS.

Date: 01/08/2004

| Tenant's Name and Address: | Owner's/Agent Name & Address |
|---|---|
| ACEVEDO, ELIZABETH | 2246 Webster Avenue HDFC |
| 2246 WEBSTER AVENUE, 34 | C/O Belmont Arthur Ave LDC |
| BRONX, NY 10457 | 660 East 183rd Street Bronx, NY  10458 |

1. The owner hereby notifies you that your lease will expire on: __04/30/2004__
                                                                  Month   Day   Year

## PART A – OFFER TO TENANT TO RENEW

2. You may renew this lease, for one year or two years, at your option, as follows:

| Col. a Renewal Form | Col. b Legal rent on Sept. 30 preceding commencement date of this Renewal Lease | Col. c Authorized applicable Guideline increase (If unknown, check box ☐ and see below)* | Col. d Applicable guideline supplement, if any | Col. e Lawful rent increase adj., if any, effective after Sept. 30th indicated in Col. b | Col. f Separate charge, if any (Specify under item 4 below) | Col. g New rent (If lower rent is to be charged check box ☐ and see 5 below)** |
|---|---|---|---|---|---|---|
| ☐ 1 Year ☐ 2 Year | $ 792.27 SAME AS ABOVE | (4.50%) $35.65 (7.50%) $59.42 | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $827.92 $851.69 |

**Preferential Rent**

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Year ☐ 2 Year | $ SAME AS ABOVE | (4.50%) $ (7.50%) $ | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $ $ |

* If applicable guideline rate is unknown at time offer is made, check box in column c and enter current guideline which will be subject to adjustment when new rates are ordered.
The rent provided for in this renewal lease may be increased or decreased pursuant to an order of the Division of Housing and Community Renewal (DHCR) or Rent Guidelines Board (RGB)

3. Security Deposit:
   Current Deposit: $ 792.27  Additional Deposit Required – 1 year lease: $ 35.65   - 2 year lease: $ 59.42

4. Specify separate charges if applicable:
   Air Conditioner - Electricity Charge: $ 0.00/mo. - Unit Charge: $ 0.00/mo.
   .421 a (2.2%): $ 0.00/mo. Other (Describe): _____ $ 0.00/mo.

5. Lower rent to be charged, if any: $ _____  Agreement attached: ☐ yes ☐ no

6. This renewal lease will commence on __05/01/2004__ , which shall not be less than 90 days nor more than 150 days from the date of mailing or personal delivery of this Renewal Lease Form. This renewal lease shall terminate on __04/30/2005__ ☐ 1 year lease or __04/30/2006__ ☑ 2 year lease.

7. This renewal lease is based on the same terms and conditions as your expiring lease, except that _____ lawful provisions attached and _____ written agreements between owner and tenant attached have been added. (Indicate in the blank spaces as applicable, the number of additional provisions or written agreements attached).

This form becomes a binding lease renewal when signed by the owner below and returned to the tenant. A rider setting forth the rights and obligations of tenants and landlords under the Rent Stabilization Law must be attached to this lease when signed by the owner and returned to the tenant (Los derechos y responsabilidades de Inquilinos y caseros estan disponible en español).

## PART B – TENANT'S RESPONSE TO OWNER

Tenant Check and complete where indicated one of the two responses below after reading instructions on reverse side. Then date and sign your response below. You must return this Renewal Lease Form to the owner in person or by regular mail, within 60 days of the date this notice was served upon you by the owner. Your failure to do so may be grounds for the commencement of an action by the owner to evict you from your apartment.

☐ I (we) the undersigned tenant(s), agree to enter into a _2_ year renewal lease at a monthly rent of $ _851.69_. This renewal lease is based on the same terms and conditions as my (our) expiring lease, and further attached lawful provisions and attached written agreements, if any (see item 7 under PART A above).

☐ I (we) will not renew my (our) lease and I (we) intend to vacate the apartment on the expiration date of the present lease set forth above.

Dated _2 /10_ 2004   Tenant's Signature(s): _Elizabeth Acevedo_

Dated _2 /10_ 2004   Owner's Signature: _____



Exhibit G

Exhibit E

Exhibit F



TravelersExpress.
MoneyGram.

INTERNATIONAL
MONEY ORDER

PURCHASER'S RECEIPT

PAY TO THE
ORDER OF: 2246 Webster ave Hsd

PURCHASER,
SIGNER FOR DRAWER Elizabeth Adorno
PURCHASER BY SIGNING YOU AGREE TO THE SERVICE CHARGE AND OTHER TERMS ON THE REVERSE SIDE

ADDRESS: 2246 Webster 3A

COPY
NOT
NEGOTIABLE

TERMS: PLEASE READ THE TERMS OF THIS MONEY ORDER ON THE REVERSE SIDE.

MONEY ORDER RECEIPT - NON NEGOTIABLE

LOAD THIS DIRECTION, THIS SIDE UP

BELMONT ARTHUR AVE L.D.C.
660 E 183rd ST
BRONX, NY 10458

RETAIN THIS RECEIPT - READ BELOW:

*08303537163*

MONEY ORDER RECEIPT - NON NEGOTIABLE

LOAD THIS DIRECTION, THIS SIDE UP

BELMONT ARTHUR AVE L.D.C.
660 E 183rd ST
BRONX, NY 10458

$500.00 **5HUNDREDDOLLARS AND NO CENTS

RETAIN THIS RECEIPT - READ BELOW:

*08303537162*

NYCHA .        LC..t Office
UNION A    .Jr & EAST 166 STREET
981 REV. J.A. POLITE AVENUE. BRONX.

**New York City Housing Authority**
**LEASE ADDENDUM AND RENT NOTICE**

Date        06/16/2006

Development UNION AVENUE & EAST 166 S
Account 356-085-02A
Annual Income Review Quarter    4
ONE YEAR LEASE EFFECTIVE DATE (L.E.D.)  02/01/2006
APARTMENT SIZE  05
RENT NOTICE # 3560153006

ALBIZU. ELIZABETH

Address  811 EAST 167TH ST
APT 02A
BRONX. NY 10459

... ....ting you this Lease Addendum / Rent Notice after it completes a review of your family composition and
....d....income .  As a result of this review, NYCHA has determined your rent.  NYCHA has updated its records of
.....family composition and income information  as indicated in this Notice.

Your new rent plus recurring charges beginning 06/01/2006  is.............................................$    619.00
(See detail below)

## I. FAMILY COMPOSITION AND OCCUPANCY NOTICE

The following are the names of each authorized member of your household.  If any of the persons listed has a child
... .hild to him or her  legally adopts a child, or is declared by a court to be the guardian of a child  the
.... ..ld may permanently reside in the household if you report the child to the Housing Manager, No other person is
.......ted to reside permanently in the household unless the Housing Manager grants you WRITTEN PERMISSION to add
that person to your household.

| NAME | SOCIAL SECURITY LAST 4 DIGITS | DATE OF BIRTH | NAME | SOCIAL SECURITY LAST 4 DIGITS | DATE OF BIRTH |
|---|---|---|---|---|---|
| ..BIZU. ELIZABETH | 3605 | 1962 | | | |
| MORALES. EDGAR | 3009 | 1983 | | | |
| .. ACEVEDO. SAHARA | 9853 | 1987 | | | |
| 4  ACEVEDO  ELIZABETH | 5951 | 1989 | | | |

## II. RENT NOTICE

.. . ous MONTHLY rent plus recurring charges was... .. .. . ...............................................$    DC :

▪ Your new MONTHLY rent plus recurring charges beginning  06/01/2006  is....................................$    619.00
.. .. has  INCREASED    after NYCHA completed an MOVE-IN    income review.

## III. CHOICE OF RENT CALCULATION

...deral  regulations permit the Housing Authority to calculate your rent in one of two ways. either:
INCOME BASED RENT OR FLAT RENT  and gives you the right to choose which method you prefer. Since NYCHA
.. sumes that you will always want to pay the lower amount of rent. we automatically charge you the lower amount.
.mpare the following two types of rent  Your NEW RENT  listed above is based on the  LESSER  of these two amounts

.. RENT BASED ON INCOME:  30% of adjusted gross income less allowable deductions OR the Welfare Shelter allowance  less any
.. ....ty allowance if you pay a utility bill directly to the utility company, plus additional recurring charges is  $   857.00

.. RENT BASED ON A FLAT RENT:  Based on rent charged for similar sized apartment in a private building, plus additional
.. ...curring charges is  . .. . ... ... .. . ... ........ .. ... ... . .. .. ... .... ... . . .$   619.00

.. you wish to pay the higher amount or have questions about rent. you may request a meeting with your Housing Assistant

.. .  For a detail of recurring charges  such as parking or air conditioner fees. see attached page.

Notice of Rights:  You may request a meeting with your Housing Assistant to review the above information  If at the meeting you
.. .ng that some information is wrong or that your rent was calculated incorrectly. you may request a grievance hearing with the
.. .ing Manager.  A copy of the grievance procedure is available at the Management Office.

Prepared by Housing Assistant        SANDRA MEJIAS _____        Date  06/16/2006

Approved and Signed by Housing Manager  FRANCISCO DE JESUS _____ _Fco. deJesus, Am  6/16/06_        Date  06/16 2006

..:HA (48 523(04705).

Page 38

Exhibit G

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------x

048720 |1|

2246 Webster Avenue, HDFC,
                Plaintiff,

INDEX NO.
FILE NO. 13817.0

      -against-

SUMMONS
Place of Venue is Plaintiff's
place of business:

Elizabeth Alibizu Acevedo,

2246 Webster Avenue
Bronx, NY 10457

            Defendant(s)

-------------------------------------------------------x
To the above named defendants(s):

    YOU ARE HEREBY SUMMONED to appear at the CIVIL COURT OF THE CITY OF
NEW YORK, COUNTY OF BRONX at the office of the clerk of the said Court at 851 Grand
Concourse, Bronx, NY 10451, in the COUNTY OF BRONX, State of New York, within the
time provided by law as noted below and to file an answer to the below complaint with the
clerk: upon your failure to answer, judgment will be taken against you for the sum of $5,093.91
with interest thereon from July 1, 2006 together with costs of this action.

DATED: July 1, 2011

**FEE PAID**

JUL 14 2011

CIVIL COURT
BRONX COUNTY

By: Gary Kavulich, Esq.,
Kavulich & Associates, P.C.
Attorney for Plaintiff
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573
(914) 355-2074

Defendant's Address:
Elizabeth Alibizu Acevedo
811 E. 167th Street, Apt. 2A
Bronx, NY 10459-2771

Note: The law provides that: (a) If the summons is served by its delivery to you personally
within the City of New York, you must appear and answer within TWENTY days after such
service: or (b) If the summons is served by any means other than personal delivery to you
within the City of New York, you must appear and answer within THIRTY days after proof of
service thereof is filed with the Clerk of this Court.

3x mail



## COMPLAINT

**FIRST ACTION:** Plaintiff seeks to recover damages from defendant(s) for breach of a lease agreement in the sum of $3,993.91 representing rental arrears for the months of July, 2006 balance of $399.79; August, 2006 through and including November, 2006 at the agreed monthly sum of $898.53 for the premises known as 2246 Webster Avenue, Apt.34 Bronx, NY 10457 together with costs and disbursements of this action and for such other and further relief as the court may deem just.

**SECOND ACTION:** Plaintiff seeks to recover damages from the defendant in the sum of $600.00 representing damages together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**THIRD ACTION:** Plaintiff seeks to recover damages from the defendant in the sum of $500.00 representing reasonable attorneys fees together with costs and disbursements of this action and for such other further relief as the Court may deem just.

**WHEREFORE,** Plaintiff demands judgment (A) on the First Action, in the sum of $3,993.91 plus interest from July 1, 2006 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (B) on the Second Action, in the sum of  $600.00 plus interest from July 1, 2006 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (C) on the Third Action, in the sum of $500.00  together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

The Plaintiff in this action is NOT required to be licensed by the New York City Department of Consumer Affairs.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 48720-2011

2246 WEBSTER AVENUE HDFC,

Plaintiff(s),

-against-

ELIZABETH ALIBIZU ACEVEDO,

Defendant(s).

ORDER TO SHOW CAUSE

ALBERTO TORRES, ESQ.
629 Melrose Avenue
Bronx, New York 10455
Tel No. (718) 620-0106
Fax No. (718) 620-0107

ATTORNEY FOR DEFENDANT
ELIZABETH ALIBIZU ACEVEDO

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: 2-7-2013

Signature _____

Signer's Name: Alberto Torres, Esq.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X

2246 WEBSTER AVENUE HDFC,                          Index No. 48720-2011

                              Plaintiff,

              -against-                              **AFFIDAVIT OF**
                                                    **SERVICE**

ELIZABETH ALIBIZU ACEVEDO,

                              Defendant(s).
------------------------------------------------------------------------X
STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF THE BRONX    )

        SORAYA CARABALLO, being duly sworn, deposes and says:

        (1)    Deponent is not a party to the action and is over 18 years of age and resides in
the State of New York, County of New York.
        (2)    On the 20ᵗʰ day of February 2013, deponent served the within ORDER TO
SHOW CAUSE, Attorney Affirmation and Affidavit to Attorney(s) at their designated
address(es):

                      GARY KAVULICH, ESQ.
                  KAVULICH & ASSOCIATES, P.C.
                  181 Westchester Avenue, Suite 500C
                      Port Chester, New York 10573

VIA CERTIFIED MAIL and RETURN RECEIPT REQUESTED in a post office or official
depository under the exclusive care of the United States Postal Service within the State of New
York a true copy thereof in a properly stamped envelope addressed to the individuals at the
addresses stated.

                                                    _____
                                                    Soraya Caraballo

Subscribed and sworn to before me
on this 25 day of February, 2013

_____                    ALBERTO TORRES
                                    Notary Public State Of New York
                                            No.01T04849926
                                      Qualified In Bronx County
NOTARY PUBLIC                     Commission Expires January 27,20 1Y

                                                            Page 43

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------X

INDEX NO. 48720/11
FILE NO. 13817

2246 WEBSTER AVENUE, HDFC,

        Plaintiff,

    -against-

<u>AFFIRMATION IN OPPOSITION TO
DEFENDANT'S ORDER TO SHOW
CAUSE</u>

ELIZABETH ALIBIZU ACEVEDO,

        Defendant.
------------------------------------------------------X

    GARY M. KAVULICH, ESQ., an attorney duly admitted to practice law before the courts of the State of New York hereby affirms the following under the penalty of perjury pursuant to CPLR 2106.

