EXHIBIT 1

CIVIL COURT OF THE CITY OF NEW YORK
County of BRONX Part 11

Index No. 48720/11
File # 13817

2246 WEBSTER AVENUE, HDFC

Plaintiff(s).

-Against-

Elizabeth ALIBIZU ACEVEDO
Defendant(s).

STIPULATION OF SETTLEMENT

Civil Court of the City of New York

JAN 03 2012

ENTERED
BRONX COUNTY

It is hereby stipulated and agreed by and between the parties that the above-referenced action is settled as follows: Plaintiff shall accept $2000⁰⁰ as full settlement of all claims payable as follows: COMMENCING JANUARY 30, 2012 and on or before the 30th of the every month thereafter $50⁰⁰ per month. In the event of default, Plaintiff shall move for entry of judgment including 3,993⁹¹ (less costs, fees, disbursements and interest from) payments July 1, 2006 upon 10 days written notice to cure make payments to: KAVULICH + Associates, PC 181 Westchester Avenue, Suite 500C, Port Chester, NEW YORK 10573 be certain to include JLC# 13817 on all payments. Upon satisfaction of the debt, Plaintiff shall File + Serve upon Defendant a Notice of Discontinuance. This Stipulation contains the full terms + conditions of This Agreement

Signature _____ Date _____

Signature (Plaintiff) _____

Kavulich + Associates, PC

Signature _____ Date _____

Signature Elizabeth Alez _____ Date 1-3-12

Signature Elizabeth Alez _____ Date 1-3-12

Page _____ of _____

CIV-GP-32 (Revised December, 2005)

EXHIBIT 2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
2246 WEBSTER AVENUE, HDFC,

                              Plaintiff,

        - against -

ELIZABETH ALIBIZU ACEVEDO,

                            Defendant.

-------------------------------------------------------------------X

INDEX NO. 48720/11
FILE NO. 13817

AFFIDAVIT
IN SUPPORT

STATE OF NEW YORK    )
                      ) SS
COUNTY OF BRONX     )

       I, Janine Losey, being duly sworn deposes and says:

       1.      I am the managing agent for the Plaintiff, 2246 WEBSTER AVENUE. HDFC

herein, and as such I am fully familiar with the facts and circumstances of this proceeding.

       2.      The within proceedings was commenced against Defendant to recover rental

arrears in the amount of $3,993.91, due and owing by Defendant to Plaintiff.

       3.      Thereafter, at a pre-trial conference of this matter on January 3, 2012, by way of a

So-Ordered Stipulation, the Parties hereto settled this matter in the sum of $2,000.00 at the rate

of $50.00 per month until that sum had been paid in full.

       4.      Also per the terms of that Stipulation of Settlement, Defendant agreed that in the

event she should default on that settlement, Plaintiff was entitled to judgment in the full amount

of Defendant's arrears balance, $3,993.91, less any amount paid, with interest thereon from July

1, 2006.

       5.      Also per that Stipulation of Settlement, upon Defendant's default, Plaintiff was to

provide to Defendant with a notice of default and 10-day opportunity to cure said default.

6.      That pursuant to the Parties' stipulation, Plaintiff collected $200.00.

7.      That Defendant defaulted on that stipulation on at least three occasions.

8.      Thereafter, upon Defendant's failure to cure her default for the month of July,
2012, Plaintiff submitted for and obtained judgment against Defendant in September, 2012.

9.      Thereafter, Plaintiff commenced execution measures and successfully collected
$984.81 toward the satisfaction of that judgment.

10.     Therefore, Defendant owes $2,809.10 plus costs, fees, disbursements and interest
from July 1, 2006 to Plaintiff toward the satisfaction of the defaulted stipulation.

*Does not match Atty Aff ($2632.08)*

WHEREFORE, your deponent prays that the Court deny the instant motion as no legal or
equitable basis has been provided.

Sworn to before me this
25 day of February 2014

Notary Public

Janine Losey

TARA J. GREKULAK
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GR6198968
Qualified in Westchester County
My Commission Expires February 02, 2017

EXHIBIT 3

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

648720 | 1 |

---------------------------------------------------------x

2246 Webster Avenue, HDFC,
                          Plaintiff.

INDEX NO.
FILE NO. 13817.0

   -against-

SUMMONS
Place of Venue is Plaintiff's
place of business:

Elizabeth Alibizu Acevedo.

2246 Webster Avenue
Bronx, NY 10457

                   Defendant(s)

---------------------------------------------------------x

To the above named defendants(s):

   YOU ARE HEREBY SUMMONED to appear at the CIVIL COURT OF THE CITY OF
NEW YORK, COUNTY OF BRONX at the office of the clerk of the said Court at 851 Grand
Concourse, Bronx, NY 10451, in the COUNTY OF BRONX, State of New York, within the
time provided by law as noted below and to file an answer to the below complaint with the
clerk; upon your failure to answer, judgment will be taken against you for the sum of $5,093.91
with interest thereon from July 1, 2006 together with costs of this action.

DATED: July 1, 2011

**FEE PAID**

JUL 14 2011

CIVIL COURT
BRONX COUNTY

By: Gary Kavulich, Esq.,
Kavulich & Associates, P.C.
Attorney for Plaintiff
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573
(914) 355-2074

Defendant's Address:
Elizabeth Alibizu Acevedo
811 E. 167th Street, Apt. 2A
Bronx, NY 10459-2771

Note: The law provides that: (a) If the summons is served by its delivery to you personally
within the City of New York, you must appear and answer within TWENTY days after such
service; or (b) If the summons is served by any means other than personal delivery to you
within the City of New York, you must appear and answer within THIRTY days after proof of
service thereof is filed with the Clerk of this Court.

Page 117

## COMPLAINT

**FIRST ACTION:** Plaintiff seeks to recover damages from defendant(s) for breach of a lease agreement in the sum of $3,993.91 representing rental arrears for the months of July, 2006 balance of $399.79; August, 2006 through and including November, 2006 at the agreed monthly sum of $898.53 for the premises known as 2246 Webster Avenue, Apt.34 Bronx, NY 10457 together with costs and disbursements of this action and for such other and further relief as the court may deem just.

**SECOND ACTION:** Plaintiff seeks to recover damages from the defendant in the sum of $600.00 representing damages together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**THIRD ACTION:** Plaintiff seeks to recover damages from the defendant in the sum of $500.00 representing reasonable attorneys fees together with costs and disbursements of this action and for such other further relief as the Court may deem just.

**WHEREFORE,** Plaintiff demands judgment (A) on the First Action, in the sum of $3,993.91 plus interest from July 1, 2006 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (B) on the Second Action, in the sum of $600.00 plus interest from July 1, 2006 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (C) on the Third Action, in the sum of $500.00 together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

The Plaintiff in this action is NOT required to be licensed by the New York City Department of Consumer Affairs.

EXHIBIT 4

Civil Court of the City of New York
County of Bronx

Index No: CV-048720-11/BX



2246 Webster Avenue. HDFC
~against~
Elizabeth Alibizu Acevedo

**ORAL ANSWER**
**ACTION FOR MONEY ONLY**

Defendant, Elizabeth Alibizu Acevedo, at 811 E. 167th Street Apt. 2A, Bronx, NY 10459- . answers the Complaint
as follows:

**ANSWER:** Dated : 11/21/2011
*(Check all that apply)*

1 _____ General Denial: I deny the allegations in the complaint

**SERVICE**

2 _____ I did not receive a copy of the summons and complaint

3 _____ I received the Summons and Complaint, but service was not correct as required by law.

**DEFENSES**

4 _____ I do not owe this debt.

5 _____ I did not incur this debt. I am the victim of identity theft or mistaken identity.

6 _____ I have paid all or part of the alleged debt.

7 XX I dispute the amount of the debt.

8 _____ Plaintiff is required to be licensed by the department of consumer affairs of the City of New York and
does not allege a license number in the Complaint.

9 _____ Statute of Limitations ( the time has passed to sue on this debt: more than six years).

10 _____ The debt has been discharged in bankruptcy.

11 _____ The collateral (property) was not sold at a commercially reasonable price.

12 XX Unjust enrichment (the amount demanded is excessive compared with the original debt.)

13 _____ Violation of the duty of good faith and fair dealing.

14 _____ Unconscionability (the contract is unfair.)

15 _____ Laches (plaintiff has excessively delayed in bringing this lawsuit to my disadvantage.)

16 _____ Defendant is in the military.

17 _____ Other:

**OTHER**

18 _____ Please take notice that my only source of income is _____, which is exempt from collection.

**COUNTERCLAIM**

19 _____ Counterclaim(s):$ _____ Reason:

**This case is scheduled to appear on the calendar as follows:**
Date: January 3, 2012 Part: Part 11 - Self Represented Non-Jury Room 503 Time: 10:30 AM Both Sides Notified:

To:

Kavulich & Associates
181 Westchester Ave
Suite 500-C
Port Chester. NY 10573-

ID - DMV

**FILED**
CLERK'S OFFICE

NOV 2 1 2011

CIVIL COURT
BRONX COUNTY

Page 120

EXHIBIT 5

Kavulich & Associates, P.C.
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573
Phone: (914) 355-2074 Fax: (914) 355-2078

April 9, 2012
Elizabeth Alibizu Acevedo
811 E. 167th Street
Apt. 2A
Bronx, NY 10459-2771

Re:    Defaulted Stipulation
       2246 Webster Avenue, HDFC
       File No.: 13817

Dear Elizabeth Alibizu Acevedo:

       You are in default of your payment under the stipulation signed by you. Please be
advised that if the default is not cured within 10 days of the date of this letter, my client
will pursue all remedies available to it under law.

Kindly forward all remittances to us, payable to the law firm of Kavulich & Associates,
P.C. at 181 Westchester Ave., Suite 500C, Port Chester, NY 10573 with your file
number on said payment. Thank you for your attention to this matter.

Very Truly Yours,

Gary Kavulich, Esq.

**This is an attempt to collect a debt. Any information obtained will be used for that
purpose. This communication is from a debt collector.**

**Kavulich & Associates, P.C.**
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573
Phone: (914) 355-2074 Fax: (914) 355-2078

June 12, 2012
Elizabeth Alibizu Acevedo
811 E. 167th Street
Apt. 2A
Bronx, NY 10459-2771

Re:    Defaulted Stipulation
       2246 Webster Avenue, HDFC
       File No.: 13817

Dear Elizabeth Alibizu Acevedo:

       You are in default of your payment under the stipulation signed by you.  Please be advised that if the default is not cured within 10 days of the date of this letter, my client will pursue all remedies available to it under law.

Kindly forward all remittances to us, payable to the law firm of Kavulich & Associates, P.C. at 181 Westchester Ave., Suite 500C, Port Chester, NY 10573 with your file number on said payment.  Thank you for your attention to this matter.

Very Truly Yours,

Gary Kavulich, Esq.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.**

Kavulich & Associates, P.C.
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573
Phone: (914) 355-2074 Fax: (914) 355-2078

August 28, 2012
Elizabeth Alibizu Acevedo
811 E. 167th Street
Apt. 2A
Bronx, NY 10459-2771

Re:      Defaulted Stipulation
         2246 Webster Avenue, HDFC
         File No.: 13817

Dear Elizabeth Alibizu Acevedo:

        You are in default of your payment under the stipulation signed by you.  Please be advised that if the default is not cured within 10 days of the date of this letter, my client will pursue all remedies available to it under law.

Kindly forward all remittances to us, payable to the law firm of Kavulich & Associates, P.C. at 181 Westchester Ave., Suite 500C, Port Chester, NY 10573 with your file number on said payment.  Thank you for your attention to this matter.

Very Truly Yours,

Gary Kavulich, Esq.


**This is an attempt to collect a debt. Any information obtained will be used for that purpose.  This communication is from a debt collector.**

EXHIBIT 6



Bronx County Civil Court
Civil Judgment

**Plaintiff(s):**
2246 Webster Avenue, HDFC

vs.

**Defendant(s):**
Elizabeth Albizu Acevedo

Index Number: CV-048720-11/BX

Judgment issued: Per Default in Stipulation

On Motion of:

Kavulich & Associates PC
161 Westchester Avenue, Suite 500C, Port
Chester, NY 10573-

| | | | | | |
|---|---|---|---|---|---|
| Amount claimed | | $3,993.91 | Index Number Fee | $45.00 | Transcript Fee | $0.00 |
| Less Payments made | | $200.00 | Consumer Credit Fee | $0.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | | $0.00 | Service Fee | $25.00 | Enforcement Fee | $40.00 |
| Interest | 07/01/2006 | $2,105.62 | Non-Military Fee | $0.00 | Other Disbursements | $0.00 |
| Attorney Fees | | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | $0.00 |
| Cost By Statute | | $520.00 | Jury Demand Fee | $0.00 | | |

| Total Damages | $5,699.53 | Total Costs & Disbursements | $130.00 | Judgment Total | $6,029.53 |
|---|---|---|---|---|---|

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) 2246 Webster Avenue, HDFC
2246 Webster Avenue, Bronx, NY 10457-

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) Elizabeth Albizu Acevedo
811 E. 167th Street, Apt. 2A, Bronx, NY 10459-

Judgment entered at the Bronx County Civil Court, 851 Grand Concourse, Bronx, NY 10451, in the STATE OF NEW YORK
in the total amount of $6,029.53 on 09/27/2012 at 12:15 PM.

Judgment sequence 1

13817

*Carol Alt*

Carol Alt, Chief Clerk Civil Court

EXHIBIT 7

Civil Court of the City of New York

County of Bronx Part 34C

2246 Webster Avenue, HDFC
-against-
Elizabeth Albizu Acevedo

Index Number  CV-048720-11/BX

**ORDER TO SHOW CAUSE**
To Vacate a Judgment, restore case to the Calendar, and vacate any liens and income executions involving this defendant on this case and or to dismiss

**APPEARANCE IS MANDATORY**

~~INTERPRETER REQUIRED~~

UPON the annexed affidavit of Elizabeth ~~Albizu~~ ~~Acevedo~~ sworn to on January 28, 2013, and upon all papers and proceedings herein:

Let the Claimant(s)/Plaintiff(s) or Claimant(s)/Plaintiff(s) attorney(s) show cause at:

Civil Court of the City of New York
851 Grand Concourse
Bronx, NY 10451
Part  34C                        Room 504
on February 11, 2013 at 9:30 AM

or as soon thereafter as counsel may be heard, why an order should not be made:

VACATING the Judgment, restoring to the calendar, vacating any liens and income executions and/or dismissing the action if warranted and/or granting such other and further relief as may be just..

