CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No.:        001684
File No.: 15596

-------------------------------------------------------------------X

CITY WASTE SERVICES OF NEW YORK, INC.,

                              Plaintiff,                    **SUMMONS**

                    -against-                                Place of Venue is the Plaintiff's
                                                             Place of Business:
LEMON GREEN, CORP. d/b/a LONG GRAIN,                         529 Coster Street
                                                             Bronx, NY 10474
                              Defendant.
-------------------------------------------------------------------X

To the above named Defendant:

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New
York, County of Bronx at the office of the Clerk of said Court at 851 Grand Concourse,
Bronx, New York 10451 within the time provided by law as noted below and to file
answer to the below complaint with the clerk: upon failure to answer, judgment will be
taken against you by default in the sum of $19,288.80 plus interest from April 1, 2009.

Dated: January 11, 2013
       Port Chester, New York

Kavulich & Associates, P.C.
By: Gary M. Kavulich, Esq.
181 Westchester Ave., Suite 500-C
Port Chester, NY 10573
(914) 355-2074

Defendant's Address: **FEE PAID**
LEMON GREEN, CORP. d/b/a LONG GRAIN
2534 Broadway                    JAN 2 9 2013
New York, NY 10025
                        **CIVIL COURT**
                        **BRONX COUNTY**

Note: The law provides that: (a) If the summons is served by its delivery to you personally
within the City of New York, you must appear and answer within TWENTY days after such
service; or (b) If the summons is served by any means other than personal delivery to you
within the City of New York, you must appear and answer within THIRTY days after proof of
service thereof is filed with the Clerk of this Court.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X
CITY WASTE SERVICES OF NEW YORK, INC.,

Index No.:
File No.: 15960

                            Plaintiff,

**VERIFIED COMPLAINT**

                -against-

LEMON GREEN, CORP. d/b/a LONG GRAIN,

                            Defendant.
----------------------------------------------------------------X

      Plaintiff, CITY WASTE SERVICES OF NEW YORK, INC., by its attorneys, Kavulich & Associates, P.C., as and for its Complaint alleges:

### THE PARTIES

    1.  Plaintiff, CITY WASTE SERVICES OF NEW YORK, INC. (hereinafter "Plaintiff"), is a corporation duly authorized to do business in the State of New York with an office located at 529 Coster Street, Bronx, NY 10474.

    2.  Defendant, LEMON GREEN, CORP. d/b/a LONG GRAIN, is upon information and belief, a domestic corporation duly authorized to do business in the State of New York with an office located at 2534 Broadway, New York, NY 10025.

### BACKGROUND

    3.  Plaintiff entered into a contract for waste removal with Lemon Grass Grill for a two (2) year period commencing March 1, 2009. Annexed hereto as Exhibit "1" is a copy of said contract.

    4.  On April 1, 2009 Lemon Grass Grill cancelled the agreement and stopped making the required payments pursuant thereto.

    5.  Consequently, Plaintiff commenced a proceeding seeking damages in the sum of $19,288.80 representing the remainder of the monies due pursuant to said contract at a rate of

$738.18 per month, plus tax (*City Waste Services of New York v. Lemon Grass Grill*, Bronx County Civil Index Number 5971/12).

6.   As a result of said proceeding, Plaintiff obtained a judgment against Lemon Grass Grill in the sum of $25,018.25. Annexed hereto as Exhibit "2" is a copy of said judgment.

7.   Upon information and belief, Defendant Lemon Green Corp. d/b/a Long Grain (hereinafter "Defendant") is operating its business with the same or substantially the same management, ownership, personnel, and assets of Lemon Grass Grill.

8.   Upon information and belief, Lemon Grass Grill conveyed and transferred all or substantially all of its assets to Thai Lemon Grass on Broadway, Inc. d/b/a Lemongrass Grill Broadway.

9.   Upon information and belief, Thai Lemon Grass on Broadway, Inc. d/b/a Lemongrass Grill Broadway was operating its business with the same or substantially the same management, ownership, personnel, and assets of Lemon Grass Grill.

10. Thereafter, upon information and belief, Thai Lemon Grass on Broadway, Inc. d/b/a Lemongrass Grill Broadway conveyed and transferred all or substantially all of its assets to Defendant Lemon Green Corp. d/b/a Long Grain.

11. Upon information and belief, Lemon Grass Grill and its progeny transferred said assets in anticipation of the entry of Plaintiff's judgment.

12. Upon information and belief, said assets include but are not limited to, trade equipment, inventory, computers, receivables, furniture, and electronic equipment.

13. Upon information and belief, Lemon Grass Grill and its progeny transferred all or substantially all of its assets to Defendant rendering Lemon Grass Grill and its progeny insolvent.

14. Upon information and belief, Lemon Grass Grill ceased operating its business and is now operating under the name of Defendant.

15. Upon information and belief, via its progeny (Thai Lemon Grass on Broadway, Inc. d/b/a Lemongrass Grill Broadway) Defendant assumed Lemon Grass Grill's existing contract with vendors and suppliers.

16. Upon information and belief, Defendant assumed said contracts in order to continue Defendant's business operations without interruption.

17. Upon information and belief, Defendant is a successor corporation to Lemon Grass Grill.

18. Upon information and belief, said transfers and conveyances were conducted by the undisclosed owners of Defendant.

19. To date, said judgment has not been satisfied by any source.

## AS AND FOR THE FIRST CAUSE OF ACTION
(Breach of Contract)

20. Plaintiff repeats the foregoing allegations as if fully set forth herein.

21. By terminating its contract with Plaintiff, Defendant owes $19,288.80 as damages representing the remainder of the monies due pursuant to said contract at a rate of $738.18 per month, plus tax as damages.

22. Defendant's breach of said agreement caused harm to Plaintiff.

23. Consequently, Plaintiff demands judgment against Defendant in the sum of $19,288.80 plus interest at the statutory rate of 9% per annum from April 1, 2009, the date of Defendant's breach.

## AS AND FOR THE SECOND CAUSE OF ACTION
(Successor Liability)

24. Plaintiff repeats the foregoing allegations as if fully set forth herein.

25. As a result of the foregoing, Defendant is deemed a successor corporation to Lemon Grass Grill and is liable to Plaintiff for the payment of said judgment as against Lemon Grass Grill.

26. Consequently, Plaintiff demands judgment against Defendant in the sum of $19,288.80 plus interest at the statutory rate of 9% per annum from April 1, 2009, the date of Defendant's breach.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

a. A money judgment upon the First and Second Causes of Action in the sum of $19,288.80 plus interest at the statutory rate of 9% per annum from April 1, 2009;

b. Together with costs and disbursements of this action; and

c. For such other and further relief as the Court deems just and proper.

Dated: January 11, 2013
      Port Chester, New York

Kavulich & Associates, P.C.
By: Gary M. Kavulich, Esq.
181 Westchester Ave., Suite 500-C
Port Chester, NY 10573
(914) 355-2074

<u>**VERIFICATION**</u>

State of New York          )
                           ) ss
County of Westchester      )

GARY M. KAVULICH, ESQ., being duly sworn deposes and says:

That deponent is the attorney for the Plaintiff in the above entitled action with offices located at 181 Westchester Ave., Suite 500C, Port Chester, County of Westchester, State of New York: that deponent has read the forgoing Complaint and knows the contents thereof; that the same is true to the deponent's knowledge except as to those matters stated to be based upon information and belief, and as to those matters deponent believes them to be true.

The reason why this verification is made by deponent instead of the Plaintiff is because the Plaintiff's agents are not within the County of Westchester which is the County where deponent's office is located.  Deponent further says that the grounds of deponent's belief as to all matters in the Complaint not stated to be based upon knowledge are based upon discussions with the client and a review of the client's file and other relevant documents.  The undersigned affirms that the forgoing statements are true under the penalty of perjury.

Dated: Port Chester, New York
       January 11, 2013

_____
Gary M. Kavulich, Esq.

**EXHIBIT "1"**

15596



## City Waste Services of New York, Inc. *Servicing All Your Waste Removal Needs*

**CITY WASTE** SERVICES

529 Casler Street
Bronx, NY 10474
(718) 328-8582
Fax (718) 378-3903

TWC# 1153

187-33 Porter Road
Jamaica, NY 11434
(718) 656-5272
Fax (718) 656-7082

## CONTRACT FOR THE REMOVAL OF NON-HAZARDOUS TRADE WASTE (LOOSE WASTE/FLAT FEE CONTRACTS ONLY)

**MESSAGE TO THE CUSTOMER FROM THE BUSINESS INTEGRITY COMMISSION (THE "COMMISSION")**

THE COMMISSION REGULATES THE PRIVATE CARTING INDUSTRY IN NEW YORK CITY, INCLUDING CONTRACTS THAT CARTING COMPANIES OFFER TO THEIR CUSTOMERS. PLEASE NOTE THAT YOU ARE NOT REQUIRED TO SIGN A WRITTEN CONTRACT, AND YOU MAY NEGOTIATE WITH TERMS OF YOUR OWN. YOU HAVE THE RIGHT TO CHOOSE FROM AMONG MANY CARTING COMPANIES, AND IT IS UNLAWFUL FOR A CARTING COMPANY TO PRESSURE OR FORCE YOU TO ENTER INTO A CONTRACT.

YOU HAVE MANY IMPORTANT RIGHTS UNDER THE LAW, AND NOT ALL OF THEM ARE SET FORTH IN THIS CONTRACT. IF YOU HAVE ANY QUESTIONS EITHER ABOUT YOUR RIGHTS OR ABOUT A PARTICULAR CARTING COMPANY, OR IF YOU WISH TO MAKE A COMPLAINT, YOU SHOULD CONTACT THE COMMISSION AT (212) 676-6275. IT IS OUR JOB TO ENFORCE THE LAW, AND WE WILL BE HAPPY TO ASSIST YOU.

THE COMMISSION SUGGESTS THAT YOU SEEK COMPETITIVE BIDS FROM AT LEAST FOUR DIFFERENT CARTING COMPANIES BEFORE SIGNING A CONTRACT LIKE THIS ONE. YOU MAY CONTACT THE COMMISSION FOR A LIST OF CARTING COMPANIES.

Customer Name ("The Customer"): # 317852  E-Mail:

Street No. & Name (Billing Address):

City:   Zip:

Telephone:   Fax:

Customer Representative:

Service Location (Business Name): *Lemon Grass Grill* 94 & 95 ST

Street No. & Name (Service Address): 2534 Broadway

City: New York NY 10025   Zip:

Telephone: (212) 666-0888   Fax:

Customer Representative's TM's: Holland

**I. CONTRACT LENGTH:** This contract will begin on March 23 20 09, and will continue for a period of 24 months. NOTE: By law, the length of this contract may not exceed 24 months. The Customer may negotiate a period shorter than 24 months. ____ (Customer Initial Here)

**II. TERMS OF SERVICE:** The Carting Company will pick up the Customer's waste at the Service Location on the following days and at the following times (note pick up times in spaces below):

Non-Recyclables: M __ T __ W __ TH __ F __ SA __ S __

Recyclables: M __ T __ W __ TH __ F __ SA __ S __

Equipment Provided by Carting Company: ____ (Dumpsters provided by the Carting Company must be provided free of charge and will be fully emptied upon pick up.)

REMARKS ____

**III. FEE FOR SERVICE:** The Customer agrees to pay the Carting Company a flat fee. The *total flat fee* stated below has been calculated by multiplying the waste volume or waste weight (in cubic yards or pounds of waste per month) generated by the Customer during a survey by a negotiated rate (in dollars per cubic yard or per 100 pounds of waste) as follows:

*SURVEYED VOLUME OR WEIGHT OF WASTE:* The Carting Company represents and warrants: The Carting Company conducted a survey (in accordance with the applicable rules) of the waste generated by the Customer, offered the Customer an opportunity to participate in that survey, and gave a copy of the written survey results to the Customer. The survey results reflect that the Customer generates 46.456 cubic yards or ____ pounds of waste per month.

*RATE IN DOLLARS PER CUBIC YARD OR RATE IN DOLLARS PER 100 POUNDS:* The negotiated rate on which the total flat fee is based is $ 15.99 per cubic yard or ____ per 100 pounds of loose waste. NOTE: Under New York City law, the rate cannot exceed $16.89 per loose cubic yard ($3.46 for the removal of each full 55 gallon plastic bag or waste; $1.68 for the removal of each full 30 gallon plastic bag of waste) or $10.42 per 100 pounds. **THE CUSTOMER IS ENTITLED TO NEGOTIATE A RATE LOWER THAN THE MAXIMUM.** THE CUSTOMER MAY ALSO NEGOTIATE A DIFFERENT RATE FOR RECYCLABLES THAN FOR NON-RECYCLABLES.

*Total flat fee:* The total flat fee for THE ENTIRE LENGTH OF THIS CONTRACT is $ 728.18 + TAX per month (calculated by multiplying the surveyed volume or weight by the rate) not including sales tax. The Carting Company will bill the Customer on a ____ monthly or ____ weekly basis (select one).

**IV. EFFECT OF VOLUME OR WEIGHT CHANGES:** Once every six months after this contract begins, the Customer or the Carting Company may notify the other party in writing that it wants a NEW SURVEY of the Customer's waste. Within two weeks of the notification, the Carting Company will advise the Customer of when the survey is to be conducted and provide the Customer with an opportunity to participate in the survey. The Carting Company will conduct the survey free of charge and give the Customer a copy of the written survey results.

If the survey reflects a change of 10% or more to the volume or weight of waste generated, then (Customer initial one selection below):

____ (1) the flat fee shall be recalculated using the new volume or weight; or

____ (2) this contract shall become terminable by either party on 30 days' notice; or

____ (3) both 1 and 2.

In addition, if at any time the Customer experiences a substantial volume or weight change as a result of a significant change in its business, then the Customer and the Carting Company may agree to renegotiate the flat fee.

**CUSTOMER**

By: ____ (signature)

Print Name: Farmin Halim

Title: Owner

Agreed to this 18 day of March 20 09

**CARTING COMPANY**

By: Felip Glazquez Jr (signature)

Print Name: Felipe Glazquez Jr

Title: Acct V.P.

Agreed to this 18 day of March 20 09

SEE ADDITIONAL TERMS ON REVERSE SIDE OF CONTRACT.

**EXHIBIT "2"**

Bronx County Civil Court
Civil Judgment

Plaintiff(s):
City Waste Services of New York Inc.

vs.

Defendant(s):
Lemon Grass Grill

Index Number:  CV-005971-12/BX

Judgment issued:  On Default

On Motion of:

Kavulich & Associates, P.C.
181 Westchester Ave, Suite 500-C, Port
Chester, NY 10573-

| Amount claimed | $19,288.80 | Index Number Fee | $45.00 | Transcript Fee | $0.00 |
|---|---|---|---|---|---|
| Less Payments made | $0.00 | Consumer Credit Fee | $0.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $25.00 | Enforcement Fee | $40.00 |
| Interest   04/01/2009 at 9% | $5,569.45 | Non-Military Fee | $0.00 | Other Disbursements | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | $0.00 |
| Cost By Statute | $50.00 | Jury Demand Fee | $0.00 | | |
| Total Damages | $24,858.25 | Total Costs & Disbursements | $160.00 | Judgment Total | $25,018.25 |

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) City Waste Services of New York Inc.
529 Coster Street, Bronx, NY 10474-

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) Lemon Grass Grill
2534 Broadway, New York, NY 10025-

Judgment entered at the Bronx County Civil Court, 851 Grand Concourse, Bronx, NY 10451, in the STATE OF NEW YORK in the total amount of **$25,018.25** on 06/15/2012 at 10:48 AM.