    1.    I am an Associate of the law firm of Kavulich & Associates, P.C., Attorneys for the Plaintiff herein, and as such, I am fully familiar with the facts and circumstances of the within proceeding, except as to those matters stated to be based upon information and belief, and as to those matters, I believe them to be true. The basis of my belief is information furnished to me by my client, information contained within the court's file, and information contained within the files as maintained by your Affirmant's office.

    2.    I make this affirmation in opposition to the Defendant's instant Order to Show Cause which seeks to stay Plaintiff's execution measures, vacate the Parties' January 3, 2012 Stipulation, and restore this matter to this Courts calendar. Please see the Defendant's Order to Show Cause annexed hereto as Exhibit "1."

    3.    Your Affirmant respectfully points out that on January 28, 2013 Defendant filed a pro-se motion seeking to vacate the judgment and stipulation in this matter. Then, on February 7, 2013 Defendant retained counsel who submitted a supplemental motion seeking that same relief. Plaintiff

[1]



now opposes that February 27, 2013 motion and addresses the items raised in Defendant's January 28, 2013 motion.

## BACKGROUND

4.       The within proceeding was commenced against Defendant to recover rental arrears in the amount of $3,993.91, and $600.00 in damages, due and owing by Defendant to Plaintiff pursuant to the Parties' rent stabilized lease agreement for the premises known as 2246 Webster Avenue, Apt. 34, Bronx, NY 10457. Please see the Parties lease agreement with subsequent renewal annexed hereto as Exhibit "2." Annexed hereto as Exhibit "3" is the affidavit of Plaintiff's managing agent, Tara Grekulak.

5.       The original lease agreement was for the period commencing May 1, 2003 and through and including April 30, 2004. Please see the aforementioned Exhibit "1."

6.       Thereafter, the Parties executed and entered a two (2) year renewal lease thereof for the period commencing May 1, 2004 through and including April 30, 2006.

7.       As the end of that term approached, Plaintiff sent to Defendant a lease renewal agreement to which Defendant failed to respond. Please see the aforementioned Exhibit "3."

8.       Despite failing to respond to that lease agreement, Defendant continued to pay rent through June of 2006. Please see the aforementioned Exhibit "3." Please see Plaintiff's tenant ledger annexed hereto as Exhibit "4." Please see Defendant's affidavit

9.       However, Defendant did not vacate the premises until on or about August 5, 2006. Please see the aforementioned Exhibit "3."

10.      Therefore, pursuant to the Parties' lease and the laws of New York which govern rent stabilized leases/tenancies, Defendant satisfied the conditions of a deemed renewal.

11.     As pursuant to Defendant's vacatur, Plaintiff sought to mitigate its damages through the application of Defendant's security deposit to the arrears balance owed and through the re-rental of the subject premises in December, 2006. Please see the aforementioned Exhibit "3."

12.     Therefore, Defendant is liable to Plaintiff for rent for the months of July, 2006 balance of $399.79; and August 2006 through and including November 2006 at the agreed upon monthly sum of $898.53. Please see the aforementioned Exhibit "3."

13.     Plaintiff commenced this action seeking to recover those monies on or about July 14, 2011. Please see the summons and complaint annexed hereto as Exhibit "5."

14.     Defendant interposed an answer on or about November 21, 2011. Please see Defendant's answer annexed hereto as Exhibit "6."

15.     Thereafter, at a pre-trial conference of this matter on January 3, 2012, by way of a So-Ordered Stipulation, the Parties hereto settled this matter in the sum of $2,000.00 at the rate of $50.00 per month until that sum had been paid in full. Please see a copy of that Stipulation of Settlement annexed hereto as Exhibit "7."

16.     Also per the terms of that Stipulation of Settlement, Defendant agreed that in the event she should default on that settlement, Plaintiff was entitled to judgment in the full amount of Defendant's arrears balance, $3,993.91, less any amount paid, with interest thereon from July 1, 2006. Please see the aforementioned Exhibit "6." Please see the aforementioned Exhibit "2."

17.     Further, upon Defendant's default, Plaintiff was to provide to Defendant with a notice of default and 10-day opportunity to cure said default. Please see the aforementioned Exhibit "7."

[3]

18.   Pursuant to the Parties' stipulation, Plaintiff collected $200.00. Please see the aforementioned Exhibit "3."

19.   However, Defendant defaulted on that stipulation on at least three occasions. Please see the aforementioned Exhibit "3."

20.   Pursuant to the stipulation, Plaintiff sent to Defendant the requisite default notices. Please see those default notices annexed hereto as Exhibit "8."

21.   Thereafter, upon Defendant's failure to cure her default for the month of July, 2012, Plaintiff submitted for judgment against Defendant in September, 2012.

22.   Judgment was entered on September 27, 2012. Please see a copy of that judgment annexed hereto as Exhibit "9."

23.   Thereafter, Plaintiff commenced execution measures and successfully collected $984.81 toward the satisfaction of that judgment. Please see the aforementioned Exhibit "3."

24.   Therefore, Defendant owes $5,044.72 to Plaintiff toward the satisfaction of the judgment balance. Please see the aforementioned Exhibit "9."

25.   Defendant then filed her instant Order to Show Cause seeking to stay the execution measures and restore this matter to the calendar. Please see the aforementioned Exhibit "1."

26.   As the final judgment taken against Defendant is both valid and has not been satisfied, Plaintiff now opposes Defendant's instant motion.

[4]

## DEFENDANT HAS FAILED TO MEET THE STANDARD REQUIRED TO VACATE THE STIPULATION

27.     Stipulations entered into in open court are favored by the courts and are to be set aside only where there is cause sufficient to invalidate a contract such as fraud, duress, collusion, or mistake. *Dubi v. Skiros Corp.*, 2009 NY Slip Op 07793 [2d Dep't 2009]; *Hallock v. BRONX*, 64 NY2d 224 [1984].

28.     Defendant has failed to provide to this Court with any basis upon which to grant her motion, as there is no evidence of fraud, duress, collusion, or mistake.

29.     Plaintiff has duly demonstrated that the Parties entered into a rent stabilized lease agreement, duly executed a subsequent two year renewal thereof and then a third lease was deemed renewed upon Defendant's failure to respond to Plaintiff's lease renewal request and continue to pay rent through June, 2006, and then vacate the subject premises on or about August 5, 2006. Please see the aforementioned Exhibit "3."

30.     Plaintiff commenced this instant action to recover monies owed to it resulting from Defendant's breach of the Parties' agreement.

31.     The Parties then entered into a valid So-Ordered stipulation whereby Defendant admitted owing these monies to Plaintiff.

32.     To this end, Plaintiff questions why, if Defendant now claims that she does not in fact owe this debt, she would have previously admitted to owing such.

33.     At all times Plaintiff complied with the stipulation by duly serving Defendant with a notice of default and opportunity to cure upon each instance of Defendant's default. Please see the aforementioned Exhibit "8."

[5]

34.     Pursuant to Defendant's breach, Plaintiff then took legal action to which it was entitled as determined in the Parties' Stipulation and obtained a judgment against the Defendant in the amount of the arrears it owed, less the $200.00 previously collected by it, with interest thereon from July 1, 2006. Please see the aforementioned Exhibit "9."

35.     Defendant in her January 28, 2013 Order to Show Cause states that her reason for not complying with the stipulation is that "[she] was having some financial problems and [she] wrote a letter and sent it to [Plaintiff] to [explain] her situation and give [her] an opportunity to pay when [her] financial situation [improved]. Please see the aforementioned Exhibit "1."

36.     This assertion is patently false as Plaintiff asserts that Defendant did not send the letter referenced by Defendant. Please see the aforementioned Exhibit "3."

37.     While Plaintiff remains sympathetic to any financial difficulty which Defendant may have experienced or is experiencing, Plaintiff submits that the law entitles it to have its judgment satisfied.

38.     Indeed Plaintiff has expressed its sympathies insofar as Defendant defaulted on the stipulation in July, 2012 and Plaintiff did not submit for judgment until September, 2012.

39.     Further, Defendant has failed to demonstrate that the Parties' stipulation is based on fraud, duress, collusion or mistake.

40.     As Defendant has failed to set forth a basis upon which the Parties' stipulation, in accord with *Dubi* and *Hallock*, this Court must uphold the instant judgment and underlying stipulation.

[6]

41.    Therefore, Plaintiff respectfully requests this Court to deny the instant motion in all respects.

WHEREFORE, as no legal or equitable basis has been stated or exists, Plaintiff respectfully asks that this Court deny the instant motion.

Dated: Port Chester, NY
      February 27, 2013

                    Gary M. Kavulich, Esq.,
                    Kavulich & Associates, P.C.
                    Attorneys for Plaintiff
                    181 Westchester Ave., Suite 500C
                    Port Chester, NY 10573
                    Ph:    914-355-2074
                    Fax:   914-355-2078

[7]

EXHIBIT 1

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

*15817*

------------------------------------------------------------X

2246 WEBSTER AVENUE HDFC,

Plaintiff(s),

**ORDER TO SHOW CAUSE**

-against-

Index No. 48720-2011 — 8.O.T

ELIZABETH ALIBIZU ACEVEDO,

Defendant(s).

It is Mandatory in Special Term,
Civil Court City of NY - Bronx County
For Litigants and Attorneys to APPEAR
in Court on the Return Calendar Date
to Respond to ORDERS TO SHOW CAUSE

------------------------------------------------------------X

Upon reading and filing of the annexed Affirmation of ALBERTO TORRES, ESQ. dated February 7, 2013 and the Affidavit of ELIZABETH ALIBIZU ACEVEDO, sworn to on the 7th day of February, 2013, and upon all pleadings and proceedings heretofore had herein:

LET the Plaintiff, or their attorneys, Show Cause before the Civil Court at PART **34** ROOM **503**, to be held at the Courthouse located at 851 GRAND CONCOURSE, BRONX, NEW YORK ON THE _11th_ DAY OF MARCH, 2013 at 9:30 a.m. or as soon thereafter as counsel may be heard WHY an Order should not be entered directing the following relief:

(a)    staying, effective immediately, the execution and enforcement of a judgment dated September 27, 2012 and the Income Execution dated October 10, 2012 against Defendant;

(b)    vacating and setting aside the terms and conditions of a stipulation dated January 3, 2012 against the Defendant and placing this matter back onto the court calendar and permitting said Defendant to serve and file an answer, upon the ground of excusable default and meritorious defense;

(c)    granting such other and further relief as to the Court may seem just, reasonable and equitable.

AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY:

ORDERED, that all proceedings on the part of the Plaintiff, Plaintiff's attorneys, City Marshal or any other collection agency, be hereby stayed and directed not to enforce or execute on the judgment dated September 27, 2012 in any manner whatsoever;

ORDERED, that Defendant's employer is to cease and desist from responding to the Income Execution Notice dated October 18, 2012 issued by GARY KAVULICH,ESQ., and to discontinue garnishment of Defendant's paycheck until further order of this court.

ORDERED, that service by ~~████████████~~ *certified mail with return receipt requested* of a copy of this Order together with the papers upon which it was granted upon Plaintiff's attorneys, GARY KAVULICH, ESQ., KAVULICH & ASSOCIATES, P.C., 181 Westchester Avenue, Suite 500C, Port Chester, New York 10573, Telephone number (914) 355-2074 and Fax number (914) 355-2078, on or before the _21st_ day of February, 2013 and filed with the Clerk of this Court on the return date be deemed sufficient.

Dated: Bronx, New York
          February        , 2013

          FEB 1 3 2013                                    ENTER:

PROOF OF SERVICE SHALL BE FILED
WITH THE CLERK OF CIVIL COURT
ON THE RETURN DATE.

                                                    J.C.C.   ~~Hon.~~ Joseph Capella

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------X

2246 WEBSTER AVENUE HDFC,

Index No. 48720-2011

Plaintiff,

-against-

**AFFIRMATION OF
EMERGENCY**

ELIZABETH ALIBIZU ACEVEDO,

Defendant(s).

---------------------------------------------------------------X

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF BRONX          )

ALBERTO TORRES, an attorney duly admitted to practice law before the Courts of the State of New York, pursuant to CPLR § 2106, under penalties of perjury, affirms as follows:

1.    I am the attorney for ELIZABETH ALIBIZU, Defendant in the above-captioned matter and as such I am fully familiar with the facts and circumstances of this case.

2.    I respectfully submit this Affirmation in Support of Defendant's application herein.

3.    That upon information and belief, in or about January 2013, Defendant who was not notified by her employer that they were served with an Income Execution Notice on a judgment dated September 27, 2012, realized that her employer had started garnishing Defendant's wages.

4.    That Defendant respectfully files the instant application wherein she states in her Affidavit she had been paying $50.00 per month pursuant to the stipulation for a total of $500.00, and that an additional $900.00 has been garnished from her wages.

5.    That on February 4, 2013, I spoke to Defendant and reviewed various documents, including the complaint. (See Exhibit G)

6.     That Defendant then became aware that she was sued for alleged rents from July 2006 to November 2006, however, Defendant stated and provided documentary proofs that her (1) lease expired on April 30, 2006 (See Exhibit D), (2) she paid rents through June 2006 (See Exhibit E), and (3) moved into an apartment with the New York City Housing Authority (NYCHA) in June 2006. (See Exhibit F)

7.     That Defendant in her Answer filed with this court stated that she disputed the debt and the defense of unjust enrichment.

8.     That this matter is an emergency in that my client's check is being garnished for a debt that she does not owe, and in fact Defendant is entitled to a refund of $500.00 she made pursuant to a stipulation, and $900.00 for the garnishment of Defendant's paychecks.

9.     That no prior application has been made for the relief herein.

WHEREFORE, this deponent respectfully prays for an order directing that the:

(a)     vacating and staying, effective immediately, the execution and enforcement of a judgment dated September 27, 2012 and vacating the terms and conditions of a stipulation dated January 3, 2012 against Defendant;

(b)     vacating and setting aside the judgment against the Defendant and placing this matter back onto the court calendar and permitting said Defendant to serve and file an answer, upon the ground that Defendant has documentary proofs that she is not obligated to pay this alleged debt;

(c)     granting of such other and further relief as to the Court may seem just, reasonable and equitable.