PENDING the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the part of the Claimant(s)/Plaintiff(s), Claimant(s)/Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement of said Judgment be stayed.

SERVICE of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

| Claimant(s)/Plaintiff(s) or named attorney(s): | Sheriff or Marshal: |
|---|---|
| (Judge to Initial) | (Judge to Initial) |
| ___ by Personal Service by " In Hand Delivery" | ___ by Personal Service by " In Hand Delivery" |
| ✓ by Certified Mail, Return Receipt Requested | ✓ by Certified Mail, Return Receipt Requested |
| ___ by First Class Mail with official Post Office Certificate of Mailing | ___ by First Class Mail with official Post Office Certificate of Mailing |

on or before _____ 2/11/~~2013~~; shall be deemed good and sufficient.

PROOF OF SUCH SERVICE shall be filed with the Clerk in the Part indicated above on the return date of this Order to Show Cause.

| Attorney(s):  Mail to: | Sheriff/Marshal: |
|---|---|
| Kavulich & Associates PC (Counsel for Pltf) | NYC Marshal |
| 181 Westchester Avenue | Biegel, Stephen, Marshal |
| Suite 500C | 109 W 38 Street |
| Port Chester, NY 10573 | Suite 200 |
| | New York, NY 10018-3615 |

January 28, 2013
_____
DATE

_____
Hon. Gerald Lebovits, Civil Court Judge (NYC)

(But Defendant does not raise any
ground to vacate the 1/3/12 ~~?~~
Stipulation )

Page 128

CV-048720-11/BX

Civil Court of the City of New York, County of Bronx

2246 Webster Avenue, HDFC
            -against-
Elizabeth Alibizu Acevedo

Affidavit in Support to restore case to the calendar, and vacate any judgment, liens and income executions involving this defendant on this case, and/or to dismiss

State of New York, County of Bronx
    Elizabeth Alibizu Acevedo, being duly sworn, deposes and says:
    (Defendant's initials)

1. ___ EA ___ a) I am the Party named as (Defendant) (Respondent) in the above titled action.

2. ___ EA ___ a) I have been served with a summons and complaint in this action. [NOTE: if Small Claims skip #3, and go to # 4]
    b) I have not been served, and my first notice of legal action was [NOTE: if you complete any of #2b, skip #3, #4, #5, and go to #6]
    _____ a Notice of Default Judgment mailed to me
    _____ a Restraining Notice on my bank account.
    _____ a copy of an Income Execution served on ___ 1/28/13
    _____ Other: _____

3. _____ a) I did not appear and answer in the Clerk's Office because: [NOTE: If you complete # 3a, skip and go to #6].
    ___ EA ___ b) I did appear and answer in the Clerk's Office
    _____ and I received a date for trial.   1/3/12
    _____ but the answer was entered late
    _____ Other: _____

4. ___ EA ___ On the Date of Trial before Judge/Arbitrator
    _____ a stipulation(a written agreement) was made between claimant/plaintiff and defendant.
    1/3/12  _____ a judgment was entered after the trial.
    _____ a judgment was entered against me by default for my failure to appear.
    _____ Other: _____

5. ___ EA ___ My reason for not
    _____ complying with the stipulation is I have some Finacial problems
    _____ following the order of the Court is
    _____ appearing in court on the date scheduled for trial is
    _____ Other: _____

6. ___ EA ___ I allege that I have a good defense because: I have some Financial problems, but
    Estoy escribiendo Carta; y la mando para que ello sepan mi situacion
    y me diera un chance para pagar lo cual cuando se me recupere esta crisis
    fingar

7. _____ a) I have not had a previous Order to Show Cause regarding this index number.
    _____ b) I have had a previous Order to Show Cause regarding this index number but I am making this application because: _____

8. ___ EA ___ I request that the Judgment be vacated, that the case be restored to the calendar, and permission to serve these papers in person.

Sworn to before me this day January 28, 2013

_____William Gonzalez/SRRA_____
Signature of Court Employee and Title

(Sign Name) X Elizabeth Allynu
Elizabeth Alibizu Acevedo
811 E. 167th Street
Apt. 2A
Bronx, NY 10459

but I wrote a letter and I sent it for them to know my situation and
give me the opportunity to pay when my very financial situation get

Page 129

EXHIBIT 8

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X

2246 WEBSTER AVENUE HDFC,                                    Index No. 48720-2011

              Plaintiff,

    -against-

                                        NOTICE OF MOTION

ELIZABETH ALIBIZU ACEVEDO,

              Defendant(s).

------------------------------------------------------------------X

       PLEASE TAKE NOTICE that upon the annexed Attorney Affirmation of ALBERTO
TORRES, ESQ. dated February 7, 2013, Affidavit of ELIZABETH ALIBIZU sworn to the 7th
day of February, 2013 and on all papers and proceedings heretofore had herein, the
undersigned will move this Court at PART 34C, ROOM 504 thereof to be held at the
Courthouse located at 851 GRAND CONCOURSE, BRONX, NEW YORK, ON
FEBRUARY 11, 2013 AT 9:30 A.M. of that day or as soon thereafter as the parties or their
counsel may be heard, for an Order vacating the terms and conditions of a stipulation dated
January 3, 2012 and staying and vacating the execution and enforcement of a judgment dated
September 27, 2012 and for such other and further relief as to this Court is just and proper.

       PLEASE TAKE FURTHER NOTICE, that this motion is being noticed pursuant to
Rule #406 of CPLR, if applicable.

Dated: Bronx, New York
       February 7, 2013

                                      _____
                                ALBERTO TORRES, ESQ.
                                Attorney for Respondent
                                629 Melrose Avenue
                                Bronx, New York 10455
                                Tel.No. (718) 620-0106
                                Fax No. (718) 620-0107

TO:    GARY KAVULICH, ESQ.
        Attorney for Plaintiff
        KAVULICH & ASSOCIATES, P.C.
        181 Westchester Avenue, Suite 500C
        Port Chester, New York 10573
        Tel No. (914) 355-2074
        Fax No. (914) 355-2078

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X

2246 WEBSTER AVENUE HDFC,                              Index No. 48720-2011

                         Plaintiff,

           -against-                                  **AFFIRMATION OF
                                                      EMERGENCY**

ELIZABETH ALIBIZU ACEVEDO,

                         Defendant(s).
----------------------------------------------------------------X
STATE OF NEW YORK      )
                       ) ss:
COUNTY OF BRONX        )

           ALBERTO TORRES, an attorney duly admitted to practice law before the Courts

of the State of New York, pursuant to CPLR § 2106, under penalties of perjury, affirms

as follows:

           1.    I am the attorney for ELIZABETH ALIBIZU, Defendant in the above-

captioned matter and as such I am fully familiar with the facts and circumstances of this

case.

           2.    I respectfully submit this Affirmation in Support of Defendant's

application herein.

           3.    That upon information and belief, in or about January 2013, Defendant

who was not notified by her employer that they were served with an Income Execution

Notice on a judgment dated September 27, 2012, realized that her employer had started

garnishing Defendant's wages.

           4.    That Defendant respectfully files the instant application wherein she

states in her Affidavit she had been paying $50.00 per month pursuant to the stipulation

for a total of $500.00, and that an additional $900.00 has been garnished from her wages.

           5.    That on February 4, 2013, I spoke to Defendant and reviewed various

documents, including the complaint. (See Exhibit G)

6. That Defendant then became aware that she was sued for alleged rents from July 2006 to November 2006, however, Defendant stated and provided documentary proofs that her (1) lease expired on April 30, 2006 (See Exhibit D), (2) she paid rents through June 2006 (See Exhibit E), and (3) moved into an apartment with the New York City Housing Authority (NYCHA) in June 2006. (See Exhibit F)

7. That Defendant in her Answer filed with this court stated that she disputed the debt and the defense of unjust enrichment.

8. That this matter is an emergency in that my client's check is being garnished for a debt that she does not owe, and in fact Defendant is entitled to a refund of $500.00 she made pursuant to a stipulation, and $900.00 for the garnishment of Defendant's paychecks.

9. That no prior application has been made for the relief herein

WHEREFORE, this deponent respectfully prays for an order directing that the.

(a) vacating and staying, effective immediately, the execution and enforcement of a judgment dated September 27, 2012 and vacating the terms and conditions of a stipulation dated January 3, 2012 against Defendant;

(b) vacating and setting aside the judgment against the Defendant and placing this matter back onto the court calendar and permitting said Defendant to serve and file an answer, upon the ground that Defendant has documentary proofs that she is not obligated to pay this alleged debt;

(o) granting of such other and further relief as to the Court may seem just, reasonable and equitable.

Dated: Bronx, New York
February 7, 2013

ALBERTO TORRES, ESQ.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X

2246 WEBSTER AVENUE HDFC,                              Index No. 48720-2011

                                  Plaintiff,

            -against-                                 **AFFIDAVIT IN SUPPORT**

ELIZABETH ALIBIZU ACEVEDO,

                                  Defendant(s).
----------------------------------------------------------------X
STATE OF NEW YORK    )
                     ) ss.
COUNTY OF BRONX      )

        ELIZABETH ALIBIZU, being duly sworn, deposes and says:

        1.      I am a named Defendant in the above referenced matter.

        2.      That on or about January 2013, I reviewed my paystub and discovered that
my employer was garnishing my wages for some unknown debt. I was told that the
garnishment was for the matter herein and immediately retrieved a copy from this court of
an Income Execution Notice dated October 10, 2012 showing that Plaintiff was able to
get a judgment against me for $6,029.53. (See Exhibit A)

        3.      That I consulted with an attorney and told him that my payroll check was
being garnished, although I was making payments (See Exhibit B) pursuant to a
stipulation with this court dated January 3, 2012. (See Exhibit C)

        4.      That in reviewing the complaint, my attorney advised me that the lawsuit
was for unpaid rents from July 2006 to November 2006, when in fact I had already
vacated and surrendered the apartment. (See Exhibit G)

        5.      That I have a meritorious defense in that I had no contractual obligations
with the Plaintiff herein who misrepresented in documents filed with this court that they

are   entitled to rents for July 2006 through November 2006 when in fact (1) my lease expired in June 2006, (See Exhibit D), (2) I had paid rent through June 2006 and gave the landlord my security deposit (See Exhibit E) and (3) moved into an apartment at the New York City Housing Authority (NYCHA) in June 2006. (See Exhibit F)

6.    That I do not owe this alleged debt because I had no contractual agreement obligations with Plaintiff, and the signing of the stipulation under false pretenses and judgment against me should be vacated so that I can defend this case on the merits.

7.    That as I stated before, I vacated the apartment, paid my rent and surrendered my security deposit to Plaintiff in June 2006, and moved into an apartment with NYCHA.

8.    Therefore, I request that this court vacate the stipulation, dated January 3, 2012, and judgment, dated September 27, 2012, and give me an opportunity to defend myself on the grounds that I did not owe Plaintiff any rents subsequent to my vacating the apartment.

9.    That I would also request that this court order Plaintiff to reimburse me $500.00 I paid pursuant to the stipulation, and $900.00 that has been garnished from my pay through January 2013.

10.    It is also requested that the court order a stay on the garnishment of my wages pending the final resolution of this matter.

11.    That no prior application has been made for the relief that Plaintiff request herein.

**WHEREFORE,** it is respectfully requested that this Court grant the relief requested and for such other and further relief as this Court deems just and proper.

Dated: Bronx, New York
       February 7, 2013

Elizabeth Albizu
ELIZABETH ALIBIZU

Subscribed and sworn to before me
on this 7 day of February, 2013

_____
NOTARY PUBLIC

ALBERTO TORRES
Notary Public State Of New York
No.01T04849826
Qualified In Bronx County
Commission Expires January 27,20 14

Civil Court of the City of New York

(13817)

Index Number ___48720/11___

County of BRONX _____

Part _____

Motion Cal. # _____   Motion Seq. # _____

2246 WEBSTER

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

ELIZABETH A. ACEVEDO

Defendant(s)/Respondent(s)

**DECISION/ORDER**

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | |
| Order to Show Cause and Affidavits Annexed .... | (2) |
| Answering Affidavits.................................. | (2) |
| Replying Affidavits................................... | |
| Exhibits ............................................... | |
| Other..................................................... | |

Upon the foregoing cited papers, the Decision/Order on this Motion to *vacate*, *interalia*, is as follows:

judgment is granted as follows:

The parties stipulation dated Jan. 3, 2012, provided that "in the event of default, plaintiff shall move for entry of judgment ... There is no dispute that no motion or order to show cause was made after defendant's alleged default, as instead the Plaintiff submitted a judgment to the clerks office ex parte. Based on aforementioned, the default judgment was not entered in accordance with the parties stipulation (ie "move" c/o/a motion ) therefore it is vacated and all prior (incl. garnishments) levies etc are vacated. This order is without prejudice to plntff's newly retained attny seeking to vacate the Jan. 2012 stipulation.

Date ___3/11/13___

HON. JOSEPH E. CAPELLA



EXHIBIT 9

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 30                      INDEX NO. 48720/11
-------------------------------------------------------------X    FILE NO. 13817
2246 WEBSTER AVENUE, HDFC,

                         Plaintiff,                AFFIRMATION
                                                   OF SERVICE

        - against -

ELIZABETH ALIBIZU ACEVEDO,

                         Defendant.
-------------------------------------------------------------X

        Gary M. Kavulich, Esq., an attorney duly admitted to practice law before the
Courts of the State of New York hereby affirms the following under the penalty of
perjury.

        On March 3__, 2014 I served the within Notice of Motion and Motion upon
Alberto Torres, Esq., the Attorney for the Defendant in this action, by depositing a true
copy in a post-paid envelope addressed to:

                         Alberto Torres, Esq.
                         629 Melrose Avenue
                         Bronx, NY 10455

in an official depository under the exclusive dominion and control of the United States
Postal Service within the State of New York via regular first class mail.

                                         Gary M. Kavulich, Esq.

3c (2)

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX:
------------------------------------------------------------X

2246 WEBSTER AVENUE HDFC,                     Index No. 48720-2011

                              Plaintiff,

                -against-
                                                    NOTICE OF MOTION
                                                    AND AFFIRMATION
ELIZABETH ALBIZU ACEVEDO,                           IN OPPOSITION

                              Defendant(s).
------------------------------------------------------------X                    Δ's  OPP &
                                                                                 CROSS
                                                                                 MOTION 1

MOTION:                       Alberto Torres, Esq.
                              Attorney for Defendant

DATE, TIME AND PLACE
OF HEARING:                   April 2, 2014 at 9:30 a.m
                              Motion Term: Part 30, Room 503
                              Civil Court of the City of New York
                              851 Grand Concourse, Bronx, NY 10451

SUPPORTING PAPERS:            Affirmation in Opposition of Alberto Torres, Esq.
                              Dated March 25, 2014.
                              Affidavit in Support of Elizabeth Albizu, and upon
                              all the papers and proceeding heretofore had herein.