Judgment sequence 1

*Carol Alt*

Carol Alt, Chief Clerk Civil Court

15596

Page 1 of 1

15596

CIVIL COURT                                    COUNTY OF BRONX
OF THE CITY OF NEW YORK

---

                                               Plaintiff,
**CITY WASTE SERVICES OF NEW YORK, INC.   INDEX# 001684/13**

**--- AGAINST ---**                    **AFFIDAVIT OF SERVICE**

**LEMON GREEN, CORP. D/B/A LONG GRAIN**
                                               Defendant,

---

STATE OF NEW YORK )
                 )SS.
COUNTY OF ALBANY )

MARIA SCHMITZ being duly sworn, deposes and says:

That she is over the age of eighteen years and is not a party to this action.

That on the 7th day of February, 2013, she served the Summons and Verified Complaint at 2:55 p.m. on LEMON GREEN CORP., a domestic corporation, one of the defendants in this action by personally delivering to and leaving with a person, DONNA CHRISTIE, white female, approximately 46 years of age, 5'4", blond hair, blue eyes and approximately 156lbs authorized by the Secretary of State to receive such service, at the office of the Department of State in the City of Albany, New York, duplicate copies thereof together with the sum of $40.00 (forty dollars), the statutory fee.

                                               _____
                                                  MARIA SCHMITZ

Sworn before me this
7th day of February, 2013

_____
LAWRENCE A. KIRSCH
  4787475
Notary Public - State of New York
Residing in Albany County
Commission Expires May 31, 2015

2013 FEB 27 AM 11: 07

Bronx County Civil Court
Civil Judgment

Plaintiff(s):
City Waste Services of New York Inc.

**Index Number:  CV-001684-13/BX**

Judgment issued:   On Default

vs.

On Motion of:

Defendant(s):
Lemon Green, Corp. DBA Long Grain

Kavulich & Associates
181 Westchester Ave, Suite 500C, Port
Chester, NY 10573-

| Amount claimed | | $19,288.80 | Index Number Fee | $45.00 | Transcript Fee | $0.00 |
|---|---|---|---|---|---|---|
| Less Payments made | | $0.00 | Consumer Credit Fee | $0.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | | $0.00 | Service Fee | $25.00 | Enforcement Fee | $40.00 |
| Interest | 04/01/2009 at 9% | $6,996.29 | Non-Military Fee | $0.00 | Other Disbursements | $0.00 |
| Attorney Fees | | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | $0.00 |
| Cost By Statute | | $50.00 | Jury Demand Fee | $0.00 | | |
| **Total Damages** | | **$26,285.09** | **Total Costs & Disbursements** | **$160.00** | **Judgment Total** | **$26,445.09** |

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) City Waste Services of New York Inc.
529 Coster Street, Bronx, NY 10474

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) Lemon Green, Corp. DBA Long Grain
2534 Broadway, New York, NY 10025

Judgment entered at the Bronx County Civil Court, 851 Grand Concourse, Bronx, NY 10451, in the STATE OF NEW YORK
in the total amount of **$26,445.09 on 04/11/2013 at 02:34 PM.**

Judgment sequence 1

*Carol Alt*

Carol Alt, Chief Clerk Civil Court

# FILED
CLERK'S OFFICE

APR 1 1 2013

CIVIL COURT
BRONX COUNTY

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
CITY WASTE SERVICES OF NEW YORK, INC.,

INDEX NO. 1684/13
FILE NO. 15596

JUDGMENT

PLAINTIFF(S)

-AGAINST-

LEMON GREEN, CORP. D/B/A LONG GRAIN,

DEFENDANT(S)
-------------------------------------------------------------X

| | |
|---|---|
| AMOUNT CLAIMED LESS PMTS ON ACCT. | $19,288.80 |
| INTEREST FROM APRIL 1, 2009 | $ 6,943.97 |
| | $26,232.77 |

| | | |
|---|---|---|
| COSTS BY STATUTE | $50.00 | |
| SERVICE OF SUMMONS AND COMPLAINT | $25.00 | |
| FILING OF SUMMONS AND COMPLAINT | $45.00 | |
| PROSPECTIVE MARSHALL'S FEE | $40.00 | |
| NOTICE OF INQUEST | $0.00 | |
| TOTAL: | | $  160.00 |
| | | $26,392.77 |

STATE OF NEW YORK, COUNTY OF WESTCHESTER:
   THE UNDERSIGNED, ATTORNEY AT LAW OF THE STATE OF NEW YORK, ON OF THE
ATTORNEY(S) OF RECORD FOR THE PLAINTIFF(S) IN THE ABOVE ENTITLED ACTION,
STATES THAT THE DISBURSEMENTS ABOVE SPECIFIED HAVE BEEN OR WILL NECESSARILY
BE MADE OR INCURRED THEREIN AND ARE REASONABLE IN AMOUNT:  THE TIME OF THE
DEFENDANT TO APPEAR AND ANSWER HEREIN HAS EXPIRED AND THAT SAID DEFENDANT HAS
NOT APPEARED AND ANSWERED HEREIN. THE CAUSE OF ACTION IN THE WITHIN MATTER
ACCRUED IN THE STATE OF NEW YORK WHERE THE STATUTE OF LIMITATION ON A CONTRACT,
UPON WHICH THE ACTION IS BASED, IS SIX (6) YEARS.  THE STATUTE OF LIMITATIONS HAS NOT
EXPIRED.  THE UNDERSIGNED AFFIRMS THIS STATEMENT TO BE TRUE UNDER THE PENALTIES OF
PERJURY.
DATED:  WESTCHESTER, NY
       APRIL 2, 2013
                                     ----------------------------------------------------
                                     KAVULICH & ASSOCIATES, P.C.
                                     BY: GARY KAVULICH, ESQ.

JUDGMENT ENTERED ON
SERVICE OF SUMMONS AND COMPLAINT IN THIS ACTION ON THE DEFENDANT(S)
HEREIN HAVING BEEN COMPLETED
BY FILING OF SAID DAY OF PROOF OF THE SERVICE THEREOF BY SUBSTITUED SERVICE ON
DEFENDANT(S) AND MORE THAN 30 DAYS HAVING ELAPSED SINCE THE DAY OF COMPLETION
OF SERVICE AND THE TIME OF SAID DEFENDANT(S) TO APPEAR AND ANSWER HAVING EXPIRED.

 NOW ON MOTION OF KAVULICH & ASSOCIATES, P.C. ATTORNEY(S) FOR THE PLAINTIFF(S) IT IS,
ADJUDGED THAT
CITY WASTE SERVICES OF NEW YORK, INC.,
RESIDING AT:  529 COSTER STREET, BRONX, NY 10474
RECOVER OF:  LEMON GREEN, CORP. D/B/A LONG GRAIN,
RESIDING AT:  2534 BROADWAY, NEW YORK, NY 10025
THE SUM OF $19,288.80 WITH INTEREST OF $6,943.97 MAKING A TOTAL OF $26,232.77 TOGETHER
WITH $160.00 COSTS AND DISBURSEMENTS, AMOUNTING IN ALL TO THE SUM OF $26,392.77
AND THAT PLAINTIFF HAVE EXECUTION THEREFORE.

FILED CIVIL COURT
BRONX COUNTY
2013 APR -9  PM 12: 25

CIVIL COURT                                    COUNTY OF BRONX
OF THE CITY OF NEW YORK

                                               Plaintiff,
CITY WASTE SERVICES OF NEW YORK, INC.   INDEX# 001684/13

    --- AGAINST ---                    **AFFIDAVIT OF SERVICE**

LEMON GREEN, CORP. D/B/A LONG GRAIN
                                               Defendant,

STATE OF NEW YORK)
                 )SS.
COUNTY OF ALBANY )

MARIA SCHMITZ being duly sworn, deposes and says:

That she is over the age of eighteen years and is not a party to this action.

That on the 7th day of February, 2013, she served the Summons and Verified
Complaint at 2:55 p.m. on LEMON GREEN CORP., a domestic corporation, one of the
defendants in this action by personally delivering to and leaving with a person, DONNA
CHRISTIE, white female, approximately 46 years of age, 5'4", blond hair, blue eyes and
approximately 156lbs authorized by the Secretary of State to receive such service, at the office
of the Department of State in the City of Albany, New York, duplicate copies thereof together
with the sum of $40.00 (forty dollars), the statutory fee.

                                                   MARIA SCHMITZ

Sworn before me this
7th day of February, 2013

LAWRENCE A. KIRSCH
   4787475
Notary Public - State of New York
Residing in Albany County
Commission Expires May 31, 2015

2013 FEB 27  AM 11:03

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
CITY WASTE SERVICES OF NEW YORK, INC.,

|  |  |
|---|---|
| PLAINTIFF(S) | AFFIDAVIT OF FACTS |
|  | CONSTITUTING THE CLAIM |
| AGAINST | THE DEFAULT AND THE |
|  | AMOUNT DUE |

LEMON GREEN, CORP. D/B/A LONG GRAIN,

DEFENDANT(S)
------------------------------------------------------------------X
STATE OF NEW YORK COUNTY OF WESTCHESTER
SS: GARY KAVULICH, ESQ. HEREBY DEPOSES AND SAYS UNDER THE PENALTIES OF PURJURY,
THAT DEPONENT
IS ONE OF THE ATTORNEYS FOR THE PLAINTIFF(S) IN THE WITHIN ACTION; THIS ACTION WAS
COMMENCED BY SUBSTITUTED SERVICE OF THE SUMMONS AND COMPLAINT UPON
DEFENDANT(S) AND IS AN ACTION FOR BREACH OF AN AGREEMENT FOR GOOD AND SERVICES
PROVIDED BY PLAINTIFF TO DEFENDANT, DUE AND OWING
(AFTER APPLICATION OF PAYMENTS) IN THE SUM OF $19,288.80
ALL OTHER CAUSES OF ACTION ARE HEREBY WAIVED AND DISPOSED.  DEFENDANT RESIDES
WITHIN THE CITY OF NEW YORK.  THE AMOUNT DUE WAS NOT PAID BY ANY OTHER SOURCE.
I MAKE THIS AFFIRMATION UPON INFORMATION AND BELIEF, A BELIEF PREDICATED UPON
CONVERSATIONS WITH MY CLIENT, MY INVOLVEMENT IN THE PROCEEDING AND READING THE
FILE IN THIS CASE.  THE CAUSE OF ACTION IN THE WITHIN MATTER ACCRUED IN THE STATE OF
NEW YORK WHERE THE STATUTE OF LIMITATIONS ON A CONTRACT, UPON WHICH THE ACTION
IS BASED, IS SIX (6) YEARS.  THE STATUTE OF LIMITATIONS HAS NOT EXPIRED.
          WHEREFORE DEPONENT DEMANDS JUDGMENT AGAINST DEFENDANT(S) FOR $19,288.80
WITH INTEREST FROM NOVEMBER APRIL 1, 2009 TOGETHER WITH COSTS AND DISBURSEMENTS
OF THE ACTION.

-------------------------------------------------------
                              KAVULICH & ASSOCIATES, P.C.
                              BY:  GARY KAVULICH, ESQ.

TO THE DEFENDANT(S):  PLEASE TAKE NOTICE THAT THE WITHIN IS A TRUE COPY OF A
JUDGMENT MADE AND ENTERED IN THE WITHIN ENTITLED ACTION AND DULY FILED IN THE
OFFICE OF THE CLERK OF THE COUNT ON

DATED: WESTCHESTER, NY                         YOURS, ETC.,
          APRIL 2, 2013                        ATTORNEYS FOR PLAINTIFF

STATE OF NEW YORK, COUNTY OF                         SS:
BEING DULY SWORN, DEPOSES AND SAYS; THAT DEPONENT IS NOT A PARTY TO THE ACTION, IS
OVER 18 YEARS OF AGE AND RESIDES IN          THAT ON          DEPONENT SERVED A
TRUE COPY OF THE WITHIN JUDGMENT AND NOTICE OF ENTRY THEREOF (EACH OF) THE
FOLLOWING NAMED DEFENDANT(S) AT THE ADDRESS(ES) INDICATED (FOR EACH):

BY DEPOSITING SAME ENCLOSED IN POSTPAID PROPERLY ADDRESSED WRAPPER(S), IN –A POST
OFFICE- OFFICIAL DEPOSITORY UNDER THE EXCLUSIVE CARE AND CUSTODY OF THE UNITED
STATES POSTAL SERVICE WITHIN NEW YORK STATE.

CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X     INDEX NO.  1684/13
CITY WASTE SERVICES OF NEW YORK, INC.,

                         PLAINTIFF(S)     AFFIRMATION OF MAILING OF
                                            ADDITIONAL NOTICE OF SUIT

           -AGAINST-

LEMON GREEN, CORP. D/B/A LONG GRAIN,

                            DEFENDANT(S)
---------------------------------------------------------------X
STATE OF NEW YORK)
COUNTY OF WESTCHESER)  SS:

        DENISE MIRANDA BEING DULY SWORN HEREBY DEPOSES AND SAYS:

1.   ON MARCH 1, 2013, I DULY I MAILED AN ADDITIONAL COPY OF THE SUMMONS AND
COMPLAINT ACCOMPANIED BY A NOTICE THAT SERVICE OF THE SUMMONS AND COMPLAINT
HAD BEEN MADE PURSUANT TO PARAGRAPH (B) OF SECTION THREE HUNDRED SIX OF THE
BUSINESS CORPORATION LAW TO THE DEFENDANT(S) BY PLACING SAME IN A POSTATE PREPAID
ENVELOPES, PROPERLY ADDRESSED TO THE LAST KNOWN ADDRESS OF THE DEFENDANT(S)
LEMON GREEN, CORP. D/B/A LONG GRAIN,
AT: 2534 BROADWAY, NEW YORK, NY 10025

AND DEPOSITING SAME IN AN OFFICIAL DEPOSITORY UNDER THE EXCLUSIVE CARE AND
CUSTODY OF THE UNITED STATES POSTAL SERVICE WITHIN THE STATE OF NEW YORK.

SWORN TO BEFORE ME
ON THIS 2ND DAY OF APRIL, 2013                           DENISE MIRANDA

GARY KAVULICH
NOTARY PUBLIC-STATE OF NEW YORK
NO: 02KA6205615
QUALIFIED IN WESTCHESTER COUNTY
MY COMMISSION EXPIRES 5/11/2013

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

INDEX NO. 1684/13
FILE NO. 15596

--------------------------------------------------------------X

CITY WASTE SERVICES OF NEW YORK, INC.,

Plaintiff,

AFFIDAVIT

- against-

LEMON GREEN, CORP, d/b/a LONG GRAIN,

Defendant.

--------------------------------------------------------------X

STATE OF NEW YORK )
                   ) SS
COUNTY OF BRONX    )

I, James Tesi, being duly sworn deposes and says:

1. I am the agent for the Plaintiff herein, City Waste Services of New York, Inc., and as such I am fully familiar with the facts and circumstances of this proceeding

2. The Defendant herein, Lemon Green, Corp d/b/a Long Grain, entered into an agreement for waste removal with the Plaintiff.

3. Thereafter, the Defendant cancelled the agreement and stopped making the required payments pursuant thereto.

4. To date the Defendant owes $19,288.80 for an unpaid balance and for the remainder of the agreement.

5. My attorneys have advised me that the Defendant has failed to file an answer to the summons and complaint

WHEREFORE, your deponent prays that the relief sought herein is granted in all respects and for such other and further relief as to this court may seem just and proper.