Dated: Bronx, New York
       February 7, 2013

_____
ALBERTO TORRES, ESQ.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X

2246 WEBSTER AVENUE HDFC,                             Index No. 48720-2011

                              Plaintiff,

          -against-
                                                     **AFFIDAVIT IN SUPPORT**

ELIZABETH ALIBIZU ACEVEDO,

                              Defendant(s).
-----------------------------------------------------------------X

STATE OF NEW YORK    }
                     }ss.
COUNTY OF BRONX      }

          ELIZABETH ALIBIZU, being duly sworn, deposes and says:

          1.      I am a named Defendant in the above referenced matter.

          2.      That on or about January 2013, I reviewed my paystub and discovered that
my employer was garnishing my wages for some unknown debt. I was told that the
garnishment was for the matter herein and immediately retrieved a copy from this court of
an Income Execution Notice dated October 10, 2012 showing that Plaintiff was able to
get a judgment against me for $6,029.53. (See Exhibit A)

          3.      That I consulted with an attorney and told him that my payroll check was
being garnished, although I was making payments (See Exhibit B) pursuant to a
stipulation with this court dated January 3, 2012. (See Exhibit C)

          4.      That in reviewing the complaint, my attorney advised me that the lawsuit
was for unpaid rents from July 2006 to November 2006. when in fact I had already
vacated and surrendered the apartment. (See Exhibit G)

          5.      That I have a meritorious defense in that I had no contractual obligations
with the Plaintiff herein who misrepresented in documents filed with this court that they

are entitled to rents for July 2006 through November 2006 when in fact (1) my lease expired in June 2006, (See Exhibit D), (2) I had paid rent through June 2006 and gave the landlord my security deposit (See Exhibit E) and (3) moved into an apartment at the New York City Housing Authority (NYCHA) in June 2006. (See Exhibit F)

6.      That I do not owe this alleged debt because I had no contractual agreement obligations with Plaintiff, and the signing of the stipulation under false pretenses and judgment against me should be vacated so that I can defend this case on the merits.

7.      That as I stated before, I vacated the apartment, paid my rent and surrendered my security deposit to Plaintiff in June 2006, and moved into an apartment with NYCHA.

8.      Therefore, I request that this court vacate the stipulation, dated January 3, 2012, and judgment, dated September 27, 2012, and give me an opportunity to defend myself on the grounds that I did not owe Plaintiff any rents subsequent to my vacating the apartment.

9.      That I would also request that this court order Plaintiff to reimburse me $500.00 I paid pursuant to the stipulation, and $900.00 that has been garnished from my pay through January 2013.

10.     It is also requested that the court order a stay on the garnishment of my wages pending the final resolution of this matter.

11.     That no prior application has been made for the relief that Plaintiff request herein.

        **WHEREFORE**, it is respectfully requested that this Court grant the relief requested and for such other and further relief as this Court deems just and proper.



Dated: Bronx, New York
     February 7, 2013

ELIZABETH ALIBIZU

Subscribed and sworn to before me
on this 7 day of February, 2013

NOTARY PUBLIC

ALBERTO TORRES
Notarty Public State Of New York
No.01T04849926
Qualified In Bronx County
Commission Expires January 27,20 14

Page 58

EXHIBIT 2



Copyright © 1998 by Rent Stabilization Association.

# RENT STABILIZED LEASE

## ATTACHED RIDER SETS FORTH RIGHTS AND OBLIGATIONS OF TENANTS AND LANDLORDS UNDER THE RENT STABILIZATION LAW. (LOS DERECHOS Y RESPONSABILIDADES DE INQUILINOS Y CASEROS ESTAN DISPONIBLE EN ESPAÑOL.)

Owner and Renter make this apartment lease agreement as follows:

Owner's Name: __2246 WEBSTER AVENUE HDFC__

Owner's Address for Notices: __660 EAST 183RD STREET, BRONX, NY 10458__

Renter's Name: 1. __MS. ELIZABETH ACEVEDO__   Social Security #: ███3605

2. _____   Social Security #: _____

Renter's Present Address: __2600 UNIVERSITY AVENUE, APT. 3G, BRONX, NY 10457__

Address of Premises to Be Rented: __2246 WEBSTER AVENUE, BRONX, NEW YORK 10457__

Apt. No.: __34__   Term of This Lease (Check one): ☒ 1 year ☐ 2 years *Monthly Rent: $ 792.27

Date of Lease: __05/01/03__   Beginning: __05/01/03__   Ending: __04/30/04__

* If a preferential rent is being charged, the amount of the preferential rent is set forth in the attached rider.

**1. HEADINGS:** Paragraph headings are only for ready reference to the terms of this lease.

**2. CONDITION "AS IS":** Renter acknowledges inspecting the apartment prior to signing this lease and accepts the apartment in the condition it is in as of such inspection. Renter acknowledges that the apartment is free of defects. Owner warrants that the apartment and building are fit for habitation and there are no conditions dangerous to health, life or safety.

**3. USE AND OCCUPANCY OF APARTMENT:** The apartment is to be used and occupied for private residential purposes only, as the primary residence of Renter. The apartment may be occupied only by Renter named in this lease, Renter's immediate family, or other occupants in accordance with the applicable provisions of law. Renter agrees that the apartment will be occupied only by the following individuals, in addition to Renter:

| Name: | Birth Date: | Relation to Renter: |
|---|---|---|
| → Elizabeth Acevedo | ██62 | Self |
| Sahara Acevedo | ██87 | Daughter |
| Elizabeth Acevedo | ██89 | Daughter |

Renter is obligated to advise Owner, in writing, if any additional occupant moves into the apartment. Such notice must be furnished by Renter to Owner within 10 days of the date such additional occupant moves into the apartment. The apartment may not be occupied by more than the number of occupants permitted by §27-2075 of the Housing Maintenance Code or by §235-f of the Real Property Law, whichever is less.

**4. RENTER'S POSSESSION OF APARTMENT:** Owner shall not be liable for failure to give Renter possession of the apartment on the beginning day of the lease term. Rent shall be payable as of the beginning of the term unless Owner is unable to give possession, in which case rent shall be payable as of the date possession is available. Owner must give possession within 30 days of the beginning day of the lease term. If not, Renter may cancel this lease and obtain a refund of money deposited. Owner will notify Renter as of the date possession is available. The ending date of the lease term will not change in the event Owner is unable to give possession as of the beginning of the lease term.

**5. RENT, ADDED RENT, RENT ADJUSTMENTS:** a. Rent payments for each month are due on or before the first day of each month at the address above or at a location designated by Owner in writing. The rent must be paid in full without deductions. The first month's rent and added rent must be paid when Renter signs this lease. b. Renter may be required to pay other charges and fees to Owner under the terms of this lease. They are called "added rent." This added rent will be payable as rent, together with the next monthly rent due. If Renter fails to pay the added rent on time, Owner shall have the same rights against Renter as if Renter failed to pay rent. c. If this apartment is subject to the rent stabilization laws, the rent to be paid during the term of this lease may be adjusted, prospectively or retroactively, pursuant to an order of the New York State Division of Housing and Community Renewal (DHCR). Renter agrees to be bound by such determination, and to pay any increase in rent in the manner specified by the agency. In the event the applicable rent guideline has not been fixed by the Rent Guidelines Board (RGB) by the date the lease is executed, the rent provided for in this lease may be increased or decreased retroactively to the commencement date of the lease consistent with orders issued by the RGB. Added rent as defined herein shall include, but is not limited to:

| MCI IMPROVEMENTS | TENANT DAMAGES TO PREMISES ← |
|---|---|
| J-51 | |

**6. FAILURE TO PAY RENT ON DUE DATE:** Rent is due by the first day of each month. Payment after the 10th day of each month shall be considered a "late payment." Renter expressly agrees and understands that three (3) or more late payments in any twelve month period shall be deemed to be a failure to comply

1 of 4

## LEASE/COMMENCEMENT OF OCCUPANCY NOTICE FOR PREVENTION OF LEAD BASED PAINT HAZARDS—INQUIRY REGARDING CHILD

You are required by law to inform the owner if a child under six years of age resides or will reside in the dwelling unit (apartment) for which you are signing this lease/commencing occupancy. If such a child resides or will reside in the unit, the owner of the building is required to perform an annual visual inspection of the unit to determine the presence of lead-based paint hazards. IT IS IMPORTANT THAT YOU RETURN THIS FORM TO THE OWNER OR MANAGING AGENT OF YOUR BUILDING TO PROTECT THE HEALTH OF YOUR CHILD.

If a child under six years of age does not reside in the unit now, but does come to live in it at any time during the year, you must inform the owner in writing immediately. If a child under six years of age resides in the unit, you should also inform the owner immediately at the address below if you notice any peeling paint or deteriorated subsurfaces in the unit during the year.

Please complete this form and return one copy to the owner or his or her agent or representative when you sign the lease/commence occupancy of the unit. Keep one copy of this form for your records. You should also receive a copy of a pamphlet developed by the New York City Department of Health explaining about lead based paint hazards when you sign your lease/commence occupancy.

CHECK ONE: ☐ A child under six years of age resides in the unit.

☒ A child under six years of age does not reside in the unit.

_Elizabeth Acevedo_ _____ (Occupant signature)

Print occupant's name, address and apartment number:   MS. ELIZABETH ACEVEDO

_2246 WEBSTER AVENUE, APT. 34,   BRONX, NY  10457_

---

Certification by owner: I certify that I have complied with the provisions of § 27-2056.6 of Article 14 of the Housing Maintenance Code and the rules promulgated thereunder relating to duties to be performed in vacant units, and that I have provided a copy of the New York City Department of Health pamphlet concerning lead based paint hazards to the occupant.

_Consolata Cicci_ _____ (Owner signature)

RETURN THIS FORM TO:   2246 WEBSTER AVENUE HDFC

660 EAST 183RD STREET, BRONX, NY  10458

OCCUPANT: KEEP ONE COPY FOR YOUR RECORDS
OWNER COPY/OCCUPANT COPY

FEB 26 2002 (16).max

elevators, if any, shall be used by messengers and trades people for entering and leaving and the passenger elevators, if any, shall not be used by them for any purpose.

**41.LAUNDRY:** Laundry machines if any, provided by Owner, shall be used by Renter in the manner and at the times that Owner may designate. Renter shall not dry or air clothes on the roof or on the terrace or balcony, if any. Renter may use laundry machines, if any, at their own risk.

**42.OBJECTIONABLE CONDUCT:** Renter, their families, guests, employees, or visitors shall not engage in any conduct which makes the apartment or building less fit to live in for Renter or other occupants. Renter shall not make or permit any disturbing noises in the apartment or building or permit anything to be done that will interfere with the rights, comfort or convenience of other renters. Renter shall not play a musical instrument or operate or allow to be operated audio or video equipment so as to disturb or annoy any other occupant of the building.

**43.NO PROJECTIONS:** Renter may not install or cause to be installed anything on the roof or outside wall of the building or any balcony, terrace, or window.

**44.MOVING:** Renter can use the elevator or service elevator, if any, to move furniture and possessions only on designated days and at designated hours. Owner shall not be liable for any costs, expenses or damages incurred by Renter in moving because of delays caused by unavailability of the elevator. Renter shall be liable for any damage caused to the building or the apartment during such move.

**45.WAIVER OF FOREIGN SOVEREIGN AND DIPLOMATIC IMMUNITY:** Renter represents that he is not subject to foreign sovereign or diplomatic immunity. Renter expressly waives the doctrine of foreign sovereign immunity and diplomatic immunity and consents to the jurisdiction of the Housing Court and all other courts. Renter expressly represents that in the event a judgment is obtained against him, Owner may enforce the judgment against any property or assets of Renter, wherever they are located.

**46.MILITARY STATUS:** Renter represents that he is not in the United States military, and is not dependent upon a member of the United States military. Renter must notify Owner within ten days of enlistment in the military.

**47.PARTIES BOUND:** This lease agreement is binding on Owner and Renter, and on all those who claim a right, or have a right, to succeed to the legal interest of Owner and Renter.

**48.FORMS:** Renter agrees to complete any and all forms that may be requested by Owner from time to time.

**49.SUBORDINATION:** The rights of Renter, including all rights granted under the terms of this lease are, and shall be, subject to and subordinate to the terms of any mortgage on the building or the land under the building which now exists, or which may hereafter exist. The foregoing shall include but not be limited to any modification, consolidation or extension agreement of any existing mortgage on the land or building.

**50.SINGULAR/PLURAL and JOINT/SEVERAL:** The use of the singular shall be deemed to include the plural, and vice versa, whenever the context so requires. If more than one entity is renting the apartment, their obligations shall be joint and several.

**51.CONDEMNATION/EMINENT DOMAIN:** If the building, or any part of the building, is taken or condemned by a public authority or government agency, this lease will end on the date of such taking. In such event, Renter will have no claim for damages against Owner based upon such taking, and Renter will be required to surrender the apartment to Owner upon 30 days written notice from Owner to Renter of such government taking.

**52.CONSTRUCTION/CONVENIENCE:** Neighboring buildings may be the subject of construction, renovation or demolition. Owner will not be liable to Renter, nor shall Renter seek to hold Owner liable for interference with views, light, air flow, or ventilation, the covenant of quiet enjoyment, or breach of the warranty of habitability whether such interference is temporary or permanent, if such interference results from activities conducted on adjoining Owners' properties.

**53.NO WAIVER:** The failure of Owner to insist at any time upon performance of any clause in this lease shall not be construed as a waiver of Owner's rights. No waiver by Owner of any provision of this lease can be made unless made in writing by Owner. Acceptance of rent by Owner with knowledge of the breach of any condition or term of this lease is not a waiver of the breach.

**54.CREDIT REPORTS:** Renter authorizes Owner to use the Social Security number of Renter to obtain any and all credit reports for the purpose of the initial lease or any renewal thereof now and no more than five years after the expiration of this lease or any renewal thereof, and fully understands that these reports will be used by owner in connection with Renter's occupancy of the apartment.

**55.ENTIRE AGREEMENT:** Owner and Renter have read this lease and agree that it contains the entire understanding of the parties regarding the rental of the subject apartment. The lease can only be changed in writing. The writing must be signed by both Owner and Renter.

**If any part of this lease is determined to be unlawful, the remaining provisions of the lease will remain valid and in full force and effect.**

→ **2246 WEBSTER AVENUE HDFC**
Owner/Agent (on behalf of Owner)

*Consolato Cician*

**SIGNATURE**

**MS. ELIZABETH ACEVEDO**
Renter

*Elizabeth Acevedo*
Renter Signature

Renter Signature →

4 of 4

# RENEWAL LEASE FORM

Read INSTRUCTIONS TO OWNER and TO TENANT on reverse side before filling out signing this form.