RELIEF REQUESTED:             An Order denying Plaintiff's application for a
                              judgment, vacate the January 3, 2012 Stipulation,
                              and for such other and further relief as this Court
                              deems just, and proper

Dated: Bronx, New York
       March 25 , 2014

                                                    Yours, Etc.

                                                    _____
                                                    ALBERTO TORRES, ESQ.
                                                    629 Melrose Avenue
                                                    Bronx, New York 10455
                                                    Tel No. (718) 620-0106
                                                    Fax No. (718) 620-0107

Adj to 4-28-14
for opp/reply & be served by 4/21/14

TO:   BRETT MILCHMAN, ESQ.
      Attorney for Plaintiff
      KAVULICH & ASSOCIATES, P.C.
      181 Westchester Avenue, Suite 500C
      Port Chester, New York 10573
      Tel No. (914) 355-2074

                                                    Page 140

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X

2246 WEBSTER AVENUE HDFC,                                    Index No. 48720-2011

                                    Plaintiff,

            -against-                                        **AFFIRMATION IN
                                                             OPPOSITION AND
                                                             DEFENDANT'S CROSS
ELIZABETH ALBIZU ACEVEDO,                                    MOTION**

                                    Defendant(s).
------------------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF BRONX        )

            ALBERTO TORRES, an attorney duly admitted to practice law before the Courts

of the State of New York, pursuant to CPLR § 2106, under penalties of perjury, affirms

as follows:

            1.      I am the attorney for ELIZABETH ALBIZU, Defendant in the above-

captioned matter and as such I am fully familiar with the facts and circumstances of this

case.

            2.      I respectfully submit this Affirmation In Opposition and Defendant's

Cross Motion in response to Plaintiff's Motion for Judgment.

            3.      That Plaintiff has filed a motion for judgment against Defendant dated

February 20, 2014, however, this application must be denied because:

> (a)      Plaintiff claims it collected $200.00 pursuant to the
>          Stipulation dated January 3, 2012, however, Defendant has
>          documentary proofs that a total of $500.00 was paid. (See
>          Exhibit F)
>
> (b)      Plaintiff claims it collected $1,161.83 by execution by a
>          marshal, but failed to attach any evidentiary proof, and
>          Defendant claims that the total garnishment is greater than
>          the alleged amount.
>
> (c)      The Stipulation dated January 2, 2012 was entered into by
>          Defendant Pro-Se in reliance upon misrepresentations made
>          by Plaintiff to this court, which was subsequently
>          discovered upon receipt of a rent history ledger attached to

Plaintiff's Affirmation In Opposition to Defendant's Order to Show Cause dated February 20, 2013 and filed with this court, and Defendant is requesting that the Stipulation So Ordered by this court be vacated pursuant to CPLR§5015 (a)(2) (newly discovered evidence and CPLR§2001 (mistake).

4.      That Plaintiff alleges in the instant application that they collected only $200.00 pursuant to the Stipulation, however, Defendant has documentary proof of payments of $500.00. (See Exhibit F)

5.      Likewise, Plaintiff alleges receipts of $1,161.83 from the marshal, but did not attach any evidentiary proofs, and Defendant claims in her Affidavit that she believes that the amount garnished exceeds this amount, and therefore, Plaintiff's application must be denied as a matter of law.

<div style="border: 1px solid black; text-align: center; padding: 8px;">CROSS MOTION TO VACATE STIPULATION</div>

6.      That pursuant to CPLR §5015 (a)(2) (newly discovered evidence) and CPLR§2001 (mistake), Defendant herein submits a cross motion requesting that the Stipulation of January 3, 2012 be vacated based upon newly discovered evidence and the mistake of entering into a Stipulation by a pro-se litigant.

7.      That attached hereto as Exhibit D is a ledger previously filed with this court by Plaintiff in an Affirmation In Opposition dated February 27, 2013 as Exhibit 4 that evidences that as of November 2006, the alleged balance due as rent arrears was only $1,233.98, yet Plaintiff commenced a lawsuit for over $4,500.00.

8.      That Defendant states in her Affidavit that she has a meritorious defense and she does not owe this alleged debt because Defendant had no written contractual agreement subsequent to April 30, 2006 with Plaintiff. (See Exhibit C)  That the Stipulation dated January 3, 2012 was executed by her as a pro-se defendant who was intimidated by the proceedings, and that she signed the Stipulation in reliance upon misrepresentations by Plaintiff herein, and therefore, the Stipulation should be vacated so

that Defendant can defend this case on the merits. (*See IPMCC 2006-CIBC 14 DIXS Avenue LLC v. Mack, 54509/12; Civil Court, Queens County, URL: http://www.newyorklawjournal.com/CaseDecisionNY.jsp?id=1202570713545*)

9.    That upon information and belief, Defendant vacated the apartment, paid all rents due and surrendered the security deposit to Plaintiff in June 2006, and moved into an apartment with the New York City Housing Authority.

10.    That the lease agreement expired on April 30, 2006, and Defendant became a month-to-month tenant and had no contractual obligations to pay any rent to Plaintiff after she physically vacated the apartment.

11.    That Plaintiff in her Affidavit gives a detailed analysis of the rent ledger, with the conclusion that as of November 2006, the alleged arrears were only $1,233.98, however, Plaintiff sued her for over $4,500.00.

12.    Therefore, Defendant requests that this court vacate the Stipulation dated January 3, 2012, and give Defendant an opportunity to defend herself on the meritorious defense that Defendant did not owe Plaintiff any rents subsequent to vacating the apartment.

13.    That Defendant also request that this court order Plaintiff to reimburse Defendant the $500.00 paid pursuant to the Stipulation, and Defendant's wages garnished by a city marshal pursuant to a judgment that was vacated by this court on March 11, 2013. (See Exhibit G)

**WHEREFORE**, it is respectfully requested that this Court deny Plaintiff's application for a judgment, and vacate the January 3, 2012 Stipulation, and for such other and further relief as this Court deems just, and proper.

Dated: Bronx, New York
      March 25, 2014

ALBERTO TORRES, ESQ.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X
2246 WEBSTER AVENUE HDFC,

Index No. 48720-2011

            Plaintiff,

    -against-

**AFFIDAVIT IN SUPPORT**

ELIZABETH ALBIZU ACEVEDO,

            Defendant(s).
--------------------------------------------------------------------X

| | |
|---|---|
| STATE OF NEW YORK | } |
| | }ss. |
| COUNTY OF BRONX | } |

    ELIZABETH ALBIZU, being duly sworn, deposes and says:

    1.    I am the Defendant in the above referenced matter.

    2.    That in or about January 2013, I discovered that my employer was garnishing my wages for the matter herein and that Plaintiff was able to get a judgment against me for $6,029.53. (See Exhibit A)

    3.    That when I reviewed the complaint, my attorney advised me that the lawsuit was for unpaid rents from July 2006 to November 2006, however, I had already vacated and surrendered the apartment to the landlord in June 2006. (See Exhibit B)

    4.    That I have a meritorious defense that I was unaware of when I entered the Stipulation in that I had no contractual obligations with the Plaintiff herein who misrepresented to me and in documents filed with this court that they are entitled to rents for July 2006 through November 2006 when in fact (1) my lease expired on April 30, 2006, (See Exhibit C), (2) I had paid rent through June 2006 and gave the landlord my security deposit (See Exhibit D) and (3) moved into an apartment at the New York City Housing Authority (NYCHA) in June 2006. (See Exhibit E)

    5.    That I do not owe this alleged debt because I had no contractual agreement obligations with Plaintiff after April 30, 2006, and I signed a Stipulation in reliance upon misrepresentations by Plaintiff that I was responsible for payments of rents until they rented the apartment, and made the mistake of not challenging this allegation or talking to an attorney, and request that the Stipulation be vacated so that I can defend this case on the merits.

6.    That attached hereto as Exhibit D is a copy of a rent ledger for my apartment from April 2006 to November 2006 that Plaintiff filed with this court.

7.    That this ledger indicates that as of April 30, 2006, I allegedly had a balance of $21.53, and in May 2006, the balance was $920.06, and for June 2006 it was $1,018.59. (See Exhibit D)    That in June 2006 I surrendered the apartment to the landlord and moved into a New York City Housing Authority apartment. (See Exhibit E)

8.    That although I surrendered the apartment in June 2006, the landlord continued to bill me for rents in July 2006 and August 2006.

9.    That the ledger shows that the total due in August 2006 was allegedly $2,033.04 and states that "FRANCO AVISED ME TODAY APT. AVAILABLE AS OF AUGUST, 5, 2006." However, I surrendered the apartment in June 2006, not August 2006.

10.    That in October 2006, the landlord credited $799.06, which I believe was the security deposit, leaving a balance of only $1,233.98, however, the landlord has sued me for $4,593.91 but never explained to me how they calculated this number, and I made the mistake of believing what they told me in court.

11.    That as I stated before, I vacated the apartment, paid my rent and surrendered my security deposit to Plaintiff in June 2006, and moved into an apartment with NYCHA.

12.    Therefore, I request that this court deny Plaintiff's request for a judgment and vacate the Stipulation dated January 3, 2012 in that I have a meritorious defense as evidenced by the ledger that I had not seen until Plaintiff filed it with this court, and give me an opportunity to defend myself on the grounds that I did not owe Plaintiff any rents subsequent to my vacating the apartment.

13.    That Plaintiff now tells this court that they collected only $200.00 pursuant to the Stipulation which is untrue, and in fact I had paid them $500.00 (See Exhibit F). In addition, I believe that the money that was garnished from my paycheck exceeds $1,161.83, and I request that this court require that Plaintiff provide written proofs as to how much was actually collected.

14.    That I would also request that this court order Plaintiff to reimburse me $500.00 I paid pursuant to the Stipulation, and the money that has been garnished from my paycheck by the Marshall, the sum of which is unknown.

WHEREFORE, it is respectfully requested that this Court grant the relief requested herein and for such other and further relief as this Court deems just and proper.

Dated: Bronx, New York

_March 25_, 2014

_Elizabeth Albizu_
ELIZABETH ALBIZU

Subscribed and sworn to before me
on this _25_ day of _March_, 2014

NOTARY PUBLIC

ALBERTO TORRES
Notary Public State Of New York
No.01T04849928
Qualified in Bronx County
Commission Expires January 27,20 _18_

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
2246 WEBSTER AVENUE HDFC,

Index No. 48720-2011

Plaintiff,

-against-

**AFFIDAVIT OF
SERVICE**

ELIZABETH ALIBIZU ACEVEDO,

Defendant(s).
-------------------------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF THE BRONX  )

SORAYA CARABALLO, being duly sworn, deposes and says:

(1)    Deponent is not a party to the action and is over 18 years of age and resides in the State of New York, County of New York.

(2)    On the 26th day of March, 2014, deponent served the within AFFIRMATION IN OPPOSITION AND DEFENDANT'S CROSS MOTION to the Attorney(s) at their designated address(es):

BRETT MILCHMAN, ESQ.
KAVULICH & ASSOCIATES, P.C.
181 Westchester Avenue, Suite 500C
Port Chester, New York 10573

VIA ELECTRONIC MAIL and BY DEPOSITING in a post office or official depository under the exclusive care of the United States Postal Service within the State of New York a true copy thereof in a properly stamped envelope addressed to the individuals at the addresses stated.

Soraya Caraballo

Subscribed and sworn to before me
on this 26 day of March , 2014

NOTARY PUBLIC

ALBERTO TORRES
Notary Public State Of New York
No.01TO4849926
Qualified In Bronx County
Commission Expires January 27,20 18

Page 147

Page 148

Exhibit A    Exhibit B    Exhibit C    Exhibit D    Exhibit E    Exhibit F

Bronx County Civil Court
Civil Judgment

Plaintiff(s):
2246 Webster Avenue, HDFC

Index Number: CV-048720-11/BX

Judgment issued:  Per Default in Stipulation

vs.

On Motion of:

Defendant(s):
Elizabeth Alibizu Acevedo

Kavulich & Associates PC
181 Westchester Avenue, Suite 500C, Port
Chester, NY 10573-

| | | | | | | |
|---|---|---|---|---|---|---|
| Amount claimed | $3,993.91 | Index Number Fee | $45.00 | Transcript Fee | | $0.00 |
| Less Payments made | $200.00 | Consumer Credit Fee | $0.00 | County Clerk Fee | | $0.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $25.00 | Enforcement Fee | | $40.00 |
| Interest     07/01/2006 | $2,105.62 | Non-Military Fee | $0.00 | Other Disbursements | | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | | $0.00 |
| Cost By Statute | $20.00 | Jury Demand Fee | $0.00 | | | |
| Total Damages | $5,899.53 | Total Costs & Disbursements | $130.00 | Judgment Total | | $6,029.53 |

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) 2246 Webster Avenue, HDFC
2246 Webster Avenue, Bronx, NY 10457-

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) Elizabeth Alibizu Acevedo
811 E. 167th Street, Apt. 2A, Bronx, NY 10459-

Judgment entered at the Bronx County Civil Court, 851 Grand Concourse, Bronx, NY 10451, in the STATE OF NEW YORK
in the total amount of $6,029.53 on 09/27/2012 at 12:15 PM.

Judgment sequence 1

*Carol Alt*

Carol Alt, Chief Clerk Civil Court

~Marshal =
OTSC

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

| Court Index No. 48720/11 |
| File No.      13817.0 |

2246 Webster Avenue, HDFC,

                              Plaintiff.