Sworn to before me this
20ᵗʰ day of _____, 2013

_____
Notary Public

_____
James Tesi

GARY KAVULICH
NOTARY PUBLIC - STATE OF NEW YORK
NO: 02KA6205615
QUALIFIED IN WESTCHESTER COUNTY
MY COMMISSION EXPIRES 05.11.2013

ORIGINAL



*a is Mandatory in Special Term,*
*Civil Court City of NY - Bronx County*
*For Litigants and Attorneys to APPEAR*
*in Court on the Return Calendar Date*
*to Respond to ORDERS TO SHOW CAUSE*

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------- X   Index No.: 1684/13

CITY WASTE SERVICES OF NEW YORK, INC.,      :

                      Plaintiff,      :

                  -- against --      :      **EMERGENCY**
                              :      **ORDER TO SHOW CAUSE**

LEMON GREEN, CORP. d/b/a LONG GRAIN,      :

                    Defendant.      :

-------------------------------------------------------------- X

      UPON reading and filing the annexed the affirmation of VINCENT S. WONG, ESQ., dated June

27, 2013, the affidavit of Xiao Yong Huang, President of Lemon Green Corp., dated June 27, 2013, and

the exhibits annexed hereto, and upon all pleadings and proceedings heretofore had herein,

      LET the plaintiff or its attorneys show cause before this Court, at Part _30_ , Room _503_ , at the

Courthouse located at 851 Grand Concourse, Bronx, NY 10451, on the _2_ day of July, 2013, at 9:30

A.M., or as soon thereafter as counsel can be heard, WHY an Order should not be made and entered

herein, pursuant to CPLR 5015, (a) vacating the Default Judgment entered against the defendant herein,

**LEMON GREEN, CORP. d/b/a LONG GRAIN**, on April 11, 2013, (b) vacating any and all

Restraining Notices and Notices of Garnishment issued in furtherance of the default judgment,

including but not limited to those issued on or about June, 2013, (c) permitting Defendant **LEMON**

**GREEN, CORP. d/b/a LONG GRAIN** to serve and file an Answer to the Plaintiff's Complaint and

any motions permitted upon filing of the answer herein and to litigate the action on the merits, and (d)

granting Defendant **LEMON GREEN, CORP. d/b/a LONG GRAIN** such other and further relief as

to this Court may seem just and proper.

      ORDERED, that pending the hearing ~~and determination~~ of this motion let all proceedings on

the part of the Plaintiff, its attorneys, agents, and employees, and all others acting on their behalf,

HON. JOSEPH CAPELLA

1

including any and all efforts to enforce or collect on the Default Judgment as to which vacatur is herein

requested, be hereby stayed.

ORDERED, that service of this Order and the papers on which it is granted on the plaintiff's

attorney, Gary M. Kavulich, Esq. of Kavulich & Associates, P.C., 181 Westchester Avenue, Suite 500-

C, Port Chester, NY 10573, 914.355.2074 by ~~overnight mail,~~ on or before June 28, 2013, ~~shall be~~ *PERSONAL DELIVERY* SHALL BE

*Service to Marshal Biegel by personal delivery or fax before 6/28/13*

good and sufficient service, ~~and that defendants are authorized to serve a copy of this Order~~ on

~~plaintiff's attorney by telefax~~

JUN 2 7 2013

ENTER

PROOF OF SERVICE SHALL BE FILED
WITH THE CLERK OF CIVIL COURT
ON THE RETURN DATE.

_____
J.C.C.

OR FACSIMILE,

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------ X   Index No.: 1684/13

CITY WASTE SERVICES OF NEW YORK, INC.,                          :

                                        Plaintiff,              :      **AFFIDAVIT IN SUPPORT OF**

                    -- against --                              :      **AN EMERGENCY**

LEMON GREEN, CORP. d/b/a LONG GRAIN,                            :      **ORDER TO SHOW CAUSE**

                                                               :

                                        Defendant.             :

------------------------------------------------------------------ X

STATE OF NEW YORK        )
                                    ss.:
COUNTY OF NEW YORK       )

        Xiao Yong Huang, being duly sworn, deposes and says:

        1.  I am the President of defendant Lemon Green Corp d/b/a Long Grain and I am

making this request in support of the Order to Show Cause to vacate a default judgment in this

case.

        2.  I did not file an answer to the Complaint with the court because of the following

excusable default(s):

        a.  This action is not against me or Lemon Green Corp. d/b/a Long Grain.

        b.  Lemon Green Corp. d/b/a Long Grain is a Thai and Japanese cuisine

            restaurant owned and operated by me.

        c.  I was not served with any legal documents with regards to the instant

            matter.

        d.  Service was improper.

        e.  I run the day to day operations at the restaurant and I am there every day.

        f.  I have never received any papers by personal service upon me by Plaintiff.

g. I have never received any papers by mail by Plaintiff.

h. The summons and complaint were never given to a person of suitable age and discretion at the restaurant.

i. The summons and complaint was also not affixed to my door or slipped under the door.  Nor was it affixed or placed at any other conspicuous location for me to see or find.  I have not received the summons or the complaint in this manner.

j. Lemon Green Corp. d/b/a Long Grain was never served.

k. I have never received the summons or the complaint in this manner.

l. The only notice I received in connection with this matter is the Marshal's notice.

3. I have the following meritorious defense(s):

a. The court lacks personal jurisdiction because the Summons and Complaint were not served properly.

b. I do not owe the money.

c. I have no business relationship with the plaintiff so the plaintiff lacks standing.

d. This action stems from a breach of contract from an agreement between Lemongrass Grill.

e. I do not have any relationship with Plaintiff City Waste Services of New York, Inc.

Page 21

f.  I purchased the previous business known as Thai Lemon Grass on Broadway, Inc. whose address was 2534 Broadway, New York, NY 10025 on December 1, 2011.

g.  The Contract which Plaintiff commenced this action on is with Lemongrass Grill and dated March 18, 2009.

h.  I purchased the business from Thai Lemon Grass on Broadway, Inc. and not from Lemon Grass Grill.

i.  Lemon Green Corp. is not Thai Lemon Grass on Broadway, Inc.

j.  Lemon Green Corp. is not Lemon Grass Grill.

k.  I am not a successor corporation to Lemon Grass Grill.

l.  I purchased the business from Thai Lemon Grass on Broadway, Inc.

m.  Lemon Green Corp. is a new and separate entity from Thai Lemon Grass on Broadway, Inc. and separate from Lemon Grass Grill.

n.  Lemon Green Corp. is not operating its business with the same or substantially the same management, ownership, personnel, and assets of Lemon Grass Grill.

o.  Under the penalties of perjury under a Fair Labor Standards Act (FLSA) matter before the United States District Court for the Southern District of New York, the sole owner of Thai Lemon Grass on Broadway, Inc., Shu Li Wu, states that she was the sole owner from July 2, 2009 through December 1, 2011.

p. The sole owner of Thai Lemon Grass on Broadway, Inc. states that she has no association whatsoever with Lemon Green Corporation, its employees, or the premises of the business.

q. The sole owner of Thai Lemon Grass on Broadway, Inc. further states that she has had no association whatsoever with any of the former employees, entities or premises that was formerly known as Thai Lemon Grass on Broadway, Inc.

4. I have not asked for a previous Order to Show Cause in this case.

5. My assets have been levied by the marshal and have been set to be sold at a public auction on Monday July 1, 2013.

### Relief

**WHEREFORE**, I request that the judge vacate any judgment, lift any restraining notice, allow me to retain an attorney to put in an Answer, and place the case on the calendar.

Dated: June 27, 2013

Lemon Green Corp. d/b/a Long Grain

By: _____

Xiao Yong Huang, President.

## VERIFICATION

STATE OF NEW YORK,

COUNTY OF NEW YORK, ss.

The undersigned president of Defendant Lemon Green Corp. d/b/a Long Grain, being duly sworn, deposes and says that the deponent has read the Order to Show Cause and supporting affidavits, and the contents of the Order to Show Cause and supporting affidavits are true to the deponent's own knowledge, except as to those matters which are alleged upon information and belief, and as to such matters the deponent believes them to be true.

Dated: New York, New York
       June 27, 2013

_____
Xiao Yong Huang, *President*

Subscribed and sworn to before me
on     6/27/13

_____
             Notary Public
My commission expires on

YA JUAN LIU
Notary Public, State of New York
No. 01LI6145968
Qualified in Queens County
Commission Expires May 15, 2016

Attorney signature pursuant to Sec. 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR)

_____
Vincent S. Wong, Esq.
Law Offices of Vincent S. Wong
Attorneys for Defendant
39 East Broadway, Suite 304
New York, New York 10002
Tel. 212.349.6099  Fax. 212.349.6599

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------- X   Index No.: 1684/13

CITY WASTE SERVICES OF NEW YORK, INC.,

                                Plaintiff,

           -- against --

LEMON GREEN, CORP. d/b/a LONG GRAIN,

                            Defendant.

------------------------------------------------------------------- X

**AFFIRMATION IN SUPPORT**

**OF EMERGENCY**

**ORDER TO SHOW CAUSE**

STATE OF NEW YORK   )
                       ss.:
COUNTY OF NEW YORK  )

      **VINCENT S. WONG, ESQ.**, being duly sworn, deposes and says:

      1. I am an attorney duly admitted to practice law before the courts of the State of New York and I am the principal member of the law firm of The Law Offices of Vincent S. Wong, the attorneys for the Defendant named in the within action, **Lemon Green Corp d/b/a Long Grain** (hereinafter "Defendant"). I am thoroughly familiar with the facts and circumstances herein based upon the contents of the file maintained by this office.

      2. This affidavit is made and submitted in support of Defendant's instant motion for an Order pursuant to CPLR 5015, (a) vacating the Default Judgment entered against the defendant herein, **LEMON GREEN, CORP. d/b/a LONG GRAIN**, on April 11, 2013, (b) vacating any and all Restraining Notices and Notices of Garnishment issued in furtherance of the default judgment, including but not limited to those issued on or about June, 2013, (c) permitting Defendant **LEMON GREEN, CORP. d/b/a LONG GRAIN** to serve and file an Answer to the Plaintiff's Complaint and any motions permitted upon filing of the answer herein and to litigate the action on the merits, and (d)

granting Defendant **LEMON GREEN, CORP. d/b/a LONG GRAIN** such other and further relief as to this Court may seem just and proper.

3. Defendant's assets have been levied by the marshal and have been set to be sold at a public auction on Monday July 1, 2013. See **EXHIBIT 1**, Marshal's Notice.

4. It is respectfully submitted that, as set forth more fully below, Lemon Green Corp d/b/a Long Grain, can easily demonstrate both an EXCUSEABLE DEFAULT and a MERITORIOUS DEFENSE, thereby entitling Lemon Green Corp d/b/a Long Grain to the relief requested herein.

EXCUSABLE DEFAULT

5. Defendant Lemon Green Corp d/b/a Long Grain first learned of the within action on or about June, 2013 when Defendant was served a Marshal's notice.

6. Soon, thereafter Defendant retained counsel, the Law Offices of Vincent S. Wong.

7. The Law Offices of Vincent S. Wong obtained copies of the court documents in connection with the instant matter in the clerk's office of the Civil Court of the City of New York: Bronx County.

8. Counsel for Defendant discovered the existence of the Default Judgment that had been entered against Defendant on April 11, 2013 and brought such to the attention of Defendant.

9. Lemon Green Corp. d/b/a Long Grain is the incorrect Defendant being sued.

10. Lemon Green Corp. d/b/a Long Grain is a Thai and Japanese cuisine restaurant owned and operated by Xiao Yong Huang.

11. Lemon Green Corp. d/b/a Long Grain not served with any legal documents with regards to the instant matter.

12. Service was improper.

13. Defendant was not served in compliance with the requirements laid out in the NY CPLR §308.

14. In particular, neither personal service nor alternative service was done.

15. Defendant was not served with the summons and complaint in person. Nor were the summons and complaint given to a person of suitable age and discretion at the Defendant's place of business. Defendant has not received the summons or the complaint in this manner.

16. The summons and complaint was also not affixed to Defendant's door or slipped under its door. Nor was it affixed or placed at any other conspicuous location for Defendant to see or find. Defendant has not received the summons or the complaint in this manner.

17. Lemon Green Corp. d/b/a Long Grain was never served.

18. The only notice Defendant received in connection with this matter is the Marshal's notice.

19. Defendant was never served with a summons and complaint in this action. Defendant never had and currently does not have any business relationship with Plaintiff in any way. Therefore, Defendant was completely unaware that there was an action brought or pending against them.

20. If Defendant had been aware of the existence of the action brought by Plaintiff, Defendant would have appeared and made a motion to dismiss as the Defendant is not the proper party in this action. Therefore, the Plaintiff is solely responsible for the Defendant's default.

21. By reason of the foregoing facts and circumstances, it is respectfully submitted that Defendant was unaware of the pendency of the within action until on or about June, 2013 and that the default herein by Defendant Lemon Green Corp. d/b/a Long Grain is clearly excusable.

## MERITORIOUS DEFENSE

22. In addition to having demonstrated that its default herein was excusable, Defendant Lemon Green Corp. d/b/a Long Grain respectfully submit it also has meritorious defenses available to it which justify vacating its existing default and permitting Defendant to interpose an Answer and any motions permitted thereafter and to litigate the case on the merits.

23. Specifically, the claim is apparently predicated on the fact that Defendant Lemon Green Corp. d/b/a Long Grain is indebted to the plaintiff.

24. In fact, these debts do not belong to Defendant Lemon Green Corp. d/b/a Long Grain; rather they belong to another individual and corporation, to wit Farmin Halim and Lemongrass Grill as per Plaintiff's contract agreement.  If the Defendant had been properly notified of the pending action then a proper answer would have been filed which would have denied Plaintiff's allegations.  See **EXHIBIT 2**, Plaintiff's Contract with Lemon Grass Grill.

25. Defendant has no business relationship with the plaintiff so the plaintiff.

26. The Plaintiff lacks standing.

27. The Default obtained by Plaintiff in the instant matter is based purely on speculation and assumptions that Lemon Green Corp. d/b/a Long Grain is operating its business with the same or substantially the same management, ownership, personnel, and assets of Lemon Grass Grill.

28. This speculation and assumption is incorrect.

29. Plaintiff's mere speculation and assumptions are not supported by any evidence whatsoever.

30. Defendant purchased the previous business known as Thai Lemon Grass on Broadway, Inc. whose address was 2534 Broadway, New York, NY 10025 on December 1, 2011. See **EXHIBIT 3**, Defendant's Contract of Sale of Business.

31. The Contract which Plaintiff commenced this action on is with Lemongrass Grill and dated March 18, 2009.

32. Defendant purchased the business from Thai Lemon Grass on Broadway, Inc. and not from Lemon Grass Grill.

33. Lemon Green Corp. is not Thai Lemon Grass on Broadway, Inc.

34. Lemon Green Corp. is not Lemon Grass Grill.

35. Defendant is not a successor corporation to Lemon Grass Grill.

36. Lemon Green Corp. never used the name Thai Lemon Grass on Broadway, Inc. and was never known as Thai Lemon Grass on Broadway, Inc. and never claimed to be Thai Lemon Grass on Broadway, Inc.

37. Lemon Green Corp. never used the name Lemon Grass Grill and was never known as Lemon Grass Grill and never claimed to be Lemon Grass Grill.

38. Defendant purchased the business from Thai Lemon Grass on Broadway, Inc.

39. Lemon Green Corp. is a new and separate entity from Thai Lemon Grass on Broadway, Inc. and separate from Lemon Grass Grill.

40. Lemon Green Corp. is not operating its business with the same or substantially the same management, ownership, personnel, and assets of Lemon Grass Grill.

41. Under the penalties of perjury under a Fair Labor Standards Act (FLSA) matter before the United States District Court for the Southern District of New York, the sole owner of Thai Lemon Grass on Broadway, Inc., Shu Li Wu, stated that she was the sole owner from July 2, 2009 through December 1, 2011. See **Exhibit 4**, Affidavit of Defendant of Shu Li Wu of Thai Lemon Grass on Broadway, Inc.