**THIS IS A NOTICE FOR RENEWAL OF LEASE AND RENEWAL LEASE FORM PROMULGATED PURSUANT TO SECTION 2523.5(a) OF THE NEW YORK CITY RENT STABILIZATION CODE. ALL COPIES OF THIS FORM MUST BE SIGNED BELOW AND RETURNED TO YOUR LANDLORD WITHIN 60 DAYS.**

Date: 01/08/2004

Tenant's Name and Address:
ACEVEDO, ELIZABETH
2246 WEBSTER AVENUE, 34
BRONX, NY 10457

Owner's/Agent Name & Address:
2246 Webster Avenue HDFC
C/O Belmont Arthur Ave LDC
669 East 183rd Street Bronx, NY 10458

1. The owner hereby notifies you that your lease will expire on: **04/30/2004**
   <u>Month   Day   Year</u>

2. You may renew this lease, for one year or two years, at your option, as follows:

| Col. a Renewal Term | Col. b Legal rent on Sept. 30 preceding commencement date of this Renewal Lease | Col. c Applicable Guideline Increase (If unknown, check here ☐ and see below)* | Col. d Applicable guideline supplement, if any | Col. e Lawful rent increase adj., if any, effective after Sept. 30th indicated in Col b | Col. f Separate charge, if any (Specify under item 4 below) | Col. g New rent (if lower rent is to be charged check box ☐ and see § below)** |
|---|---|---|---|---|---|---|
| ☐ 1 Year | $ 792.27 | (4.50%) $35.65 | $0.00 | $0.00 | $0.00 | $827.92 |
| ☐ 2 Year | SAME AS ABOVE | (7.50%) $59.42 | $0.00 | $0.00 | $0.00 | $851.69 |

**Preferential Rent**

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Year | $ | (4.50%) $ | $0.00 | $0.00 | $0.00 | $ |
| ☐ 2 Year | SAME AS ABOVE | (7.50%) $ | $0.00 | $0.00 | $0.00 | $ |

* If applicable guideline rate is unknown at time offer is made, check box in column a and enter current guideline which will be subject to adjustment when new rates are ordered.
** The rent provided for in this renewal lease may be increased or decreased pursuant to an order of the Division of Housing and Community Renewal (DHCR) or Rent Guidelines Board (RGB).

3. Security Deposit:
   Current Deposit: $ 792.27   Additional Deposit Required – 1 year lease: $ 35.65   - 2 year lease: $ 59.42

4. Specify separate charges if applicable:
   Air Conditioner – Electricity Charge: $ 0.00/mo. – Unit Charge $ 0.00/mo.
   421 at (7.25%) $ 0.00/mo. Other (Describe): _____ – $ 0.00/mo.

5. Lower rent to be charged, if any: $ _____   Agreement attached: ☐ yes ☐ no

6. This renewal lease shall commence on **05/01/2004**, which shall not be less than 90 days nor more than 150 days from the date of mailing or personal delivery of this Renewal Lease Form. This renewal lease shall terminate on **04/30/2005** ☐ 1 year lease or **04/30/2006** ☐ 2 year lease.

7. This renewal lease is based on the same terms and conditions as your expiring lease, except that _____ lawful provisions attached and _____ written agreements between owner and tenant attached have been added. (Indicate in the blank spaces as applicable, the number of additional provisions or written agreements attached).

This form becomes a binding lease renewal when signed by the owner below and returned to the tenant. A rider setting forth the rights and obligations of tenants and landlords under the Rent Stabilization Law must be attached to this lease when signed by the owner and returned to the tenant (Los derechos y responsabilidades de inquilinos y caseros estan disponible en español).

Tenant: Check and complete where indicated one of the two responses below after reading instructions on reverse side. Then date and sign your response below. You must return this Renewal Lease Form to the owner in person or by regular mail, within 60 days of the date this Notice was served upon you by the owner. Your failure to do so may be grounds for the commencement of an action by the owner to evict you from your apartment.

☐ I (we) the undersigned tenant(s), agree to enter into a _0_ year renewal lease at a monthly rent of $ _851.69_. This renewal lease is based on the same terms and conditions as my (our) expiring lease, and further attached lawful provisions and attached written agreements, if any (see item 7 under PART A above).

☐ I (we) will not renew my (our) lease and I (we) intend to vacate the apartment on the expiration date of the present lease set forth above.

Dated 2 /10 200 4   Tenant's Signature(s): _Elizabeth Acevedo_

Dated 2 /10 200 4   Owner's Signature: _____



EXHIBIT 3

CIVIL COURT OF THE CITY OF BRONX
COUNTY OF BRONX: PART 34

INDEX NO. 48720/11

----------------------------------------------------------X

FILE NO. 13817

2246 WEBSTER AVENUE, HDFC,

                    Plaintiff,

**AFFIDAVIT**
**IN SUPPORT**

      - against -

ELIZABETH ALIBIZU ACEVEDO,

                 Defendant.

----------------------------------------------------------X

STATE OF BRONX  )
                ) SS
COUNTY OF BRONX  )

    I, Tara Grekulak, being duly sworn deposes and says:

    1.    I am the managing agent for the Plaintiff, 2246 WEBSTER AVENUE, HDFC

herein, and as such I am fully familiar with the facts and circumstances of this proceeding.

    2.    The Parties entered into a rent stabilized lease agreement for the premises known

as 2246 Webster Avenue, Apt. 34, Bronx, NY 10457 for the period commencing May 1, 2003

and through and including April 30, 2004. Please see the aforementioned Exhibit "1."

    3.    Thereafter, the Parties executed and entered a two (2) year renewal lease thereof

for the period commencing May 1, 2004 through and including April 30, 2006.

    4.    As the end of that term approached, Plaintiff sent to Defendant a lease renewal

agreement to which Defendant failed to respond.

    5.    Despite failing to respond to that lease agreement, Defendant continued to pay

rent through June of 2006.

    6.    However, Defendant did not vacate the premises until on or about August 5, 2010.

Please see the aforementioned Exhibit "3."

7.     My attorneys therefore advised me, that pursuant to the laws of New York which govern rent stabilized leases/tenancies, Defendant satisfied the conditions of a deemed renewal.

8.     The within proceedings was commenced against Defendant to recover rental arrears in the amount of $3,993.91, and $600.00 in damages, due and owing by Defendant to Plaintiff pursuant to the Parties' lease agreement for the premises known as 2246 Webster Avenue, Apt. 34, Bronx, NY.

9.     Thereafter, at a pre-trial conference of this matter on January 3, 2012, by way of a So-Ordered Stipulation, the Parties hereto settled this matter in the sum of $2,000.00 at the rate of $50.00 per month until that sum had been paid in full.

10.     Also per the terms of that Stipulation of Settlement, Defendant agreed that in the event she should default on that settlement, Plaintiff was entitled to judgment in the full amount of Defendant's arrears balance, $3,993.91, less any amount paid, with interest thereon from July 1, 2006.

11.     Also per that Stipulation of Settlement, upon Defendant's default, Plaintiff was to provide to Defendant with a notice of default and 10-day opportunity to cure said default.

12.     That pursuant to the Parties' stipulation, Plaintiff collected $200.00.

13.     That Defendant defaulted on that stipulation on at least three occasions.

14.     Thereafter, upon Defendant's failure to cure her default for the month of July, 2012, Plaintiff submitted for and obtained judgment against Defendant in September, 2012.

15.     Thereafter, Plaintiff commenced execution measures and successfully collected $984.81 toward the satisfaction of that judgment. Please see the aforementioned Exhibit "2."

16.     Therefore, Defendant continues to owe to Plaintiff $5,044.72 toward the satisfaction of that judgment balance.

17.     My attorneys has advised me that the Defendant ELIZABETH ALIBIZU

ACEVEDO has filed an Order to Show Cause which seeks to vacate the Parties' Stipulation and

execution measures taken against Defendant.


WHEREFORE, your deponent prays that the relief sought herein is granted in all respects
and for such other and further relief as to this court may seem just and proper.


Sworn to before me this

_____ day of March, 2013

_____
Notary Public

_____
Tara Grekulak

CECILIA A. FERRO
Notary Public, State of New
No. 01FE6280710
Qualified in Westchester
Commission Expires _____ 5/31/14

EXHIBIT 4

UP TO DATE BALANCES >>     FROM  04/01/2004  TO  04/30/2006     FOR BUILDING: 2246 Tehlslas Ave

BUILDING TOTAL: 2246-BM      TODAY'S DATE: 4/28/2006      PAGE  5

UNIT/1003     TENANT TO/NAME     CHG TYPE     START ARREARS     CURRENT PERIOD RENT CHARGES     PAYMENTS     ADJUSTMENTS     END ARREARS     OTHER TRANSACTIONS BEG BAL / ADJS / PMTS     END BAL

01 / 0.00   TENANT: OVEROCK2 / OVERON, ROCKILLE     STATUS: Current

LEAGE START:  04/01/2004
LEAGE END:    07/11/2006

LEASE: 2246-OVEROG2          STATUS: Current

MOVE-IN:
MOVE-OUT:     05/01/1995

RENTS                    .00          364.22       -364.22               .00
RENT1             -64.77              402.00          .00           -715.22
MONTH                .00              777.00       -777.00               .00
SUBTOTAL:       -647.22            1,047.22           -643.22          -765.32

COMMENTS:   Stabilized    CONTINUED INCOME/RENTS
            CONTINUED RPT  11/17
            Feb. 6, 2006, FLATOR - TEN. PORTION AS OF 2/2006 $679.00 OR $1,117.17     UNRESTRICTED INCOME/MODERATE

02 / 00   TENANT: OVEROG2 / OVEROW, ROCKILLA     LEASE: 2246-OVEROG5          STATUS: Current

LEAGE START:  04/01/2004     MOVE-IN:  02/01/1995
LEAGE END:    07/31/2006     MOVE-OUT:

RENTS                    .00              .00           .00               .00
SUBTOTAL:           .00              .00           .00               .00

COMMENTS:   Stabilized    UNRESTRICTED INCOME/ MODERATE
            CONTINUED RPT  11/12
            Feb. 4, 2004, FLATOR - TEN. PORTION AS OF 1/2006 $679.40 OR $1,117.22

03 / 1.00   TENANT: CHALDO4 / CHIL RIVERA, ELSA     LEASE: 2246-CHALDO4          STATUS: Current

LEAGE START:  05/01/2004     MOVE-IN:  05/01/1995
LEAGE END:    04/30/2006     MOVE-OUT:

RENTS                    .00          519.15       -524.15               .00          .00
RENT1                .00          141.00       -141.00               .00          .00
ELECT                .00              .00           .00               .00          .00
WATER
SUBTOTAL:           .00          651.15          -651.15               .00          13.42        -3.42
                                                                                      13.42       +9.42

COMBINE(S)   Stabilized    60%

04 / 4.00   TENANT: ALEVU05 / ALABIDU, ELIZABETH     LEASE: 2246-ALEVU095          STATUS: Current

LEAGE START:  05/01/2004     MOVE-IN:  05/01/2003
LEAGE END:    04/30/2006     MOVE-OUT:

RENT1            -19.14              -160.40       -160.40               .00          21.53
SUBTOTAL:       -30.18              -900.02       -900.02               .00          21.53

COMMENTS:   Stabilized    60%
            TEN. BS-TEN PORTION HAVE ALREADY NOT RECEIVED

UP TO DATE BALANCES >>   FROM  03/01/2006  TO  05/31/2006   FOR BUILDING: 2246 Webster Ave   BUILDING CODE: 2246-001   TODAY'S DATE: 5/31/2006   PAGE  6

| UNIT/APRS | TENANT ID/NAME | CHG TYPE | START ARREARS | RENT CHARGES | CURRENT PERIOD PAYMENTS | ADJUSTMENTS | END ARREARS | BEG BAL | OTHER TRANSACTIONS ADJ | PYMTS | END BAL |
|---|---|---|---|---|---|---|---|---|---|---|---|

022 / 4.00  TENANT: CRUZ804 / CRUZ SIERRA, ELBA   LEASE: 2246-CRU2804   STATUS: Current

LEASE START: 06/01/2008
LEASE END: 01/30/2008

|  | RENT | .00 | 510.12 | .00 | .00 | 510.12 |  |  |  |
|  | MGMT | .00 | 176.81 | -159.00 | .00 | 27.81 |  |  |  |
|  | MBER | .00 |  | .00 | .00 | .00 |  |  |  |
|  | WATER |  |  |  |  |  | 13.62 | -13.62 |  |

SUBTOTAL:  .00  680.96  -159.00  .00  537.96   13.62  -13.62

COMMENTS:  Established   801
L/R CHK'D FROM 5/01 @ 427 FY - $271.92

May 23, 2006, ELAINE - MARISA SUBMITTED L/R'S

033 / 4.00  TENANT: ACEVED3 / ALBIZU, ELIZABETH   LEASE: 2246-ACEVED3   STATUS: Current

LEASE START: 04/01/2004
LEASE END: 04/30/2009

|  | RENT | 21.53 | 925.93 | .00 | .42 | 920.95 |
|  | SUBTOTAL | 21.53 | 698.53 | .00 | .00 | 920.64 |

SUBTOTAL:  21.53  698.53  .00  .00  920.64

COMMENTS:  Established   621
INC. -92X96 MARIACH SOME ALBIZU NOT ACEV(26)

041 / 4.00  TENANT: JIMER0041 / BOLER, TANYA   LEASE: 2246-JMS0001-41   STATUS: Current

LEASE START: 12/15/2005
LEASE END: 11/15/2003

|  | RENT | .00 | 726.45 | .00 | .01 | 726.45 | 40.96 | 13.62 | 41.48 |
|  | PYMT | 676.16 | 413.49 | .00 | .00 | 1,159.94 | 40.96 | 13.62 | 41.48 |
|  | MONEY |  |  |  |  |  |  |  |  |

SUBTOTAL:  876.16  2,220.05  .00  .00  1,886.41   40.96  13.62

COMMENTS:  Established   >  04/01/2003 UNRESTRICTED INCOME PROGRAM
L/R CHK'D FROM 14/15/03 531 40 9 1716  5/04 @ 452.49 @ 5349.06

May 24, 2006, ELAINE - MARISA SUBMITTED L/R'S

UP TO DATE BALANCES >>    FROM  05/01/2006  TO  06/30/2006    FOR BUILDING: 2246 TieboAr Ave    BUILDING CODE: 2246-004    TODAY'S DATE: 6/30/2006    PAGE  6

| UNIT/IRMS | TENANT ID/NAME | CHG TYPE | START ARREARS | RENT CHARGES | CURRENT PERIOD PAYMENTS | ADJUSTMENTS | END ARREARS | BEG BAL | OTHER TRANSACTIONS ADJS | TYPES | END BAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 032 / .00 | TENANT: OVERDORF / OVISTON, ROCHELLE | | LEASE: 2246-OVERD007 | | STATUS: Current | | | | | | |
| | LEASE START: 08/01/2005 | MOVE-IN: 05/01/1995 | | | | | | | | | |
| | LEASE END: 07/31/2006 | MOVE-OUT: | | | | | | | | | |
| | | RENTS | .00 | .00 | .00 | .00 | .00 | | | | |