                Against                          INCOME EXECUTION

Elizabeth Alibizu Acevedo,                  The People of the State
                              Defendant(s).         of New York

The following judgment was duly entered in favor of the plaintiff (judgment creditor) in the office of the clerk of the within court.

| Court of Original Entry | Entry Date | Original Amount | Amount Due | Plus Interest From |
|---|---|---|---|---|
| CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF BRONX | 9/27/2012 12:00:00 AM | $6,029.53 | $6,029.53 | 9/27/2012 12:00:00 AM |

The judgment was recovered against       Elizabeth Alibizu Acevedo
And transcripted with the county clerk(s) of       Bronx                              defendant (judgment debtor)

            WHEREAS, this execution is issued against       Elizabeth Alibizu Acevedo          defendant (judgment debtor)
Whose last known address is:   811 E. 167th Street
                               Apt. 2A  Bronx, NY  10459-2771
and said defendant (judgment debtor) is receiving or will receive from the Employer* whose name and address is :
                               Milford Plaza Hotel  700 8th Avenue
                               New York, NY 10036  Attn: Payroll

| More than $ | per week, to wit $ | to be paid weekly installment of $ | each: |
| Title or position | Soc. Sec. and/ pension No. | Bureau, Office or Subdivision | Badge |
| No | 9605 | | |

You are directed to satisfy the judgment with interest together with your fees' and expenses, out of all monies now and hereafter due
owing to the judgment debtor from the Employer pursuant to CPLR § 5231 d 15 U.S.C 1671, et. Seq
Direction to Judgment Debtor: You are notified and commanded within 20 days to start paying the Enforcement Officer serving a copy
of this Income Execution on you: installments amounting to 10(but no more than the Federal limits set forth in I. Limitations on the
amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions
or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until
the judgment with interest and the fees and expenses of this Income execution are fully paid and satisfied, and if you fail to do so this
Income Execution will be served upon the Employer by the Enforcement Officer.
Direction to the Employer: You are commanded to withhold and pay over to the Enforcement Officer serving a copy of this Income
Execution on you: installments amounting to 10% (but no more than the Federal limits set fourth in I. Limitations on the amount that
can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other
irregular compensation now and hereafter becoming due to judgment debtor until the judgment with interest and fees and expenses of this
Income Execution are fully paid and satisfied.

Dated
10/10/2012

                              Gary Kavulich Esq.
                              Kavulich & Associates, P.C.
                              181 Westchester Avenue, Suite 500C
                              Port Chester, NY 10573
                              (914) 355-2074

    ▼   "Employer," herein, includes any payor of money to Judgment Debtor.

## Important Statement

        This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases,
however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor
is referred to New York Civil Practice Law and Rules § 5231 and 15 United State Code § 1671 et seq.

I.      Limitation on the amount that can be withheld
        A.  An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the
            judgment debtor's gross income.

Exhibit B          Exhibit C          Exhibit D          Exhibit E          Exhibit F

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

048720 |11

-----------------------------------------x

2246 Webster Avenue, HDFC,
                        Plaintiff,

INDEX NO.
FILE NO. 13817.0

  -against-

SUMMONS
Place of Venue is Plaintiff's
place of business:

Elizabeth Alibizu Acevedo,

2246 Webster Avenue
Bronx, NY 10457

                Defendant(s)

-----------------------------------------x

To the above named defendants(s):

   YOU ARE HEREBY SUMMONED to appear at the CIVIL COURT OF THE CITY OF
NEW YORK, COUNTY OF BRONX at the office of the clerk of the said Court at 851 Grand
Concourse, Bronx, NY 10451, in the COUNTY OF BRONX, State of New York, within the
time provided by law as noted below and to file an answer to the below complaint with the
clerk; upon your failure to answer, judgment will be taken against you for the sum of $5,093.91
with interest thereon from July 1, 2006 together with costs of this action.

DATED:  July 1, 2011

**FEE PAID**

JUL 14 2011

CIVIL COURT
BRONX COUNTY

By: Gary Kavulich, Esq.,
Kavulich & Associates, P.C.
Attorney for Plaintiff
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573
(914) 355-2074

Defendant's Address:
Elizabeth Alibizu Acevedo
811 E. 167th Street, Apt. 2A
Bronx, NY 10459-2771

Note:  The law provides that: (a) If the summons is served by its delivery to you personally
within the City of New York, you must appear and answer within TWENTY days after such
service; or (b) If the summons is served by any means other than personal delivery to you
within the City of New York, you must appear and answer within THIRTY days after proof of
service thereof is filed with the Clerk of this Court.

3x mail



## COMPLAINT

**FIRST ACTION**: Plaintiff seeks to recover damages from defendant(s) for breach of a lease agreement in the sum of $3,993.91 representing rental arrears for the months of July, 2006 balance of $399.79; August, 2006 through and including November, 2006 at the agreed monthly sum of $898.53 for the premises known as 2246 Webster Avenue, Apt.34 Bronx, NY 10457 together with costs and disbursements of this action and for such other and further relief as the court may deem just.

**SECOND ACTION**: Plaintiff seeks to recover damages from the defendant in the sum of $600.00 representing damages together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**THIRD ACTION**: Plaintiff seeks to recover damages from the defendant in the sum of $500.00 representing reasonable attorneys fees together with costs and disbursements of this action and for such other further relief as the Court may deem just.

**WHEREFORE**, Plaintiff demands judgment (A) on the First Action, in the sum of $3,993.91 plus interest from July 1, 2006 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (B) on the Second Action, in the sum of $600.00 plus interest from July 1, 2006 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (C) on the Third Action, in the sum of $500.00 together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

The Plaintiff in this action is NOT required to be licensed by the New York City Department of Consumer Affairs.

Exhibit C    Exhibit D    Exhibit E    Exhibit F

# RENEWAL LEASE FORM

Read INSTRUCTIONS TO OWNER and TO TENANT on reverse side before filling out signing this form.

**THIS IS A NOTICE FOR RENEWAL OF LEASE AND RENEWAL LEASE FORM PROMULGATED PURSUANT TO SECTION 2523.5(a) OF THE NEW YORK CITY RENT STABILIZATION CODE.  ALL COPIES OF THIS FORM MUST BE SIGNED BELOW AND RETURNED TO YOUR LANDLORD WITHIN 60 DAYS.**

Date: 01/08/2004

| Tenant's Name and Address: | Owner's/Agent Name & Address |
|---|---|
| ACEVEDO, ELIZABETH | 2246 Webster Avenue HDFC |
| 2246 WEBSTER AVENUE, 34 | C/O Belmont Arthur Ave LDC |
| BRONX, NY 10457 | 660 East 183rd Street Bronx, NY  10458 |

1.  The owner hereby notifies you that your lease will expire on:  <u>04/30/2004</u>
    Month     Day     Year

2.  You may renew this lease, for one year or two years, at your option, as follows:

| Col. a Renewal from | Col. b Legal rent on Sept. 30 preceding commencement date of this Renewal Lease | Col. c Authorized applicable Guideline increase (If unknown, check box ☐ and see below)* | Col. d Applicable guideline supplement, if any | Col. e Lawful rent increase adj., if any, effective after Sept. 30th indicated in Col. b | Col. f Separate charge, if any (Specify under item 4 below) | Col. g New rent (If lower rent is to be charged check box, ☐ and see $ below)** |
|---|---|---|---|---|---|---|
| ☐ 1 Year | $ 792.27 | (4.50%) $35.65 | $0.00 | $0.00 | $0.00 | $827.92 |
| ☑ 2 Year | SAME AS ABOVE | (7.50%) $59.42 | $0.00 | $0.00 | $0.00 | $851.69 |

Preferential Rent

| ☐ 1 Year | | (4.50%) $ | $0.00 | $0.00 | $0.00 | $ |
|---|---|---|---|---|---|---|
| ☐ 2 Year | SAME AS ABOVE | (7.50%) $ | $0.00 | $0.00 | $0.00 | $ |

* If applicable guideline rate is unknown at time offer is made, check box in column c and enter current guideline which will be subject to adjustment when new rates are ordered.
* The rent provided for in this renewal lease may be increased or decreased pursuant to an order of the Division of Housing and Community Renewal (DHCR) or Rent Guidelines Board (RGB).

3.  Security Deposit:
    Current Deposit: $ 792.27   Additional Deposit Required – 1 year lease: $ 35.65   - 2 year lease: $ 59.42
4.  Specify separate charges if applicable:
    Air Conditioner – Electricity Charge: $ 0.00/mo. – Unit Charge: $  0.00/mo.
    421 a (2.2%): $ 0.00/mo. Other (Describe): _____ $ 0.00/mo.
5.  Lower rent to be charged, if any. $ _____ Agreement attached: ☐yes ☐no
6.  This renewal lease shall commence on <u>05/01/2004</u>, which shall not be less than 90 days nor more than 150 days from the date of mailing or personal delivery of this Renewal Lease Form.  This renewal lease shall terminate on <u>04/30/2005</u> ☐ 1 year lease or <u>04/30/2006</u> ☑ 2 year lease.
7.  This renewal lease is based on the same terms and conditions as your expiring lease, except that _____ lawful provisions attached and _____ written agreements between owner and tenant attached have been added.
    (Indicate in the blank spaces as applicable, the number of additional provisions or written agreements attached).

This form becomes a binding lease renewal when signed by the owner below and returned to the tenant.  A rider setting forth the rights and obligations of tenants and landlords under the Rent Stabilization Law must be attached to this lease when signed by the owner and returned to the tenant (Los derechos y responsabilidades de inquilinos y caseros estan disponible en espanol).

**PART B - TENANT'S RESPONSE TO OWNER**

Tenant: Check and complete where indicated one of the two responses below after reading instructions on reverse side.  Then date and sign your response below.  You must return this Renewal Lease Form to the owner in person or by regular mail, within 60 days of the date this Notice was served upon you by the owner.  Your failure to do so may be grounds for the commencement of an action by the owner to evict you from your apartment.

☐ I (we) the undersigned tenant(s), agree to enter into a <u>2</u> year renewal lease at a monthly rent of $ <u>851.64</u>.  This renewal lease is based on the same terms and conditions as my (our) expiring lease, and further attached lawful provisions and attached written agreements, if any (see item 7 under PART A above).

☐ I (we) will not renew my (our) lease and I (we) intend to vacate the apartment on the expiration date of the present lease set forth above.

Dated <u>2-10</u> 200<u>4</u>   Tenant's Signature(s): *Elizabeth Acevedo*

Dated <u>2/10</u> 200<u>4</u>   Owner's Signature: _____



Page 155

Exhibit D

Exhibit E

Exhibit F

**EXHIBIT 4**

QA TO DATE BALANCES >>   FROM  01/01/2006 TO  01/30/2006         FOR BUILDING: 2266 Webster Ave         BUILDING CODE: 2266-054         TODAY'S DATE: 1/28/2006         PAGE   1

| UNIT/LINES | TENANT ID/NAME | CHG TYPE | SPACE ADDRESS | RENT CHARGES | OTHER THINGS PAYMENTS | ADJUSTMENTS | END BALANCE | REG BAL | OTHER TRANSACTIONS ADJUS | PYMTS | END BAL |
|---|---|---|---|---|---|---|---|---|---|---|---|

**031 / 6.00   TENANT: OVER302 / OVERTON, ROCHELLE         LEASE: 2265-OVER302         STATUS: Current**

LEASE START: 08/01/2004         MOVE-IN: 05/01/1994
LEASE END: 07/31/2004         MOVE-OUT:

|  | RENTO | .00 | 308.22 | -308.22 | .00 |  |  |  |
|  | RENT | -64.22 | 462.00 | .00 | -715.72 |  |  |  |
|  | RENT# | .00 | 277.94 | -277.80 | .00 |  |  |  |

SUBTOTAL: -641.22   1,047.22   -465.49   -249.22

COMMENTS: Stabilized
ORDERING ACT. 11/11
Feb. 6, 2006, CLAINE - TEN. PORTION AS OF 4/2006 $479.00 OR $1,047.22

**032 / 00   TENANT: OVER302 / OVERTON, ROCHELLE         LEASE: 2266-OVER302         STATUS: Current**

LEASE START: 08/01/2004         MOVE-IN:
LEASE END: 01/31/2006         MOVE-OUT:

RENTS   -.02   .00   .00   .00

COMMENTS: Stabilized
COMBINED ACT. 11/31
Feb. 6, 2006, CLAINE - TEN. PORTION AS OF 4/2006 $579.00 OR $1,047.22

**033 / 4.00   TENANT: CRI604 / CRUZ RIVERA, ELSA         LEASE: 2216-CRI604         STATUS: Current**

LEASE START: 05/01/2004         MOVE-IN:
LEASE END: 01/20/2006         MOVE-OUT:

|  | RENTS | .00 | 540.15 | -510.15 | .00 | 13.47 | -13.42 |
|  | RENT | .00 | 141.00 | -141.62 | .00 |  |  |
|  | RENT# | .00 | .00 | .00 | .00 |  |  |
|  | WATER |  |  |  |  |  |  |

SUBTOTAL: .00   651.15   -651.15   .00   13.42   -13.42

COMMENTS: Stabilized

**034 / 4.00   TENANT: ACEV604 / ALARID, ELIZABETH         LEASE: 2216-ACEV604         STATUS: Current**

LEASE START: 09/01/2004         MOVE-IN:
LEASE END: 04/30/2006         MOVE-OUT:

RENT   -70.16   85.69   -860.00   .00   21.53

SUBTOTAL: -39.16   651.68   -800.00   .00   21.53

COMMENTS: Stabilized
TEN. USING WAIVER MADE AGAIN NOT MEXICO



Case 1:16-cv-02134-ALC   Document 86-58   Filed 08/18/17   Page 49 of 109







Exhibit E      Exhibit F

NYCHA .   DCt Office
UNION A    Jt S EAST 166 STREET
381 REV. J.A. POLITE AVENUE, BRONX.

New York City Housing Authority
LEASE ADDENDUM AND RENT NOTICE

Date        06/16/2006

Development UNION AVENUE & EAST 166 S
Account   166-085-02A
Annual Income Review Quarter  4
ONE YEAR LEASE EFFECTIVE DATE (L.E.D.) 02/01/2006
APARTMENT SIZE  05
RENT NOTICE # 3560153806

Tenant   ALBIZU. ELIZABETH

Address  811 EAST 167TH ST
         APT 02A
         BRONX. NY 10459

Dear Tenant,

We are sending you this Lease Addendum / Rent Notice after it completed a review of your family composition and
household income   As a result of this review, NYCHA has determined your rent.  NYCHA has updated its records of
your family composition and income information, as indicated in this Notice.