42. The sole owner of Thai Lemon Grass on Broadway, Inc. states that she has no association whatsoever with Lemon Green Corporation, its employees, or the premises of the business.

43. The sole owner of Thai Lemon Grass on Broadway, Inc. further states that she has had no association whatsoever with any of the former employees, entities or premises that was formerly known as Thai Lemon Grass on Broadway, Inc.

44. No previous Order to Show Cause has been filed.

45. Defendant's assets have been levied by the marshal and have been set to be sold at a public auction on Monday July 1, 2013.

46. Marshal Stephen W. Biegel, Badge #27, 109 West 38th Street, Suite 200, New York, NY 10018, with telephone number 212.627.7425 and fax number 212.398.2000, has set a public auction date of July 1, 2013 for all of Defendant's property.

47. It is my position that Defendant Lemon Green Corp. d/b/a Long Grain be provided the opportunity to assert this meritorious defense by entering an answer in this action and filing any motions permitted thereafter and litigating the case on the merits.

## CONCLUSION

For all the foregoing reasons, Defendant Lemon Green Corp. d/b/a Long Grain, requests that the instant motion be granted and that the Court enter an Order pursuant to CPLR 5015, (a) vacating the Default Judgment entered against the defendant herein, **LEMON GREEN, CORP. d/b/a LONG GRAIN**, on April 11, 2013, (b) vacating any and all Restraining Notices and Notices of Garnishment issued in furtherance of the default judgment, including but not limited to those issued on or about June, 2013, (c) permitting Defendant **LEMON GREEN, CORP. d/b/a LONG GRAIN** to serve and file an Answer to the Plaintiff's Complaint and any motions permitted upon filing of the answer herein and to litigate the action on the merits, and (d) granting Defendant **LEMON GREEN, CORP. d/b/a LONG GRAIN** such other and further relief as to this Court may seem just and proper.

Dated: June 27, 2013

VINCENT S. WONG, ESQ.
Attorneys for Defendant
Law Offices of Vincent S. Wong
39 East Broadway, Suite 304
New York, NY 10002
Tel.: (212) 349-6099
Fax: (212) 349-6599

# EXHIBIT 1

# NEW YORK CITY MARSHAL
## Stephen W. Biegel

109 West 38th Street, Suite 200 • New York, NY 10018

Phone: (212) MARSHAL (627-7425) • Fax: (212) 398-2000

NYC@MarshalBiegel.com • www.NewYorkCityMarshal.com

# MARSHAL'S NOTICE OF LEVY AND SALE
## CIVIL COURT OF THE CITY OF NEW YORK
## COUNTY OF BRONX   INDEX: 1684/13

**JUDGMENT CREDITOR:**
CITY WASTE SERVICES OF
NEW YORK
**JUDGMENT DEBTOR:**
LEMON GREEN CORP DBA LONG
GRAIN
2534 BROADWAY
NEW YORK       NY 10025

**BY VIRTUE OF AN EXECUTION** issued out of the above court to me directed and delivered, PLEASE TAKE NOTICE that I this day LEVIED upon and will expense for **SALE AT PUBLIC AUCTION**, all the right, title and interest which the defendant had on this day, or at any time thereafter, in and to the following described chattels, sufficient to satisfy the execution together with Marshal's fees and expenses:

**\*\*ALL ASSETS ON PREMISES BELONGING TO THE DEFENDANT ARE SUBJECT TO MY LEVY\*\***
Any money due to the above named defendant through rent, escrow or any other means, is to be immediately turned over to MY OFFICE.

PAY IN FULL 72 HOURS BEFORE SALE DATE OR SALE WILL BE ADVERTISED AT YOUR EXPENSE
Payments to be made by MONEY ORDER or CERTIFIED CHECK payable ONLY to:
**New York City Marshal Stephen W. Biegel**
Include this docket number on all payments: E13464

PRINCIPAL $6,275.29, INTEREST $10.85, STATUTORY FEES $30.00, POUNDAGE $315.80
## Judgment and Fees $6,631.94 (plus auction expenses & interest)

Public Auction Sale Date _____ 7/1/13 _____ Time _____

Address _2534 BWAY NEW YORK NY_

Today's Date: _6/10/13 _____ 20____

LEVY SERVED ON: _____   DATE: _____

04/18/13     KANOE    File#: 15596

# WARNING
**Anyone who defaces this legal notice or causes same to be defaced in any way is guilty of a misdemeanor and will be punished to the full extent of the law.** Page 33

# EXHIBIT 2

# CITY WASTE
## SERVICES

**City Waste Services of New York, Inc.** *Servicing All Your Waste Removal Needs*

529 Courter Street
Bronx, NY 10474
(718) 328-8562
Fax (718) 378-3903

TWC # 1153

167-33 Porter Road
Jamaica, NY 11434
(718) 656-5272
Fax (718) 656-7082

15596

### CONTRACT FOR THE REMOVAL OF NON-HAZARDOUS TRADE WASTE (LOOSE WASTE/FLAT FEE CONTRACTS ONLY)

**MESSAGE TO THE CUSTOMER FROM THE BUSINESS INTEGRITY COMMISSION (THE "COMMISSION")**

THE COMMISSION REGULATES THE PRIVATE CARTING INDUSTRY IN NEW YORK CITY, INCLUDING CONTRACTS THAT CARTING COMPANIES OFFER TO THEIR CUSTOMERS. PLEASE NOTE THAT YOU ARE NOT REQUIRED TO SIGN A WRITTEN CONTRACT AND YOU MAY NEGOTIATE WRITTEN TERMS OF YOUR OWN. YOU HAVE THE RIGHT TO CHOOSE FROM AMONG MANY CARTING COMPANIES, AND IT IS UNLAWFUL FOR A CARTING COMPANY TO PRESSURE OR FORCE YOU TO ENTER INTO A CONTRACT.

YOU HAVE MANY IMPORTANT RIGHTS UNDER THE LAW, AND NOT ALL OF THEM ARE SET FORTH IN THIS CONTRACT. IF YOU HAVE ANY QUESTIONS EITHER ABOUT YOUR RIGHTS OR ABOUT A PARTICULAR CARTING COMPANY, OR IF YOU WISH TO MAKE A COMPLAINT, YOU SHOULD CONTACT THE COMMISSION AT (212) 676-6275. IT IS OUR JOB TO ENFORCE THE LAW, AND WE WILL BE HAPPY TO ASSIST YOU.

THE COMMISSION SUGGESTS THAT YOU SEEK COMPETITIVE BIDS FROM AT LEAST FOUR DIFFERENT CARTING COMPANIES BEFORE SIGNING A CONTRACT LIKE THIS ONE. YOU MAY CONTACT THE COMMISSION FOR A LIST OF CARTING COMPANIES.

Customer Name ("The Customer"): # 317952    E-Mail:

Service Location (Business Name): Lemon Grass Grill 94 & 95 ST

Street No. & Name (Mailing Address): SAME

Street No. & Name (Service Address): 2534 Broadway

City:                         Zip:

City: New York   NY 10025

Telephone:        Fax:

Telephone: (212) 666-0888   Fax:

Customer Representative:

Customer Representative's Title: Holland

**I. CONTRACT LENGTH:** This contract will begin on March 23, 20 09, and will continue for a period of 24 months. NOTE: By law, the length of this contract may not exceed 24 months. The Customer may negotiate a period shorter than 24 months. ___ (Customer Initial Here)

**II. TERMS OF SERVICE:** The Carting Company will pick up the Customer's waste at the Service Location on the following days and at the following times (note *pick up times in spaces below*):

Non-Recyclables: M 2PM T 2PM W 2PM TH 2PM F 2PM SA 2PM S ___

Recyclables: M 2AM T 2AM W 2AM TH 2AM F 2AM SA 2AM S ___

Equipment Provided by Carting Company: None (Dumpsters provided by the Carting Company must be provided free of charge and will be fully emptied upon pick up.)

REMARKS: 70 bags per week + 1 yd recycle weekly

**III. FEE FOR SERVICE:** The Customer agrees to pay the Carting Company a flat fee. The *total flat fee* stated below has been calculated by multiplying the waste volume or waste weight (in cubic yards or pounds of waste per month) generated by the Customer during a survey period by a negotiated rate (in dollars per cubic yard or per 100 pounds of waste) as follows:

*SURVEYED VOLUME OR WEIGHT OF WASTE:* The Carting Company represents and warrants: The Carting Company conducted a survey (in accordance with the applicable rules) of the waste generated by the Customer, offered the Customer an opportunity to participate in that survey, and gave a copy of the written survey results to the Customer. The survey results reflect that the Customer generates 44.446 cubic yards or ___ pounds of waste per month.

*RATE IN DOLLARS PER CUBIC YARD OR RATE IN DOLLARS PER 100 POUNDS:* The negotiated rate on which the total flat fee is based is $ 15.39 per cubic yard or ___ per 100 pounds of loose waste. NOTE: Under New York City law, the rate cannot exceed $16.28 per loose cubic yard ($3.40 for the removal of each full 55 gallon plastic bag or waste; $1.85 for the removal of each full 30 gallon plastic bag of waste) or $10.42 per 100 pounds. THE CUSTOMER IS ENTITLED TO NEGOTIATE A RATE LOWER THAN THE MAXIMUM.
THE CUSTOMER MAY ALSO NEGOTIATE A DIFFERENT RATE FOR RECYCLABLES THAN FOR NON-RECYCLABLES.

*Total flat fee:* The total flat fee for THE ENTIRE LENGTH OF THIS CONTRACT is $ 738.18 + TAX per month (calculated by multiplying the surveyed volume or weight by the rate) not including sales tax. The Carting Company will bill the Customer on a ___ monthly or ___ weekly basis (select one).

**IV. EFFECT OF VOLUME OR WEIGHT CHANGES:** Once every six months after this contract begins, the Customer or the Carting Company may notify the other party in writing that it wants a NEW SURVEY of the Customer's waste. Within two weeks of the notification, the Carting Company will advise the Customer of when the survey is to be conducted and provide the Customer with an opportunity to participate in the survey. The Carting Company will conduct the survey free of charge and give the Customer a copy of the written survey results.

If the survey reflects a change of 10% or more in the volume or weight of waste generated, then (Customer Initial one selection below):

___ (1) the flat fee shall be recalculated using the new volume or weight; or

___ (2) this contract shall become terminable by either party on 30 days' notice; or

___ (3) both 4 and 2.

In addition, if at any time the Customer experiences a substantial volume or weight change as a result of a significant change in its business, then the Customer and the Carting Company may agree to renegotiate the flat fee.

CUSTOMER

By: _____ (signature)

Print Name: Fatmir Halim

Title: Owner

_____ to this 18 day of March 20 09

CARTING COMPANY

By: Felip Clazquez Sr (signature)

Print Name: Felip Clazquez Jr

Title: Acct Rep.

Agreed to this 18 day of March 20 09

SEE ADDITIONAL TERMS ON REVERSE SIDE OF CONTRACT.

Page 35

# EXHIBIT 3

# Know Everyone by these Presents,

That Thai Lemon Grass on Broadway Inc., Whose address is 2534 Broadway, New York, NY 10025, Herein referred to as the Transferor, for and in consideration of the sum of $10.00 paid to the Transferor, at or before the ensealing and delivery of the presents by LEMON GREEN CORP., having address 2103 70th Street, 2 FL, Brooklyn, NY 11204, Herein referred to as the Transferee, and for other good and valuable consideration, the receipt whereof is hereby acknowledged, sells, transfers, sets over and assigns to the said Transferee, the following described business: Restaurant
Located at 2534 Broadway, New York, NY 10025.

Including the stock in trade, fixtures, equipment, contract rights, lease, good will, licenses, rights under any contract for telephone service or other rental, maintenance or use of equipment, machinery and fixtures at the said premises, more particularly described in the Schedule herein.

TO HAVE AND TO HOLD the same unto the Transferee forever, subject to none.

AND the Transferor covenants and agrees, to and with the Transferee to warrant and defend the sale of said business and business assets hereby sold, unto the Transferee against all and every person and persons whomsoever.

AND the Transferor further covenants and agrees to and with the Transferee, not to re-establish, re-open, be engaged in, nor in any manner whatsoever become interested, directly or indirectly, either as employee, as owner, as partner, as agent or stockholder, director or officer of a corporation, or otherwise, in any business, trade or occupation similar to the one hereby sold, within the area bounded— northerly by the ten (10) blocks side of........................... southerly by the ten (10) blocks side of .................... easterly by the ten (10) blocks side of............................. and westerly by the ten (10) blocks of...................... for a term of three (3) years from the date of these presents.

The Transferor hereby transfers and assigns to the transferee the existing lease covering the premises used in connection with the said business, dated none together with the security deposited with the landlord under the said lease amounting to the sum of $26,056.00.

The warranties and covenants contained in the agreement heretofore entered into between the Transferor and Transferee dated none shall survive this Bill of Sale and become a part hereof and shall continue in full force and effect as though herein set forth fully and at length.

The terms, covenants and agreements herein contained shall bind and inure to the benefit of the respective parties hereto, and their respective legal representatives, successors and assigns.

The gender and number used in this instrument are used as a reference term only shall apply with the same effect whether the parties are of the masculine or feminine gender, corporate or other form, and singular shall likewise include the plural.

1

IN WITNESS WHEREOF, the Transferor has singed and sealed these presents this day of

Signed, Sealed and Delivered
In the Presence of

Thai Lemon Grass on Broadway Inc.

..............................................................L.S.
By: Shu Li Wu - President

## SCHEDULE OF THE FOREGOING BILL OF SALE

All furniture, fixtures, equipment, chattels and personal properties at the restaurant located at 2534 Broadway, New York, NY 10025.

2

STATE OF NEW YORK
COUNTY OF NEW YORK          } SS.:

ShuLi Wu

Being duly worn, deposes and says, that she has address at 2534 Broadway, New York, NY 10025,
that she is the Transferor named in the foregoing bill of sale (or that he is of the Transferor, a corporation
organized under the Laws of the State of New York, having its principle office at       ).

That Transferor is the sole and absolute owner of the property described in the foregoing bill of
sale, more specifically enumerated in the schedule thereto annexed and made a part thereof, and has full
right and authority to sell and transfer the same.

That the said property and each and every part thereof, is free and clear of any and all liens,
mortgages, security interests, levies, debts, taxes or other claims or encumbrances except as set forth in
the agreement dated none.

That there are no actions pending against the Transferor in any court; nor are there any replevins,
judgments or executions outstanding, now in force; nor has any petition in bankruptcy or arrangement
been filed by or against the Transferor; nor has the Transferor taken advantage of any law relating to
insolvency except none.

That the transferor is not indebted to anyone and has no creditors other than hose listed in the
schedule of creditors appended to the agreement dated none which schedule is incorporated herein by
reference.

That this affidavit is made for the purpose and with the intent of inducing LEMON GREEN CORP.,
Transferee to purchase the business and property described in the said bill of sale knowing that said
Transferee will rely on this affidavit and pay a good and valuable consideration.

Sworn to before me this   1 st
day of  Dec. 2011

                                        Thai Lemon Grass on Broadway Inc.

                                        Ø   Shee Li  Wu ...............L.S.

                                        Shu Li Wu - President

3                                                      Page 39

STATE OF New York

COUNTY OF New York  }ss.:

On the          day of                    before me came

to me known and known to me to be the individual described in, and who executed, the foregoing instrument, and acknowledged to me that he/she executed the same.