COMMENTS:  Stabilized
CONCLUDED APT. 11/32
FEB. 6, 2006, ELAINE - TEN. PORTION AS OF 4/2006 $679.00 OR $1,047.22

7/06 NEW RETRIG

| 033 / 4.00 | TENANT: CHARBONI / CRUZ RIVERA, ELSA | | LEASE: 2246-CRUZ0DA | | STATUS: Current | | | | | | |
| | LEASE START: 05/31/2006 | MOVE-IN: 05/01/1995 | | | | | | | | | |
| | LEASE END: 06/30/2006 | MOVE-OUT: | | | | | | | | | |
| | | RENTS | 510.15 | 307.15 | -1,864.30 | -8.890 | .01 | | | | |
| | | RENTS | 27.81 | 188.81 | -159.30 | 8.00 | 71.62 | | 13.62 | -13.62 | |
| | | MONTH | .00 | .00 | .00 | .00 | .00 | | 12.98 | -13.62 | |
| | | WATER | | | | | | | | | | |
| | | SUBTOTAL: | 537.96 | $86.96 | -1,163.30 | .00 | 71.62 | | | | |

COMMENTS:  Stabilized
L/R OWES OVER /06  4/06 @ $27.81 = $55.69  607
May 23, 2006, ELAINE - MARIA SUBMITTED L/MIS

| 034 / 4.00 | TENANT: ACEVODO / MARINI, ELIZABETH | | LEASE: 2246-ACEV005 | | STATUS: Current | | | | | | |
| | LEASE START: 05/01/2006 | MOVE-IN: 05/31/2006 | | | | | | | | | |
| | LEASE END: 04/30/2008 | MOVE-OUT: | | | | | | | | | |
| | | RENTS | 370.04 | 429.53 | -800.00 | .00 | 1,018.59 | | | | |
| | | SUBTOTAL: | 373.04 | $48.53 | -800.00 | .00 | 1,018.59 | | | | |

COMMENTS:  Stabilized  605
TEN. USING BALANCE NAME ALEXIS FOR ACEVEDO

UP TO DATE BALANCES >>   FROM   01/01/2006   TO   07/31/2006       FOR BUILDING:  2246 Webster Ave       BUILDING CODE: 2246-066          TODAY'S DATE: 7/31/2006       PAGE   6

| UNIT/RMS | TENANT ID/NAME | CHG TYPE | START ARREARS | RENT CHARGES | PAYMENTS | ADJUSTMENTS | END ARREARS | REC BAL | ADJ | PMTS | END BAL |
|---|---|---|---|---|---|---|---|---|---|---|---|

D22 / .00   TENANT: OVE5002 / OVERTON, ROCHELLE          LEASE: 2246-OVE5002          STATUS:  Current

LEASE START:  08/01/2004        MOVE-IN:     05/01/1995
LEASE END:    07/31/2006        MOVE-OUT:

                                RENTS          .00          .00          .00          .00          .00                          .00

COMMENTS:   Stabilized
            COMBINED APT. 31/32
            FMR. 6, 2006, ELAINE - TEN. PORTION AS OF 1/2006 $479.09 OR $1,047.22

            7/06 NEW METRIG

            July 25, 2006  ADRIANNE- FL 15 L/R  NEO NCI OWED? NON RECNT NON LONG ) DID NR SUBMIT IT?

D23 / 4.00   TENANT: CRS5004 / CRUZ RIVERA, ELSA          LEASE: 2246-CRS5004          STATUS:  Current

LEASE START:  05/01/2006        MOVE-IN:
LEASE END:    04/30/2008        MOVE-OUT:

                                RENTS         .00           .80        -502.15         .00         .00          13.68        13.68
                                AGNT        71.62         184.03      -185.03          .00        71.40                     -13.52
                                HEDTN         .00           .00          .00           .00         .00          12.45       -13.62
                                WATER         .00

                                SUBTOTAL:    71.62         696.94      -697.10         .00        91.60

ORIGINAL:   60%
            L/A CHGD FROM 5/06 - 7/06 @ $93.01 - 143 03

            May 31, 2006, STATUS - MARISA SUBMITTED 1/06

D24 / 4.00   TENANT: ACE5005 / ALBINO, ELIZABETH          LEASE: 2246-ACE5005          STATUS:  Current

LEASE START:  09/01/2006        MOVE-IN:
LEASE END:    01/30/2000        MOVE-OUT:

                                RENT       1,018.29        996.03          .00          .00       1,917.12
                                SUBTOTAL:  1,018.59        990.53          .00          .00       1,917.33

ORIGINAL:   60%
            TEN. USING RALDOM HONK ALBITU NOT MOLVED

Page 72

UP TO DATE BALANCE >>   FROM 05/01/2006 TO 08/31/2006   FOR BUILDING: 2246 Webster Ave   BUILDING CODE: 2246-004   TODAY'S DATE: 8/31/2006   PAGE 7

| UNIT/RMS | TENANT ID/NAME | CHG TYPE | STATE ARREARS | RENT CHARGES | CURRENT PERIOD PAYMENTS | ADJUSTMENTS | END ARREARS | BEG BAL | OTHER TRANSACTIONS ADJS | PYMTS | END BAL |
|---|---|---|---|---|---|---|---|---|---|---|---|

034 / 4.00   TENANT: ACEVEDO / ALMIDO, ELIZABETH(04/01)   LEASE: 2246-HCRV093   STATUS: Current

LEASE START: 05/01/2006
LEASE END: 04/30/2008

MOVE-IN: 05/01/2003
MOVE-OUT:

RENT          1,917.12      115.97                .00                      .10        2,033.04
SUBTOTAL      1,917.12      115.92                .00                      .00        2,033.04

COMMENTS: Stabilized
Aug. 24, 2004, ELAINE - TRANCH ADMISSION WE TODAY APT. AVAILABLE AS OF 9/5/06
TDH. USING TAKEN MORE ALANID NOT ACTUED

START DATE: 8/01/2006    END DATE:
IN COURT:   COU1- HOLD -

061 / 6.00   TENANT: @RECO001-41 / SMITH, TARYA   LEASE: 2246-@RECO001-41   STATUS: Current

1/YRB START: 12/15/2005
LEASE END: 12/14/2011

MOVE-IN: 12/15/2003
MOVE-OUT:

RENTS         .00          786.45       -786.45      .00      .00
N.PFT      199.98          431.60       -193.00      .00    563.48
WATER                                                              13.42   +23.00   .47
GRNTOTAL   499.98        1,220.06      -1,256.45     .00    563.48         13.62   -13.00   .42

COMMENTS: 816811368 > 08/01/2003 IRREGULATION INCOME/MODERATE
L/A DATE FROM 12/15/03 $31.24 + $296 - 9/05 $ $63.60 + $560.60

May 23, 2016, ELAINE. MARISA SUBMITTED 1/8/15

June 1, 2004, ELAINE - TDH. PORTION AS OF 7/2006 $160.00 ON $1,134.45

July 24, 2004, AIRIANNE - $/4 PAYING ON $2156.45

START DATE: 8/10/2006    END DATE:
NON MCL 8/10 -

IN COURT:

083 / 4.00   TENANT: RIVERO / RIVERA, ANTONIA   LEASE: 2246 HRY027   STATUS: Current

LEASE START: 01/05/2005
LEASE END: 04/30/2006

MOVE-IN: 05/01/1995
MOVE-OUT:

RENTS          .00         562.96       -562.96      .00      .00
RENT      114.43          123.00       -123.00      .00    114.43
WATER                                                              13.62   -13.42
SUBTOTAL   114.43          686.94       -686.94      .00    114.43         13.69   -13.42

COMMENTS: Stabilized
May 19, 2006, ELAINE - TDH. PORTION AS OF 8/2006 $123.00 ON $636.96 (REVISED)

L/A OWED FROM 3/06 - 8/06 $ $25.41 - $145.24

July 24, 2006, AIRIANNE - 3/8 PAYING ON $651.15

Aug. 28, 2006, ELAINE - MARISA SUBMITTED 1/8/15

Page 73

Case 1:16-cv-02134-ALC   Document 86-57   Filed 08/18/17   Page 74 of 110

UP TO DATE BALANCES >>   FROM  09/01/2006  TO  09/30/2006   FOR BUILDING:  2246 Webster Ave   BUILDING CODE:  2246-004   TODAY'S DATE:  9/29/2006   PAGE  7

| UNIT#/RMS | TENANT ID/NAME | BLG TYPE | START ADDRESS | CURRENT PERIOD RENT CHARGES | CURRENT PERIOD PAYMENTS | ADJUSTMENTS | END ARREARS | BEG BAL | OTHER TRANSACTIONS ADJ | OTHER TRANSACTIONS PYMTS | END BAL |
|---|---|---|---|---|---|---|---|---|---|---|---|

034 / 4 00   TENANT: AZEVEDO / ALBURU, TEIRANATH(M/D)   LEASE: 2246-AZEVD08   STATUS: Terminated***

LEASE START: 06/01/2006   MOVE-IN: 03/01/2003
LEASE END:  06/30/2006   MOVE-OUT: 06/31/2006

RENT   2,033.04   .00   .00   .00   2,033.04
SUBTOTAL:   2,033.04   .00   .00   .00   2,033.04

COMMENTS:   Stabilized
May 31, 2006, CLAIRE - TRANS NOUISEN HR TRANT NET. AVAILABLE AS OF 8/4/06

POSTION 0 UNIT

TO SCOPE
TENN USING NATION ROOM ALB140 NOT ACCEPTED
COLL-COLL

TM COUNT:   START DATE: 8/01/2006   END DATE:

---

041 / 4 00   TENANT: SMIGGI / BAKER, TANYA   LEASE: 2246-MGI001-41   STATUS: Current

LEASE START: 12/15/2005   MOVE-IN:
LEASE END:  12/14/2007   MOVE-OUT:   12/15/2001

RENT   768.45   -785.42   .00   .00
RENT   131.49   -166.76   424.22   42   13.62   -14.24
WATER

SUBTOTAL:   568.40   1,220.00   -1,156.21   .00   424.22   .62   13.62   -14.24

COMMENTS:   Stabilized  , 09/01/2003 INSTRUCTED HOUSE/ACCOUNTS
L/A DUES FROM 12/15/05 13) MO : 1/06 - 9/06 @ 611.40 = 5601.20

June 2, 2006, BLAINE  IEM PORTION AS OF 1/2006 2388.00 ON 21.1526.45

July 31, 2006, ADRIENNE - IEM PAYING ON 35156.40

7/06 IEM NOT SUBMITTED L/A

IM COUNT:   START DATE: 6/20/2006   END DATE:
WASH RENT 9/2?

---

041 / 4 00   TENANT: RIVERA? / RIVERA, ANTONIA   LEASE: 2246 RIVR007   STATUS: Current

LEASE START: 05/04/2006   MOVE-IN:
LEASE END:  04/30/2008   MOVE-OUT:   03/04/1992

RENT   563.96   -563.95   .00
RENT   131.30   -123.80   114.43   .00
WATER

SUBTOTAL:   114.43   686.96   -686.95   .00   114.43   .62   13.62   -13.62

COMMENTS:   Stabilized
May 18, 2006, BLAINE - IEM PORTION AS OF 8/2006 5133.00 ON 5486.36 INSTRUCTED

L/A DUES FROM 5/06 + 9/06 @ 633.89 = 8179.01

July 31, 2006, APARTMENT - IEM PAYING ON 5591.15

Aug 29, 2006, BLAINE - MARISA SUBMITTED 1/9?5

Page 74

GW TO DATE BALANCES >>   STCH   10/01/2006 TO 10/31/2006   FOR BUILDING: 2246 Webster Ave   BUILDING CODE: 2246-004   TODAY'S DATE: 10/31/2006

| UNIT/PROG | TENANT ID/NAME | CHG TYPE | START ARREARS | CURRENT PERIOD RENT CHARGES | PAYMENTS | ADJUSTMENTS | END ARREARS | BEG BAL | OTHER TRANSACTIONS ADJ | OTHER | END BAL |
|---|---|---|---|---|---|---|---|---|---|---|---|

**024 / 4.00  TENANT: ALKYROS / ALATHIO, ELIZABETH/N/01   LEASE: 2246-WCTY005   STATUS: Furnished***

LEASE START: 05/01/2006   NOV-TH: 05/01/2003
LEASE END: 04/30/2006   MOVE-OUT: 04/31/2006

| | RENT | 2,021.04 | .00 | -795.06 | .00 | 1,235.98 |
| | SUBTOTAL: | 2,021.04 | .00 | -799.06 | .00 | 1,233.98 |

COMMENTS:
6th
Aug. 24, 2006, ELAINE - MARICO ADVISED MT. TOOLS APT. AVAILABLE AS OF 9/5/06

SECTION 8 ONLY

TO STOVE / M.O. NO. 34235 (CLOSED)

SCORED 9/25/06-KING#-HOSPMNT REPAIRS NEEDED/PLAN STARTED 9/22/06

SIGN OFF
TEN. USING WATCH NONE ALBIID NOT ACKWOD

IN COURT:
START DATE: 9/01/2006   END DATE:
DOLL* AMT: 01592.71
TOT. AMT: 01592.71

**041 / 4.00  TENANT: DESIRED-01 / BREED, DAVY.   LEASE: 2246-ged9001-01   STATUS: Current**

LEASE START: 11/13/2005   MOVE-IN: 12/11/2003
LEASE PER: 12/14/2009   MOVE-OUT:

| | RENTS | .91 | 748.45 | -788.45 | .00 | .00 |
| | RENT | 426.32 | 431.60 | -391.50 | .00 | 665.47 |
| | WATER | | | | | |
| | SUBTOTAL: | 625.32 | 1,220.05 | -1,179.95 | .00 | 668.42 | | | 13.62 | -13.62 |
| | | | | | | | | | 13.61 | -13.61 |

COMMENTS:
Stabilized   > 04/01/2003 UNDERSELECTED INCRE/PREPARE
L/R OWED FROM 12/31/05 $3.06 - 1/06 - 10/06 @ 665.60 = $667.80