* Your new rent plus recurring charges beginning 06/01/2006 is...........................................$    619.00
(See detail below)

### I. FAMILY COMPOSITION AND OCCUPANCY NOTICE

The following are the names of each authorized member of your household. If any of the persons listed has a child
baby born to him or her, legally adopts a child, or is declared by a court to be the guardian of a child, the
child may permanently reside in the household if you report the child to the Housing Manager   No other person is
permitted to reside permanently in the household unless the Housing Manager grants you WRITTEN PERMISSION to add
that person to your household.

| NAME | SOCIAL SECURITY LAST 4 DIGITS | DATE OF BIRTH | NAME | SOCIAL SECURITY LAST 4 DIGITS | DATE OF BIRTH |
|------|------|------|------|------|------|
| 1 ALBIZU. ELIZABETH | 3605 | 1962 | | | |
| 2 MORALES. EDGAR | 3009 | 1983 | | | |
| 3 ACEVEDO. SAHARA | 9863 | 1987 | | | |
| 4 ACEVEDO. ELIZABETH | 5951 | 1989 | | | |

### II. RENT NOTICE

Your old MONTHLY rent plus recurring charges was........................................................ $    70

* Your new MONTHLY rent plus recurring charges beginning 06/01/2006 is...................................$    619.00
Your rent INCREASED       after NYCHA completed an MOVE-IN     income review.

### III. CHOICE OF RENT CALCULATION

Federal regulations permit the Housing Authority to calculate your rent in one of two ways, either:
INCOME BASED RENT OR FLAT RENT  and gives you the right to choose which method you prefer. Since NYCHA
assumes that you will always want to pay the lower amount of rent, we automatically charge you the lower amount.
Compare the following two types of rent. Your NEW RENT  listed above is based on the   LESSER  of these two amounts.

. RENT BASED ON INCOME:  30% of adjusted gross income less allowable deductions OR the Welfare Shelter allowance  less any
utility allowance if you pay a utility bill directly to the utility company, plus additional recurring charges is  $     867.00

. RENT BASED ON A FLAT RENT:  Based on rent charged for similar sized apartment in a private building  plus additional
recurring charges is.....................................................................................$    619.00

If you wish to pay the higher amount or have questions about rent, you may request a meeting with your Housing Assistant

For a detail of recurring charges, such as parking or air conditioner fees, see attached page.

Notice of Rights: You may request a meeting with your Housing Assistant to review the above information. If at the meeting you
think that some information is wrong or that your rent was calculated incorrectly, you may request a grievance hearing with the
Housing Manager. A copy of the grievance procedure is available at the Management Office.

Prepared by Housing Assistant        SANDRA MEJIAS                                Date  06/16/2006

Approved and Signed by Housing Manager  FRANCISCO DEJESUS  Fco. dfJesus, Am 6/14/06   Date  06/16/2006

NYC-A 040.623(04/95)



Exhibit F

Kavulich + Associate.

Try the new Western Union Payments service for all your bills and get guaranteed proof of payment. To learn more and to search over 10

AGT 105829 LOC 000215 DT 012012 $50.00 50DOLLARS AND NO CENT





* 1 4 4 4 0 7 4 2 3 7 0 *

---

MONEY ORDER RECEIPT - NON NEGOTIABLE

# 13817                    2-23-12

Try the new Western Union Payments service for all your bills and get guaranteed proof of payment. To learn more and to search over 10,000 billers, goto WesternUnionPaysMyBills.com.

AGT 124648 LOC 000011 DT 022312 $50.00 50DOLLARS AND NO CENT



Kavulich + Associates



* 1 4 4 0 2 0 0 3 4 1 9 *

---

MONEY ORDER RECEIPT - NON NEGOTIABLE

Mao

Try the new Western Union Payments service for all your bills and get guaranteed proof of payment. To learn more and to search over 10

AGT 109973 LOC 000005 DT 041912 $50.00 50DOLLARS AND NO CENTS

Kavulich Ass



* 1 4 4 6 7 1 6 1 1 0 1 *



is ok

Try the new Western Union Payments service for all your bills and get guaranteed proof of payment. To learn more and to search over 10 50DOLLARS AND NO CENTS

AGT 109973 LOC 000005 DT 061212 $50.00 50DOLLARS AND NO CENTS

Kavulich Asso...



* 1 4 4 9 8 4 7 1 0 2 2 *

MONEY ORDER RECEIPT - NON NEGOTIABLE

Julio

Try the new Western Union Payments service for all your bills and get guaranteed proof of payment. To learn more and to search over 10,000 billers, goto WesternUnionPaysMyBills.com.

AGT 124648 LOC 000011 DT 092512 $50.00 50DOLLARS AND NO CENT

Kavulich Asst.



* 1 4 5 8 4 2 8 6 9 2 2 *

MONEY ORDER RECEIPT - NON NEGOTIABLE

marzo y mayo

Try the new Western Union Payments service for all your bills and get guaranteed proof of payment. To learn more and to search over 10,000 billers, goto WesternUnionPaysMyBills.com.

AGT 119193 LOC 000002 DT 101512 $100.00 1HUNDREDDOLLARS AND NO CENTS

Kavulich Ass.




* 1 4 5 9 3 8 3 8 5 9 9 *

LOAD THIS DIRECTION, THIS

THIS DIRECTION, THIS SIDE UP ➡

Try the new Western Union Payments service for all your bills
and get guaranteed proof of payment. To learn more and to
search over 10,000 billers, goto WesternUnionPaysMyBills.com.

AGT 109973 LOC 000005 DT 110212 $100.00 1HUNDREDDOLLARS AND
NO CENTS



Payable to:
RETAIN THIS MONEY ORDER RECEIPT, IT MUST BE ENCLOSED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT
INFORMATION BELOW AND ON BACK.
PURCHASE AGREEMENT: You the purchaser agree that Western Union Financial Services Inc. (WUFSI) need not stop payment
on, or replace, or refund a lost or stolen WUFSI Money Order unless (1) you fill in the face of the Money Order at the time of
purchase, and (2) you report the loss or theft to Western Union Financial Services Inc. in writing immediately, and (3) You provide
WUFSI with the original Money Order receipt issued by Western Union Financial Services Inc. Englewood, Colorado. For customer
service, call 1-800-999-9660.

\* 1 4 5 8 6 0 6 4 6 8 7 \*

LOAD THIS DIRECTION, THIS SIDE UP

LOAD THIS DIRECTION, THIS SIDE UP ➡

MONEY ORDER RECEIPT - NON NEGOTIABLE

1 - 3 - 13

Try the new Western Union Payments service for all your bills
and get guaranteed proof of payment. To learn more and to
search over 10,000 billers, goto WesternUnionPaysMyBills.com.

AGT 117119 LOC 000213 DT 010213 $50.00 50DOLLARS AND NO CENT
S



Payable to:
RETAIN THIS MONEY ORDER RECEIPT, IT MUST BE ENCLOSED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT
INFORMATION BELOW AND ON BACK.
PURCHASE AGREEMENT: You the purchaser agree that Western Union Financial Services Inc. (WUFSI) need not stop payment
on, or replace, or refund a lost or stolen WUFSI Money Order unless (1) you fill in the face of the Money Order at the time of
purchase, and (2) you report the loss or theft to Western Union Financial Services Inc. in writing immediately, and (3) You provide
WUFSI with the original Money Order receipt issued by Western Union Financial Services Inc. Englewood, Colorado. For customer
service, call 1-800-999-9660.

\* 1 4 6 0 6 8 6 8 7 5 4 \*

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 48720-2011

2246 WEBSTER AVENUE HDFC,

　　　　　　　Plaintiff,

　　-against-

ELIZABETH ALBIZU ACEVEDO,

　　　　　　　Defendant(s),

## AFFIRMATION IN OPPOSITION
## AND DEFENDANT'S CROSS MOTION

### ALBERTO TORRES, ESQ.
### 629 Melrose Avenue
### Bronx, New York 10455
### Tel No. (718) 620-0106
### Fax No. (718) 620-0107

## ATTORNEY FOR DEFENDANT
## ELIZABETH ALBIZU

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: __3/26/2014__

Signature _____

Signer's Name: __Alberto Torres, Esq.__

Page 172

CIVIL COURT OF THE CITY NEW YORK
COUNTY OF BRONX: PART 30                    INDEX NO. 48720/11
--------------------------------------------------------X        FILE NO. 13817

2246 WEBSTER AVENUE HDFC.,

          Plaintiff,

   -against-

                                       AFFIRMATION IN REPLY TO
                                       DEFENDANT'S OPPOSITION
                                       TO PLAINTIFF'S MOTION FOR
                Civil Court        SUMMARY JUDGMENT AND
                of the          OPPOSITION TO
            City of    York    DEFENDANT'S MOTION FOR
           APR 28 2014     VACATE STIPULATION OF
           ENTERED      SETTLEMENT
           BRONX COUNTY
ELIZABETH ALBIZU ACEVEDO,

          Defendant.
--------------------------------------------------------X

    Gary M. Kavulich, Esq., an attorney duly admitted to practice law before the courts of

the State of New York hereby affirms the following under the penalty of perjury pursuant to

CPLR 2106.

   1.  I am a member of the law firm of Kavulich & Associates, P.C., attorneys for the

Plaintiff herein, and as such, I am fully familiar with the facts and circumstances of the within

proceeding, except as to those matters stated to be based upon information and belief, and as to

those matters, I believe them to be true. The basis of my belief is information furnished to me

by my client, information contained within the court's file, and information contained within

the files as maintained by your affirmant's office.

   2.  I make this affirmation in reply to the Defendant ELIZABETH ALBIZU ACEVEDO'

Opposition to Plaintiff's Motion for Judgment, and in Opposition to Defendant's Motion to

vacate stipulation of settlement. Annexed hereto as Exhibit "1" is a copy of the Defendant's

Opposition to Plaintiff's Motion for Judgment and Cross-Motion for vacatur of stipulation of

settlement.

## BACKGROUND

3. Defendant ELIZABETH ALBIZU ACEVEDO has filed Opposition to Plaintiff's motion for judgment and a Cross Motion for vacatur of stipulation of settlement.

4. Plaintiff now submits its Reply to Defendant's Opposition and Opposition to Defendant's Motion for vacatur of stipulation of settlement.

5. Plaintiff commenced this action seeking to recover $5,093.91 on or about July 14, 2011. Annexed hereto as Exhibit "2" is the affidavit of Plaintiff's managing agent, Janine Losey. Please see the summons and complaint annexed hereto as Exhibit "3."

6. Defendant interposed an answer on or about November 21, 2011. Please see Defendant's answer annexed hereto as Exhibit "4."

7. Thereafter, at a pre-trial conference of this matter on January 3, 2012, by way of a So-Ordered Stipulation, the Parties hereto settled this matter in the sum of $2,000.00 at the rate of $50.00 per month until that sum had been paid in full. Annexed hereto as Exhibit "5" is a copy of the stipulation of settlement.

8. Further, upon Defendant's default, Plaintiff was to provide to Defendant with a notice of default and 10-day opportunity to cure said default. Please see the aforementioned Exhibit "1."

9. Also per the terms of that Stipulation of Settlement, Defendant agreed that in the event she should default on that settlement, Plaintiff was entitled to move for judgment in the full amount of Defendant's arrears balance, $3,993.91, less any amount paid, with costs, fees, disbursements and interest thereon from July 1, 2006. Please see aforementioned Exhibit "2." Please see the aforementioned Exhibit "3."

10. Pursuant to the Parties' stipulation, Plaintiff collected $200.00. Please see the aforementioned Exhibit "2."

11. However, Defendant defaulted on that stipulation on at least three occasions. Please see the aforementioned Exhibit "2."

12. Pursuant to the stipulation, Plaintiff sent to Defendant the requisite default notices. Please see those default notices annexed hereto as Exhibit "6."

13. Thereafter, upon Defendant's failure to cure her default for the month of July, 2012, Plaintiff submitted for judgment against Defendant in September, 2012.

14. Judgment was entered on September 27, 2012. Please see a copy of that judgment annexed hereto as Exhibit "7."

15. Thereafter, Plaintiff commenced execution measures and successfully collected $1,161.83 toward the satisfaction of that judgment. Please see aforementioned Exhibit "2."

16. Defendant then filed an Order to Show Cause seeking to stay the execution measures and restore this matter to the calendar. Annexed hereto as Exhibit "8" is a copy of Defendant's Order to Show Cause.

17. Thereafter, Defendant retained counsel and filed a supplemental affirmation with her Order to Show Cause.

18. On March 11, 2013, the Court granted Defendant's Order to the extent that the judgment and all execution measures were vacated, but the Court did not vacate the stipulation due to the fact that the aforementioned stipulation required the Plaintiff to move for judgment upon the Defendant's default. Annexed hereto as Exhibit "9" is a copy of the Court's decision

19. Therefore, as the Defendant is still in default of the stipulation of settlement and owes currently owes $2,632.08 ($3,993.91 - $1,361.63), plus costs, fees, disbursements and interest from July 1, 2006, Plaintiff moved for entry of judgment against Defendant. Annexed hereto as Exhibit "10" is a copy of Plaintiff's Motion.

<u>DEFENDANT'S OPPOSITION DOES NOT RAISE ANY ISSUE OF MATERIAL FACT</u>

20. Defendant, in her Opposition, avers that Plaintiff is not entitled to a judgment due to the fact that Plaintiff failed to calculate additional payments made by the Defendant.

21. Accordingly, the defense has no merit.

22. The Defendant's allegation is that she sent payments of over $500.00 to your Affirmant's office in compliance with the stipulation of settlement. Please see aforementioned Exhibit "1."

23. However, as stated earlier, Plaintiff only received $200.00 pursuant to the stipulation of settlement; any additional payments sent to your Affirmant's office were never received or negotiated by the Plaintiff.

24. However, even assuming arguendo, if that was true, Defendant Elizabeth Albizu Acevedo has only provided receipts of money orders totaling $350.00, not the alleged amount of $500.00. Please see aforementioned Exhibit "1."

25. Defendant's additional $150.00 are not proven within the Defendant's motion papers. Please see aforementioned Exhibit "1."

26. Therefore, Defendant's allegation that she was compliant with the stipulation of settlement is without merit.

27. Stipulations entered into in open court are favored by the courts and are to be set aside only where there is cause sufficient to invalidate a contract such as fraud, duress, collusion, or mistake. *Dubi v. Skiros Corp.*, 2009 NY Slip Op 07793 [2d Dep't 2009]; *Hallock v. Bronx*, 64 NY2d 224 [1984].

28. Defendant has provided this Court with no basis upon which to grant her motion, as there is no evidence of fraud, duress, collusion, or mistake. This Court is respectfully directed to Defendant's motion in support, the aforementioned Exhibit "1."

29. Plaintiff has duly demonstrated that the Parties entered into a rent stabilized lease agreement, duly executed a subsequent two year renewal thereof and then a third lease was deemed renewed upon Defendant's failure to respond to Plaintiff's lease renewal request and continue to pay rent through June, 2006, and then vacate the subject premises on or about August 5, 2006. Please see the aforementioned Exhibit "3."