STATE OF

COUNTY OF     New York                    }ss.:

On the  1st              day of   December 2011,before me came Shu Li Wu

To me known, who, being by me duly shown, did depose and say that she resides at No.

that she is the   President of Thai Lemon Grass on Broadway, Inc.
the corporation described in, and which executed, the foregoing instrument; that he/she knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of                     of said corporation; and that he/she signed his/her name thereto by like order.

_____
(signature and office of individual taking acknowledgment)

DEFA LI
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01LI6111439
QUALIFIED IN NEW YORK COUNTY
MY COMMISSION EXPIRES JUNE 15, 20 12

4

# CONTRACT FOR SALE OF BUSINESS

*AGREEMENT*, made the 1st day of December 2011 in State of New York, Between Thai Lemon Grass on Broadway Inc., Whose address is 2534 Broadway, New York, NY 10025, Hereinafter called the Transferor, and Lemon Green Corp., having address 2103 70th Street, 2 FL, Brooklyn, NY 11204, Hereinafter called the Transferee.

1.  THE transferor agrees to sell to the Transferee and the Transferee agrees to buy the following described business: Restaurant

Located at 2534 Broadway, New York, NY 10025

Including the stock in trade, fixtures, equipment, contract rights, lease, good will, licenses, rights under any contract for telephone service or other rental, maintenance or use of equipment, machinery and fixtures at the said premises, more particularly described in the Schedule A hereto attached, free and clear of any debts, mortgages, security interests or other liens or encumbrances except as herein stated. Title shall be closed on the 1st day of December, 2011 at the

2.  The purchase price to be paid by the Transferee is $ 50,000.00
3.  The terms of payment are as follows:

Upon execution of this agreement
By cash or certified check, receipt of which is hereby acknowledged $ 2,000.00

Upon execution and delivery of Bill of Sale
By cash or certified check $ 48,000.00

4.  At the closing the following adjustments shall be made: rents, insurance premiums, taxes, electricity, gas, fuel, water, interest on mortgage or other liens.

5.  N/A.

6.  N/A.

7)  Transferor shall furnish Transferee with a list of Transferor's <u>existing creditors,</u> if any, containing the names and business addresses of all creditors of the Transferor, with the amounts owed to each and also the names of all persons who are known to the Transferor to assert claims against the Transferor even though such claims are disputed. Such list shall be signed and sworn to or affirmed by the Transferor or his agent and, unless such list is appended hereto, it shall be delivered to Transferee at least 15 days before the closing date; provided that if Transferee takes possession of the goods or pays for them before that date such list shall be furnished at least 15 days before the happening of either event.

8.  Transferee shall preserve the list of creditors of aforementioned as well as the schedule of property (Schedule A hereof) for a period of 6 months next following the date of transfer of title and shall permit inspection of either or both and copying therefrom at all reasonable hours by any creditor of the Transferor: in lieu thereof, Transferee may file such list and schedule in the Office of the Secretary (Department) of State.

9.  Transferee shall give notice to creditors of the transfer at least 10 days before taking possession of the goods or paying for them, whichever happens first. Notice shall be given in the form and manner as provided in the Uniform Commercial Code.

10. The bill of sale shall contain a covenant by the Transferor and all other persons heretofore active in the said business or in any way interested therein with the Transferor, not to reestablish, re-open, be engaged in, nor in any manner whatsoever become interested, directly in indirectly, either as employee, as owner, as partner, as agent, or as stockholder, director or officer of a

1

corporation, or otherwise, in any business, trade or occupation similar to the one hereby agreed to be sold, within the are bounded:

northerly by ten (10) block radius,     southerly by ten (10) block radius;
easterly by  ten (10) block radius               and westerly by ten (10) block radius.
for a term of five (3) years from the closing date.

11.  Transferor further agrees, at the time of closing, to assign and transfer as a part of this sale the existing lease or to execute and deliver, or to procure the execution and delivery, to the as a part of this sale the existing lease or to execute and deliver, or to procure the execution and delivery, to the Transferee or a new lease or an extension of the term of an existing lease, covering the premises used in connection with said business and providing for a continuous term which shall expire on the 31st day of May, 2012.
Transferee shall assume full performance of the existing lease, if assigned. Security in the sum of $26,056 now held by the landlord under the existing lease, is hereby included in the amount of the purchase price and is not to be paid to the Transferor by the Transferee at the closing, less any valid set-off or counterclaim asserted by the landlord.  Transferor shall also assign and transfer to the transferee all of the Transferor's right, title and interest in said security. Any default on the part of the Transferor with respect to the provisions of this paragraph shall forthwith entitle the transferee to repayment in full, on demand, of any deposit or payment on account hereunder.

12.  Any willful, capricious or other inexcusable default hereunder on the part of either party shall entitle the aggrieved party to the sum of $2,000.00 as liquidated damages for breach of this contract in addition to repayment in full of any sum paid hereunder as aforesaid, said amount being hereby agreed upon by reason of the difficulty in reducing the exact damages actually sustained to a mathematical certainty.

13.  N/A.

14.  The warranties and covenants contained herein shall survive the Bill of Sale and become a part thereof and continue in full force as though set forth at length therein.

15.  Transferor represents that Transferor has not used other business names and/or addresses within the three years last past except as follows: None.

16.  The term "goods" as defined and used in the Uniform Commercial Code shall apply to this agreement.

17.  The captions are inserted only as a matter of convenience and for reference and in no way define, limit or describe the scope of this agreement nor the intent of any provision thereof.

The terms, warranties and agreement herein contained shall bind and inure to the benefit of the respective parties hereto, and their respective legal representatives, successors and assigns.
The gender and number used in this agreement are used as a reference term only and shall apply with the same effect whether the parties are of the masculine or feminine gender, corporate or other form, and the singular shall likewise include plural.

This agreement may not be changed orally.

2

IN WITNESS WHEREOF, the Parties have respectively signed and sealed these presents the day and year first above written.

_____ L.S.
Transferor:  Thai Lemon Grass on Broadway Inc.
By: Shu Li Wu – President

_____ L.S.
................................................
Broker

Transferee:  Lemon Green Corp.
By: Xiao Yong Huang

STATE OF New York          COUNTY OF New York      ss.:

Shu Li Wu, being duly sworn deposes and says that:

She is the sole transferor; The following is a true and complete list of: the existing creditors of the Transferor, showing their business addresses and the amounts owed to each; the names and addresses of all persons known to the transferor who have asserted claims which the Transferor disputes.

| Creditor - indicate if a Claimant | Business address | Amount - indicated if disputed |
|---|---|---|
| None | | |

Sworn and subscribed to before me,

this  1st  day of  Dec. 2011

_____
Thai Lemon Grass on Broadway Inc.
By: Shu Li Wu - President

DEFA LI
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01LI6111439
QUALIFIED IN NEW YORK COUNTY
MY COMMISSION EXPIRES JUNE 15, 20 12

## Schedule A
### Property to be transferred

All furniture, fixtures, equipment, chattels and personal properties at the restaurant located at 2534 Broadway, New York, NY 10025.

# Contract
## for Sale of Business

### BULK SALE
### UNIFORM COMMERCIAL CODE

THAI LEMON GRASS ON
BROADWAY INC.

TO

LEMON GREEN CORP.

DATED: December 1, 2011

4



# EXHIBIT 4



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

BIN CHANG, on behalf of himself and others   :
Similarly situated,           :  Case No:
                 :  12 CV 6229
           Plaintiff  :
                 :  **AFFIDAVIT OF**
      -against-       :  **DEFENDANT**
                 :
THAI LEMON GRASS ON BROADWAY, INC.  :
d/b/a LONG GRAIN, SHU LI WU,     :
JOHN DOE I a/k/a A HUA and      :
JOHN DOE II, a/k/a A LIN       :
          Defendants  :

-------------------------------------------------------------x


STATE OF NEW YORK   }
            }  S.S.:
COUNTY OF NEW YORK  }

   SHU LI WU, being duly sworn, deposes and says:

   1.   I am the Defendant in the above-entitled action. I have personal
knowledge of the facts and prior proceedings. I submit this affidavit and the
accompanying memorandum of law in support of my motion to dismiss this lawsuit for
the reasons stated in the accompanying notice of motion.

   2.   Counsel has advised me that the claims of the Plaintiff do not belong in
Federal Court because there is no personal jurisdiction pursuant to Fed. R. Civ. P. Rule
12(b)(2).

## BACKGROUND

   3.   I was the sole owner of a restaurant business called Thai Lemon Grass on
Broadway, Inc. from July 2, 2009 to December 1, 2011.
   4.   On December 1, 2011 I sold Thai Lemon Grass on Broadway, Inc. to
Lemon Green Corporation.
   5.   Since selling Thai Lemon Grass on Broadway, Inc., I have had no
association whatsoever with Lemon Green Corporation, its employees, or the premises of
the business.
   6.   Since selling Thai Lemon Grass on Broadway, Inc., I have had no
association whatsoever with any of the former employees, entities or premises that was
formerly known as Thai Lemon Grass on Broadway, Inc.

      6.      Since selling Thai Lemon Grass on Broadway, Inc., I have not returned to 2534 Broadway, New York, New York 10025, the location of the Thai Lemon Grass on Broadway, Inc. restaurant.

      7.      I have not received any mailings, notices, postings or any other documents from 2534 Broadway, New York, New York 10025 since selling Thai Lemon Grass on Broadway, Inc.

      8.      I have never been personally served with a summons or complaint by the Plaintiff Bin Chang in the present claims being made against me.

For the foregoing reasons, my Motion to Dismiss should be granted in full.

Dated: New York, NY
      January 9, 2013

                                              SHU LI WU

## CERTIIFCATION OF TRANSLATION

      I, _____Lim_____Liu_____, hereby certify that I am fluent in both Mandarin Chinese and English, that I have correctly and accurately translated this document from English to Mandarin Chinese.

Date: Jan 17, 2013

2013 JUN 27 PM 3:45

CIVIL COURT
BRONX COUNTY

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 1684/13
File No. 15596

------------------------------------------------------------X

CITY WASTE SERVICES OF NEW YORK, INC.,

Plaintiff,

-against-

**AFFIRMATION IN
OPPOSITION**

LEMON GREEN, CORP. D/B/A LONG GRAIN,

Defendant.

------------------------------------------------------------X

MATTHEW D. KASPER, ESQ., an attorney duly admitted to practice law before the

Court of the State of New York, hereby affirms under the penalty of perjury:

1. I am an associate of Kavulich & Associates, P.C., attorneys for the Plaintiff

herein. As such, I am fully familiar with the facts and circumstances of the within proceeding,

except as to those matters stated upon information and belief, as to those matters I believe them

to be true. The basis of my belief is information supplied to me by my client, information

contained within the court file and information maintained within my office.

2. Plaintiff entered into a contract for waste removal with Lemon Grass Grill for a

two (2) year period commencing March 1, 2009. Annexed hereto as Exhibit "1" is a copy of said

contract.

3. On April 1, 2009 Lemon Grass Grill cancelled the agreement and stopped making

the required payments pursuant thereto.

4. Consequently, Plaintiff commenced a proceeding seeking damages in the sum of

$19,288.80 representing the remainder of the monies due pursuant to said contract at a rate of

$738.18 per month, plus tax (*City Waste Services of New York v. Lemon Grass Grill*, Bronx

County Civil Index Number 5971/12). Annexed hereto as Exhibit "2" is a copy of the summons and complaint.

5.      As a result of said proceeding, Plaintiff obtained a judgment against Lemon Grass Grill in the sum of $25,018.25. Annexed hereto as Exhibit "3" is a copy of said judgment.

6.      Upon information and belief, Defendant Lemon Green Corp. d/b/a Long Grain (hereinafter "Defendant") is operating its business with the same or substantially the same management, ownership, personnel, and assets of Lemon Grass Grill. Annexed hereto as Exhibit "4" is the affidavit of James Tesi.

7.      As such, Defendant is liable as a successor corporation to Lemon Grass Grill.

8.      Consequently, Plaintiff commenced the instant proceeding. Annexed hereto as Exhibit "5" is a copy of the summons and complaint.

9.      Defendant was served via the New York Secretary of State. Annexed hereto as Exhibit "6" is a copy of the affidavit of service.

10.     Thereafter, Defendant failed to timely interpose an answer resulting in the entry of a default judgment. Annexed hereto as Exhibit "7" is a copy of that judgment.

11.     Now before this Court is Defendant's Order to Show Cause seeking, *inter alia*, vactur of the instant judgment pursuant to CPLR 5051.

12.     In order meet the standard to allow this Court to vacate a default judgment the Defendant is required to demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense to the action. CPLR 5015(a)(1); *Bank of Am. v. Faracco*, 89 AD3d 879 [2d Dep't 2011]; *Community Preserve. Corp. v. Bridgewater condominiums, LLC.*, 89 AD3d 784 [2d Dep't 2011].

13.     Defendant avers that service was improper and thus there exists an excusable default.

14.    Here, service upon Defendant was proper pursuant to BCL 306.

15.    BCL 306 states in part as follows:

(a) Service of process on a registered agent may be made in the manner provided by law for the service of a summons, as if the registered agent was a defendant.

(b) (1) Service of process on the secretary of state as agent of a domestic or authorized foreign corporation shall be made by personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee, which fee shall be a taxable disbursement. <u>Service of process on such corporation shall be complete when the secretary of state is so served.</u> The secretary of state shall promptly send one of such copies by certified mail, return receipt requested, to such corporation, at the post office address, on file in the department of state, specified for the purpose. If a domestic or authorized foreign corporation has no such address on file in the department of state, the secretary of state shall so mail such copy, in the case of a domestic corporation, in care of any director named in its certificate of incorporation at the director's address stated therein or, in the case of an authorized foreign corporation, to such corporation at the address of its office within this state on file in the department.

(emphasis added).

16.    Defendant was served via the New York Secretary of State on February 7, 2013.

Please see the aforementioned Exhibit "6."

17.    On February 27, 2013, the relevant affidavit of service was filed with this Court

thus completing service on that date pursuant to BCL 306. Please see the aforementioned Exhibit

"6."

18.    Therefore, Defendant was properly served as a matter of law.

19.    Moreover, Defendant's attorneys were well aware of the debt at issue and even

confirmed its client's corporate status and agent of service. Annexed hereto as Exhibit "7" is a

copy of correspondence from Defendant's attorneys that predate service of Plaintiff's summons and complaint.

      20.    As a result, Defendant is imputed with constructive notice of the instant proceeding thereby rendering Defendant's asserted excuse not reasonable in accord with CPLR 5015.

      21.    However, should the Defendant demonstrate a reasonable excuse for the default, a Court must nonetheless uphold the default judgment when the Defendant's papers submitted in support thereof are replete with self-serving, vague, unsubstantiated denials, and unsupported legal conclusions. *Thapt v. Lutheran Med. Ct.*, 89 AD3d 837 [2d Dep't 2011]; *Garal Wholesalers, Ltd. v. Raven Brands, Inc.*, 82 AD3d 1041 [2d Dep't 2011].

      22.    Defendant asserts that it is not a successor corporation to Lemon Grass Grill.

      23.    This assertion is self-serving and un supported.

      24.    While, indeed Defendant points out that it purchased the business from Thai Lemon Grass on Broadway, Inc.

      25.    Defendant fails to show that Thai Lemon Grass on Broadway, Inc. was not a successor corporation to Lemon Grass Grill.

      26.    In furtherance of its assertion, Defendant produces an affidavit from the owner of Thai Lemon Grass on Broadway, Inc. – Shu Li Wu - showing that she was the sole owner from July 2, 2009 through December 1, 2011.

      27.    That affidavit is insufficient to show anything else other than that Shu Li Wu was in fact the previous owner.

      28.    The contact at issue was executed on March 18, 2009 which predates Shu Li Wu's ownership of Thai Lemon Grass on Broadway, Inc. Please see the aforementioned Exhibit "1."