May 23, 2006, ELAINE - MORION SUBMITTED L/R'S

June 2, 2006, ELAINE - TEX. PORTION AS OF 7/2006 $560.00 On $1,156.52

July 24, 2006, ARREARS - S/W PAYING ON $1156.49

9/06 (NO) RE-SUBMITTED L/R

IN COURT:
START DATE: 4/10/2005   END DATE: 10/13/2004

UP TO DATE BALANCES >>   FROM 11/01/2006 TO 11/30/2006   FOR BUILDING: 2246 Webster Ave   BUILDING CODE: 2246-004   TODAY'S DATE: 11/30/2006   PAGE 7

| UNIT/RMS | TENANT ID/NAME | CHG TYPE | START ARREARS | RENT CHARGE | CURRENT PERIOD PAYMENTS | ADJUSTMENTS | END ARREARS | OTHER TRANSACTIONS BEG BAL | ARRS | PYMT | END BAL |
|---|---|---|---|---|---|---|---|---|---|---|---|

**034 / 6.00   TENANT: ACEVEDO / ALDIEU, ELIZABETH(C/O)   LEASE: 2246-ACEVED5   STATUS: Terminated***

LEASE START: 05/01/2006
LEASE END: 04/30/2009

MOVE-IN: 05/01/2003
MOVE-OUT: 08/31/2006

RENT        1,233.98        .00        .00        .00        1,233.98
SUBTOTAL:   1,233.98        .00        .00        .00        1,233.98

COMMENTS:  Stabilized
Aug. 24, 2006, ELAINE - DRAFCO ADVISORS WE TODAY ADT. AVAILABLE AS OF 8/5/06

SECTION 8 ONLY

TO COURT > 9.0. NO. 54235
SIGNED 4/23/06 TENON-ANNUAL-RATE RETAINS RECEPTS/ACDN STATUS 9/22/06

STOP OFF
TOTAL USING BANGER HOME ALARMS NOT NCYLING

IN COURT:  START DATE: 8/01/2006     END DATE:
           COLL-
           TOT. AMT: 14553.91

**041 / 6.00   TENANT: EMERSON-41 / SPRNG, DANTA   LEASE: 2246-EMER001-41   STATUS: Current**

LEASE START: 12/15/2005
LEASE END: 12/14/2007

MOVE-IN: 12/15/2003
MOVE-OUT:

RENT        .00        766.15       -786.15        .00        .00
RENT        160.17      831.60       -207.18        .00        734.84
WATER
SUBTOTAL:   668.42     3,226.05    -1,155.83        .01        732.64

COMMENTS:  Stabilized   > 05/01/2003 UNRESTRICTED INCOME/MODERATE
L/A OWES FROM 12/15/05 $31.40 + 2/06 - 11/06 @ $43.40 = $721.40

May 23, 2006, ELAINE - MAILED SUBMITTED L/A'S

June 2, 2006, ELAINE - TDA: PORTION AG OF 7/2006 $760.00 ON $1,156.45

July 24, 2006, ADVANCE - S/P PAYING ON $1156.45

9/06 UDI: RE-SUBMITTED L/A

**043 / 6.00   TENANT: RIVERA7 / RIVERA, ANTONIA   LEASE: 2246-RIVERA7   STATUS: Current**

LEASE START: 01/01/2005
LEASE END: 04/30/2008

MOVE-IN: 05/01/1995
MOVE-OUT:

RENT        .00        564.96       -532.86        .00        .00
RENT        7.04       122.00       -122.00        .00        7.00
WATER
SUBTOTAL:   7.00       686.96       -654.86        .00        7.00

COMMENTS:  Stabilized

13.62    -13.62
13.62    -13.62

13.62    -13.62
13.62    -13.43

EXHIBIT 5

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
------------------------------------------------x

048720 (1)

2246 Webster Avenue, HDFC,
                                    Plaintiff,

INDEX NO.
FILE NO. 13817.0

·against·

SUMMONS
Place of Venue is Plaintiff's
place of business:

Elizabeth Alibizu Acevedo,

2246 Webster Avenue
Bronx, NY 10457

                            Defendant(s)

------------------------------------------------x

To the above named defendants(s):

YOU ARE HEREBY SUMMONED to appear at the CIVIL COURT OF THE CITY OF
NEW YORK, COUNTY OF BRONX at the office of the clerk of the said Court at 851 Grand
Concourse, Bronx, NY 10451, in the COUNTY OF BRONX, State of New York, within the
time provided by law as noted below and to file an answer to the below complaint with the
clerk: upon your failure to answer, judgment will be taken against you for the sum of $5,093.91
with interest thereon from July 1, 2006 together with costs of this action.

DATED: July 1, 2011

**FEE PAID**

JUL 1 4 2011

CIVIL COURT
BRONX COUNTY

By: Gary Kavulich, Esq.,
Kavulich & Associates, P.C.
Attorney for Plaintiff
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573
(914) 355-2074

Defendant's Address:
Elizabeth Alibizu Acevedo
811 E. 167th Street, Apt. 2A
Bronx, NY 10459-2771

Note: The law provides that: (a) If the summons is served by its delivery to you personally
within the City of New York, you must appear and answer within TWENTY days after such
service; or (b) If the summons is served by any means other than personal delivery to you
within the City of New York, you must appear and answer within THIRTY days after proof of
service thereof is filed with the Clerk of this Court.

3x mail



COMPLAINT

**FIRST ACTION:** Plaintiff seeks to recover damages from defendant(s) for breach of a lease agreement in the sum of $3,993.91 representing rental arrears for the months of July, 2006 balance of $399.79; August, 2006 through and including November, 2006 at the agreed monthly sum of $898.53 for the premises known as 2246 Webster Avenue, Apt.34 Bronx, NY 10457 together with costs and disbursements of this action and for such other and further relief as the court may deem just.

**SECOND ACTION:** Plaintiff seeks to recover damages from the defendant in the sum of $600.00 representing damages together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**THIRD ACTION:** Plaintiff seeks to recover damages from the defendant in the sum of $500.00 representing reasonable attorneys fees together with costs and disbursements of this action and for such other further relief as the Court may deem just;

**WHEREFORE**, Plaintiff demands judgment (A) on the First Action, in the sum of $3,993.91 plus interest from July 1, 2006 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (B) on the Second Action, in the sum of $600.00 plus interest from July 1, 2006 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (C) on the Third Action, in the sum of $500.00 together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

The Plaintiff in this action is NOT required to be licensed by the New York City Department of Consumer Affairs.



EXHIBIT 6

FILE 13817

**Civil Court of the City of New York**
County of Bronx

Index No: CV-048720-11/BX

2246 Webster Avenue, HDFC
-against-
Elizabeth Alibizu Acevedo

**ORAL ANSWER**
**ACTION FOR MONEY ONLY**

Defendant, Elizabeth Alibizu Acevedo, at 811 E. 167th Street Apt. 2A, Bronx, NY 10459-   , answers the Complaint
as follows:

**ANSWER:** Dated : 11/21/2011
*(Check all that apply)*

| | |
|---|---|
| 1 | _____ General Denial: I deny the allegations in the complaint |
| | **SERVICE** |
| 2 | _____ I did not receive a copy of the summons and complaint |
| 3 | _____ I received the Summons and Complaint, but service was not correct as required by law. |
| | **DEFENSES** |
| 4 | _____ I do not owe this debt. |
| 5 | _____ I did not incur this debt. I am the victim of identity theft or mistaken identity. |
| 6 | _____ I have paid all or part of the alleged debt. |
| 7 | XX I dispute the amount of the debt. |
| 8 | _____ Plaintiff is required to be licensed by the department of consumer affairs of the City of New York and does not allege a license number in the Complaint. |
| 9 | _____ Statute of Limitations ( the time has passed to sue on this debt: more than six years). |
| 10 | _____ The debt has been discharged in bankruptcy. |
| 11 | _____ The collateral (property) was not sold at a commercially reasonable price. |
| 12 | XX Unjust enrichment (the amount demanded is excessive compared with the original debt.) |
| 13 | _____ Violation of the duty of good faith and fair dealing. |
| 14 | _____ Unconscionability (the contract is unfair.) |
| 15 | _____ Laches (plaintiff has excessively delayed in bringing this lawsuit to my disadvantage.) |
| 16 | _____ Defendant is in the military. |
| 17 | _____ Other: |
| | **OTHER** |
| 18 | _____ Please take notice that my only source of income is _____ ,which is exempt from collection. |

**COUNTERCLAIM**

19    _____ Counterclaim(s):$ _____ Reason:

This case is scheduled to appear on the calendar as follows:
Date: January 3, 2012 Part: Part 11 - Self Represented Non-Jury Room 503 Time: 10:30 AM Both Sides Notified:
To:

Kavulich & Associates
181 Westchester Ave
Suite 500-C
Port Chester, NY 10573-

ID - DMV

**FILED**
CLERK'S OFFICE

NOV 2 1 2011

**CIVIL COURT**
**BRONX COUNTY**

EXHIBIT 7

CIVIL COURT OF THE CITY OF NEW YORK
County of _____BRONX_____ Part ___11___

Index No. 48720/11

File #
13817

2246 WEBSTER AVENUE, HDFC

Plaintiff(s),

-against-

Elizabeth Alibizu Acevedo

Defendant(s).

STIPULATION
OF SETTLEMENT

Civil Court
of the
City of New York

JAN 03 2012

ENTERED
BRONX COUNTY

It is hereby stipulated and agreed by and between the parties that the above-referenced
action is settled as follows: Plaintiff shall accept
$2000°° as full settlement of all
claims payable as follows: commencing January
30, 2012 and on or before the 30th of every month
thereafter $50°° per month.
In the event of default, Plaintiff shall
move for entry of judgment including 3,993.91 less
costs, fees, disbursements and interest from payments
July 1, 2006 upon 10 days to either notice to cure made
make payments to: Kavulich + Associates, PC
181 Westchester Avenue, Suite 500C, Port Chester,
New York 10573 be certain to include file # 13817
on all payments.
Upon satisfaction of the debt, Plaintiff shall
file + serve upon Defendant a Notice of
Discontinuance. This stipulation contains the
full terms + conditions of this Agreement

Signature _____   Date _____

CR John for Plaintiff
Signature _____   Date _____
Kavulich & Associates, PC

CIV-GP-32 (Revised December, 2005)

Signature _Elizabeth Alibizu__ Date 1-3-12

Signature _Elizabeth Alibizu__ Date 1-3-12

Page _____ of _____

EXHIBIT 8

Kavulich & Associates, P.C.
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573
Phone: (914) 355-2074 Fax: (914) 355-2078

April 9, 2012
Elizabeth Alibizu Acevedo
811 E. 167th Street
Apt. 2A
Bronx, NY  10459-2771

Re:     Defaulted Stipulation
        2246 Webster Avenue, HDFC
        File No.: 13817

Dear Elizabeth Alibizu Acevedo:

        You are in default of your payment under the stipulation signed by you.  Please be
advised that if the default is not cured within 10 days of the date of this letter, my client
will pursue all remedies available to it under law.

Kindly forward all remittances to us, payable to the law firm of Kavulich & Associates,
P.C. at 181 Westchester Ave., Suite 500C, Port Chester, NY  10573 with your file
number on said payment.  Thank you for your attention to this matter.

Very Truly Yours,

Gary Kavulich, Esq.

This is an attempt to collect a debt. Any information obtained will be used for that
purpose. This communication is from a debt collector.

Kavulich & Associates, P.C.
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573
Phone: (914) 355-2074 Fax: (914) 355-2078

June 12, 2012
Elizabeth Alibizu Acevedo
811 E. 167th Street
Apt. 2A
Bronx, NY 10459-2771

Re:   Defaulted Stipulation
      2246 Webster Avenue, HDFC
      File No.: 13817

Dear Elizabeth Alibizu Acevedo:

You are in default of your payment under the stipulation signed by you. Please be advised that if the default is not cured within 10 days of the date of this letter, my client will pursue all remedies available to it under law.

Kindly forward all remittances to us, payable to the law firm of Kavulich & Associates, P.C. at 181 Westchester Ave., Suite 500C, Port Chester, NY 10573 with your file number on said payment. Thank you for your attention to this matter.

Very Truly Yours,

Gary Kavulich, Esq.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Page 86

Kavulich & Associates, P.C.
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573
Phone: (914) 355-2074 Fax: (914) 355-2078

August 28, 2012
Elizabeth Alibizu Acevedo
811 E. 167th Street
Apt. 2A
Bronx, NY  10459-2771

Re:     Defaulted Stipulation
        2246 Webster Avenue, HDFC
        File No.:  13817

Dear Elizabeth Alibizu Acevedo:

        You are in default of your payment under the stipulation signed by you.  Please be
advised that if the default is not cured within 10 days of the date of this letter, my client
will pursue all remedies available to it under law.

Kindly forward all remittances to us, payable to the law firm of Kavulich & Associates,
P.C. at 181 Westchester Ave., Suite 500C, Port Chester, NY  10573 with your file
number on said payment.  Thank you for your attention to this matter.

Very Truly Yours,

Gary Kavulich, Esq.


**This is an attempt to collect a debt. Any information obtained will be used for that
purpose.  This communication is from a debt collector.**

EXHIBIT 9

Bronx County Civil Court
Civil Judgment

**Plaintiff(s):**
2246 Webster Avenue, HDFC

Index Number: CV-045720-11/BX

Judgment issued:  Per Default in Stipulation

On Motion of:

vs.

**Defendant(s):**
Elizabeth Alibizu Acevedo

Kavulich & Associates PC
181 Westchester Avenue, Suite 500C, Port
Chester, NY 10573-

| | | | | | |
|---|---|---|---|---|---|
| | | | | Transcript Fee | $0.00 |
| Amount claimed | $3,993.91 | Index Number Fee | $45.00 | County Clerk Fee | $0.00 |
| Less Payments made | $200.00 | Consumer Credit Fee | $0.00 | Enforcement Fee | $40.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $25.00 | Other Disbursements | $0.00 |
| Interest  07/01/2006 | $2,105.62 | Non-Military Fee | $0.00 | Other Costs | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | | |
| Cost By Statute | $20.00 | Jury Demand Fee | $0.00 | | |
| | | | $130.00 | Judgment Total | $6,029.53 |

**Total Damages**     $5,899.53  Total Costs & Disbursements

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) 2246 Webster Avenue, HDFC
2246 Webster Avenue, Bronx, NY 10457-
Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) Elizabeth Alibizu Acevedo
811 E. 167th Street, Apt. 2A, Bronx, NY 10459-

Judgment entered at the Bronx County Civil Court, 851 Grand Concourse, Bronx, NY 10451, in the STATE OF NEW YORK
in the total amount of $6,029.53 on 09/27/2012 at 12:15 PM.