30. Plaintiff commenced this instant action to recover monies owed to it resulting from Defendant's breach of the Parties' agreement.

31. The Parties then entered into a valid So-Ordered stipulation whereby Defendant admitted owing these monies to Plaintiff. (Emphasis Added).

32. At all times Plaintiff complied with the stipulation by duly serving Defendant with a notice of default and opportunity to cure upon each instance of Defendant's default. Please see the aforementioned Exhibit "8."

33. Pursuant to Defendant's breach, Plaintiff then took legal action to which it was entitled as determined in the Parties' Stipulation and obtained a judgment against the Defendant in the amount of the arrears it owed, less the $200.00 previously collected by it, with interest thereon from July 1, 2006. Please see the aforementioned Exhibit "9."

34. To this end, Plaintiff questions why, after more than a year from Hon. Capella's decision to vacate the judgment, Defendant is now attempting to vacate the court-ordered stipulation of settlement based upon the findings of newly discovered evidence which was given to Defendant's counsel in Plaintiff's Opposition to Defendant's Order to Show Cause. Please see aforementioned Exhibit "9."

35. Simply stated, the Defendant Elizabeth Albizu Acevedo agreed to assume all responsibilities under the lease agreement when she signed the lease and made herself the tenant of record. Please see aforementioned Exhibit "1."

## DEFENDANT'S CROSS MOTION FOR VACATUR OF THE STIPULATION OF SETTLEMENT SHOULD BE DENIED

36. A stipulation of settlement that is made in open court is a contract and is governed by general contract principles for its interpretation and effect (*see Lacorazza v Lacorazza*, 47 AD3d 897, 898; *Matter of Weiss v Weiss*, 289 AD2d 498, 498). "[S]tipulations of settlement are favored by the courts and not lightly cast aside" (*Diarassouba v Urban*, 71 AD3d 51, 55; *see IDT Corp. v Tyco Group, S.A.R.L.*, 13 NY3d 209, 213.

37. Defendant's contention is that newly discovered evidence that was included in Plaintiff's Opposition submitted before this Court *over a year ago* is sufficient to constitute a mistake on Defendant's part in signing the stipulation of settlement in open court. (Emphasis added.) Please see aforementioned Exhibit "1."

38. On January 3, 2012, Defendant, after going over the case with Plaintiff's counsel voluntarily agreed to a stipulation of settlement that was duly reviewed and authorized by Honorable Raul Cruz. Please see aforementioned Exhibit "2."

39. Defendant was not manipulated or lied to by Plaintiff's counsel or this Honorable Court when the stipulation of settlement was created. (*see M.S.B Dev. Co., Inc. v Lopes*, 38 AD3d 723 [2d Dept 2007] [A party seeking reformation must show *clearly* that there has been a mistake] [emphasis added]).

40. Defendant could have simply declined to sign the stipulation of settlement if she believed she owed less than what Plaintiff was suing for.

41. Therefore, Defendant's allegations based upon newly discovered evidence received from the Plaintiff more than a year ago is without merit.

42. Defendant is simply attempting to manipulate this court and strong-arm the Plaintiff into forgetting her default and accept the monies already paid by her. Please see aforementioned Exhibit "1.

43. The default here was willful and Court has the discretion to deny a motion to vacate an order entered on default where the default is willful (*see, Gorsky v Gorsky*, 148 A.D.2d 674, 675)

44. Therefore, Defendant's Cross-Motion for Vacatur of the Stipulation of Settlement should be denied .

45. As such, Plaintiff respectfully requests that the Court grant Plaintiff Judgment in the sum of $2,632.08 plus costs, interests, and disbursements thereon from July 1, 2006.

WHEREFORE, your Affirmant respectfully requests that the instant motion be granted in all respects and for such other and further relief as to this court may seem just and proper.

Dated: Port Chester, NY
     April 16, 2014

                                   Gary M. Kavulich, Esq.
                                   Kavulich & Associates, P.C.
                                   Attorneys for Plaintiff
                                   181 Westchester Ave., Suite 500C
                                   Port Chester, NY 10573
                                   Ph:    914-355-2074
                                   Fax:   914-355-2078

EXHIBIT 1

 

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX:
-------------------------------------------------------------X

2246 WEBSTER AVENUE HDFC,

Index No. 48720-2011

                  Plaintiff,

    -against-

                              **NOTICE OF MOTION**
                              **AND AFFIRMATION**
ELIZABETH ALBIZU ACEVEDO,         **IN OPPOSITION**

                Defendant(s).
-------------------------------------------------------------X

MOTION:                Alberto Torres, Esq.
                       Attorney for Defendant

DATE, TIME AND PLACE
OF HEARING:         April 2, 2014 at 9:30 a.m
                       Motion Term: Part 30, Room 503
                       Civil Court of the City of New York
                       851 Grand Concourse, Bronx, NY 10451

SUPPORTING PAPERS:    Affirmation in Opposition of Alberto Torres, Esq.
                       Dated March 25, 2014.
                       Affidavit in Support of Elizabeth Albizu, and upon
                       all the papers and proceeding heretofore had herein.

RELIEF REQUESTED:     An Order denying Plaintiff's application for a
                       judgment, vacate the January 3, 2012 Stipulation,
                       and for such other and further relief as this Court
                       deems just, and proper

Dated: Bronx, New York
      March 25 , 2014

                                     Yours, Etc.

                                     ALBERTO TORRES, ESQ.
                                     629 Melrose Avenue
                                     Bronx, New York 10455
                                     Tel No. (718) 620-0106
                                     Fax No. (718) 620-0107

TO:    BRETT MILCHMAN, ESQ.
        Attorney for Plaintiff
        KAVULICH & ASSOCIATES, P.C.
        181 Westchester Avenue, Suite 500C
        Port Chester, New York 10573
        Tel No. (914) 355-2074

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
2246 WEBSTER AVENUE HDFC,                                    Index No. 48720-2011

                              Plaintiff,

              -against-                          **AFFIRMATION IN
                                                 OPPOSITION AND
                                                 DEFENDANT'S CROSS
ELIZABETH ALBIZU ACEVEDO,                        MOTION**

                              Defendant(s).
-----------------------------------------------------------------X
STATE OF NEW YORK     )
                      ) ss:
COUNTY OF BRONX       )

          ALBERTO TORRES, an attorney duly admitted to practice law before the Courts

of the State of New York, pursuant to CPLR § 2106, under penalties of perjury, affirms

as follows:

          1.      I am the attorney for ELIZABETH ALBIZU, Defendant in the above-

captioned matter and as such I am fully familiar with the facts and circumstances of this

case.

          2.      I respectfully submit this Affirmation In Opposition and Defendant's

Cross Motion in response to Plaintiff's Motion for Judgment.

          3.      That Plaintiff has filed a motion for judgment against Defendant dated

February 20, 2014, however, this application must be denied because:

          (a)     Plaintiff claims it collected $200.00 pursuant to the
                  Stipulation dated January 3, 2012, however, Defendant has
                  documentary proofs that a total of $500.00 was paid. (See
                  Exhibit F)

          (b)     Plaintiff claims it collected $1,161.83 by execution by a
                  marshal, but failed to attach any evidentiary proof, and
                  Defendant claims that the total garnishment is greater than
                  the alleged amount.

          (c)     The Stipulation dated January 2, 2012 was entered into by
                  Defendant Pro-Se in reliance upon misrepresentations made
                  by Plaintiff to this court, which was subsequently
                  discovered upon receipt of a rent history ledger attached to

that Defendant can defend this case on the merits. *(See IPMCC 2006-CIBC 14 DIXS Avenue LLC v. Mack, 54509/12; Civil Court, Queens County, URL: http:/www.newyorklawjournal.com/CaseDecisionNY.jsp?id=1202570713545)*

9.     That upon information and belief, Defendant vacated the apartment, paid all rents due and surrendered the security deposit to Plaintiff in June 2006, and moved into an apartment with the New York City Housing Authority.

10.     That the lease agreement expired on April 30, 2006, and Defendant became a month-to-month tenant and had no contractual obligations to pay any rent to Plaintiff after she physically vacated the apartment.

11.     That Plaintiff in her Affidavit gives a detailed analysis of the rent ledger, with the conclusion that as of November 2006, the alleged arrears were only $1,233.98, however, Plaintiff sued her for over $4,500.00.

12.     Therefore, Defendant requests that this court vacate the Stipulation dated January 3, 2012, and give Defendant an opportunity to defend herself on the meritorious defense that Defendant did not owe Plaintiff any rents subsequent to vacating the apartment.

13.     That Defendant also request that this court order Plaintiff to reimburse Defendant the $500.00 paid pursuant to the Stipulation, and Defendant's wages garnished by a city marshal pursuant to a judgment that was vacated by this court on March 11, 2013. (See Exhibit G)

**WHEREFORE**, it is respectfully requested that this Court deny Plaintiff's application for a judgment, and vacate the January 3, 2012 Stipulation, and for such other and further relief as this Court deems just, and proper.

Dated: Bronx, New York
       March 25, 2014

ALBERTO TORRES, ESQ.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------X
2246 WEBSTER AVENUE HDFC,                                    Index No. 48720-2011

                          Plaintiff,

          -against-                                          **AFFIDAVIT IN SUPPORT**

ELIZABETH ALBIZU ACEVEDO,

                          Defendant(s).
--------------------------------------------------------X
STATE OF NEW YORK          }
                           }ss.
COUNTY OF BRONX            }

      ELIZABETH ALBIZU, being duly sworn, deposes and says: .

    1.    I am the Defendant in the above referenced matter.

    2.    That in or about January 2013, I discovered that my employer was garnishing my wages for the matter herein and that Plaintiff was able to get a judgment against me for $6,029.53. (See Exhibit A)

    3.    That when I reviewed the complaint, my attorney advised me that the lawsuit was for unpaid rents from July 2006 to November 2006, however, I had already vacated and surrendered the apartment to the landlord in June 2006. (See Exhibit B)

    4.    That I have a meritorious defense that I was unaware of when I entered the Stipulation in that I had no contractual obligations with the Plaintiff herein who misrepresented to me and in documents filed with this court that they are entitled to rents for July 2006 through November 2006 when in fact (1) my lease expired on April 30, 2006. (See Exhibit C), (2) I had paid rent through June 2006 and gave the landlord my security deposit (See Exhibit D) and (3) moved into an apartment at the New York City Housing Authority (NYCHA) in June 2006. (See Exhibit E)

    5.    That I do not owe this alleged debt because I had no contractual agreement obligations with Plaintiff after April 30, 2006, and I signed a Stipulation in reliance upon misrepresentations by Plaintiff that I was responsible for payments of rents until they rented the apartment, and made the mistake of not challenging this allegation or talking to an attorney, and request that the Stipulation be vacated so that I can defend this case on the merits.

6.     That attached hereto as Exhibit D is a copy of a rent ledger for my apartment from April 2006 to November 2006 that Plaintiff filed with this court.

7.     That this ledger indicates that as of April 30, 2006, I allegedly had a balance of $21.53, and in May 2006, the balance was $920.06, and for June 2006 it was $1,018.59.  (See Exhibit D)    That in June 2006 I surrendered the apartment to the landlord and moved into a New York City Housing Authority apartment. (See Exhibit E)

8.     That although I surrendered the apartment in June 2006, the landlord continued to bill me for rents in July 2006 and August 2006.

9.     That the ledger shows that the total due in August 2006 was allegedly $2,033.04 and states that "FRANCO AVISED ME TODAY APT. AVAILABLE AS OF AUGUST, 5, 2006."  However, I surrendered the apartment in June 2006, not August 2006.

10.     That in October 2006, the landlord credited $799.06, which I believe was the security deposit, leaving a balance of only $1,233.98, however, the landlord has sued me for $4,593.91 but never explained to me how they calculated this number, and I made the mistake of believing what they told me in court.

11.     That as I stated before, I vacated the apartment, paid my rent and surrendered my security deposit to Plaintiff in June 2006, and moved into an apartment with NYCHA.

12.     Therefore, I request that this court deny Plaintiff's request for a judgment and vacate the Stipulation dated January 3, 2012 in that I have a meritorious defense as evidenced by the ledger that I had not seen until Plaintiff filed it with this court, and give me an opportunity to defend myself on the grounds that I did not owe Plaintiff any rents subsequent to my vacating the apartment.

13.     That Plaintiff now tells this court that they collected only $200.00 pursuant to the Stipulation which is untrue, and in fact I had paid them $500.00 (See Exhibit F).  In addition, I believe that the money that was garnished from my paycheck exceeds $1,161.83, and I request that this court require that Plaintiff provide written proofs as to how much was actually collected.

14.     That I would also request that this court order Plaintiff to reimburse me $500.00 I paid pursuant to the Stipulation, and the money that has been garnished from my paycheck by the Marshall, the sum of which is unknown.

**WHEREFORE,** it is respectfully requested that this Court grant the relief requested herein and for such other and further relief as this Court deems just and proper.

Page 185

Dated: Bronx, New York

March 25, 2014

_Elizabeth Albizu_
ELIZABETH ALBIZU

Subscribed and sworn to before me
on this 25 day of March, 2014

NOTARY PUBLIC

ALBERTO TORRES
Notary Public State Of New York
No.01T04849626
Qualified In Bronx County
Commission Expires January 27,20 18

Page 1 of 1

Income Execution are fully paid and satisfied.

Dated
10/19/2012

Gary Kavulich Esq.
Kavulich & Associates, P.C.
781 Westchester Avenue, Suite 600C
Port Chester, NY 10573
(914) 365-2074

* "Employer," herein, includes any payor of money to Judgment Debtor.

## Important Statement

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules § 5231 and 18 United State Code § 1671 et seq.

EXHIBIT 2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

INDEX NO. 48720/11
FILE NO. 13817

------------------------------------------------------X
2246 WEBSTER AVENUE, HDFC,

Plaintiff,

AFFIDAVIT
IN SUPPORT

- against -

ELIZABETH ALIBIZU ACEVEDO,

Defendant.

------------------------------------------------------X

STATE OF NEW YORK    )
                     ) SS
COUNTY OF BRONX      )

I, Janine Losey, being duly sworn deposes and says:

1.      I am the managing agent for the Plaintiff, 2246 WEBSTER AVENUE,
HDFC herein, and as such I am fully familiar with the facts and circumstances of this
proceeding.

2.      The within proceeding was commenced against Defendant to recover
arrears in the amount of $3,993.91, due and owing from the Defendant to Plaintiff.

3.      Thereafter, at a pre-trial conference of this matter on January 3, 2012, by
way of a So-Ordered Stipulation, the parties hereto settled this matter in the sum of
$2,000.00 at the rate of $50.00 per month until that sum had been paid in full.