29.     Upon information and belief, the contract at issue was executed by the owner of Lemon Grass Grill on behalf of the business and that business was purchased by Thai Lemon Grass on Broadway, Inc. thereby rendering it a successor corporation.

30.     Moreover, it is of no dispute that Lemon Green Corp. is in fact a successor corporation to Thai Lemon Grass on Broadway, Inc. Please see the business transfer documents annexed to Defendant's Order to Show Cause as Exhibit "3."

31.     Therefore, Defendant has failed to show that Thai Lemon Grass on Broadway, Inc. was not a successor corporation to Lemon Grass Grill – the original obligator to the contract at issue.

32.     As such, Defendant fails to offer a meritorious defense to the instant action in accord with *Thapt and Garal.*

33.     Defendant fails to meet the requirements of CPLR 5015.

WHEREFORE, as no legal or equitable basis has been stated or exists, Plaintiff respectfully asks that this Court deny the instant motion.

Dated: July 11, 2013
      Port Chester, NY

Kavulich & Associates, P.C.
By: Matthew D. Kasper, Esq.
181 Westchester, Ave., Suite 500C
Port Chester, NY 1057
(914) 355-2074

# EXHIBIT 1

Case 1:16-cv-02134-AKH Document 80-17 Filed 08/18/17 Page 55 of 91

# CITY WASTE
### S E R V I C E S

Bronx, NY 10474
(718) 328-8582
Fax (718) 378-3903

TWC# 1153

167-33 Porter Road
Jamaica, NY 11434
(718) 656-6272
Fax (718) 656-7082

**CONTRACT FOR THE REMOVAL OF NON-HAZARDOUS TRADE WASTE (LOOSE WASTE/FLAT FEE CONTRACTS ONLY)**

**MESSAGE TO THE CUSTOMER FROM THE BUSINESS INTEGRITY COMMISSION (THE "COMMISSION")**

THE COMMISSION REGULATES THE PRIVATE CARTING INDUSTRY IN NEW YORK CITY, INCLUDING CONTRACTS THAT CARTING COMPANIES OFFER TO THEIR CUSTOMERS. PLEASE NOTE THAT YOU ARE NOT REQUIRED TO SIGN A WRITTEN CONTRACT, AND YOU MAY NEGOTIATE WRITTEN TERMS OF YOUR OWN. YOU HAVE THE RIGHT TO CHOOSE FROM AMONG MANY CARTING COMPANIES, AND IT IS UNLAWFUL FOR A CARTING COMPANY TO PRESSURE OR FORCE YOU TO ENTER INTO A CONTRACT.

YOU HAVE MANY IMPORTANT RIGHTS UNDER THE LAW, AND NOT ALL OF THEM ARE SET FORTH IN THIS CONTRACT. IF YOU HAVE ANY QUESTIONS EITHER ABOUT YOUR RIGHTS OR ABOUT A PARTICULAR CARTING COMPANY, OR IF YOU WISH TO MAKE A COMPLAINT, YOU SHOULD CONTACT THE COMMISSION AT (212) 676-6275. IT IS OUR JOB TO ENFORCE THE LAW, AND WE WILL BE HAPPY TO ASSIST YOU.

THE COMMISSION SUGGESTS THAT YOU SEEK COMPETITIVE BIDS FROM AT LEAST FOUR DIFFERENT CARTING COMPANIES BEFORE SIGNING A CONTRACT LIKE THIS ONE. YOU MAY CONTACT THE COMMISSION FOR A LIST OF CARTING COMPANIES.

**# 317852**

Customer Name ("The Customer") / E-Mail

Service Location (Business Name): _Lemon Grass Grill_    94 & 95 ST

Street No. & Name (Billing Address): _SAME_

Street No. & Name (Service Address): _2534 Broadway_

City / Zip

City: _New York, NY 10025_

Telephone / Fax

Telephone: _(212) 666-0888_    Fax

Customer Representative

Customer Representative's Title: _Holland_

I. **CONTRACT LENGTH:** This contract will begin on _March 23, 09_ and will continue for a period of _24_ months. NOTE: By law, the length of this contract may not exceed 24 months. The Customer may negotiate a period shorter than 24 months. ____ (Customer Initial Here)

II. **TERMS OF SERVICE:** The Carting Company will pick up the Customer's waste at the Service Location on the following days and at the following times (note pick up times in spaces below):

Non-Recyclables:  M _7:00 am_  T _7 am_  W _7 am_  Th _7 am_  F _7 am_  SA _7 am_  S ____

Recyclables:  M _7 am_  T _7 am_  W _7 am_  Th _7 am_  F _7 am_  SA _7 am_  S ____

Equipment Provided by Carting Company: ____ (Dumpsters provided by the Carting Company must be provided free of charge and will be fully emptied upon pick up.)

REMARKS ____ _70 bags per week + 1 1/4 yd CB weekly_

III. **FEE FOR SERVICE:** The Customer agrees to pay the Carting Company a flat fee. The total flat fee stated below has been calculated by multiplying the waste volume or waste weight (in cubic yards or pounds of waste per month) generated by the Customer during a survey period by a negotiated rate (in dollars per cubic yard or per 100 pounds of waste) as follows:

SURVEYED VOLUME OR WEIGHT OF WASTE: The Carting Company represents and warrants: The Carting Company conducted a survey (in accordance with the applicable rules) of the waste generated by the Customer, offered the Customer an opportunity to participate in that survey, and gave a copy of the written survey results to the Customer. The survey results reflect that the Customer generates _46.456_ cubic yards or ____ pounds of waste per month.

RATE IN DOLLARS PER CUBIC YARD OR RATE IN DOLLARS PER 100 POUNDS: The negotiated rate on which the total flat fee is based is $ _15.89_ per cubic yard or ____ per 100 pounds of loose waste. NOTE: Under New York City law, the rate cannot exceed $15.89 per loose cubic yard ($3.46 for the removal of each full 55 gallon plastic bag or waste; $1.86 for the removal of each full 30 gallon plastic bag of waste) or $10.42 per 100 pounds. THE CUSTOMER IS ENTITLED TO NEGOTIATE A RATE LOWER THAN THE MAXIMUM. THE CUSTOMER MAY ALSO NEGOTIATE A DIFFERENT RATE FOR RECYCLABLES THAN FOR NON-RECYCLABLES.

Total flat fee: The total flat fee for THE ENTIRE LENGTH OF THIS CONTRACT is $ _738.18 + TAX_ per month (calculated by multiplying the surveyed volume or weight by the rate) not including sales tax. The Carting Company will bill the Customer on a ____ monthly or ____ weekly basis (select one).

IV. **EFFECT OF VOLUME OR WEIGHT CHANGES:** Once every six months after this contract begins, the Customer or the Carting Company may notify the other party in writing that it wants A NEW SURVEY of the Customer's waste. Within two weeks of the notification, the Carting Company will advise the Customer of when the survey is to be conducted and provide the Customer with an opportunity to participate in the survey. The Carting Company will conduct the survey free of charge and give the Customer a copy of the written survey results.

If the survey reflects a change of 10% or more in the volume or weight of waste generated, then (Customer initial one selection below):

____ (1) the flat fee shall be recalculated using the new volume or weight; or

____ (2) this contract shall become terminable by either party on 30 days' notice; or

____ (3) both 1 and 2.

In addition, if at any time the Customer experiences a substantial volume or weight change as a result of a significant change in its business, then the Customer and the Carting Company may agree to renegotiate the flat fee.

**CUSTOMER**

By: ____ (signature)

Print Name: _FARMIN HAKIM_

Title: _OWNER_

Agreed to this _18_ day of _March_ 20 _09_

**CARTING COMPANY**

By: ____ (signature)

Print Name: _Felipe Clazquez JR_

Title: _ACCT rep._

Agreed to this _18_ day of _March_ 20 _09_

SEE ADDITIONAL TERMS ON REVERSE SIDE OF CONTRACT.

# EXHIBIT 2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
CITY WASTE SERVICES OF NEW YORK INC.,

Index No.
File No. 15596

Plaintiff,

-against-

SUMMONS   **005971**

Place of Venue is designated
as Plaintiffs' Place of
Business:

LEMON GRASS GRILL,

Defendant.
-------------------------------------------------------------X

529 Coster Street
Bronx, NY 10474

To the above named Defendant(s):

YOU ARE HEREBY SUMMONED to appear in the CIVIL COURT OF THE CITY OF
NEW YORK, COUNTY OF BRONX at the office of the Clerk of the said Court at 851
Grand Concourse, Bronx, NY 10451 to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with the summons, to serve a
notice of appearance on the Plaintiff's attorney within (20) days after the service of this
summons, exclusive of the day of service or within 30 days after the service in complete
if this summons is not personally delivered to you within the State of New York; and in
case of your failure to appear or answer, judgment will be taken against you by default
for $19,788.80 plus interest from April 1, 2009, together with costs and disbursements of
this action and for such other and further relief as the Court may deem just.

Dated: March 23, 2012

CIVIL COURT
BRONX COUNTY
MAR 2 9 2012
FEE PAID

By: Gary M. Kavulich, Esq.
Attorney for Plaintiff
Kavulich & Associates, P.C.
181 Westchester Ave., Suite 500-C
Port Chester, NY 10573
(914) 355-2074

Defendant's Address:
Lemon Grass Grill
2534 Broadway
New York, NY 10025

Note:  The law provides that: (a) If the summons is served by its delivery to you personally
within the City of New York, you must appear and answer within TWENTY days after such
service; or (b) If the summons is served by any means other than personal delivery to you
within the City of New York, you must appear and answer within THIRTY days after proof of
service thereof is filed with the Clerk of this Court.

## COMPLAINT

**FIRST ACTION:** Plaintiff seeks to recover damages from the Defendant for breach of agreement in the sum of $19,288.80 plus interest from April 1, 2009, representing the months of April 1, 2009, through and including March 23, 2011, together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**SECOND ACTION:** Plaintiff seeks to recover damages from the Defendant for goods and services provided by Plaintiff to Defendant in the sum of $19,288.80 plus interest from April 1, 2009, together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**THIRD ACTION:** Plaintiff seeks to recover damages from the Defendant for unjust enrichment in the sum of $19,288.80 plus interest from April 1, 2009, together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**FOURTH ACTION:** Plaintiff seeks to recover damages in the amount of $19,288.80 plus interest from April 1, 2009, from the Defendant for account stated as the aforesaid sum has been duly demanded and has gone unpaid, together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**FIFTH ACTION:** Plaintiff seeks to recover damages from the Defendant in the sum of $19,288.80 plus interest from April 1, 2009, in quantum meruit together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**SIXTH ACTION:** Plaintiff seeks to recover damages from the Defendant in the sum of $500.00 representing reasonable attorney's fees together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**WHEREFORE:** Plaintiff demands judgment (A) on the First Action in the sum of $19,288.80 plus interest from April 1, 2009, together with costs and disbursements of this action and for such other and further relief as the Court may deem just; (B) on the Second Action in the sum of $19,288.80 plus interest from April 1, 2009, together with costs and disbursements of this action and for such other and further relief as the Court may deem just; (C) on the Third Action in the sum of $19,288.80 plus interest from April 1, 2009, together with costs and disbursements of this action and for such other and further relief as the Court may deem just; (D) on the Fourth Action in the sum of $19,288.80 plus interest from April 1, 2009, together with costs and disbursements of this action and for such other and further relief as the Court may deem just; (E) on the Fifth Action in the sum of $19,288.80 plus interest from April 1, 2009, together with costs and disbursements of this action and for such other and further relief as the Court may deem just; (F) on the Sixth Action in the sum of $500.00 representing reasonable attorney's fees together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**EXHIBIT 3**

Bronx County Civil Court
Civil Judgment

Plaintiff(s):
City Waste Services of New York Inc.

vs.

Defendant(s):
Lemon Grass Grill

Index Number:  CV-005971-12/BX

Judgment issued:  On Default

On Motion of:

Kavulich & Associates, P.C.
181 Westchester Ave, Suite 500-C, Port
Chester, NY 10573-

| | | | | | |
|---|---|---|---|---|---|
| Amount claimed | $19,288.80 | Index Number Fee | $45.00 | Transcript Fee | $0.00 |
| Less Payments made | $0.00 | Consumer Credit Fee | $0.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $25.00 | Enforcement Fee | $40.00 |
| Interest    04/01/2009 at 9% | $5,569.45 | Non-Military Fee | $0.00 | Other Disbursements | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | $0.00 |
| Cost By Statute | $50.00 | Jury Demand Fee | $0.00 | | |
| Total Damages | $24,858.25 | Total Costs & Disbursements | $160.00 | Judgment Total | $25,018.25 |

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) City Waste Services of New York Inc.
529 Coster Street, Bronx, NY 10474-

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) Lemon Grass Grill
2534 Broadway, New York, NY 10025-

Judgment entered at the Bronx County Civil Court, 851 Grand Concourse, Bronx, NY 10451, in the STATE OF NEW YORK in the total amount of $25,018.25 on 06/15/2012 at 10:48 AM.

Judgment sequence 1

Carol Alt, Chief Clerk Civil Court

15596

# EXHIBIT 4

... OF THE CITY OF NEW YORK
... OF BRONX
------------------------------------------------X

CITY WASTE SERVICES OF NEW YORK, INC.,

INDEX NO. 1684/13
FILE NO. 15596

Plaintiff,

AFFIDAVIT

- against-

LEMON GREEN, CORP, d/b/a LONG GRAIN,

Defendant.
------------------------------------------------X

STATE OF NEW YORK   )
                   ) SS
COUNTY OF BRONX   )

I, James Tesi, being duly sworn deposes and says:

1. I am the agent for the Plaintiff herein, City Waste Services of New York, Inc., and as such I am fully familiar with the facts and circumstances of this proceeding

2. Lemon Grass Grill, entered into an agreement for waste removal with the Plaintiff.

3. Thereafter, the Defendant cancelled the agreement and stopped making the required payments pursuant thereto.

4. To date the Defendant owes $19,288.80 for an unpaid balance and for the remainder of the agreement.

5. Upon information and belief, Lemon Grass Grill conveyed and transferred all or substantially all of its assets to Thai Lemon Grass on Broadway, Inc. d/b/a Lemongrass Grill Broadway.

6. Upon information and belief, Thai Lemon Grass on Broadway, Inc. d/b/a Lemongrass Grill Broadway conveyed and transferred all or substantially all of its assets to Defendant Lemon Green Corp. d/b/a/ Long Grain.

7. Upon information and belief, a Long Grain is operating its business with the same or substantially the same management, ownership, personnel, and assets of Lemon Grass Grill.

8. My attorneys have advised me that the Defendant has failed to file an answer to the summons and complaint; as a result, a default judgment has been obtained against the Defendant.

WHEREFORE, your deponent prays that the relief sought herein is granted in all respects and for such other and further relief as to this court may seem just and proper.

Sworn to before me this
9th day of July, 2013

Notary Public

James Tesi

**GARY KAVULICH**
Notary Public, State of New York
No. 02KA6205615
Qualified in Westchester County
Commission Expires May 11, 2017

# EXHIBIT 5

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No.:
File No.: 15596

----------------------------------------------------------------X

CITY WASTE SERVICES OF NEW YORK, INC.,

Plaintiff.

**SUMMONS**

-against-

Place of Venue is the Plaintiff's
Place of Business:
529 Coster Street
Bronx, NY 10474

LEMON GREEN, CORP. d/b/a LONG GRAIN,

Defendant.

----------------------------------------------------------------X

To the above named Defendant:

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New
York, County of Bronx at the office of the Clerk of said Court at 851 Grand Concourse,
Bronx, New York 10451 within the time provided by law as noted below and to file
answer to the below complaint with the clerk: upon failure to answer, judgment will be
taken against you by default in the sum of $19,288.80 plus interest from April 1, 2009.