Judgment sequence 1

*Carol Alt*

Carol Alt, Chief Clerk Civil Court

13817

COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
2246 WEBSTER AVENUE, HDFC,

                         Plaintiff,

        - against -

ELIZABETH ALIBIZU ACEVEDO,

                         Defendant.
-------------------------------------------------------------X

INDEX NO. 48720/11
FILE NO. 13817

AFFIRMATION OF SERVICE

       Gary M. Kavulich, Esq., an attorney duly admitted to practice law before the courts of the State of New York hereby affirms the following under the penalty of perjury.

       On March 5, 2013 I served the within Reply upon Alberto Torres, Esq., the attorney for the Defendant in this action, by depositing a true copy in a post-paid envelope addressed to:

           Alberto Torres, Esq,
           629 Melrose Avenue
           Bronx, NY 10455

in  an official depository under the exclusive dominion and control of the United States Postal Service within the State of New York via regular first class mail.

                              Gary M. Kavulich, Esq.

INDEX NO: 48720                                              YEAR: 2011

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

2246 WEBSTER AVENUE, HDFC,

                                        Plaintiff,

          - against -

ELIZABETH ALIBIZU ACEVEDO,

                                        Defendant.

REPLY TO DEFENDANT' OPPOSITION TO PLAINTIFF'S MOTION

Signature Rule 130-1.1-a

Print Name Beneath -                        Gary M. Kavulich, Esq.

Kavulich & Associates, P.C.
Attorneys for the Plaintiff
181 Westchester Avenue, Suite 500C
Port Chester, NY 10573
914-355-2074

**Civil Court of the City of New York**   Index Number 48720/11

County of BRONX _____ Part _____   Motion Cal. # _____   Motion Seq. # _____

2246 WEBSTER

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion.

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | |
| Order to Show Cause and Affidavits Annexed..... | 1 |
| Answering Affidavits ........................... | 2 |
| Replying Affidavits ............................ | |
| Exhibits ...................................... | |
| Other.......................................... | |

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

ELIZABETH A. ACEVEDO

Defendant(s)/Respondent(s)

Upon the foregoing cited papers, the Decision/Order on this Motion to *inter alia, vacate* is as follows:

judgment is granted as follows:

The parties' stipulation dated Jan. 3, 2012, provided that "in the event of default, plaintiff shall move for entry of judgment..." There is no dispute that no motion or order to show cause was made after defendant's alleged default, and instead the plaintiff had submitted a judgment to the clerk's office ex parte. Based on aforementioned, the default judgment was not issued in accordance w/the parties' stipulation (ie "move" a/k/a motion); therefore it is vacated and all liens, garnishments levies etc are vacated. This order is without prejudice to defendant's newly retained atty seeking to vacate the Jan. 2012 stipulation.

Date  3/11/13

HON. JOSEPH E. CAPELLA

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
2246 WEBSTER AVENUE, HDFC,

                              Plaintiff,

              -against-

ELIZABETH A. ACEVEDO,

                           Defendant(s).
-------------------------------------------------------------X

INDEX NO. 48720/11
FILE NO. 13817

NOTICE OF ENTRY

        PLEASE TAKE NOTICE, that annexed hereto is the Decision/Order duly entered

in the office of the Clerk of the Court on the 11th day of March, 2013.

Dated: Westchester, NY
       March 25, 2013

                    Yours, etc.,

                        Kavulich & Associates, PC
                        181 Westchester Avenue, Ste. 500C
                        Port Chester, NY 10573

To:    Alberto Torres, Esq.
       629 Melrose Avenue
       Bronx, NY 10455

2013 APR -1  AM 9: 56

**Civil Court of the City of New York** (3817)

Index Number _48720/11_

County of _BRONX_

Motion Cal. # _____   Motion Seq. # _____

Part _____

3346 WEBSTER

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

ELIZABETH A ACEVEDO

Defendant(s)/Respondent(s)

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | |
| Order to Show Cause and Affidavits Annexed .... | 2 |
| Answering Affidavits ................................. | |
| Replying Affidavits.................................... | |
| Exhibits ................................................ | |
| Other................................................... | |

Upon the foregoing cited papers, the Decision/Order on this Motion to _vacate_ _inter alia,_ _judgment_ _is granted as follows:_ is as follows:

The parties stipulation dated Jan 3, 2012 provided that in the event of default plaintiff shall move for entry of judgment. There is no dispute that no motion or order to show cause was made after defendant's alleged default, and instead the plaintiff [illegible] submitted a judgment to the clerks office ex mote. Based on aforementioned, the default judgment was not entered in accordance with the parties stipulation (ie "move" c/o/a motion). Therefore it is vacated and all prior levy's garnishments etc are vacated. This order is without prejudice to defendants newly retained attny seeking to vacate the Jan. 2012 stipulation.

_3/11/13_

Date

HON. JOSEPH E. CAPELLA

CIV-GP-95 (Revised. September, 1994)

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 48720/11
File No. 13817

-------------------------------------------------------X
2246 WEBTSER AVENUE, HDFC,

Plaintiff,

AFFIDAVIT OF SERVICE
BY MAIL

-against-

ELIZABETH A. ACEVEDO,

Defendant(s).

-------------------------------------------------------X

STATE OF NEW YORK
COUNTY OF WESTCHESTER ss:

Vanessa Sooksavath being duly sworn, deposes and says:

I am over 18 years of age and not a party to this action. On March 25, 2013 ˙

I served the within Notice of Entry upon the defendant's attorney in this action, by

depositing a true copy of the Notice of Entry in a postpaid envelope addressed to:

Alberto Torres, Esq.
629 Melrose Avenue
Bronx, NY 10455

in an official depository under the exclusive care and custody of the United States Postal Service,

within the State of New York via regular first class mail.

_____
Vanessa Sooksavath

Sworn to before me
this 25ᵗʰ  day of March, 2013

_____
Notary Public

GARY KAVULICH
NOTARY PUBLIC-STATE OF NEW YORK
NO: 02KA6205615
QUALIFIED IN WESTCHESTER COUNTY
MY COMMISSION EXPIRES 05/11/2013

INDEX NO. 48720                YEAR 2011

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

2246 WEBSTER AVENUE. HDFC,

Plaintiff,

-against-

ELIZABETH A. ACEVEDO,

Defendant(s)

NOTICE OF ENTRY

Signature(Rule 130-1.1-a)

Gary Kavulich, Esq.

Kavulich & Associates, P.C.
Attorney for Plaintiff
Office and Post Office Address, Telephone
181 Westchester Avenue, Ste. 500C
Port Chester, NY 10573
914-355-2074

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorneys(s) for

---

==========NOTICE OF ENTRY==========

PLEASE take notice that the within is a
(certified) true copy of a
duly entered in the office of the clerk of
the within named court on

Dated,

Attorney for          Office and Post Office Address

To

Attorneys(s) for

==========NOTICE OF SETTLEMENT==========

PLEASE take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at

on
at
Dated,

                    Yours, etc.

Attorney for          Office and Post Office Address

To
Attorney(s) for

**Civil Court of the City of New York**

County of Bronx

Part

2246 Webster Avenue, HDFC

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

ELIZABETH ALIBIZUACEVEDO

Defendant(s)/Respondent(s)

Index Number CV-048720-11/BX

Motion Cal. # _____  Motion Seq. # _____

**DECISION/ORDER**

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | _____ |
| Order to Show Cause and Affidavits Annexed .... | _____ |
| Answering Affidavits ............................. | _____ |
| Replying Affidavits................................ | _____ |
| Exhibits ........................................... | _____ |
| Other............................................... | _____ |

Upon the foregoing cited papers, the Decision/Order on this Motion to Vacate

_____ is as follows:

Defendant's pro-se motion to vacate is hereby denied as moot in light of the Decision of the Court dated, March 11, 2013.

This shall constitute the decision and Order of the Court.

3/20/13
Date

Judge, Civil Court

HON. EDDIE J. McSHAN

Page 97

CIV-GP-85 (Revised, September 1999)

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 30

2246 WEBSTER AVENUE, HDFC,                         Index No.: CV-48720-11/BX
                               Plaintiff,

          -against-                                **DECISION/ORDER**

ELZABETH ALBIZU ACEVEDO,                           **Present:**
                               Defendant.          **HON. PAUL A. GOETZ**

Recitation as Required by CPLR §2219(a): The following papers          Papers Numbered
were read on plaintiff's motion for judgment based upon defendant's
default on stipulation and defendant's cross motion to
vacate the stipulation:

Motion, Attorney Affirmation, Affidavit and Exhibits.................................................   1
Opposition and Cross Motion, Attorney Affirmation, Affidavit and Exhibits................   2
Attorney Affirmation in Reply and Opposition to Cross Motion, with Exhibits.............   3

     Upon review of the foregoing papers, plaintiff's motion for a judgment pursuant to defendant's default on a stipulation and defendant's cross motion to vacate the stipulation, is decided as follows:

     Plaintiff seeks entry of judgment in the amount of $2,632.08 with interest from July 1, 2006 plus costs and disbursements based upon defendant's default on a Stipulation, dated January 2, 2012 (the "2012 Stipulation"), which provided for settlement of all plaintiff's claims against defendant in exchange for payment of $2,000.00 in $50.00 monthly installments. The stipulation provides that if defendant defaults on the stipulation, plaintiff may move for judgment in the amount of $3,993.91 with interest from July 2006. According to plaintiff, $3,993.91 represents unpaid rent for the period of July 2006 through November 2006 (the sum of $399.79 for July 2006 plus $3,594.72 for the four months of August through November 2006 (at $898.53 per month).

     In September 2012, the Clerk entered judgment (the "2012 Judgment") against defendant in the amount of $6,029.53 ($3,993.51 with interest from July 2006 and costs) based upon defendant's default on the 2012 Stipulation. Defendant's wages were later garnished based upon the 2012 Judgment.

     In March 2013, the Court issued an order (the "March 2013 Order") that vacated the 2012 Judgment without prejudice to plaintiff moving for entry of judgment based upon defendant's alleged default on the 2012 Stipulation and without prejudice to defendant's moving to vacate the 2012 Stipulation.

     Plaintiff credits defendant with payments in the amount of $1,361.83 ($200.00 in payments by defendant pursuant to the 2012 Stipulation and $1,161.83 in defendant's wages garnished pursuant to the now vacated 2012 Judgment).

     Defendant's cross motion seeks to vacate the 2012 Stipulation, pursuant to CPLR §§ 5015(a)(2) and 2001 because she was unrepresented at the time she entered

into the stipulation and because she did so in reliance upon plaintiff's mistaken representation that she owed $3,993.91 in unpaid rent.

Defendant claims that she was under no obligation to pay rent after April 30, 2006 when her lease expired; that she vacated the premises and moved to a NYCHA apartment in June 2006; that plaintiff's rent payment ledger, attached as an exhibit to defendant's cross motion (a document defendant did not have access to at the time she entered into the 2012 Stipulation) indicates that defendant owed $1,233.98 in unpaid rent through November 2006; that she paid more than $200.00 towards the 2012 Stipulation and that her wages were garnished as a result of the 2012 Judgment in an amount that is greater than the $1,161.83 set forth by plaintiff.

Defendant asserts that she became a month to month tenant after her lease expired on April 30, 2006. In support of her claims, defendant attaches a copy of a lease to her NYCHA apartment that commences in June 2006 and a copy of the plaintiff's rental payment ledger. However, defendant does not attach any evidence that she surrendered possession of the apartment upon the lease expiration date of April 30, 2006 and made no payments for rent after the lease expired. *See* Rent Stabilization Code ("RSC") § 2523.5(c)(2).

Plaintiff claims that defendant's rent stabilized lease, which expired on April 30, 2006 was "deemed" renewed after plaintiff failed to return the lease renewal form and paid rent for the month of May, 2006.

Stipulations of settlement are favored and not lightly cast aside. *(Hallock v State of New York*, 64 NY2d 224, 230 [1984]). A court should not disturb a valid Stipulation absent a showing of cause sufficient to invalidate a contract, such as fraud, collusion, mistake or duress; or unless the agreement is unconscionable; or contrary to public policy; or unless it suggests an ambiguity indicating that the words did not fully and accurately represent the parties' agreement *(McCoy v Feinman*, 99 NY2d 295 [2002] [*citations omitted*]); or where it appears that the movant "inadvertently, inadvisably, or improvidently entered into an agreement which will take the case out of a due and ordinary course of proceeding in the action and work to his prejudice" *(Matter of Frutiger*, 29 NY2d 143, 149-50 [1971]).

Pursuant to CPLR §5015(a), a Court which renders an order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon ground of (1) excusable default; or (2) newly discovered evidence ; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) lack of jurisdiction to render the judgment or order; or (5) reversal, modification or vacatur of a prior judgment or order upon which it is based.

RSC § 2523.5(c)(2) provides that where the tenant fails to timely renew an expiring lease or rental agreement offered pursuant to this section, and remains in occupancy after expiration of the lease, such lease or rental agreement may be deemed to have been renewed upon the same terms and conditions, at the legal regulated rent, together with any guidelines adjustments that would have been applicable had the offer

2

of a renewal lease been timely accepted and that the effective date of the rent adjustment under the "deemed" renewal lease shall commence on the first rent payment date occurring no less than 90 days after such offer is made by the owner.

Contrary to defendant's position that she was a month to month tenant, the Court, based upon the Rent Stabilization Code, determines that plaintiff's lease was properly deemed renewed for a one year term when defendant made rent payments after April 30, 2006. Moreover, defendant has failed to establish that she surrendered possession of the premises prior to August 2006.

However, plaintiff's opposition papers do not respond to and do not controvert defendant's assertion, based upon plaintiff's rent payment ledger (a document defendant did not have access to at the time she entered into the 2012 Stipulation), that she owed $1,233.98 at the time she entered into the 2012 Stipulation instead of the $2,000.00 settlement amount and $3,993.91 total amount set forth in the 2012 Stipulation. "Facts appearing in the movant's papers which the opposing party does not controvert, may be deemed to be admitted." *(Kuehne & Nagel Inc v Baiden,* 36 NY2d 539, 544 [1975]).

The Court finds, based upon the uncontroverted evidence submitted by defendant, that the 2012 Stipulation was based upon a mistake as to the amount of rent owed (plaintiff's mistaken assertion that defendant owed $3,993.91 instead of the correct amount owed $1,233.98) through November 2006.

Therefore, because plaintiff was mistaken as to the amount owed when the 2012 Stipulation was entered into by the parties and defendant inadvertently and inadvisably entered into the 2012 Stipulation based upon plaintiff's mistake the Court grants defendant's motion to vacate the 2012 Stipulation. (See *McCoy v Feinman,* 99 NY2d 295 [2002]; *Matter of Frutiger,* 29 NY2d 143, 149-50 [1971]).