4.      Also per the terms of that Stipulation of Settlement, Defendant agreed that
in the event she should default on that settlement, Plaintiff was entitled to judgment in the
full amount of Defendant's arrears balance, $3,993.91, less any amount paid, with
interest thereon from July 1, 2006.

5.     Also per that Stipulation of Settlement, upon Defendant's default, Plaintiff was to provide to Defendant with a notice of default and 10-day opportunity to cure said default.

6.     That pursuant to the parties' stipulation, Plaintiff collected $200.00.

7.     Defendant's claim that the Plaintiff received more than $500.00 as payment per the stipulation is patently false.

8.     That Defendant defaulted on that stipulation on at least three occasions.

9.     Thereafter, upon Defendant's failure to cure her default for the month of July, 2012, Plaintiff submitted for and obtained judgment against Defendant in September, 2012 in the amount of $6,029.53.

10.     Thereafter, Plaintiff commenced execution measures and successfully collected $1,161.83 toward the satisfaction of that judgment.

11.     Thereafter, said judgment was vacated on March 19, 2013.

12.     Therefore, Defendant owes $2,632.08, plus costs, fees, disbursements and interest from July 1, 2006 to Plaintiff toward the satisfaction of the defaulted stipulation.

13.     My attorneys have advised me that the Defendant has filed an Order to Show Cause which seeks to vacate the stipulation in this matter and restore this matter to the trial calendar.

WHEREFORE, your deponent prays that the Court deny the instant motion as no legal or equitable basis has been provided.

Sworn to before me this
16th day of April, 2014

Notary Public

Janine Losey

TARA J. GREKULAK
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GR6198965
Qualified in Westchester County
My Commission Expires February 02, 2017

Page 189

EXHIBIT 3

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------x

048720 |1|

2246 Webster Avenue, HDFC,
                                  Plaintiff,

INDEX NO.
FILE NO. 13817.0

-against-

SUMMONS
Place of Venue is Plaintiff's
place of business:

Elizabeth Alibizu Acevedo,

2246 Webster Avenue
Bronx, NY 10457

                                  Defendant(s)

------------------------------------------------------------x

To the above named defendants(s):

   YOU ARE HEREBY SUMMONED to appear at the CIVIL COURT OF THE CITY OF
NEW YORK, COUNTY OF BRONX at the office of the clerk of the said Court at 851 Grand
Concourse, Bronx, NY 10451, in the COUNTY OF BRONX, State of New York, within the
time provided by law as noted below and to file an answer to the below complaint with the
clerk: upon your failure to answer, judgment will be taken against you for the sum of $5,093.91
with interest thereon from July 1, 2006 together with costs of this action.

DATED: July 1, 2011    **FEE PAID**

            JUL 1 4 2011

         CIVIL COURT
         BRONX COUNTY

By: Gary Kavulich, Esq.,
Kavulich & Associates, P.C.
Attorney for Plaintiff
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573
(914) 355-2074

**Defendant's Address:**
 Elizabeth Alibizu Acevedo
811 E. 167th Street, Apt. 2A
Bronx, NY 10459-2771

Note: The law provides that: (a) If the summons is served by its delivery to you personally
within the City of New York, you must appear and answer within TWENTY days after such
service; or (b) If the summons is served by any means other than personal delivery to you
within the City of New York, you must appear and answer within THIRTY days after proof of
service thereof is filed with the Clerk of this Court.

# COMPLAINT

**FIRST ACTION**: Plaintiff seeks to recover damages from defendant(s) for breach of a lease agreement in the sum of $3,993.91 representing rental arrears for the months of July, 2006 balance of $399.79; August, 2006 through and including November, 2006 at the agreed monthly sum of $898.53 for the premises known as 2246 Webster Avenue, Apt.34 Bronx, NY 10457 together with costs and disbursements of this action and for such other and further relief as the court may deem just.

**SECOND ACTION**: Plaintiff seeks to recover damages from the defendant in the sum of $600.00 representing damages together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**THIRD ACTION**: Plaintiff seeks to recover damages from the defendant in the sum of $500.00 representing reasonable attorneys fees together with costs and disbursements of this action and for such other further relief as the Court may deem just.

**WHEREFORE**, Plaintiff demands judgment (A) on the First Action, in the sum of $3,993.91 plus interest from July 1, 2006 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (B) on the Second Action, in the sum of $600.00 plus interest from July 1, 2006 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (C) on the Third Action, in the sum of $500.00 together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

The Plaintiff in this action is NOT required to be licensed by the New York City Department of Consumer Affairs.

Page 192

EXHIBIT 4

FILE 13317

Index No: CV-048720-11/BX

Civil Court of the City of New York
County of Bronx

2246 Webster Avenue, HDFC
-against-
Elizabeth Alibizu Acevedo

**ORAL ANSWER**
**ACTION FOR MONEY ONLY**

Defendant, Elizabeth Alibizu Acevedo, at 811 E. 167th Street Apt. 2A, Bronx, NY 10459-    , answers the Complaint
as follows:

**ANSWER:** Dated : 11/21/2011
*(Check all that apply)*

1 _____ General Denial: I deny the allegations in the complaint
   **SERVICE**
2 _____ I did not receive a copy of the summons and complaint
3 _____ I received the Summons and Complaint, but service was not correct as required by law.
   **DEFENSES**
4 _____ I do not owe this debt.
5 _____ I did not incur this debt. I am the victim of identity theft or mistaken identity.
6 _____ I have paid all or part of the alleged debt.
7 XX I dispute the amount of the debt.
8 _____ Plaintiff is required to be licensed by the department of consumer affairs of the City of New York and does not allege a license number in the Complaint.
9 _____ Statute of Limitations ( the time has passed to sue on this debt: more than six years).
10 _____ The debt has been discharged in bankruptcy.
11 _____ The collateral (property) was not sold at a commercially reasonable price.
12 XX Unjust enrichment (the amount demanded is excessive compared with the original debt.)
13 _____ Violation of the duty of good faith and fair dealing.
14 _____ Unconscionability (the contract is unfair.)
15 _____ Laches (plaintiff has excessively delayed in bringing this lawsuit to my disadvantage.)
16 _____ Defendant is in the military.
17 _____ Other:
   **OTHER**
18 _____ Please take notice that my only source of income is _____, which is exempt from collection.

**COUNTERCLAIM**
19 _____ Counterclaim(s):$ _____ Reason:

This case is scheduled to appear on the calendar as follows:
Date: January 3, 2012 Part: Part 11 - Self Represented Non-Jury Room 503 Time: 10:30 AM Both Sides Notified:
To:

Kavulich & Associates          JD - DMV
181 Westchester Ave
Suite 500-C
Port Chester, NY 10573-

**FILED**
CLERK'S OFFICE

NOV 2 1 2011

CIVIL COURT
BRONX COUNTY

Page 194

EXHIBIT 5

CIVIL COURT OF THE CITY OF NEW YORK
County of __BRONX__ Part __II__

Index No. 487-20/11
File # 13817

STIPULATION
OF SETTLEMENT

22-46 WEBSTER AVENUE, HDFC

Plaintiff(s),

-against-

Elizabeth ALIBZU AZEVEDO

Defendant(s).

Civil Court
of the
City of New York
JAN 03 2012
ENTERED
BRONX COUNTY

It is hereby stipulated and agreed by and between the parties that the above-referenced

action is settled as follows: Plaintiff shall accept
$2000 as full settlement of all
claims payable as follows: commencing January
30, 2012 and on or before the 30th of every month
thereafter $50 per month.
In the event of default, Plaintiff shall
move for entry of judgement including 3,993.91
costs, fees, disbursements and interest (from)
July 1, 2006 upon 10 days written notice to cure
make payments to KAVULICH + ASSOCIATES, PC
181 Westchester Avenue, Suite 500C, PORT CHESTER,
NEW YORK 10573 Be certain to include file # 13817
on all payments.
Upon satisfaction of the debt, Plaintiff shall
file + serve upon Defendant a Notice of
Discontinuance. This stipulation contains the
full terms + conditions of THIS Agreement

_____     _____
Signature                Date
_____     _____
Signature                Date

CR Victoria for Plaintiff
_____     _____
Signature                Date       1-3-12
Kavulich & Associates, PC.

_____     _____
Signature                Date       1-3-12

CIV-GP-32 (Revised December, 2005)

Page ____ of ____

CIVIL COURT



EXHIBIT 6

Kavulich & Associates, P.C.
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573
Phone: (914) 355-2074 Fax: (914) 355-2078

April 9, 2012
Elizabeth Alibizu Acevedo
811 E. 167th Street
Apt. 2A
Bronx, NY 10459-2771

Re:    Defaulted Stipulation
       2246 Webster Avenue, HDFC
       File No.: 13817

Dear Elizabeth Alibizu Acevedo:

        You are in default of your payment under the stipulation signed by you.  Please be
advised that if the default is not cured within 10 days of the date of this letter, my client
will pursue all remedies available to it under law.

Kindly forward all remittances to us, payable to the law firm of Kavulich & Associates,
P.C. at 181 Westchester Ave., Suite 500C, Port Chester, NY 10573 with your file
number on said payment.  Thank you for your attention to this matter.

Very Truly Yours,

Gary Kavulich, Esq.

This is an attempt to collect a debt. Any information obtained will be used for that
purpose. This communication is from a debt collector.

Kavulich & Associates, P.C.
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573
Phone: (914) 355-2074 Fax: (914) 355-2078

June 12, 2012
Elizabeth Alibizu Acevedo
811 E. 167th Street
Apt. 2A
Bronx, NY 10459-2771

Re:     Defaulted Stipulation
        2246 Webster Avenue, HDFC
        File No.: 13817

Dear Elizabeth Alibizu Acevedo:

    You are in default of your payment under the stipulation signed by you. Please be advised that if the default is not cured within 10 days of the date of this letter, my client will pursue all remedies available to it under law.

Kindly forward all remittances to us, payable to the law firm of Kavulich & Associates, P.C. at 181 Westchester Ave., Suite 500C, Port Chester, NY 10573 with your file number on said payment. Thank you for your attention to this matter.

Very Truly Yours,

Gary Kavulich, Esq.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.**

Kavulich & Associates, P.C.
181 Westchester Avenue
Suite 500C
Port Chester, NY 10573
Phone: (914) 355-2074 Fax: (914) 355-2078

August 28, 2012
Elizabeth Alibizu Acevedo
811 E. 167th Street
Apt. 2A
Bronx, NY 10459-2771

Re:     Defaulted Stipulation
        2246 Webster Avenue, HDFC
        File No.: 13817

Dear Elizabeth Alibizu Acevedo:

        You are in default of your payment under the stipulation signed by you.  Please be
advised that if the default is not cured within 10 days of the date of this letter, my client
will pursue all remedies available to it under law.

Kindly forward all remittances to us, payable to the law firm of Kavulich & Associates,
P.C. at 181 Westchester Ave., Suite 500C, Port Chester, NY 10573 with your file
number on said payment.  Thank you for your attention to this matter.


Very Truly Yours,


Gary Kavulich, Esq.


**This is an attempt to collect a debt. Any information obtained will be used for that
purpose. This communication is from a debt collector.**

EXHIBIT 7

Bronx County Civil Court
Civil Judgment

**Plaintiff(s):**
2246 Webster Avenue, HDFC

vs.

**Defendant(s):**
Elizabeth Alibizu Acevedo

Index Number: CV-048720-11/BX

Judgment issued:  Per Default in Stipulation

On Motion of:

Kavulich & Associates PC
181 Westchester Avenue, Suite 500C, Port
Chester, NY 10573-

| | | | | | |
|---|---|---|---|---|---|
| Amount claimed | $3,993.91 | Index Number Fee | $45.00 | Transcript Fee | $0.00 |
| Less Payments made | $200.00 | Consumer Credit Fee | $0.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $25.00 | Enforcement Fee | $40.00 |
| Interest     07/01/2006 | $2,105.62 | Non-Military Fee | $0.00 | Other Disbursements | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | $0.00 |
| Cost By Statute | $20.00 | Jury Demand Fee | $0.00 | | |
| **Total Damages** | **$5,899.53** | Total Costs & Disbursements | $130.00 | Judgment Total | $6,029.53 |

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) 2246 Webster Avenue, HDFC
2246 Webster Avenue, Bronx, NY 10457-

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) Elizabeth Alibizu Acevedo
811 E. 167th Street, Apt. 2A, Bronx, NY 10459-

Judgment entered at the Bronx County Civil Court, 851 Grand Concourse, Bronx, NY 10451, in the STATE OF NEW YORK in the total amount of $6,029.53 on 09/27/2012 at 12:15 PM.

Judgment sequence 1

13817

*Carol Alt*

Carol Alt, Chief Clerk Civil Court

Page 1 of 1

EXHIBIT 8

12817

**Civil Court of the City of New York**

County of Bronx Part 34C

2246 Webster Avenue, HDFC
-against-
Elizabeth Alibizu Acevedo

Index Number CV-048720-11/BX

**ORDER TO SHOW CAUSE**
To Vacate a Judgment, restore case to the Calendar, and vacate any liens and income executions involving this defendant on this case and or to dismiss
**APPEARANCE IS MANDATORY**

INTERPRETER REQUIRED

UPON the annexed affidavit of Elizabeth Alibizu Acevedo, sworn to on January 28, 2013, and upon all papers and proceedings herein:

Let the Claimant(s)/Plaintiff(s) or Claimant(s)/Plaintiff(s) attorney(s) show cause at:

Civil Court of the City of New York
851 Grand Concourse
Bronx, NY 10451
Part 34C                                    Room 504
on February 11, 2013 at 9:30 AM

or as soon thereafter as counsel may be heard, why an order should not be made:
VACATING the Judgment, restoring to the calendar, vacating any liens and income executions and/or dismissing the action if warranted and/or granting such other and further relief as may be just..
PENDING the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the part of the Claimant(s)/Plaintiff(s), Claimant(s)/Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement of said Judgment be stayed.
SERVICE of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

Claimant(s)/Plaintiff(s) or named attorney(s):          Sheriff or Marshal;
(Judge to Initial)                                       (Judge to Initial)

____ by Personal Service by " In Hand Delivery"          ____ by Personal Service by " In Hand Delivery"
__✓_ by Certified Mail, Return Receipt Requested         __✓_ by Certified Mail, Return Receipt Requested
____ by First Class Mail with official Post Office        ____ by First Class Mail with official Post Office
     Certificate of Mailing                                    Certificate of Mailing

on or before _____ shall be deemed good and sufficient.