Dated: January 11, 2013
          Port Chester, New York

_____

Kavulich & Associates, P.C.
By: Gary M. Kavulich, Esq.
181 Westchester Ave., Suite 500-C
Port Chester, NY 10573
(914) 355-2074

FEE PAID

JAN 2 9 2013

Defendant's Address: CIVIL COURT
LEMON GREEN, CORP d/b/a LONG GRAIN
2534 Broadway BRONX COUNTY
New York, NY 10025

Note: The law provides that: (a) If the summons is served by its delivery to you personally
within the City of New York, you must appear and answer within TWENTY days after such
service; or (b) If the summons is served by any means other than personal delivery to you
within the City of New York, you must appear and answer within THIRTY days after proof of
service thereof is filed with the Clerk of this Court.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No.:
File No.: 15960
--------------------------------------------------------------X
CITY WASTE SERVICES OF NEW YORK, INC.,

      Plaintiff,     **VERIFIED COMPLAINT**

     -against-

LEMON GREEN, CORP. d/b/a LONG GRAIN,

      Defendant.
--------------------------------------------------------------X

Plaintiff, CITY WASTE SERVICES OF NEW YORK, INC., by its attorneys, Kavulich

& Associates, P.C., as and for its Complaint alleges:

## THE PARTIES

1. Plaintiff, CITY WASTE SERVICES OF NEW YORK, INC. (hereinafter "Plaintiff"), is

a corporation duly authorized to do business in the State of New York with an office located at

529 Coster Street, Bronx, NY 10474.

2. Defendant, LEMON GREEN, CORP. d/b/a LONG GRAIN, is upon information and

belief, a domestic corporation duly authorized to do business in the State of New York with an

office located at 2534 Broadway, New York, NY 10025.

## BACKGROUND

3. Plaintiff entered into a contract for waste removal with Lemon Grass Grill for a two (2)

year period commencing March 1, 2009. Annexed hereto as Exhibit "1" is a copy of said

contract.

4. On April 1, 2009 Lemon Grass Grill cancelled the agreement and stopped making the

required payments pursuant thereto.

5. Consequently, Plaintiff commenced a proceeding seeking damages in the sum of

$19,288.80 representing the remainder of the monies due pursuant to said contract at a rate of

$738.18 per month, plus tax (*City Waste Services of New York v. Lemon Grass Grill*, Bronx County Civil Index Number 5971/12).

6. As a result of said proceeding, Plaintiff obtained a judgment against Lemon Grass Grill in the sum of $25,018.25. Annexed hereto as Exhibit "2" is a copy of said judgment.

7. Upon information and belief, Defendant Lemon Green Corp. d/b/a Long Grain (hereinafter "Defendant") is operating its business with the same or substantially the same management, ownership, personnel, and assets of Lemon Grass Grill.

8. Upon information and belief, Lemon Grass Grill conveyed and transferred all or substantially all of its assets to Thai Lemon Grass on Broadway, Inc. d/b/a Lemongrass Grill Broadway.

9. Upon information and belief, Thai Lemon Grass on Broadway, Inc. d/b/a Lemongrass Grill Broadway was operating its business with the same or substantially the same management, ownership, personnel, and assets of Lemon Grass Grill.

10. Thereafter, upon information and belief, Thai Lemon Grass on Broadway, Inc. d/b/a Lemongrass Grill Broadway conveyed and transferred all or substantially all of its assets to Defendant Lemon Green Corp. d/b/a Long Grain.

11. Upon information and belief, Lemon Grass Grill and its progeny transferred said assets in anticipation of the entry of Plaintiff's judgment.

12. Upon information and belief, said assets include but are not limited to, trade equipment, inventory, computers, receivables, furniture, and electronic equipment.

13. Upon information and belief, Lemon Grass Grill and its progeny transferred all or substantially all of its assets to Defendant rendering Lemon Grass Grill and its progeny insolvent.

14. Upon information and belief, Lemon Grass Grill ceased operating its business and is now operating under the name of Defendant.

15. Upon information and belief, via its progeny (Thai Lemon Grass on Broadway, Inc. d/b/a Lemongrass Grill Broadway) Defendant assumed Lemon Grass Grill's existing contract with vendors and suppliers.

16. Upon information and belief, Defendant assumed said contracts in order to continue Defendant's business operations without interruption.

17. Upon information and belief, Defendant is a successor corporation to Lemon Grass Grill.

18. Upon information and belief, said transfers and conveyances were conducted by the undisclosed owners of Defendant.

19. To date, said judgment has not been satisfied by any source.

### AS AND FOR THE FIRST CAUSE OF ACTION
(Breach of Contract)

20. Plaintiff repeats the foregoing allegations as if fully set forth herein.

21. By terminating its contract with Plaintiff, Defendant owes $19,288.80 as damages representing the remainder of the monies due pursuant to said contract at a rate of $738.18 per month, plus tax as damages.

22. Defendant's breach of said agreement caused harm to Plaintiff.

23. Consequently, Plaintiff demands judgment against Defendant in the sum of $19,288.80 plus interest at the statutory rate of 9% per annum from April 1, 2009, the date of Defendant's breach.

### AS AND FOR THE SECOND CAUSE OF ACTION
(Successor Liability)

24. Plaintiff repeats the foregoing allegations as if fully set forth herein.

25. As a result of the foregoing, Defendant is deemed a successor corporation to Lemon Grass Grill and is liable to Plaintiff for the payment of said judgment as against Lemon Grass Grill.

26. Consequently, Plaintiff demands judgment against Defendant in the sum of $19,288.80 plus interest at the statutory rate of 9% per annum from April 1, 2009, the date of Defendant's breach.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A money judgment upon the First and Second Causes of Action in the sum of $19,288.80 plus interest at the statutory rate of 9% per annum from April 1, 2009;

b. Together with costs and disbursements of this action; and

c. For such other and further relief as the Court deems just and proper.

Dated: January 11, 2013
       Port Chester, New York

Kavulich & Associates, P.C.
By: Gary M. Kavulich, Esq.
181 Westchester Ave., Suite 500-C
Port Chester, NY 10573
(914) 355-2074

## VERIFICATION

State of New York )

) ss

County of Westchester )

GARY M. KAVULICH, ESQ., being duly sworn deposes and says:

That deponent is the attorney for the Plaintiff in the above entitled action with offices located at 181 Westchester Ave., Suite 500C, Port Chester, County of Westchester, State of New York: that deponent has read the forgoing Complaint and knows the contents thereof; that the same is true to the deponent's knowledge except as to those matters stated to be based upon information and belief, and as to those matters deponent believes them to be true.

The reason why this verification is made by deponent instead of the Plaintiff is because the Plaintiff's agents are not within the County of Westchester which is the County where deponent's office is located. Deponent further says that the grounds of deponent's belief as to all matters in the Complaint not stated to be based upon knowledge are based upon discussions with the client and a review of the client's file and other relevant documents. The undersigned affirms that the forgoing statements are true under the penalty of perjury.

Dated: Port Chester, New York
       January 11, 2013

_____
Gary M. Kavulich, Esq.

**EXHIBIT "1"**

**CITY WASTE SERVICES**

CONTRACT FOR THE REMOVAL OF NON-HAZARDOUS TRADE WASTE (LOOSE WASTE/FLAT FEE CONTRACTS ONLY)

MESSAGE TO THE CUSTOMER FROM THE BUSINESS INTEGRITY COMMISSION (THE "COMMISSION")

THE COMMISSION REGULATES THE PRIVATE CARTING INDUSTRY IN NEW YORK CITY, INCLUDING CONTRACTS THAT CARTING COMPANIES OFFER TO THEIR CUSTOMERS. PLEASE NOTE THAT YOU ARE NOT REQUIRED TO SIGN A WRITTEN CONTRACT, AND YOU MAY NEGOTIATE WRITTEN TERMS OF YOUR OWN. YOU HAVE THE RIGHT TO CHOOSE FROM AMONG MANY CARTING COMPANIES, AND IT IS UNLAWFUL FOR A CARTING COMPANY TO PRESSURE OR FORCE YOU TO ENTER INTO A CONTRACT.

YOU HAVE MANY IMPORTANT RIGHTS UNDER THE LAW, AND NOT ALL OF THEM ARE SET FORTH IN THIS CONTRACT. IF YOU HAVE ANY QUESTIONS EITHER ABOUT YOUR RIGHTS OR ABOUT A PARTICULAR CARTING COMPANY, OR IF YOU WISH TO MAKE A COMPLAINT, YOU SHOULD CONTACT THE COMMISSION AT (212) 676-6275. IT IS OUR JOB TO ENFORCE THE LAW, AND WE WILL BE HAPPY TO ASSIST YOU.

THE COMMISSION SUGGESTS THAT YOU SEEK COMPETITIVE BIDS FROM AT LEAST FOUR DIFFERENT CARTING COMPANIES BEFORE SIGNING A CONTRACT LIKE THIS ONE. YOU MAY CONTACT THE COMMISSION FOR A LIST OF CARTING COMPANIES.

# 317852

Customer Name ("the Customer"): _____
E-Mail: _____
Service Location (Business Name): Lemon Grass Grill
Street No. & Name (Billing Address): _____ B/ME
Street No. & Name (Service Address): 2534 Broadway 94 & 95 ST
City: _____
Zip: _____
City: New York, NY 10025
Telephone: _____
Fax: _____
Telephone: (212) 666-0888
Fax: _____
Customer Representative: _____
Customer Representative's Title: Holland

I. CONTRACT LENGTH: This contract will begin on March 23, 20 09, and will continue for a period of 24 months. NOTE: By law, the length of this contract may not exceed 24 months. The Customer may negotiate a period shorter than 24 months. ___ (Customer Initial Here)

II. TERMS OF SERVICE: The Carting Company will pick up the Customer's waste at the Service Location on the following days and at the following times (note pick up times in spaces below):

Non-Recyclables: M _____ T _____ W _____ TH _____ F _____ SA _____ S _____
Recyclables: M _____ T _____ W _____ TH _____ F _____ SA _____ S _____

Equipment Provided by Carting Company: _____ (Dumpsters provided by the Carting Company must be provided free of charge and will be fully emptied upon pick up)

REMARKS: 10 bags per week + 1 yard container

III. FEE FOR SERVICE: The Customer agrees to pay the Carting Company a flat fee. The total flat fee stated below has been calculated by multiplying the waste volume or waste weight (in cubic yards or pounds of waste per month) generated by the Customer during a survey period by a negotiated rate (in dollars per cubic yard or per 100 pounds of waste) as follows:

SURVEYED VOLUME OR WEIGHT OF WASTE: The Carting Company represents and warrants: The Carting Company conducted a survey (in accordance with the applicable rules) of the waste generated by the Customer, offered the Customer an opportunity to participate in that survey, and gave a copy of the written survey results to the Customer. The survey results reflect that the Customer generates 46.41 cubic yards or _____ pounds of waste per month.

RATE IN DOLLARS PER CUBIC YARD OR RATE IN DOLLARS PER 100 POUNDS: The negotiated rate on which the total flat fee is based is $ 15.99 per cubic yard or _____ per 100 pounds of loose waste. NOTE: Under New York City law, the rate cannot exceed $15.88 per loose cubic yard ($3.40 for the removal of each full 55 gallon plastic bag of waste, $1.88 for the removal of each full 30 gallon plastic bag of waste) or $10.42 per 100 pounds. THE CUSTOMER IS ENTITLED TO NEGOTIATE A RATE LOWER THAN THE MAXIMUM.
THE CUSTOMER MAY ALSO NEGOTIATE A DIFFERENT RATE FOR RECYCLABLES THAN FOR NON-RECYCLABLES.

Total flat fee: The total flat fee for the ENTIRE LENGTH OF THIS CONTRACT is $ 738.18 + Tax per month (calculated by multiplying the surveyed volume or weight by the rate) not including sales tax. The Carting Company will bill the Customer on a _____ monthly or _____ weekly basis (select one).

IV. EFFECT OF VOLUME OR WEIGHT CHANGES: Once every six months after the contract begins, the Customer or the Carting Company may notify the other party in writing that it wants A NEW SURVEY of the Customer's waste. Within two weeks of the notification, the Carting Company will advise the Customer of when the survey is to be conducted and provide the Customer with an opportunity to participate in the survey. The Carting Company will conduct the survey free of charge and give the Customer a copy of the written survey results.

If the survey reflects a change of 10% or more in the volume or weight of waste generated, then (Customer initial one selection below):

_____ (1) the flat fee shall be recalculated using the new volume or weight; or

_____ (2) this contract shall become terminable by either party on 30 days' notice; or

_____ (3) both 1 and 2.

In addition, if at any time the Customer experiences a substantial volume or weight change as a result of a significant change in its business, then the Customer and the Carting Company may agree to renegotiate the flat fee.

CUSTOMER
By: _____
(signature)
Print Name: Farmin Halim
Title: Owner
Agreed to this 18 day of March 20 09

CARTING COMPANY
By: Felipe Vazquez Jr
(signature)
Print Name: Felipe Vazquez Jr
Title: Acct rep.
Agreed to this 18 day of March 20 09

SEE ADDITIONAL TERMS ON REVERSE SIDE OF CONTRACT.

Page 72

EXHIBIT "2"

Bronx County Civil Court
Civil Judgment

| Plaintiff(s): | | | Index Number:  CV-005971-12/BX |
| City Waste Services of New York Inc. | | | Judgment issued:  On Default |
| vs. | | | On Motion of: |
| Defendant(s): | | | Kavulich & Associates, P.C. |
| Lemon Grass Grill | | | 181 Westchester Ave, Suite 500-C, Port |
| | | | Chester, NY 10573· |

| Amount claimed | $19,288.60 | Index Number Fee | $45.00 | Transcript Fee | $0.00 |
|---|---|---|---|---|---|
| Less Payments made | $0.00 | Consumer Credit Fee | $0.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $25.00 | Enforcement Fee | $40.00 |
| Interest    04/01/2009 at 9% | $5,569.45 | Non-Military Fee | $0.00 | Other Disbursements | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | $0.00 |
| Cost By Statute | $50.00 | Jury Demand Fee | $0.00 | | |
| Total Damages | $24,858.25 | Total Costs & Disbursements | $160.00 | Judgment Total | $25,018.25 |

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) City Waste Services of New York Inc.
529 Coster Street, Bronx, NY 10474·

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) Lemon Grass Grill
2534 Broadway, New York, NY 10025-

Judgment entered at the Bronx County Civil Court, 851 Grand Concourse, Bronx, NY 10451, in the STATE OF NEW YORK
in the total amount of $25,018.25 on 06/15/2012 at 10:48 AM.

Judgment sequence 1

_Carol Alt_

Carol Alt, Chief Clerk Civil Court

15596

Page 1 of 1

# EXHIBIT 6

CIVIL COURT
OF THE CITY OF NEW YORK

COUNTY OF BRONX

Plaintiff,
CITY WASTE SERVICES OF NEW YORK, INC.    INDEX# 001684/13

--- AGAINST ---                          **AFFIDAVIT OF SERVICE**

LEMON GREEN, CORP. D/B/A LONG GRAIN

Defendant,

STATE OF NEW YORK)
                 )SS.
COUNTY OF ALBANY )

MARIA SCHMITZ being duly sworn, deposes and says:

That she is over the age of eighteen years and is not a party to this action.

That on the 7th day of February, 2013, she served the Summons and Verified Complaint at 2:55 p.m. on LEMON GREEN CORP., a domestic corporation, one of the defendants in this action by personally delivering to and leaving with a person, DONNA CHRISTIE, white female, approximately 46 years of age, 5'4", blond hair, blue eyes and approximately 156lbs authorized by the Secretary of State to receive such service, at the office of the Department of State in the City of Albany, New York, duplicate copies thereof together with the sum of $40.00 (forty dollars), the statutory fee.