Accordingly, plaintiff's motion for judgment is denied and defendant's motion to vacate the stipulation is granted and the Clerk is directed to restore this matter to the appropriate calendar.

This constitutes the Decision and Order of this Court.

Dated: July 3, 2014

_____
Hon. Paul A. Goetz, J.C.C.

ENTERED

JUL 1 1 2014

CIVIL COURT
BRONX COUNTY

3

**Civil Court of the City of New York**
**851 Grand Concourse**
**Bronx, New York 10451**

UNITED STATES POSTAGE
$ 00.480
02.1R
0002000310
MAILED FROM ZIP CODE 10451
JUL 14 2014

NEW YORK
NY 100
14 JUL '14
PM 14 L

Alberto Torres
11 Park Place
Suite 916
New York, NY 10007

NIXIE          100   7E 1669    0807/17/14

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC:  10451298899   *3945-00217-14-36

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 30

2246 WEBSTER AVENUE, HDFC,                    Index No.: CV-48720-11/BX
                              Plaintiff,
                                              **DECISION/ORDER**
            -against-
                                              **Present:**
ELZABETH ALBIZU ACEVEDO,                      **HON. PAUL A. GOETZ**
                              Defendant.

| Recitation as Required by CPLR §2219(a): The following papers were read on plaintiff's motion for judgment based upon defendant's default on stipulation and defendant's cross motion to vacate the stipulation: | Papers Numbered |
|---|---|
| Motion, Attorney Affirmation, Affidavit and Exhibits............................................... | 1 |
| Opposition and Cross Motion, Attorney Affirmation, Affidavit and Exhibits............... | 2 |
| Attorney Affirmation in Reply and Opposition to Cross Motion, with Exhibits........... | 3 |

Upon review of the foregoing papers, plaintiff's motion for a judgment pursuant to defendant's default on a stipulation and defendant's cross motion to vacate the stipulation, is decided as follows:

Plaintiff seeks entry of judgment in the amount of $2,632.08 with interest from July 1, 2006 plus costs and disbursements based upon defendant's default on a Stipulation, dated January 2, 2012 (the "2012 Stipulation"), which provided for settlement of all plaintiff's claims against defendant in exchange for payment of $2,000.00 in $50.00 monthly installments. The stipulation provides that if defendant defaults on the stipulation, plaintiff may move for judgment in the amount of $3,993.91 with interest from July 2006. According to plaintiff, $3,993.91 represents unpaid rent for the period of July 2006 through November 2006 (the sum of $399.79 for July 2006 plus $3,594.72 for the four months of August through November 2006 (at $898.53 per month).

In September 2012, the Clerk entered judgment (the "2012 Judgment") against defendant in the amount of $6,029.53 ($3,993.51 with interest from July 2006 and costs) based upon defendant's default on the 2012 Stipulation. Defendant's wages were later garnished based upon the 2012 Judgment.

In March 2013, the Court issued an order (the "March 2013 Order") that vacated the 2012 Judgment without prejudice to plaintiff moving for entry of judgment based upon defendant's alleged default on the 2012 Stipulation and without prejudice to defendant's moving to vacate the 2012 Stipulation.

Plaintiff credits defendant with payments in the amount of $1,361.83 ($200.00 in payments by defendant pursuant to the 2012 Stipulation and $1,161.83 in defendant's wages garnished pursuant to the now vacated 2012 Judgment).

Defendant's cross motion seeks to vacate the 2012 Stipulation, pursuant to CPLR §§ 5015(a)(2) and 2001 because she was unrepresented at the time she entered

Page 102

into the stipulation and because she did so in reliance upon plaintiff's mistaken representation that she owed $3,993.91 in unpaid rent.

Defendant claims that she was under no obligation to pay rent after April 30, 2006 when her lease expired; that she vacated the premises and moved to a NYCHA apartment in June 2006; that plaintiff's rent payment ledger, attached as an exhibit to defendant's cross motion (a document defendant did not have access to at the time she entered into the 2012 Stipulation) indicates that defendant owed $1,233.98 in unpaid rent through November 2006; that she paid more than $200.00 towards the 2012 Stipulation and that her wages were garnished as a result of the 2012 Judgment in an amount that is greater than the $1,161.83 set forth by plaintiff.

Defendant asserts that she became a month to month tenant after her lease expired on April 30, 2006.  In support of her claims, defendant attaches a copy of a lease to her NYCHA apartment that commences in June 2006 and a copy of the plaintiff's rental payment ledger. However, defendant does not attach any evidence that she surrendered possession of the apartment upon the lease expiration date of April 30, 2006 and made no payments for rent after the lease expired.  *See* Rent Stabilization Code ("RSC") § 2523.5(c)(2).

Plaintiff claims that defendant's rent stabilized lease, which expired on April 30, 2006 was "deemed" renewed after plaintiff failed to return the lease renewal form and paid rent for the month of May, 2006.

Stipulations of settlement are favored and not lightly cast aside. *(Hallock v State of New York*, 64 NY2d 224, 230 [1984]). A court should not disturb a valid Stipulation absent a showing of cause sufficient to invalidate a contract, such as fraud, collusion, mistake or duress; or unless the agreement is unconscionable; or contrary to public policy; or unless it suggests an ambiguity indicating that the words did not fully and accurately represent the parties' agreement *(McCoy v Feinman*, 99 NY2d 295 [2002] [*citations omitted*]); or where it appears that the movant "inadvertently, inadvisably, or improvidently entered into an agreement which will take the case out of a due and ordinary course of proceeding in the action and work to his prejudice" *(Matter of Frutiger*, 29 NY2d 143, 149-50 [1971]).

Pursuant to CPLR §5015(a), a Court which renders an order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon ground of (1) excusable default; or (2) newly discovered evidence ; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) lack of jurisdiction to render the judgment or order; or (5) reversal, modification or vacatur of a prior judgment or order upon which it is based.

RSC § 2523.5(c)(2) provides that where the tenant fails to timely renew an expiring lease or rental agreement offered pursuant to this section, and remains in occupancy after expiration of the lease, such lease or rental agreement may be deemed to have been renewed upon the same terms and conditions, at the legal regulated rent, together with any guidelines adjustments that would have been applicable had the offer

of a renewal lease been timely accepted and that the effective date of the rent adjustment under the "deemed" renewal lease shall commence on the first rent payment date occurring no less than 90 days after such offer is made by the owner.

Contrary to defendant's position that she was a month to month tenant, the Court, based upon the Rent Stabilization Code, determines that plaintiff's lease was properly deemed renewed for a one year term when defendant made rent payments after April 30, 2006. Moreover, defendant has failed to establish that she surrendered possession of the premises prior to August 2006.

However, plaintiff's opposition papers do not respond to and do not controvert defendant's assertion, based upon plaintiff's rent payment ledger (a document defendant did not have access to at the time she entered into the 2012 Stipulation), that she owed $1,233.98 at the time she entered into the 2012 Stipulation instead of the $2,000.00 settlement amount and $3,993.91 total amount set forth in the 2012 Stipulation. "Facts appearing in the movant's papers which the opposing party does not controvert, may be deemed to be admitted." (*Kuehne & Nagel Inc v Baiden*, 36 NY2d 539, 544 [1975]).

The Court finds, based upon the uncontroverted evidence submitted by defendant, that the 2012 Stipulation was based upon a mistake as to the amount of rent owed (plaintiff's mistaken assertion that defendant owed $3,993.91 instead of the correct amount owed $1,233.98) through November 2006.

Therefore, because plaintiff was mistaken as to the amount owed when the 2012 Stipulation was entered into by the parties and defendant inadvertently and inadvisably entered into the 2012 Stipulation based upon plaintiff's mistake the Court grants defendant's motion to vacate the 2012 Stipulation. (See *McCoy v Feinman*, 99 NY2d 295 [2002]; *Matter of Frutiger*, 29 NY2d143, 149-50 [1971]).

Accordingly, plaintiff's motion for judgment is denied and defendant's motion to vacate the stipulation is granted and the Clerk is directed to restore this matter to the appropriate calendar.

This constitutes the Decision and Order of this Court.

Dated: July 3, 2014

_____
Hon. Paul A. Goetz, J.C.C.

ENTERED
JUL 1 1 2014
CIVIL COURT
BRONX COUNTY

3

30 ①

CIVIL COURT OF THE CITY OF NEW YORK    NO CALENDAR NUMBER ASSIGNED
COUNTY OF BRONX: PART 30            INDEX NO. 48720/11
---------------------------------------------------------X    FILE NO. 13817

2246 WEBSTER AVENUE, HDFC,

                Plaintiff,            NOTICE OF MOTION
                                    FOR JUDGMENT

   - against -                     *no off J 1.*

ELIZABETH ALIBIZU ACEVEDO,

                Defendant.
---------------------------------------------------------X


MOTION BY:            Kavulich & Associates. P.C.
                      Attorneys for Plaintiff


DATE, TIME AND PLACE
OF HEARING:           March 18, 2014
                     9:30 A.M.
                     Motion Term: Part 30, Room 503
                     Civil Court of the City of New York
                     County of Bronx
                     851 Grand Concourse
                     Bronx, NY 10451


SUPPORTING PAPERS:       Affirmation of Gary M. Kavulich, Esq.,
                     dated February 20, 2014, affidavit of Janine
                     Losey, managing agent for the Plaintiff, and
                     upon all the papers and proceeding
                     heretofore had herein.

*4-21-14 - reply due*
*Adj 4-28-14*

*4/2*

*Fully submitted 4-28-14*

RELIEF REQUESTED:     An Order for judgment against the
Defendant in the amount of $2,632.08, plus
costs, fees, disbursements and interest from
July 1, 2006, and for such other and further
relief as to this Court may deem just and
proper.

Dated:     Port Chester, New York
           February 20, 2014

Yours Etc.,

Kavulich & Associates, P.C.
By: Gary M. Kavulich, Esq.
181 Westchester Ave., Suite 500-C
Port Chester, NY 10573
(914) 355-2074

To:     Alberto Torres, Esq.
        Attorney for the Defendant
        629 Melrose Avenue
        Bronx, NY 10455

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 30
----------------------------------------------------------X
2246 WEBSTER AVENUE, HDFC,

                Plaintiff,

       - against -

ELIZABETH ALIBIZU ACEVEDO,

                Defendant.

----------------------------------------------------------X

INDEX NO. 48720/11
FILE NO. 13817

AFFIRMATION
IN SUPPORT

      Gary M. Kavulich, Esq., an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following under the penalty of perjury.

    1.  I am a member of the law firm of Kavulich & Associates, P.C., attorneys for the Plaintiff, herein. As such, I am fully familiar with the facts and circumstances of the within proceeding, except as to those matters stated to be based upon information and belief, and as to those matters I believe them to be true. The basis of my belief is information furnished to me by my client, information contained within the Court's file, and information contained within the file as maintained by your affirmant's office.

    2.  I make this affirmation in support of Plaintiff's application for a judgment against Defendant ELIZABETH ALIBIZU ACEVEDO pursuant to Defendant's default upon a signed stipulation dated January 3, 2012, and for such other and further relief as to this Court may deem just and proper. Please see a copy of that stipulation annexed hereto as Exhibit "1."

BACKGROUND

3.  Plaintiff commenced this action seeking to recover $5,093.91 on or about July 14, 2011. Annexed hereto as Exhibit "2" is the affidavit of Plaintiff's managing agent, Janine Losey. Please see the summons and complaint annexed hereto as Exhibit "3."

4.  Defendant interposed an answer on or about November 21, 2011. Please see Defendant's answer annexed hereto as Exhibit "4."

5.  Thereafter, at a pre-trial conference of this matter on January 3, 2012, by way of a So-Ordered Stipulation, the Parties hereto settled this matter in the sum of $2,000.00 at the rate of $50.00 per month until that sum had been paid in full. Please see aforementioned Exhibit "1."

6.  Further, upon Defendant's default, Plaintiff was to provide to Defendant with a notice of default and 10-day opportunity to cure said default. Please see the aforementioned Exhibit "1."

7.  Also per the terms of that Stipulation of Settlement, Defendant agreed that in the event she should default on that settlement, Plaintiff was entitled to judgment in the full amount of Defendant's arrears balance, $3,993.91, less any amount paid, with costs, fees, disbursements and interest thereon from July 1, 2006. Please see aforementioned Exhibit "1." Please see the aforementioned Exhibit "2."

8.  Pursuant to the Parties' stipulation, Plaintiff collected $200.00. Please see the aforementioned Exhibit "2."

9.  However, Defendant defaulted on that stipulation on at least three occasions. Please see the aforementioned Exhibit "2."

10. Pursuant to the stipulation, Plaintiff sent to Defendant the requisite default notices. Please see those default notices annexed hereto as Exhibit "5."

11. Thereafter, upon Defendant's failure to cure her default for the month of July, 2012, Plaintiff submitted for judgment against Defendant in September, 2012.

12. Judgment was entered on September 27, 2012. Please see a copy of that judgment annexed hereto as Exhibit "6."

13. Thereafter, Plaintiff commenced execution measures and successfully collected $1,161.83 toward the satisfaction of that judgment. Please see aforementioned Exhibit "2."

14. Defendant then filed an Order to Show Cause seeking to stay the execution measures and restore this matter to the calendar. Annexed hereto as Exhibit "7" is a copy of Defendant's Order to Show Cause.

15. Thereafter, Defendant retained counsel and filed a supplemental affirmation with her Order to Show Cause. Annexed hereto as Exhibit "8" is a copy of said affirmation.

16. On March 11, 2013, the Court granted Defendant's Order to the extent that the judgment and all execution measures were vacated, but the Court did not vacate the stipulation due to the fact that the aforementioned stipulation allowed the Plaintiff to try for a motion of judgment upon the Defendant's default. Annexed hereto as Exhibit "9" is a copy of the Court's decision.

17. Therefore, Defendant owes $2,632.08, plus costs, fees, disbursements and interest from July 1, 2006 to Plaintiff toward the satisfaction of the defaulted stipulation. Please see aforementioned Exhibit "1."

18. As Defendant has breach the terms of the stipulation and as this debt remains due and owing to Plaintiff, Plaintiff now moves for judgment pursuant to Defendant's default upon the stipulation.

WHEREFORE, your affirmant respectfully requests that the instant motion be granted in all respects and for such other and further relief as to this Court may seem just and proper.

Dated:     Port Chester, New York
           February 20, 2014

Gary M. Kavulich, Esq.