PROOF OF SUCH SERVICE shall be filed with the Clerk in the Part indicated above on the return date of this Order to Show Cause.

Attorney(s):  Mail to:                              Sheriff/Marshal:
Kavulich & Associates PC (Counsel for Pltf)         NYC Marshal
181 Westchester Avenue                              Biegel, Stephen, Marshal
Suite 500C                                          109 W 38 Street
Port Chester, NY 10573                              Suite 200
                                                    New York, NY 10018-3615

January 28, 2013                          Hon. Gerald Lebovits, Civil Court Judge (NYC)
_____
DATE

(But Defendant does not raise any ground to vacate the 1/3/12 stipulation)

Civil Court of the City of New York, County of Bronx          CV-048720-11/BX

2246 Webster Avenue, HDFC                    Affidavit in Support to restore case to the
          -against-                          calendar, and vacate any judgment, liens
Elizabeth Alibizu Acevedo                    and income executions involving this defendant
                                             on this case , and/or to dismiss

State of New York, County of Bronx
    Elizabeth Alibizu Acevedo, being duly sworn, deposes and says:
    (Defendant's initials)
1.  _EA_   a) I am the Party named as (Defendant) (Respondent) in the above titled action.

2.  _EA_   a) I have been served with a summons and complaint in this action. [NOTE: If Small Claims skip #3, and
             go to # 4]
           b) I have not been served, and my first notice of legal action was [NOTE: If you complete any of #2b,
             skip #3, #4, #5, and go to #6]
             _____ a Notice of Default Judgment mailed to me
             _____ a Restraining Notice on my bank account.
             _____ a copy of an Income Execution served on _1/28/13_
             _____ Other: _____

3.  _____   a) I did not appear and answer in the Clerk's Office because:[NOTE: if you complete # 3a, skip and go to #6].
    _EA_    b) I did appear and answer in the Clerk's Office
             _____ and I received a date for trial.    _1/3/12_
             _____ but the answer was entered late
             _____ Other: _____

4.  _EA_    On the Date of Trial before Judge/Arbitrator
             _____ a stipulation(a written agreement) was made between claimant/plaintiff and defendant.
    _1/3/12_ _____ a judgment was entered after the trial.
             _____ a judgment was entered against me by default for my failure to appear.
             _____ Other: _____

5.  _EA_    My reason for not
             _____ complying with the stipulation is _I have some Financial problems_
             _____ following the order of the Court is _____
             _____ appearing in court on the date scheduled for trial is _____
             _____ Other: _____

6.  _EA_    I allege that I have a good defense because: _I have some financial problems but_
            _Estoy escribiendo Carta, la mande, pero que ello supieran mi situación_
            _y me dieran una chance para pagar la deuda desde que me he quedado en paro_

7.  _____   a) I have not had a previous Order to Show Cause regarding this index number.
            b) I have had a previous Order to Show Cause regarding this index number but I am making this application
               because: _____

8.  _EA_    I request that the Judgment be vacated, that the case be restored to the calendar, ~~and permission to serve these~~
            ~~papers by mail~~

Sworn to before me this day January 28, 2013

_William Jorge/SERA_                  (Sign Name)  X _Elizabeth Alleu_
Signature of Court Employee and Title              Elizabeth Alibizu Acevedo
                                                   811 E. 167th Street
                                                   Apt. 2A
                                                   Bronx, NY 10459

_but I write a letter and I send it for them to know my situation and_
_give me an opportunity to pay when my financial situation get_  _EA_

EXHIBIT 9

Civil Court of the City of New York  (13817)   Index Number  48720/11

County of BRONX _____   Motion Cal. # _____ Motion Seq. # _____
          Part

**DECISION/ORDER**

Recitation, as required by CPLR §2219 (a), of the papers
considered in the review of this Motion:

2246 WEBSTER

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed.......... | |
| Order to Show Cause and Affidavits Annexed .... | ① |
| Answering Affidavits ................................. | ② |
| Replying Affidavits................................... | |
| Exhibits ............................................... | |
| Other.................................................. | |

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

ELIZABETH A ACEVEDO

Defendant(s)/Respondent(s)

Upon the foregoing cited papers, the Decision/Order on this Motion to *vacate*, *inter alia*, *is as follows:*

judgment is granted as follows:
The parties stipulation dated Jan. 3, 2012,
provided that in the event of default, plaintiff
shall move for entry of judgment... There
is no dispute that no motion or order to show
cause was made after defenda's alleged
default, and rather the plaintiff had submitted
a judgment to the clerks office ex parte.
And as aforementioned, the default judgment
was not entered in accordance with the terms of
stipulation (ie "move" c/o/a motion garnishments) therefore
it is vacated and all prior careys etc are
vacated. This order is without prejudice to
defenda to newly obtained atty, seeking, to vacate
the Jan 2012 stipulation.

Date  3/11/13

HON. JOSEPH E. CAPELLA

CIV-OP-43 (Revised, September, 1999)

Page 207

EXHIBIT 10

CIVIL COURT OF THE CITY OF NEW YORK   NO CALENDAR NUMBER ASSIGNED
COUNTY OF BRONX: PART 30                         INDEX NO. 48720/11
----------------------------------------------------------X   FILE NO. 13817
2246 WEBSTER AVENUE, HDFC,

                              Plaintiff,              NOTICE OF MOTION
                                                     FOR JUDGMENT

        - against -

ELIZABETH ALIBIZU ACEVEDO,

                              Defendant.
----------------------------------------------------------X

MOTION BY:                        Kavulich & Associates, P.C.
                                  Attorneys for Plaintiff

DATE, TIME AND PLACE
OF HEARING:                       March 18, 2014
                                  9:30 A.M.
                                  Motion Term: Part 30, Room 503
                                  Civil Court of the City of New York
                                  County of Bronx
                                  851 Grand Concourse
                                  Bronx, NY 10451

SUPPORTING PAPERS:                Affirmation of Gary M. Kavulich, Esq.,
                                  dated February 20, 2014, affidavit of Janine
                                  Losey, managing agent for the Plaintiff, and
                                  upon all the papers and proceeding
                                  heretofore had herein.

RELIEF REQUESTED:

An Order for judgment against the Defendant in the amount of $2,632.08, plus costs, fees, disbursements and interest from July 1, 2006, and for such other and further relief as to this Court may deem just and proper.

Dated:      Port Chester, New York
            February 20, 2014

Yours Etc.,

Kavulich & Associates, P.C.
By: Gary M. Kavulich, Esq.
181 Westchester Ave., Suite 500-C
Port Chester, NY 10573
(914) 355-2074

To:       Alberto Torres, Esq.
          Attorney for the Defendant
          629 Melrose Avenue
          Bronx, NY 10455

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 30
-----------------------------------------------------------X
2246 WEBSTER AVENUE, HDFC,

                        Plaintiff,

     - against -

ELIZABETH ALIBIZU ACEVEDO,

                        Defendant.

-----------------------------------------------------------X

INDEX NO. 48720/11
FILE NO. 13817

AFFIRMATION
IN SUPPORT

      Gary M. Kavulich, Esq., an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following under the penalty of perjury.

    1.  I am a member of the law firm of Kavulich & Associates, P.C., attorneys for the Plaintiff, herein. As such, I am fully familiar with the facts and circumstances of the within proceeding, except as to those matters stated to be based upon information and belief, and as to those matters I believe them to be true. The basis of my belief is information furnished to me by my client, information contained within the Court's file, and information contained within the file as maintained by your affirmant's office.

    2.  I make this affirmation in support of Plaintiff's application for a judgment against Defendant ELIZABETH ALIBIZU ACEVEDO pursuant to Defendant's default upon a signed stipulation dated January 3, 2012, and for such other and further relief as to this Court may deem just and proper. Please see a copy of that stipulation annexed hereto as Exhibit "1."

## BACKGROUND

3. Plaintiff commenced this action seeking to recover $5,093.91 on or about July 14, 2011. Annexed hereto as Exhibit "2" is the affidavit of Plaintiff's managing agent, Janine Losey. Please see the summons and complaint annexed hereto as Exhibit "3."

4. Defendant interposed an answer on or about November 21, 2011. Please see Defendant's answer annexed hereto as Exhibit "4."

5. Thereafter, at a pre-trial conference of this matter on January 3, 2012, by way of a So-Ordered Stipulation, the Parties hereto settled this matter in the sum of $2,000.00 at the rate of $50.00 per month until that sum had been paid in full. Please see aforementioned Exhibit "1."

6. Further, upon Defendant's default, Plaintiff was to provide to Defendant with a notice of default and 10-day opportunity to cure said default. Please see the aforementioned Exhibit "1."

7. Also per the terms of that Stipulation of Settlement, Defendant agreed that in the event she should default on that settlement, Plaintiff was entitled to judgment in the full amount of Defendant's arrears balance, $3,993.91, less any amount paid, with costs, fees, disbursements and interest thereon from July 1, 2006. Please see aforementioned Exhibit "1." Please see the aforementioned Exhibit "2."

8. Pursuant to the Parties' stipulation, Plaintiff collected $200.00. Please see the aforementioned Exhibit "2."

9. However, Defendant defaulted on that stipulation on at least three occasions. Please see the aforementioned Exhibit "2."

10. Pursuant to the stipulation, Plaintiff sent to Defendant the requisite default notices. Please see those default notices annexed hereto as Exhibit "5."

11. Thereafter, upon Defendant's failure to cure her default for the month of July, 2012, Plaintiff submitted for judgment against Defendant in September, 2012.

12. Judgment was entered on September 27, 2012. Please see a copy of that judgment annexed hereto as Exhibit "6."

13. Thereafter, Plaintiff commenced execution measures and successfully collected $1,161.83 toward the satisfaction of that judgment. Please see aforementioned Exhibit "2."

14. Defendant then filed an Order to Show Cause seeking to stay the execution measures and restore this matter to the calendar. Annexed hereto as Exhibit "7" is a copy of Defendant's Order to Show Cause.

15. Thereafter, Defendant retained counsel and filed a supplemental affirmation with her Order to Show Cause. Annexed hereto as Exhibit "8" is a copy of said affirmation.

16. On March 11, 2013, the Court granted Defendant's Order to the extent that the judgment and all execution measures were vacated, but the Court did not vacate the stipulation due to the fact that the aforementioned stipulation allowed the Plaintiff to try for a motion of judgment upon the Defendant's default. Annexed hereto as Exhibit "9" is a copy of the Court's decision.

17. Therefore, Defendant owes $2,632.08, plus costs, fees, disbursements and interest from July 1, 2006 to Plaintiff toward the satisfaction of the defaulted stipulation. Please see aforementioned Exhibit "1."

18. As Defendant has breach the terms of the stipulation and as this debt remains due and owing to Plaintiff, Plaintiff now moves for judgment pursuant to Defendant's default upon the stipulation.

WHEREFORE, your affirmant respectfully requests that the instant motion be granted in all respects and for such other and further relief as to this Court may seem just and proper.

Dated:      Port Chester, New York
             February 20, 2014

                                    Gary M. Kavulich, Esq.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 30
------------------------------------------------------------X

INDEX NO. 48720/11
FILE NO. 13817

2246 WEBSTER AVENUE, HDFC,

                    Plaintiff,

    - against -

ELIZABETH ALIBIZU ACEVEDO,

                    Defendant.
------------------------------------------------------------X

AFFIRMATION
OF SERVICE

        Gary M. Kavulich, Esq., an attorney duly admitted to practice law before the
Courts of the State of New York hereby affirms the following under the penalty of
perjury.

        On March 3__, 2014 I served the within Notice of Motion and Motion upon
Alberto Torres, Esq., the Attorney for the Defendant in this action, by depositing a true
copy in a post-paid envelope addressed to:

                    Alberto Torres, Esq.
                    629 Melrose Avenue
                    Bronx, NY 10455


in an official depository under the exclusive dominion and control of the United States
Postal Service within the State of New York via regular first class mail.

                            Gary M. Kavulich, Esq.

INDEX NO: 48720/11

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 30

2246 WEBSTER AVENUE, HDFC,

                                    Plaintiff,

          - against -

ELIZABETH ALIBIZU ACEVEDO,

                                    Defendant.

MOTION FOR JUDGMENT

Signature Rule 130-1.1-a

Print Name Beneath                    Gary M. Kavulich, Esq.

Kavulich & Associates, P.C.
Attorney for Plaintiff
181 Westchester Ave., Suite 500C
Port Chester, NY 10573
(914)355-2074

CIVIL COURT OF THE CITY NEW YORK
COUNTY OF BRONX: PART 30
--------------------------------------------------------X

2246 WEBSTER AVENUE HDFC.,

               Plaintiff,

     - against –

ELIZABETH ALBIZU ACEVEDO,

               Defendant.

--------------------------------------------------------X

INDEX NO. 48720/11
FILE NO. 13817

AFFIRMATION OF
SERVICE

     Brett M. Milchman, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following under the penalty of perjury.

     On April 21, 2014 I served the within I served the within Notice of Motion and Motion upon Alberto Torres, Esq., the Attorney for the Defendant in this action, by depositing a true copy in a post-paid envelope addressed to:

               Alberto Torres, Esq.
               629 Melrose Avenue
               Bronx, NY 10455

in an official depository under the exclusive dominion and control of the United States Postal Service within the State of New York via regular first class mail.

                         _____
                         Brett M. Milchman, Esq.

INDEX NO: 48720/11

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 30

2246 WEBSTER AVENUE HDFC.,

                                     Plaintiff,

        - against -

ELIZABETH ALBIZU ACEVEDO,

                               Defendant.

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
JUDGMENT AND PLAINTIFF'S OPPOSTION TO DEFENDANT'S CROSS-
MOTION FOR VACATUR OF STIPULATION OF SETTLEMENT

Signature Rule 130-1.1-a

Print Name Beneath -                             Gary M. Kavulich, Esq.

Kavulich & Associates, P.C.
Attorneys for the Plaintiff
181 Westchester Ave., Suite 500C
Port Chester, NY 10573
914-355-2074

SPANISH

CV   048720   -11

Interpreter

Civil Court of the City of New York
INTERPRETER REQUIRED

CV-048720-11/BX
2246 Webster Avenue, HDFC
-against-
Elizabeth Albizu Acevedo

S-11-BX-24378

| Comments | Notes |
|---|---|

1/3/11  R.11

INNACER

4/4/13  6:07 A.M.  to  NEWYORK  1:40 OIC
to SPER  A  A  interpreter  out  AM  HV/A

3/23/103