MARIA SCHMITZ

Sworn before me this
7th day of February, 2013

LAWRENCE A. KIRSCH
4787475
Notary Public - State of New York
Residing in Albany County
Commission Expires May 31, 2015

2013 FEB 27   AM 11: 03

State of New York - Department of State
Receipt for Service

Receipt #: 201302080120
Date of Service: 02/07/2013
Service Company: 14 GERALD WEINBERG, INC. - 14

Cash #: 201302080100
Fee Paid: $40 - DRAWDOWN

Service was directed to be made pursuant to:  SECTION 306 OF THE BUSINESS
    CORPORATION LAW

Party Served:  LEMON GREEN CORP.


Plaintiff/Petitioner:
        CITY WASTE SERVICES OF NEW YORK INC



Service of Process Address:
LEMON GREEN CORP.
2534 BROADWAY
NEW YORK,  NY 10025


                                        Secretary of State
                                        By  DONNA CHRISTIE

# EXHIBIT 7

(15596)

LAW OFFICES OF

# VINCENT S. WONG

*Attorneys at Law*

Please Respond To:
☑ 39 East Broadway, Suite 304
New York, NY 10002
☐ 6008 8th Avenue, 2nd floor
Brooklyn, NY 11220

Phone: 212.349.6099
Phone: 212.349.6999
Fax: 212.349.6599
• • •
vswlaw@gmail.com
www.vswlaw.com

October 2, 2012

VIA FAX (212) 398-2000
Stephen Biegel
New York City Marshall
109 West 38th Street, Suite 200
New York, NY 10018

> RE:  City Waste Services of New York v. Lemon Grass Grill
> Index No: CV-005971-12/BX
> Your Reference Number E11847
> Representation of Current Tenants Long Grain

Dear Mr. Biegel:

Our offices represent Lemon Green Corporation which is doing business as Long Grain at 2534 Broadway, New York, NY 10025.

The corporate entity known as Lemon Grass Grill on Broadway, Inc. doing business as Thai Lemon Grass Grill has not occupied the space at 2534 Broadway, New York, NY 10025 since December 2011.

Our offices have attached the Corporate Entity filing receipt for Lemon Green Corp., which was provided by our clients, and the Entity Information for Thai Lemon Grass on Broadway, Inc., which was downloaded from the Division of Corporations website.

Please be guided accordingly.

Law Offices of Vincent S. Wong

Philip L. Sutter, Esq.

COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------X

CITY WASTE SERVICES OF NEW YORK, INC.,

INDEX NO. 1684/13
FILE NO: 15596

Plaintiff,

- against -

**AFFIRMATION OF SERVICE**

LEMON GREEN, CORP. D/B/A LONG GRAIN,

Defendant.

------------------------------------------------------------X

Matthew D. Kasper, Esq., an attorney duly admitted to practice law before the courts of the State of New York hereby affirms the following under the penalty of perjury.

On July 11, 2013, I served the within Affirmation in Opposition upon Vincent S. Wong, Esq., the attorneys for the Defendant in this action, by depositing a true copy in a post-paid envelope addressed to:

      Vincent S. Wong, Esq.
      Law Offices of Vincent S. Wong
      39 East Broadway, Suite 304
      New York, NY 10002

in an official depository under the exclusive dominion and control of the United States Postal Service within the State of New York via regular first class mail.

Matthew D. Kasper, Esq.

Case 1:16-cv-02134-ALC   Document 86-64   Filed 08/18/17   Page 81 of 91

INDEX NO: 1684/13

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

CITY WASTE SERVICES OF NEW YORK, INC.,

Plaintiff,

- against -

LEMON GREEN, CORP. D/B/A LONG GRAIN,

Defendant.

AFFIRMATION IN OPPOSITION

Signature Rule 130-1.1-a

_____         _____
Print Name Beneath -                         Matthew D. Kasper, Esq.

Kavulich & Associates, P.C.
Attorneys for Plaintiff
181 Westchester Ave., Suite 500C
Port Chester, NY 10573
(914) 355-2074

**Civil Court of the City of New York**

County of BRONX

Part _____

City Waste

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Lemon Green Corp.

Defendant(s)/Respondent(s)

Index Number 1684/13

Motion Cal. # _____   Motion Seq. # _____

**DECISION/ORDER**

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | |
| Order to Show Cause and Affidavits Annexed..... | |
| Answering Affidavits ................................ | |
| Replying Affidavits................................... | |
| Exhibits ................................................ | |
| Other.................................................... | |

Upon the foregoing cited papers, the Decision/Order on this Motion to **vacate granted as follows** —_____ is as follows:

The original K dated March 18/09 was between plaintiff and Jemon ~~Green~~ Grass Grill, and on June 15, 2012, plaintiff obtained a default against Jemon Grass Grill under index # 5971/12. It appears that on/about July 2009, Thai Jemon Grass started operating out of the subject space; however, Thai Jemon Grass did not use plaintiff's services. Then some time in December 2011, the defendant, Jemon Green, took over operations from Thai Jemon Grass. The defendant did not use plaintiff's services. Plaintiff obtained a default against the defendant some time in April 2013. At the present time, it is unclear what if any relationship there may have been between ~~Thai Jemon~~ and Jemon Grass Grill (original K party). Therefore, the court is vacating the default judgment from April 2013 against the defendant + defendant has 20 days to serve an answer. As for service of process, service was properly effectuated upon the Secty of State. This constitutes the decision + order of this court.

7/12/13

Date _____

Judge, Civil Court

Page 82

**HON. JOSEPH CAPELLA**

CIV-GP-45 (Revised September 1999)

ORIGINAL

CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------- X  Index No.: 1684/2013
                                                              :  File No.: 15596
CITY WASTE SERVICES OF NEW YORK, INC.,                        :
                                                              :
                                        Plaintiff,            :
                                                              :
                -- against --                                 :  **ANSWER**
                                                              :
LEMON GREEN, CORP. d/b/a LONG GRAIN,                          :
                                                              :
                                        Defendants.           :              **FILED**
-------------------------------------------------------------    :        CLERK'S OFFICE
                                                              :
                                                              :          AUG 0 2 2013
                                                              X
                                                                         CIVIL COURT
                                                                        BRONX COUNTY

Defendant LEMON GREEN CORP., d/b/a LONG GRAIN by its attorney, the Law Offices of

Vincent S. Wong, respectfully set forth the following as and for his answer and counterclaims to

the complaint:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1, 3, 4, 5, 6.

      2.     Admits the allegations contained in paragraph 2.

      3.     Denies the allegations contained in paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16,

17, 18, 19, 21, 22, 25

      4.     States that statements contained in the following paragraphs do not required

admission or denial: 20, 23, 24, 26.

**FIRST AFFIRMATIVE DEFENSE**

**No Contract Exists Between the Parties Because There is No Consideration**

      5.     It is well established law in New York and in most jurisdictions that a contract

requires adequate consideration to be enforceable.

6.       In New York, under the traditional principles of contract law, the parties to a contract are free to make their bargain, even if the consideration exchanged is grossly unequal or of dubious value *(see, Spaulding v Benenati*, 57 N.Y.2d 418; *Hamer v Sidway*, 124 N.Y. 538). It is required, however, that something of "real value in the eye of the law" be exchanged, or the contract becomes void for a lack of consideration *(see, Mencher v Weiss*, 306 N.Y. 1, 8; *see also, Weiner v McGraw-Hill, Inc.*, 57 N.Y.2d 458, 464).

7.       Here, there is no consideration to support City Waste Services' alleged contract with Lemon Grass Grill against Lemon Green Corp. Lemon Green Corp. neither received nor provided anything of any value to the Plaintiff, or vice-versa.

8.       Here there has been no exchange of promises, and thus Plaintiff's both causes of action, which arise under a contract theory, must fail as a matter of law.

9.       Accordingly Plaintiff's Complaint should be dismissed in its entirety.

## SECOND AFFIRMATIVE DEFENSE

### Res Judicata and Collateral Estoppel

10.       The rule of res judicata is founded upon the rule that "a limit should be prescribed to litigation, and that the same cause of action ought not to be brought twice to a final determination...[H]aving been once so tried, all litigation of that question, and between those parties, should be closed forever.'" *(Fish v Vanderlip*, 218 N.Y. 29, 36-37, quoting Greenleaf's Evidence, §§ 522, 523; see, also, *Schuylkill Fuel Corp. v Nieberg Realty Corp.*, 250 N.Y. 304; *Hendrick v Biggar*, 209 N.Y. 440.)

11.       The related doctrine of collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party, whether or not the causes of action are the same. (*Ripley v Storer*, 309 N.Y.

1

506, 517; see, also, Restatement, Judgments 2d, § 27; 46 Am Jur 2d, Judgments, § 415; 9 Carmody-Wait 2d, NY Prac, Judgments, § 63:205.)

12.     Here, the Plaintiff admits that it has successfully recovered a default judgment against Lemon Grass Grill, the only party that Plaintiff entered into a contract with, in a lawsuit that Plaintiff brought against Lemon Grass Grill, alleging essentially identical causes of action as the case at bar presently.

13.     Plaintiff now seeks to recover twice for the same causes of action, by suing Lemon Green Corp., which it failed to name in its original suit.

14.     Accordingly the related doctrines of res judicata and collateral estoppel bar the Plaintiff from being an action against Lemon Green Corp.

### THIRD AFFIRMATIVE DEFENSE

### Plaintiff Lacks Standing to Sue Lemon Green Corp.

15.     Standing requires the existence of an injury in fact — an actual legal stake in the matter being adjudicated — to ensure that the party seeking review has some concrete interest in prosecuting the action which casts the dispute "in a form traditionally capable of judicial resolution." (*Schlesinger v Reservists to Stop the War*, 418 US 208, 220-221.)

16.     Here the Plaintiff alleges that it entered into a waste disposal contract with Lemon Grass Grill. Any cause of action that the Plaintiff may have in connection with that alleged contract can only be asserted against Lemon Grass Grill, as that is the only party that Plaintiff may a contract with.

17.     Lemon Green Corp. has no connection whatsoever with the Plaintiff, its business, or Lemon Grass Grill.

2

18.     None of Plaintiff's alleged injuries are traceable to Lemon Green Corp.'s conduct or legal status. That is to say that Plaintiff has not suffered an injury in fact that are attributable to the Defendant's actions. Accordingly Plaintiff has no standing to sue Lemon Green Corp.

### FOURTH AFFIRMATIVE DEFENSE

#### Plaintiff has no Privity of Contract with Lemon Green Corp.

19.     In New York contract law, there has been a widening of the doctrine of privity set forth in *Ultramares Corp. v Touche*, 255 N.Y. 170. Today the beneficiary of a promise, when designated as such, is "seldom left without a remedy" (*Seaver v. Ransom*, 224 N.Y. 233, 238). However, the remedy is narrower where the beneficiaries of the promise are indeterminate or general. Something more must then appear than an intention that the promise shall redound *to the benefit of the public or to that of a class of indefinite extension.*

20.     In *Credit Alliance Corp. v Andersen & Co.*, 65 N.Y.2d 536 the Court held there was no privity between the plaintiffs and defendant accountants, where there were no direct dealings between the plaintiffs and defendants, no specific agreement by the defendants to, no specific promise to provide the plaintiffs with services, and no actual provision of the report to the plaintiffs by the defendants.

21.     Here, there can be no privity between City Waste and Lemon Green Corp. because there have been no direct dealings between the parties, no agreements made between the parties, and no exchange of money, services or communication between the parties.

22.     Accordingly the Plaintiff has no privity of contract with Lemon Green Corp., and the Plaintiff's causes of action must be dismissed.


### FIFTH AFFIRMATIVE DEFENSE

#### Failure to State Cause of Action

3

23.     Plaintiff fails to state any proper causes of action against the Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### Waiver

24.     Plaintiff is prevented from maintaining this action due to the doctrine of waiver as against the Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### Statute of Limitations

25.     Plaintiff is barred from maintaining this action to the extent that the applicable statute of limitations apply.

## EIGHTH AFFIRMATIVE DEFENSE

### Estoppel – Unclean Hands

26.     Plaintiff is estopped from maintaining this action due to the doctrine of unclean hands as against the Defendant.

## NINTH AFFIRMATIVE DEFENSE

### Laches

27.     Plaintiff is prevented from maintaining this action due to the doctrine of laches as against the Defendant.

## TENTH AFFIRMATIVE DEFENSE

### Culpable Conduct of Third Parties

28.     Plaintiff's alleged damages were caused by the culpable conduct of persons and/or entities other than the answering Defendant, and the alleged injuries and damages complained of were the proximate result of the negligence of other parties or of third parties over whom the answering defendant had no control.

4

## ELEVENTH AFFIRMATIVE DEFENSE

### Culpable Conduct of Plaintiff

29.　Plaintiff's alleged damages were caused by the culpable conduct of Plaintiff and the alleged injuries and damages complained of were the proximate result of the negligence of other parties or of third parties over whom the answering defendant had no control.

## TWELFTH AFFIRMATIVE DEFENSE

### Superseding and Intervening Acts

30.　The injuries and damages complained of were caused by superseding and intervening acts and/or negligence of other parties or third parties over whom the answering Defendant had no control and for whose actions the answering defendant is not liable.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Mitigation of Damages

31.　Plaintiff has failed to mitigate any damages allegedly sustained by it.

## FOURTEENTH AFFIRMATIVE DEFENSE

### No Damages

32.　Upon information and belief Plaintiff did not suffer any damage.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Improper Service

33.　The answering defendant has never been properly served by the Plaintiff.

## REQUEST FOR JURY TRIAL

45.　Defendant further requests a jury trial on all triable issues raised by Defendant's counterclaims.

5

**WHEREFORE,** Defendant respectfully requests this court to enter judgment dismissing the Plaintiff's Complaint and awarding Defendant reasonable attorney fees, and together with such other further relief as this court may deem just, proper and equitable.

Dated: New York, New York
      August 2, 2013

Vincent S. Wong, Esq.
Law Offices of Vincent S. Wong
*Attorney for Defendants*
39 East Broadway, Suite 304
New York, New York 10002
(212) 349-6099

6

## AFFIRMATION OF SERVICE

Vincent S. Wong, an attorney duly admitted to practice law in the courts of the State of New York, affirms the following to be true under penalties of perjury:

      1.    I affirm that I am over eighteen years of age, am not a party to this action and reside in Kings County, New York.

      2.    That on August 2, 2013, I served true copies of the within Answer and Counterclaims by regular mail by depositing same in sealed envelopes with postage prepaid thereon, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York upon the following individuals at their last known addresses as indicated below:

Matthew D. Kasper, Esq.<br>
Kavulich & Associates, P.C.<br>
181 Westchester Ave., Suite 500C<br>
Port Chester, NY 10573

Dated: New York, New York<br>
      August 2, 2013

_____<br>
Vincent S. Wong

Index No. 1684/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------

CITY WASTE SERVICES OF NEW YORK, INC.,        X   Index No.: 1684/2013
                                              :   File No.: 15596
                                    Plaintiff, :
                                              :
            -- against --                     :
                                              :
LEMON GREEN, CORP. d/b/a LONG GRAIN,          :   **ANSWER**
                                              :
                                  Defendants. :
-------------------------------------------------------------:
                                              :
                                              :
                                              :
                                              :
                                              X

ANSWER & COUNTERCLAIM

By: _____
            Vincent S. Wong, Esq.
        Law Offices of Vincent S. Wong
          11 East Broadway, Suite 8A
           New York, New York 10038
               (212) 888-0884

8